UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Ōura Health Oy,<br><br>    Plaintiff,<br><br>        v.<br><br>Circular SAS,<br><br>    Defendant. | Case No. 6:22-cv-00478-ADA<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Plaintiff Ōura Health Oy ("Ōura") requests that the Clerk of Court enter a Default against Defendant Circular SAS ("Circular") as authorized under Federal Rule of Civil Procedure 55(a).

**I.    Circular Was Served by Its Involuntary Agent for Service of Process**

Ōura filed its Complaint on May 11, 2022, alleging patent infringement by Circular. Dkt. 1. Circular is a French société par actions simplifiée. Ex. A, Yates Declaration, at ¶ 3.

Circular was properly served via its involuntary agent for service of process—the Texas Secretary of State. *See* Ex. A. Ōura followed Texas law to serve the summons on Circular's involuntary agent. *See* Rule 4(e)(1); *see also* Ex. A. The Texas Secretary received the Summons on May 20, 2022. Dkt. 6 (*Whitney* certificate); Dkt. 7-1 (second *Whitney* certificate). Circular did not have a registered agent in Texas at the time of service. Ex. A, at ¶ 5.

A foreign corporation can be served in a judicial district within the United States as described by Rule 4(e)(1). *See* Rules 4(e)(1), 4(h)(1). France does not object to Article 10 of the Hague Convention. *See, e.g., Stallard v. Goldman Sachs Grp., Inc.*, No. 20-2703 (RBW), 2022 U.S. Dist. LEXIS 2904 at 24-25 (D.D.C Jan. 6, 2022) (noting that France does not object to Article 10); *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 473-74 (D.N.J. July 7, 1998) ("Article 10(a) allows service by mail unless a country has formally objected. However, neither France nor

Italy have objected."). France's lack of objection to Article 10 is also readily available on the Hague Convention website: https://www.hcch.net/en/states/authorities/details3/?aid=256 ("no opposition"). Service by mail to France "is permissible" because, *first*, the "receiving state has not objected to service by mail [under Article 10(a)]; and *second*, service by mail is authorized" by Texas law allowing service by the Texas Secretary of State. *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017); *Buffalo Patents, LLC v. ZTE Corp.*, No. W-21-CV-01065-ADA, 2022 U.S. Dist. LEXIS 101232, *8-18 (W.D. Tex. June 3, 2022) (service through Secretary of State ineffective because China objects to Article 10(a)).

Courts have also allowed service by mail to France. *See e.g.*, *In re Combat*, No. 3:19-md-2885, 2020 U.S. Dist. LEXIS 173730, at *18-21 (N.D. Fla. Feb. 18, 2020) (permitting service of subpoena by mail to France); *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz*, No. 97 Civ. 4759 (SHS), 2006 U.S. Dist. LEXIS 39256, *17 (S.D.N.Y June 13, 2006) (authorizing service of order to defendant by Federal Express to an address in France); *Eli Lily*, 23 F. Supp. at 470-74, (service by mail to defendant's office in France was proper and not prohibited); *Melia v. Les Grands Chais de France*, 135 F.R.D. 28, 31-32, 35-36 (D.R.I. 1991) (defendant in France was properly served by mail); *Portalp Int'l SAS v. Zuloaga*, 198 So. 3d 669, 671-75 (Fla. Dist. Ct. App. 2015) (same).

Ōura followed Texas law to serve the summons on Circular's involuntary agent. *See* Rule 4(e)(1). Two copies of the summons and the Complaint were mailed to the Texas Secretary of State on May 19, 2022. Dkt. 6, at 3; Ex. A, at ¶¶ 5-6. As shown in the cover letter submitted to the Texas Secretary of State (Dkt. 7-2), Ōura asked for the documents to be mailed to:

Circular SAS
34 Avenue des Champs-Elysées
75008, Paris, France

This address is Circular's purported headquarters as advertised on its website. Ex. B. Circular's Terms of Sale and General Conditions of Use lists a similar address: "34 av. des Champs-Elysées, 75008 PARIS – France." Ex. C; Ex. D. This address is also listed on an assignment submitted to the United States Patent and Trademark Office. Ex. E. Still further, Circular appears to represent to the French government that this address is their head office. Ex. F; Ex. C ("Circular . . . is registered in the Paris B Register of Trade & Companies under the number 850 542 804, the registered office of which is located at 34 av des Champs Elysées, 75008 Paris, France"); Ex. D (same).

The Texas Secretary of State certified that it received these documents on May 20, 2022, which were mailed to Circular—at its listed address—on June 15, 2022. Dkt. 6, at 3.

