# Exhibit A

JOHN A. YATES DECLARATION IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION, AND IN THE
ALTERNATIVE, MOTION FOR ALTERNATE SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Ōura Health Oy,

     Plaintiff,

           v.

Circular SAS,

     Defendant.

Case No. 6:22-cv-00478-ADA

**JURY TRIAL DEMANDED**

## <u>DECLARATION IN SUPPORT OF MOTION FOR</u>
## <u>DEFAULT JUDGMENT AND PERMANENT INJUNCTION,</u>
## <u>AND IN THE ALTERNATIVE, MOTION FOR ALTERNATE SERVICE</u>

I, John A. Yates, being over the age of 18 and competent to make this affidavit, do hereby declare that:

1.     I am the lead attorney representing Ōura Health Oy ("Ōura") in this matter. I submit this declaration based on my personal knowledge in support of the Motion for Default Judgment and Permanent Injunction, and if called upon, could and would testify completely about the statements made herein.

2.     The Complaint was filed on May 11, 2022. Dkt. 1. On May 12, 2022, I emailed and mailed to Mr. Jonathan Pearce, asking if he would accept service on behalf of Defendant Circular SAS. The email and mail included the Complaint and other filings, the requested Waiver required by Fed. R. Civ. P. 4, and associated materials. In an email dated May 16, 2022, Mr. Pearce stated that he could not accept service on Circular's behalf, but sometime later followed up about reaching an agreement on service. On May 17, 2022, Mr. Pearce later left me a voicemail about the potential to accept service if Ōura agreed to an extension giving Circular 120 days to respond. On May 18, 2022, I sent Mr. Pearce an email explaining that if he accepted service, he would have 120 days to respond (90 days afforded by the waiver plus no opposition to an additional 30 day

1

extension).  In an email on May 18, 2022, Mr. Pearce indicated to me that he was conferring with prospective local counsel regarding the rules of the waiver, as Ōura believed Circular would have 90 days to respond as a foreign entity while Mr. Pearce believed he would only have 60 days under Rule 4.  Mr. Pearce told me to proceed with service if this "delay is too much."  No agreement was reached.  Mr. Pearce has never provided a signed Waiver.

3.      Circular is a French société par actions simplifiée, purportedly located at 34 Avenue des Champs-Elysées, 75008, Paris, France.  Circular is not a resident entity of Texas and, on information and belief, does not have a regular place of business in Texas.  Circular is not a minor or incompetent person.  Circular is not in the military service.

4.      On information and belief, Circular has done business in Texas in accordance with Tex. Civ. Prac. & Rem. Code § 17.042.  For example, Circular, including Circular's co-founders Laurent Bsalis and Amaury Kosman, advertised attending and was an exhibitor at SXSW in Austin, Texas, on or around March 13- 16, 2022, to market the Circular Ring at the Creative Industries Expo (Booth #1423). Dkt. 1-5, at 3; Dkt. 1-14, at 2.  On information and belief, Circular contracted with SXSW to have a booth, and also must have contracted for food, lodging, and travel within the state while marketing their infringing product.  Circular is also doing business in this state by offering to sell its infringing product on its website, https://www.circular.xyz/. Dkt. 1-3; Dkt. 1-4. Additionally, Circular has committed a tort in whole or in part within Texas by offering to sell a product that infringes Ōura's Asserted Patents.  *See* Dkt. 1.  Circular is not registered with the Texas Secretary of State, despite the requirement to register in order to transact business within the state.  Tex. Bus. & Orgs. Code § 9.001.

5.      I mailed two copies of the summons and the complaint to the Texas Secretary of State on May 19, 2022.  Dkt. 6.  Ōura followed the guidance on the Secretary of States website.

Service of Process, https://www.sos.state.tx.us/corp/service-of-process.shtml (last accessed August 18, 2022). At the time of service, Circular did not have a registered agent in Texas.

6.      I asked, in the accompanying cover letter (Dkt. 7-2), that the documents be mailed to the following address:

> Circular SAS
> 34 Avenue des Champs-Elysées
> 75008, Paris, France

7.      Attached as Exhibit B hereto is a true and correct copy of an excerpt of Circular's website showing this address as Circular's headquarters retrieved on August 20, 2022 at: https://www.circular.xyz/about-circular.

8.      Attached as Exhibit C hereto is a true and correct copy of excerpts of Circular's General Terms & Conditions of Sale (webpage) showing that Circular is found at this address. "Circular … is registered in the Paris B Register of Trade & Companies under the number 850 542 804, the registered office of which is located at 34 av. des Champs Elysées, 75008 Paris, France[.]" The excerpts were retrieved on August 23, 2022 at: https://www.circular.xyz/terms-of-sale.