On August 5, 2022, the Secretary of State received a return. Ōura asked the Secretary of State to issue a second *Whitney*[1] certificate, which has been submitted to the Court. Dkt. 7-1. The return receipt shows that the package—addressed to the location Circular represents as its headquarters—bore the notation of "Return to Sender, Not Deliverable as Addressed, Unable to Forward." *Id.* To be clear, Texas law does not require that the defendant actually receive the mailed documents—just that the documents are mailed by the Texas Secretary of State. *Buffalo Patents,* 2022 U.S. Dist. LEXIS 101232 at *16-17.

"Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the defendant], received service of process for [the defendant] and forwarded the service as required by the statute." *Capitol Brick, Inc. v. Fleming Mfg. Co., Inc.*, 722 S.W.2d 399, 401 (Tex. 1986). When the Secretary of State receives a return receipt

---

[1] "Texas case law shows that a *Whitney* certificate is not merely sufficient, it also is necessary to establish that the defendant has been served with process." *Buffalo Patents,* 2022 U.S. Dist. LEXIS 101232, *14-17.

showing that the package was undeliverable as addressed, this is *prima facie* evidence that the requesting party "provided an incorrect address to the Secretary of State." *Ziegler v. Subalipack (M) SDN BHD*, No. H-16-2598, 2018 U.S. Dist. LEXIS 110777, *2 (S.D. Tex. July 3, 2018) (plaintiff "provided the Texas Secretary of State with the address [defendant] has on file with the New York Secretary of State, service was proper . . . . If [defendant's] address changed, [defendant] should have updated it with the New York Secretary of State"). Ōura submitted the cover letter it sent to the Secretary of State into the record. Dkt. 7-2. This cover letter shows that Ōura provided the correct address to the Secretary of State. In other words, there is no mistake to render service ineffective.

## II.     Circular is Aware of the Complaint

Ōura sent Circular's counsel, Mr. Pearce,[2] a copy of the Complaint and the requested waiver required by Rule 4 on May 12, 2022. Ex. A, at ¶ 2. Mr. Pearce initially declined to accept service. *Id.* Later, Mr. Pearce was emailed a copy of the executed summons (Dkt. 6) on June 27, 2022 showing that the Secretary of State mailed the summons and Complaint to Circular's address on June 15, 2022. Ex. A, at ¶ 12. At no point did Mr. Pearce notify Ōura that mail could not be delivered to Circular's address. Ōura sent Mr. Pearce a letter on July 12, 2022, explaining why service on Circular through the Texas Secretary of State was proper. Ex. A, at ¶ 13; Ex. G.

Regardless of the communications with counsel, Circular knew of the Complaint shortly after the filing. Indeed, a Circular spokesperson provided a statement about the Complaint to at least the publication Wareable.com on or around May 13, 2022. Exs. H and I.

---

[2] Circular directed Ōura to Mr. Pearce after reneging on a pre-suit promise to explain why its products did not infringe. *See* Dkt. 1, at ¶39.

### III.     Circular's Answer is Late

Under Rule 12(a) of the Rules of Civil Procedure, an answer or other responsive pleading by Circular was due within 21 days of service. Thus, an answer or other responsive pleading was due June 10, 2022. *See* Dkt. 6.

Circular has not filed a responsive pleading or a motion to dismiss.

### IV.     The Clerk May Enter Default

The Court Clerk may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a).

The Clerk should enter a default against Circular because it did not file a responsive pleading within 21 days after being served on May 20, 2022. The Clerk should enter a default against Circular because it has not otherwise defended the suit.

Ōura meets the procedural requirements for obtaining an entry of default from the Clerk as demonstrated by John A. Yates's sworn declaration submitted herewith as Exhibit A.

Circular is not a minor or incompetent person. Ex. A, at ¶ 3.

Circular is not in the military service. *Id.*

### V.     Conclusion

For the forgoing reasons, the Clerk is requested, pursuant to the provisions of Rule 55(a) to enter a default against Circular.

Dated:  August 23, 2022                                   Respectfully submitted,

                                                                              By: */s/ John A. Yates*

                                                                              John A. Yates
                                                                              Attorney In Charge
                                                                              Texas Bar No. 24056569
                                                                              jyates@pattersonsheridan.com

5

B. Todd Patterson
Texas Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Cameron
Texas Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar N. Gonzalez
Texas Bar No. 24097450
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas Bar No. 24000087
areyna@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff,*
*Ōura Health Oy*

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 23, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed.

   I further certify that I caused a copy of the foregoing documents to be served on what Ōura believes to be Circular's counsel:

Jonathan Pearce
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
jpearce@socalip.com

               */s/ John A. Yates*
               John A. Yates