9.      Attached as Exhibit D hereto is a true and correct copy of excerpts of the General Conditions of Use for Circular (website) showing that Circular is found at this address. "Circular … is registered in the Paris B Register of Trade & Companies under the number 850 542 804, the registered office of which is located at 34 av des Champs Elysées, 75008 Paris, France[.]" The excerpts were retrieved on August 23, 2022 at: https://www.circular.xyz/terms-of-use.

10.     Attached as Exhibit E hereto is a true and correct copy of an Assignment, Reel: 056605 Frame: 0991, submitted by Circular to the United States Patent and Trademark Office

showing this address, retrieved on August 18, 2022, from the United States Patent and Trademark Office.

11.    Attached as Exhibit F hereto is a true and correct copy of a printout of an English version of an Infogreffe webpage showing the address as Circular's Head Office retrieved on August 20, 2022, at: https://www.infogreffe.fr/entreprise-societe/850542804-circular-750121B164370000.html?typeProduitOnglet=EXTRAIT&afficherretour=tru.

12.    The Executed Summons was submitted to the Court on June 22, 2022. Dkt. 6. I further informed Circular's counsel, Jonathan Pearce, of the Executed Summons on June 27, 2022 by email, which included a copy of the Executed Summons. Mr. Pearce disagreed that service was effective. Mr. Pearce also represented that Circular had not yet sold any products in an email dated July 5, 2022.

13.    Attached as Exhibit G is a true and correct copy of a July 12, 2022 letter I sent to Mr. Pearce explaining why service by the Secretary of State was appropriate and that Circular was late. In an email on July 19, 2022, Mr. Pearce responded to the July 12, 2022 letter and continued to disagree with the effectiveness of service. Mr. Pearce represented he was willing to sign a waiver dated July 19, 2022 that would allow Circular an additional 60 days to respond.

14.    A second *Whitney* Certificate showing that the package mailed by the Secretary of State was returned as "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and a copy of the cover letter submitted to the Secretary of State showing that the documents were requested to be mailed to the above address was filed on was filed on August 23, 2022. Dkt. 7.

15.    Attached as Exhibit H hereto is a true and correct copy of a printout of a May 13, 2022 article published by Wareable.com showing that a Circular spokesperson had given a

4

statement to Wareable.com about the lawsuit.  The article was retrieved on August 20, 2022, at: https://www.wareable.com/wearable-tech/oura-sues-circular-as-smart-rings-go-to-war-8798.

16.     Attached as Exhibit I hereto is a true and correct copy of a printout of a May 13, 2022 article published by Engadget showing that a Circular spokesperson had given a statement to Wareable.com about the lawsuit.  The article was retrieved on August 20, 2022, at: https://www.engadget.com/oura-circular-smart-ring-lawsuit-133032301.html.

17.     No extension of time has been granted.

18.     Circular has neither answered nor otherwise responded formally to the Plaintiff's Summons and Complaint, and the time to do so, provided in Rule 12 of the Federal Rules of Civil Procedure, has expired.

19.     Ōura's Request for Entry of Default (Dkt. 8) was served on Mr. Pearce on August 23, 2022 by email.  Mr. Pearce has not responded to this email.  Nor has Circular appeared or otherwise contested Ōura's Request for Entry of Default before September 6, 2022, and the time to do so provided by Local Rule CV-7 has expired.

20.     Attached hereto as Exhibit J is a true and correct printout of the Apple Store website retrieved on August 19, 2022 showing Circular's application (Circular App) is available to be downloaded.     The     printout     was     retrieved     from     the     website     at: https://apps.apple.com/US/app/circular-ring/.

21.     Attached as Exhibit K is a true and correct copy of a printout of a July 18, 2022 post authored by Mr. Pearce on Mr. Pearce's firm's website about service of process by mail abroad.  The post was retrieved on August 20, 2022 at:  https://socalip.org/socal-ip-law-institute-mcle-meeting-june-20-2022-2/.

22.     Attached as Exhibit L is a true and correct copy of an excerpt of a website retrieved on August 19, 2022 at:  https://www.circular.xyz/.

23.     Attached as Exhibit M is a true and correct copy of an excerpt of a website retrieved on September 7, 2022 at: https://www.circular.xyz/shop.

24.     Attached as Exhibit N is a true and correct copy of an excerpt of a website retrieved on August 21, 2022 retrieved at:  https://www.indiegogo.com/projects/circular-smart-ring-sleep-energy-performance#/updates/all.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 9, 2022, in Houston, Texas.

John A. Yates