EXHIBIT 10

## CODE OF CIVIL PROCEDURE

With the participation of Yves-Antoine TSEGAYE, Lawyer, PhD, LLB

**BOOK I**
**PROVISIONS COMMON TO ALL COURTS**                                    **Articles 1 to 749**

    **TITLE I**
    **PRELIMINARY PROVISIONS**                                    **Articles 1 to 29**

        CHAPTER I
        GUIDING PRINCIPLES FOR TRIAL                                    Articles 1 to 24

            SECTION I
            PROCEEDING                                    Articles 1 to 3

**Article 1**
Unless otherwise provided by law, only the parties may institute a proceeding. They may put an end to the latter prior to its extinction by virtue of the court's decision or by virtue of the law.

**Article 2**
The parties conduct the proceeding under the duties incumbent upon them. They are held to carry out the pleadings according to the forms and within the required time-limit.

**Article 3**
The judge supervises the proper progress of the proceeding; he has the authority to define the time-limits and order the necessary measures.

            SECTION II
            SUBJECT-MATTER OF THE DISPUTE                                    Articles 4 to 5

**Article 4**
The subject-matter of the dispute is determined by the respective claims of the parties.
The originating process and the defence submissions define such claims. However, the subject-matter of the dispute may be modified by the interlocutory claims where they relate to the initial claims by a sufficient link.

**Article 5**
The judge must rule upon all what is claimed and only upon what is claimed.

            SECTION III
            FACTS                                    Articles 6 to 8

**Article 6**
In support of their claims, the parties put forward the relevant facts supporting their claims.

**Article 7**
The judge may not base his decision on facts not in the debate.
Among the facts mentioned in the debate, the judge may even take into consideration such facts that the parties have not expressly relied upon to support their claims.

**Article 8**
The judge may invite the parties to provide factual explanations that he deems necessary for the resolution of the dispute.

            SECTION IV
            EVIDENCE                                    Articles 9 to 11

**Article 9**
Each party must prove, according to the law, the facts necessary for the success of his claim.

**Article 10**
The judge has the authority to order sua sponte any legally appropriate investigation measures.

**Article 11**
The parties are held to cooperate for the implementation of the investigation measures, even if the judge notes the consequences of abstention or refusal to do so.
Where a party holds evidence material, the judge may, upon the petition of the other party, order him to produce it, where necessary under a periodic penalty payment. He may, upon the petition by one of the parties, request or order, where necessary under the same penalty, the production of all documents held by third parties where there is no legitimate impediment to doing so.

CODE OF CIVIL PROCEDURE

SECTION V

LAW                                                                                  Articles 12 to 13

**Article 12**

*(Council of State n° 1975, 1905, 1948 to 1951 of 12 October 1979, Unification of the new French advocates and the others, JCP 1980, II, 19288)*

The judge settles the dispute in accordance with the rules of law applicable thereto.

He must give or restore their proper legal definitions to the disputed facts and deeds notwithstanding the denominations given by the parties.

However, he may not change the denomination or legal ground where the parties, pursuant to an express agreement and in the exercise of such rights that they may freely alienate, have bound him by legal definitions and legal arguments to which they intend to restrict the debate.

Where a dispute has arisen, the parties may, under the same matters and conditions, confer upon the judge a mandate to determine a case as an amicable compounder subject to an appeal where the parties have not expressly abandoned their right of appeal.

*By decisions n°1875, n°1905 and n°1948 to 1951 of 12 October 1979, the Council of State ruling upon litigation has abrogated the indivisible provisions of the third sub-article of Article 12 and the first sub-article of Article 16 of this Code, as they emanate from Decree n°75-1123 of 5 December 1975.*

**Article 13**

The judge may invite the parties to furnish explanations on the legal arguments that he deems necessary for the resolution of the dispute.

SECTION VI

ADVERSARIAL PROCEDURE                                                Articles 14 to 17

**Article 14**

A party may not be judged without having been heard or called.

**Article 15**

Parties must disclose in due time to one another factual arguments supporting their claims, the means of evidence they produce and the legal arguments they rely upon so that each party may organise his defence.

**Article 16**

*(Decree n°76-714 of 29 July 1976, Article 1, Official Journal of 30 July 1976)*

*(Council of State 1875, 1905, 1948 to 1951 of 12 October 1979, Unification of the new French advocates and the others, JCP 1980, II, 19288)*

*(Decree n°81-500 of 12 May 1981, Article 6, Official Journal of 14 May 1981)*

In all circumstances, the judge must supervise the respect of, and he must himself respect, the adversarial principle.

In his decision, the judge may take into consideration grounds, explanations and documents relied upon or produced by the parties only if the parties had an opportunity to discuss them in an adversarial manner.

He shall not base his decision on legal arguments that he has raised sua sponte without having first invited the parties to comment thereon.

**Article 17**

Where the law allows or the circumstances require that a measure must be ordered without informing a party, the latter has a right to bring a review action against the decision condemning him.

SECTION VII

DEFENSE                                                                       Articles 18 to 20

**Article 18**

Parties may plead their cause themselves, except those cases for which representation (by an advocate) is compulsory.

**Article 19**

Parties choose freely their advocate either to represent them or to assist them in accordance with what the law allows or requires.

**Article 20**

The judge may still hear the parties themselves.

SECTION VIII

CONCILIATION                                                              Article 21

**Article 21**

To conciliate parties is part of the mandate of the judge.

SECTION IX

ORAL ARGUMENTS                                                       Articles 22 to 23-1

CODE OF CIVIL PROCEDURE

**Article 22**

Oral arguments are held in public hearings, save where the law requires or allows that they be held in the judge's council chamber.

**Article 23**

The judge is not bound to resort to an interpreter where he masters the language that the parties speak.

**Article 23-1**

*(Decree n°2004-836 of 20 August 2004, Article 2, Official Journal of 22 August 2004, in force on the 1 January 2005)*

If one of the parties is deaf, the judge will appoint, in order to assist him, by an order not subject to appeal, an interpreter of sign language or completed spoken language, or any qualified person mastering a language or a method allowing communicating with the deaf. The judge may also resort to any technical device allowing communicating with such party.

However, the preceding sub-article will not apply if the deaf party appears (before the court) assisted by a person of his choosing capable of ensuring the communication with him.

SECTION X
DUTY OF COURTESY                                                          Article 24

**Article 24**

Parties are held to act at all times with due respect to the law.

The judge may, according to the seriousness of the infringement, pronounce even sua sponte injunctions, delete writings, declare them defamatory or order the printing and posting of his judgements.

CHAPTER II
RULES SPECIFIC TO NON-CONTENTIOUS MATTERS                    Articles 25 to 29

**Article 25**

The judge rules upon non-contentious matters, in absence of a dispute, where an action is referred to him that the law requires, due to the nature of the matter or the capacity of the petitioner, that he must examine it.

**Article 26**

The judge may base his decision on all the facts relating to the case submitted before him, including those that have not been alleged.

**Article 27**

The judge carries out, even sua sponte, all useful inquiries.

He has the power to hear without any formality any persons who may provide him with guidance as well as those whose interests may be aggrieved by his decision.

**Article 28**

The judge may determine the case without oral arguments.

**Article 29**

A third party may be granted leave by the judge to consult the file of a case and to have copies thereof delivered to him where he shows cause of a legitimate interest in the same.

TITLE II
RIGHT OF ACTION                                                    **Articles 30 to 32-1**

**Article 30**

The action is the right of the plaintiff of a claim to bring an action to be heard on the merits of his claim so that the judge may declare it founded or unfounded.

For the adversary, the action is the right to contest the merits of this claim.

**Article 31**

The right of action is available to all those who have a legitimate interest in the success or dismissal of a claim, without prejudice to those cases where the law confers the right of action solely upon persons whom it authorises to raise or oppose a claim, or to defend a particular interest.

**Article 32**

Any claim raised by or against a person deprived of the right of action is inadmissible.

**Article 32-1**

*(Decree n° 78-62 of 20 January 1978, Article 14, Official Journal of 24 January 1978)*
*(Decree n°2001-373 of 27 April 2001, Article 1 Official Journal of 29 April 2001, in force on 1 January 2002)*

The one who acts in justice in a dilatory or abusive way may be condemned to a civil fine of € 15 to € 1.500, in addition to the reparation of damages that would be claimed.

TITLE III
JURISDICTION                                                       **Articles 33 to 52**

CODE OF CIVIL PROCEDURE

CHAPTER I

JURISDICTION BASED ON RATIONE MATERIAE                     Articles 33 to 41

**Article 33**

The jurisdiction of courts pursuant to matters at issue is determined by the rules relating to court organization and particular provisions.

**Article 34**

The jurisdiction pursuant to the amount of the demand and the jurisdictional amount below which an appeal does not lie is determined by rules pertaining to each court and by the following provisions.

**Article 35**

Where several actions, based on different and non-related facts are brought by a plaintiff against the same adversary and they are joined together in the same proceeding, the jurisdiction and the jurisdictional amount will be determined by the nature and the value of each action to be considered separately.

Where the joined claims are based on the same facts or are related, the jurisdiction and the jurisdictional amount will be determined by the total value of these claims.

**Article 36**

Where claims are brought, in the same proceeding and under the terms of a common title, by several plaintiffs or against several defendants, the competence and the jurisdictional amount will be determined for the whole of the claims, by highest of them.

**Article 37**

Where the competence depends on the amount of the action, the court will be competent for all interventions, counterclaims and compensation claims lower than the jurisdictional amount of its jurisdiction even where, joined together with the claims of the plaintiff, they would exceed it (the jurisdictional amount).

**Article 38**

Where an interlocutory claim is higher than the jurisdictional amount, the judge, if a party contests the jurisdiction (of the court), may either rule upon on the initial action or defer the parties to refer their case for the whole amount before the court that has jurisdiction to hear and determine the interlocutory claim. However, when a counterclaim for damages is exclusively based on the initial action, the judge will hear and determine the matter irrespective of the value of the action.

**Article 39**

Subject to the provisions of Article 35, an appeal will not lie against the judgement where none of the interlocutory claims exceeds the jurisdictional amount of the final resort.

If one of them exceeds such amount, the judge will rule in first resort on all the actions. He will decide in the final resort if the claim that exceeds the jurisdictional amount is a counterclaim in damages based exclusively on the initial action.

**Article 40**

The judgement that has ruled upon an unspecified claim, unless otherwise provided, is subject to appeal.

**Article 41**

Once a dispute has arisen, the parties may nevertheless agree to submit their dispute to a court which otherwise would have lacked jurisdiction due to the amount of the action.

They may also, under the same condition and with respect to rights they may alienate freely, agree by virtue of an express agreement that their dispute will be judged without appeal even if the amount of the action exceeds the jurisdictional amount of final resort.

CHAPTER II

TERRITORIAL JURISDICTION                     Articles 42 to 48

**Article 42**

*(Decree n°81-500 of 12 May 1981, Article 7, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The territorially competent court is, unless otherwise provided, that of the place where the defendant lives.

If there are several defendants, the plaintiff may, at his choosing, bring his case before the court of the place where one of them lives.

If the defendant has neither a known domicile nor residence, the plaintiff may bring his case before the court of the place where he lives or before the court of his choice if he lives abroad.

**Article 43**

The place where the defendant lives means:

- in relation to a natural person, the place where he has his domicile or, in default thereof, his residence,

- in relation to a corporate entity, the place where it is established.

**Article 44**

In real-estate matters, only the court of the place where the building is located has jurisdiction.

CODE OF CIVIL PROCEDURE

**Article 45**

In matters of succession, until distribution has been completed, the following will be brought before the court of the district where the succession is opened:

- actions among the heirs;
- actions brought by the creditors of the deceased;
- actions relating to the implementation of the dispositions causa mortis.

**Article 46**

*(Decree n°81-500 of 12 May 1981, Article 8, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The plaintiff may bring his case, at his choosing, besides the court of the place where the defendant lives, before:

- in contractual matters, the court of the place of the actual delivery of the chattel or the place of performance of the agreed service;

- in tort matters, the court of the place of the event causing liability or the one in whose district the damage was suffered;

- in mixed matters, the court of the place where real property is situated;

- in matters of support or contribution to the expenses of marriage, the court of the place where the creditor lives.

**Article 47**

Where a judge or a representative of the law is a party to litigation within the jurisdiction of the court in the district of which he sits in office, the plaintiff may bring his case before a court sitting in an adjacent district.

The defendant and all parties to an appeal may likewise ask to remit the matter before a court referred to under the same conditions; Article 97 will then apply.

**Article 48**

Any clause that departs, directly or indirectly, from the rules of territorial jurisdiction will be deemed non-existent unless it has been agreed between parties to a contract entered into as merchants and the same has been provided for in an explicit manner in the undertakings of the party against whom it will be enforced.

CHAPTER III
COMMON PROVISIONS                                                    Articles 49 to 52

**Article 49**

Any court to which an action is referred over which it has jurisdiction, will hear and determine all the grounds of defence, even where they require an interpretation of a contract, save where they raise issues which come under the exclusive jurisdiction of an another court.

**Article 50**

Points of law on proceeding will be ruled upon by the court before which the proceeding to which they relate takes place.

**Article 51**

The High Court will hear and determine all interlocutory claims that do not come under the exclusive jurisdiction of another court.

Other courts will hear and determine points of law only where they enter in the jurisdiction based on ratione materiae.

**Article 52**

*(Decree n°78-62 of 20 January 1978, Article 15, Official Journal of 24 January 1978)*
*(Decree n°81-500 of 12 May 1981, Article 9, Official Journal of 14 May 1981)*

Claims relating to expenses, emoluments and disbursements related to a proceeding and incurred before a court by representatives of the law, public officers or legal officials will be brought before such court.

Claims relating to expenses, emoluments and disbursements not incurred before a court will be brought before the magistrates' court or the High Court, according to the amount of the expenses, in the district where the public officer, the legal official or the representative of the law carries out his functions.

TITLE IV
**ACTION IN LAW**                                                    **Articles 53 to 70**

CHAPTER I
ORIGINATING ACTION                                                   Articles 53 to 62

SECTION I
ACTION IN LAW IN CONTENTIEOUS MATTERS                                Articles 53 to 59

**Article 53**

The originating action is an action whereby a litigant takes the initiative of proceeding by submitting his claims to a judge.

He institutes the proceeding.

**Article 54**

CODE OF CIVIL PROCEDURE

Subject to cases where the proceeding is instituted by way of a petition or by way of a declaration handed over to the clerk's office of the court and those where the proceeding may be instituted by a voluntary presentation of the parties before a judge, the originating action must be brought by way of a writ of summons or by delivery of a joint petition at the clerk's office of the court.

## Article 55

The writ of summons is the document served through a bailiff by which the plaintiff cites his adversary to appear before the judge.

## Article 56

*(Decree n°98-1231 of 28 December 1998, Article 3, Official Journal of 30 December 1998, in force on 1 March 1999)*

In addition to the particulars prescribed for processes served through bailiffs, the writ of summons, under penalty of nullity, must contain:

1° a reference to the court before which the action is brought;

2° the object of the action with a statement of the arguments;

3° a statement that, unless the defendant appears, he will risk rendition of a judgement against him solely on the basis of proof furnished by his adversary;

4° where appropriate, particulars relating to the identification of real property required for publication in the land register.

In addition, it must contain a reference to the documents upon which the action is founded. Such documents must be enumerated on a list attached to it (the writ of summons).

It amounts to pleadings.

## Article 57

The joint application is the common instrument by which the parties submit to a judge their respective claims, the points on which they are in disagreement and their respective arguments.

It must contain, in addition, under penalty of inadmissibility:

1° a) for natural persons, the surname, first names, occupation, domicile, nationality, date and place of birth of each of the petitioners;

b) for corporate entities, their form, denomination, the address of their head office and the organ which legally represent them;

2° a reference to the court before which the action is brought;

3° where applicable, particulars relating to the identification of real properties required for the publication by the land register.

It must also contain a reference to the supporting documents of the action.

It must be dated and signed by the parties.

It amounts to pleadings.

## Article 58

Where such right is conferred upon them by virtue of Article 12, the parties may, if they have not yet done so since the commencement of the dispute, vest the judge with the mission of an amicable compounder by virtue of the joint application or bind him by such definitions and points of law to which they intend to restrict the hearing.

## Article 59

The defendant must, under penalty of inadmissibility, even sua sponte, set out in his defence:

a) for a natural person, his surname, first names, occupation, domicile, nationality, date and place of birth;

b) for a corporate entity, its form, denomination, head office and the organ that represent it legally.

SECTION II
ACTION IN LAW NON-CONTENTIOUS MATTERS                        Articles 60 to 62

## Article 60

In non-contentious matters, the action will be brought by way of a petition.

## Article 61

The case is referred to the judge by way of a petition handed over to the clerk's office of the court.

## Article 62

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

Further, before a magistrates' court, an action may be formed and the matter may be referred to the court by way of an oral declaration recorded at the clerk's office of the court.

CHAPTER II
INTERLOCUTORY CLAIMS                        Articles 63 to 70

## Article 63

The interlocutory claims are counterclaim, additional claim and intervention.

## Article 64

A counterclaim means a claim by which the originating defendant claims to obtain an advantage other than the

CODE OF CIVIL PROCEDURE

mere dismissal of the claim of his adversary.

**Article 65**

An additional claim means a claim by which a party modifies his previous claims.

**Article 66**

A (third party) intervention means a claim whose purpose is to allow a third party to joint a lawsuit engaged between the originating parties.

Where the claim emanates from a third party, the intervention will be voluntary; the intervention must be a non-voluntary one when the third party is summoned by a party (to join the lawsuit).

**Article 67**

The interlocutory claim must contain the claims and arguments of the party who forms it and state the supporting documents.

**Article 68**

The interlocutory claims are brought against parties to a proceeding in the same manner as arguments of defence are submitted.

They are brought against defaulting parties or third parties in the forms provided for to institute a proceeding. Appeals are brought by way of writ of summons.

**Article 69**

The instrument, by which an interlocutory claim is brought amounts to pleadings; it must be sent to the other parties.

**Article 70**

The counterclaims or additional claims will be admissible only if they are attached to the originating claims by a sufficient bond.

However, a claim for set-off will be admissible even in the absence of such a bond save where the judge disjoins where it is likely to delay excessively the judgement on the whole case.

| | |
|---|---|
| **TITLE V** | |
| **GROUNDS OF DEFENCE** | **Articles 71 to 126** |
| CHAPTER I | |
| DEFENCE ON THE MERITS OF THE CASE | Articles 71 to 72 |

**Article 71**

A defence on the merits of the case means any ground destined, after examination of the merits, to have the adversary's claim declared unfounded.

**Article 72**

The defence on the merits of the case may be proffered at any stage of the proceeding.

| | |
|---|---|
| CHAPTER II | |
| PROCEDURAL PLEAS | Articles 75 to 74 |

**Article 73**

A procedural plea means any ground destined to have the procedure declared irregular, extinguished or stayed.

**Article 74**

Pleas must, under the penalty of inadmissibility, be raised simultaneously and prior to any defence on the merits or plea of non-admissibility. It is so even when the rules relied upon to sustain the plea are of public policy nature.

A request for service of documents does not constitute a motive for inadmissibility of the pleas.

The provisions of the first sub-article do not prevent the application of Articles 103, 111, 112 and 118.

| | |
|---|---|
| SECTION I | |
| PLEAS OF LACK OF JURISDICTION | Articles 75 to 99 |
| SUB-SECTION I | |
| LACK OF JURISDICTION RAISED BY THE PARTIES | Articles 75 to 77 |

**Article 75**

If it is alleged that the court to which the action is referred lacks jurisdiction, the party who proffers the plea must, under penalty of inadmissibility, give the grounds and name, at all event, the court before which the matter is brought.

**Article 76**

The judge may, in one single judgement, but by way of separate dispositions, declare himself competent and rule upon the merits of the dispute after having put the parties on default notice to plead on the merits (of the matter).

**Article 77**

Where he does not rule on the merits of the dispute, but where the decision on the competence depends upon the merits at issue, the judge must, in the operative part of the judgement, rule upon the merits at issue and upon the question of competence by separate provisions.

CODE OF CIVIL PROCEDURE
SUB-SECTION II
APPEAL                                                                                    Articles 78 to 79

**Article 78**

If the judge considers that he has jurisdiction and rules upon the merits of the dispute in one and same judgement, the latter may be impugned only by way of appeal either on the entirety of the provisions if it is subject to appeal or on the ground of jurisdiction where the decision on the merits (of the dispute) is pronounced by a court of first and final resort.

**Article 79**

Where the court (of appeal) reverses the judgement on the question of jurisdiction, it will, nevertheless, rule upon the merits of the dispute if the impugned decision is subject to appeal its entirety and if the court (of appeal) is the proper court of appeal in relation to the court that it deems competent.

In the other cases, in reversing the impugned judgement on the issue of jurisdiction, the court (of appeal) will defer the matter to that other court of appeal that would have been competent in this matter in first instance. This decision will bind the parties and the referral court.

SUB-SECTION III
INTERLOCUTORY APPEAL ON JURISDICTION                           Articles 80 to 91

**Article 80**

Where the judge rules upon an issue of jurisdiction without determining the merits of the case, his decision may be impugned only by way of an interlocutory appeal on jurisdiction, even though the judge has resolved the merits of the matter on which the jurisdiction depends.

Subject to special rules as to expertise, the decision may similarly be impugned only by way of an interlocutory appeal on jurisdiction where the judge has ruled upon the issue of jurisdiction and has ordered investigation measures or an interim relief.

**Article 81**

If the judge considers that he has jurisdiction, the proceeding will be suspended until the expiry of the time-limit for lodging the interlocutory appeal on jurisdiction and, in case of an interlocutory appeal on jurisdiction, until the decision of the court of appeal.

**Article 82**

*(Decree n°78-62 of 20 January 1978, Article 16, Official Journal of 24 January 1978)*

The interlocutory appeal on jurisdiction must, under penalty of inadmissibility, be well-founded and filed at the clerk's office of the court, which has pronounced the decision, within fifteen days therefrom.

If the interlocutory appeal on jurisdiction gives rise to legal fees payable to the clerk's office, the filing will be accepted only if the appellant has paid the legal fees.

A receipt will be issued at the time of filing.

**Article 83**

*(Decree n°78-62 of 20 January 1978, Article 16, Official Journal of24 January 1978)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk's office of the court (of appeal), which has pronounced the decision, will send immediately a copy of the interlocutory appeal on jurisdiction to the opposite party by registered letter with the advice of delivery slip and will likewise inform his representative if he has one.

Simultaneously, he will transmit to the chef clerk of the court (of appeal) the file of the case with the interlocutory appeal on jurisdiction and a copy of the judgement.

**Article 84**

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The first president (of the court of appeal) sets the date of the hearing, which must take place as soon as possible.

The clerk of the court (of appeal) must inform the parties by registered letter with the advice of delivery slip sought.

**Article 85**

Parties may, in support of their legal argument, submit any written argument, which they consider appropriate. This written argument, signed by the judge, is put on record.

**Article 86**

The court (of appeal) will refer the matter to the court, which has jurisdiction. This decision is binding on the parties and on the referral judge.

**Article 87**

*(Decree n°76-1236 of 28 December 1976, Article 1, Official Journal of 30 December 1976)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk of the court must immediately inform the parties of the judgement on appeal by registered letter with the advice of delivery slip sought.

This judgement will not be subject to a motion to set aside. The time-limit for an appeal in cassation runs as from the notification (of this judgement).

CODE OF CIVIL PROCEDURE

## Article 88
*(Decree n°78-62 of 20 January 1978, Article 18, Official Journal of 24 January 1978)*
*(Decree n°2001-373 of 27 April 2001, Article 1, Official Journal of 29 April 2001, in force on 1 January 2002)*

Costs incidental to the interlocutory appeal on jurisdiction will be borne by the losing party on the issue of jurisdiction. If the latter is the originator of the interlocutory appeal on jurisdiction, he may further be ordered to pay a civil penalty of € 15 to € 1.500 without excluding claims for damages that may be brought against him later on.

## Article 89
Where the court is the court of appeal in relation to the court that has jurisdiction, it may examine the merits of the case if it considers that giving a final solution to the matter is good justice, after having issued, if necessary, investigation measures.

## Article 90
When it decides to hear and determine (the merits of the matter), the court (of appeal) will invite the parties, if necessary, by registered letter with the advice of delivery slip sought, to designate an avoué (˜ solicitor) within the time-limit that it fixes, where such designation is required by the rules applicable to appeals against decisions pronounced by the lower court which gave the impugned judgement over the issue of jurisdiction.

Where none of the parties has designated an avoué (˜ solicitor), the court may sua sponte strike out the matter by a reasoned decision not subject to appeal. A copy of such decision will be sent to each party by ordinary letter addressed to their domicile or residence.

## Article 91
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

Where the court (of appeal) considers that the decision referred to it by way of an interlocutory appeal on jurisdiction should have been brought by way of an (ordinary) appeal, it must still determine the matter.

The matter will then be examined and judged according to rules applicable to appeals against a decision pronounced by the court from which the judgement impugned by the interlocutory appeal on jurisdiction emanates.

If, according to these rules, the parties are bound to designate an avoué (˜ solicitor), the appeal will sua sponte be declared inadmissible if the party who proffered the interlocutory appeal on jurisdiction has not designated any avoué (˜ solicitor) within one month as of the notice given to the parties by the clerk of the court.

SUB-SECTION IV
LACK OF JURISDICTION RAISED SUA SPONTE                                    Articles 92 to 94

## Article 92
*(Decree n°76-1236 of 28 December 1976, Article 2, Official Journal of 30 December 1976)*

Lack of jurisdiction may be declared sua sponte in case of infringement of a rule on jurisdiction ratione materiae where such rule pertains to public policy or where a defendant does not appear. Lack of jurisdiction (sua sponte) may be declared only in these cases.

Before a court of appeal and the Court of Cassation, lack of jurisdiction may be raised sua sponte only if the matter falls within the jurisdiction of a criminal or administrative court or lies outside the cognisance of a French court.

## Article 93
*(Decree n°76-1236 of 28 December 1976, Article 3, Official Journal of 30 December 1976)*

In non-contentious matters, the judge may raise sua sponte his lack of territorial jurisdiction. He may do so, in contentious matters, only in litigations relating to the status of persons, in cases where the law has conferred exclusive jurisdiction to another court or where a defendant does not appear.

## Article 94
The interlocutory appeal on jurisdiction is the only means available where a court, ruling upon a matter as a first instance court, considers sua sponte that it lacks jurisdiction.

SUB-SECTION V
COMMON PROVISIONS                                                         Articles 95 to 99

## Article 95
Where the judge, while deciding on the issue of jurisdiction, resolves the merits at issue on which depends the jurisdiction, his decision will become res judicata in relation to the merits at issue.

## Article 96
Where the judge considers that the matter falls within the jurisdiction of a criminal, administrative, arbitral or foreign court, he will refer the parties thereto only so that they may bring their case before the competent court.

In all the other cases, the judge who considers that he lacks jurisdiction must designate the court, which has jurisdiction. This designation will be binding on the parties and the referral judge.

## Article 97
*(Decree n°76-1236 of 28 December 1976, Article 4, Official Journal of 30 December 1976)*
*(Decree n°81-500 of 12 May 1981, Article 10, Official Journal of 14 May 1981)*

When the matter is referred to the designated court, the file of the matter will immediately be transmitted to the latter by the clerk's office of the court with a copy of the referral decision. However, the transmission will be carried out only in

CODE OF CIVIL PROCEDURE

the absence of an interlocutory appeal on jurisdiction within the time-limit where such means was available against the referral decision.

On receipt of the file, the parties will be invited by a registered letter with the advice of delivery slip sought by the clerk's office of the designated court to continue the proceeding and, as the case may be, to designate an advocate or avoué (˘ solicitor).

Where, before such court, the parties are required to be represented, the matter will be striked off sua sponte where none of the parties has designated an advocate or avoué (˘ solicitor), as the case may be, within one month as of the notice given to them.

Where the referral is given to the court before which the matter was originally brought, the proceeding will continue with the initiative of the judge.

### Article 98

An appeal is the only means available against summary orders and against an order of the judge-conciliator in divorce or separation from bed and board cases.

### Article 99

Notwithstanding the rules of this Section, the matter may be referred to the court only by way of an appeal where the lack of jurisdiction has been relied upon or raised sua sponte on the ground that the matter falls within the jurisdiction of an administrative court.

SECTION II
PLEAS OF LIS PENDENS AND RELATED CASES                                    Articles 100 to 107

### Article 100

If the same dispute is pending before two distinct courts of the same hierarchy that have jurisdiction, the court to which the matter is brought must decline jurisdiction in favour of the other court if one of the parties requires it. Want of that, it may do it sua sponte.

### Article 101

If there exists between matters brought before two distinct courts a bond such as there is an interest of good justice to have them examined and determined together, one of the courts may be asked to decline its jurisdiction and to refer the matter as it stands to the other court.

### Article 102

Where the courts seized are not of the same hierarchy, pleas of plea of lis pendens or related cases may be raised only before the lower court.

### Article 103

A plea of related cases may be brought at any time during the proceeding, but it may be rejected when raised too late with the purpose of delaying.

### Article 104

Review actions against decisions pronounced on plea of lis pendens or related cases by courts of first instance are brought and determined in the same manner as the plea of lack of jurisdiction.

Where there is multiplicity of review actions, the decision belongs to the court of appeal to which the matter is referred first, who will, where it upholds the plea, refer the matter to the most convenient court, according to the circumstances, to hear and determine the matter.

### Article 105

The decision given on the plea, either by the court that hears and examines it or (by a higher court) upon a review action, will be binding on both the referral court and the court from which the case is removed.

### Article 106

Where both courts have declined their jurisdiction, the decision pronounced last will be deemed void.

### Article 107

If on a question of related cases, difficulties arise between the different branches of the same court, they will be resolved without any formality by the president (of the court of appeal). His decision will be regarded as act of court management.

SECTION III
DILATORY PLEAS                                                        Articles 108 to 111

### Article 108

The judge must suspend the proceeding where the party requesting it has time for carrying out an inventory and a deliberation, or a preliminary distraint, or a partition or where he has any other waiting time by virtue of the law.

### Article 109

The judge may grant to the defendant time to implead a third party.

The proceeding will resume upon the expiry of the time granted to the third party to appear; except in the case where the impleader is ruled upon separately and if the third party has not been summoned to appear within the

CODE OF CIVIL PROCEDURE

time-limit fixed by the judge.

**Article 110**

Further, the judge may suspend the proceeding where one of the parties relies upon a decision impugned by third party proceedings, a revision action or an appeal in cassation.

**Article 111**

The party, who has time (granted to him by law) to conduct an inventory and a deliberation, may use his other pleas after the expiry of that time.

SECTION IV
PLEAS OF NULLITY                                                          Articles 112 to 121

SUB-SECTION I
NULLITY OF PLEADINGS OWING TO FAULTY DRAFTING          Articles 112 to 116

**Article 112**

The plea of nullity of pleadings may be raised as and when they are served; but it will be waived if the one who raises it, has, subsequent to the impugned pleading, presented his defence on the merits of the case or raised only the plea of non-admissibility without raising the plea of nullity.

**Article 113**

All grounds of nullity against pleadings must be raised simultaneously under penalty of inadmissibility of those that have not been raised.

**Article 114**

No pleading may be declared void for faulty drafting where the nullity was not expressly provided in law, except in the event of a non-observance of a substantial formality or of a public policy nature.

Nullity may be entered only where the adversary who raises it proves the prejudice caused to him by the irregularity even in the case of a substantial formality or of a public policy nature.

**Article 115**

The nullity may be avoided by a subsequent straightening out of the pleading if no foreclosure has already intervened and if the straightening out has succeeded to avoid all prejudice.

**Article 116**

The sanction for non-observance of a procedural formality prior to the oral arguments will comply with the rules provided in this sub-section.

SUB-SECTION II
NULLITY OF PLEADINGS OWING TO SUBSTANTIVE IRREGULARITY      Articles 117 to 121

**Article 117**

Substantive irregularities are those affecting the validity of the pleading:

Lack of capacity to sue or to be sued;

Lack of power of attorney of a party or a person appearing in the proceeding as the representative either of a corporate entity or of a person under legal incapacity;

Lack of capacity or of power of attorney of a person legally representing a party before a court of law.

**Article 118**

Pleas of nullity based on the non-observance of the substantive rules relating to pleadings may be raised at any stage of the proceeding; but the judge may award damages against a party who, in a dilatory intention, failed to raise the same earlier.

**Article 119**

Pleas of nullity based on the non-observance of the substantive rules relating to pleadings must be admissible without the party raising them having to prove damage caused to him even where the nullity does not result from any express provision.

**Article 120**

Pleas of nullity based on the non-observance of substantive rules relating to pleadings must be raised sua sponte where they pertain to matters of public policy nature.

The judge may raise sua sponte the nullity owing to lack of capacity to sue or to be sued.

**Article 121**

In cases where it is susceptible of being remedied, the nullity will not be entered if its cause has disappeared by the time the judge takes its decision.

CHAPTER III
PLEAS OF NON-INADMISSIBILITY                                        Articles 122 to 126

**Article 122**

CODE OF CIVIL PROCEDURE

A plea of non-admissibility is any ground whose purpose is to get the adversary's claim declared inadmissible, without entering into the merits of the case, for lack of a right of action, such as a not being the proper party, lack of interest, statute of limitations, fixed time-limit or res judicata.

**Article 123**

A plea of non-inadmissibility may be raised at any stage of the proceeding, without prejudice to the judge's discretion to order payment of damages by those who abstained, with dilatory intent, from raising them earlier.

**Article 124**

A plea of non-admissibility must be admitted without requiring the person raising them to prove damage and even though the inadmissibility may not result from any express legal provision.

**Article 125**

*(Decree n°79-941 of 7 November 1979, Article 5, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 3, Official Journal of 22 August 2004, in force on 1 January 2005)*

Pleas of non-admissibility must be raised sua sponte where they are of public policy in nature, in particular, where they result from non-observance of the time-limits within review actions must be brought or where they result from absence of a means of review.

The judge may raise sua sponte the plea of non-admissibility based upon lack of interest, for not being the right party or because the judgement has become res judicata.

**Article 126**

In the case where the situation giving rise to the plea of non-admissibility may be remedied, the inadmissibility will be set aside if its cause has disappeared by the time the judge rules upon the case.

The same will apply where, before any foreclosure, the person who has the right to act becomes party in the on-going proceeding.

### TITLE VI
### CONCILIATION                                                       Articles 127 to 131

**Article 127**

Parties may reconcile, on their initiative or upon that of the judge, throughout the proceeding.

**Article 128**

The conciliation must be attempted, unless otherwise provided, at the place and the time that the judge deems favourable.

**Article 129**

Parties may always require of the judge to record their conciliation.

**Article 130**

The content of the agreement, even a partial one, must be recorded in the minutes signed by the judge and by the parties.

**Article 131**

Extracts of the minutes recording the conciliation may be delivered. They amount to writ of execution.

### TITLE VI bis
### MEDIATION                                                          Articles 131-1 to
131-15

**Article 131-1**

*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

A judge seized of litigation may, after having obtained the consent of the parties, appoint a third person who will hear them and confront their points of view to help them resolve the dispute dividing them.

This power is also given to the summary procedure judge in the course of the proceeding.

**Article 131-2**

*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The mediation may concern the whole or a part of the litigation.

In no case, it may remove the case from the judge who may take at any time other measures that appear necessary to him.

**Article 131-3**

*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The initial duration of the mediation may not exceed three months. This mission may be renewed once, for the same duration, at the request of the mediator.

**Article 131-4**

*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The mediation may be entrusted to an individual or to an association.

If the designated mediator is an association, its legal representative must submit to the approval of the judge the

CODE OF CIVIL PROCEDURE

name of the individual (s) who will ensure, within this one and on its behalf, the carrying out of the measure.

## Article 131-5
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The individual implementing mediation must satisfy the following conditions:

1° He must not have been the subject of a criminal sentence, of incapacity or forfeiture as indicated in the n° 2 criminal record bulletin.

2° He must not have acted contrary to honour, probity and good virtue which gave rise to disciplinary or administrative sanctions of dismissal, removing off, revocation, or that of a withdrawal of accreditation or authorisation;

3° He has, by virtue of his actual and past occupation, the required qualifications with respect to the subject matter of the dispute;

4° He must prove, as the case may be, an appropriate training or experience for the practice of mediation;

5° He must demonstrate the capacity to be independent which is necessary to conduct the mediation.

## Article 131-6
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The decision ordering mediation must state the parties' agreement, must specify the mediator and the initial duration of his mission and must state the date on which the matter will be called for a hearing.

It (the decision) sets the amount of the retainer fee for the remuneration of the mediator on a level as close as possible to the foreseeable remuneration and will specify the party or parties who must deposit within the given time-limit. If several parties are appointed, the decision will specify the share that each party must deposit.

In default of deposit, the decision will lapse and the proceeding will continue.

## Article 131-7
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

As from the pronouncement of the decision appointing the mediator, the clerk's office of the court will notify a copy thereof by ordinary letter to the parties and the mediator.

The mediator will immediately inform judge of his acceptance.

As soon as the clerk of the court informs him of the deposit, he (the mediator) will summon the parties.

## Article 131-8
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The mediator does not have the power of direction. However, he may, with the consent of the parties and for the purpose of the mediation, hear voluntary third parties.

The mediator may not be appointed, in the course of the same proceeding, to execute investigation measures.

## Article 131-9
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The individual who carries out the mediation will inform the judge of the difficulties encountered in the implementation of his mission.

## Article 131-10
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The judge may put an end, at any time, to the mediation upon the request of the party or on the initiative of the mediator.

The judge may also sua sponte put an end thereof where the good progress of the mediation appears compromised.

At all events, the matter must be called beforehand for a hearing to which the parties are be summoned with the diligence of the clerk's office by letter registered with request for notice of receipt.

At such hearing, the judge, if he puts an end to the mission of the mediator, may revive the proceeding. The mediator must be informed of the decision.

## Article 131-11
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

At the end of his mission, the mediator will inform in writing the judge whether the parties have or have not worked out a solution for the dispute opposing them.

On the day fixed, the matter is brought again before the judge.

## Article 131-12
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

Upon the request of the parties, the judge will homologate the agreement that they submit to him.

The homologation will appertain to non-contentious matters.

## Article 131-13
*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

At the end of his mission, the judge will set the remuneration of the mediator.

The burden of the cost of the mediation will be distributed as provided under Article 22 of Act n° 95-125 of the 8 February 1995 relating to the organisation of courts and that of civil, criminal and administrative procedures.

The judge will grant leave to the mediator to be given, up to a just limit, the amount paid to the clerk's office.

CODE OF CIVIL PROCEDURE

He will order, where necessary, the payment of additional sums and will specify the party or parties who must pay these sums or the return of the excess amount deposited.

A writ of execution will be delivered to the mediator upon his request.

**Article 131-14**

*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The findings of the mediator and the declarations he has collected may not be produced nor cited in the subsequent proceeding without the consent of the parties, nor, in any case, be referred to in any other proceeding.

**Article 131-15**

*(Decree n°96-652 of 22 July 1996, Article 2, Official Journal of 23 July 1996)*

The decision ordering, renewing or putting an end to the mediation will not be subject to appeal.

| | |
|---|---|
| **TITLE VII** | |
| **PRODUCTION OF PROOF** | **Articles 132 to 322** |
| SUB-TITLE I | |
| DOCUMENTS | Articles 132 to 142 |
| CHAPTER I | |
| SERVICE OF DOCUMENTS BETWENN PARTIES | Articles 132 to 137 |

**Article 132**

The party who relies on a document is bound to disclose it to the other party to the proceeding.

Service of documents must be spontaneous.

In case of an appeal, a new service of documents, which have already been produced in the trial of first instance, will not be required. Any party may nevertheless ask for it.

**Article 133**

If the service of documents is not been carried out (spontaneously), the judge may, without any formality, be requested to order such service.

**Article 134**

The judge sets, if necessary, under a periodic penalty payment, the time-limit and, where applicable, the terms and conditions of the service.

**Article 135**

The judge may exclude from the debate those documents which have not been served in due time.

**Article 136**

The party who does not return the documents served may be compelled to do so, if necessary, under a periodic penalty payment.

**Article 137**

The amount of the periodic penalty payment may be determined by the judge who ordered it.

| | |
|---|---|
| CHAPTER II | |
| GETTING DOCUMENTS HELD BY A THIRD PARTY | Articles 138 to 141 |

**Article 138**

If, during the proceeding, a party wishes to rely on a notarial deed or a deed under private signature to which he was not a party or a document held by a third party, he may request the judge, to whom the matter is referred to, to order the delivery of a certified copy or the lodging in court of the deed or the document.

**Article 139**

The request may be made without any formality.

The judge, if he considers that the request is well-founded, will order the delivery or the production of the original, copy or extract of the deed, as the case may be, under the conditions and guarantees that he determines, if necessary, under a periodic penalty payment.

**Article 140**

The decision of the judge will be enforceable on a purely provisional basis, if necessary, upon the production of the original document.

**Article 141**

In case of difficulty, or if (an argument of) a legitimate impediment is raised, the judge who ordered the delivery or the production in court may, on informal request made to him, retract or modify his decision. The third party may appeal against the new decision within fifteen day as from its pronouncement.

| | |
|---|---|
| CHAPTER III | |
| PRODUCTION OF DOCUMENTS HELD BY A PARTY | Article 142 |

**Article 142**

CODE OF CIVIL PROCEDURE

Requests for the production of evidence held by the parties must be made, and their production takes place in accordance with Article s 138 and 139.

| | |
|---|---|
| SUB-TITLE II | |
| PREPARATORY INQUIRIES | Articles 143 to 263 |
| CHAPTER I | |
| GENERAL PROVISIONS | Articles 143 to 178-2 |
| SECTION I | |
| DECISIONS ON PREPARATORY INQUIRIES | Articles 143 to 154 |

**Article 143**

The factual circumstances upon which the resolution of the dispute depends, may, at the request of the parties or sua sponte, be subjected to any legally permissible preparatory inquiry.

**Article 144**

At any event, the preparatory inquiries may be ordered when the judge is not supplied with sufficient material to determine the matter.

**Article 145**

If there is a legitimate reason to preserve or to establish, before any legal process, the evidence of the facts upon which the resolution of the dispute depends, legally permissible preparatory inquiries may be ordered at the request of any interested party, by way of a petition or by way of a summary procedure.

**Article 146**

A preparatory inquiry on a fact may be ordered only if the party who pleads it does not have sufficient material to prove it.

In no case, a preparatory inquiry may be ordered for the sake of making up a party's deficiency to produce evidence.

**Article 147**

The judge must limit the choice of the order as to what is sufficient for the resolution of the dispute by endeavouring to select the simplest and least onerous ones.

**Article 148**

The judge may combine several inquiries. He may at any time, even while they are being carried out, decide to add any other necessary inquiry to those that have been ordered.

**Article 149**

The judge may at any time extend or restrict the scope of the prescribed inquiries.

**Article 150**

The decision that orders or modifies the preparatory inquiry will not be subject to a motion to set aside; it may not be impugned by way of an appeal or by way of an appeal in cassation independently of the judgement on the merits of the case only in the cases specified by the law.

The same will apply to a decision that refuses to order or modify a preparatory inquiry order.

**Article 151**

Where it may not be subject to appeal independently of the judgement on the merits of the case, the decision may take the form of a simple reference in the file or on the register of the hearing.

**Article 152**

The decision confined to, while the proceeding is in progress, providing or modifying the preparatory inquiry will not be notified. The same will apply to the decision that refuses to order or modify the preparatory inquiry.

The clerk of the court will send a copy of the decision by ordinary letter to the defaulting or absent parties at the time of the pronouncement of the decision.

**Article 153**

A decision that orders a preparatory inquiry will not withdraw the matter out of the cognisance of a judge.

**Article 154**

The preparatory inquiry will be carried out at the initiative of the judge or that of one of the parties according to the rules applicable to each matter on the examination of an extract or a certified copy of a judgement.

| | |
|---|---|
| SECTION II | |
| IMPLEMENTATION OF THE PREPARATORY INQUIRIES | Articles 155 to 174 |

**Article 155**
*(Decree n°98-1231 of 28 December 1998, Article 4, Official Journal of 30 December 1998 in force on 1 March 1999)*

The preparatory inquiry will be carried out under the supervision of the judge who has ordered it where he does not carry it out himself.

CODE OF CIVIL PROCEDURE

Where the preparatory inquiry has been ordered by a full bench division of the court, the judge who was entrusted to conduct the inquiry will carry out the supervision. In default thereof, the presiding judge of the full bench division will carry out the supervision if this task has not been entrusted to another member of the same.

The judge referred to under the first sub-Article and the full bench division may further have recourse to the judge appointed in the manner as provided for under Article 155-1.

### Article 155-1

*(Decree n°98-1231 of 28 December 1998, Article 5, Official Journal of 30 December 1998 in force on 1 March 1999)*

The president of the court may, in the interest of a good administration of justice, appoint a judge especially entrusted to supervise the implementation of the preparatory inquiry entrusted to an expert pursuant to Article 232.

### Article 156

The judge may travel outside his jurisdiction to implement the preparatory inquiry or to supervise its implementation.

### Article 157

Where the remoteness of the parties or persons who must assist with the preparatory inquiry or the remoteness of the place makes travelling too difficult or too onerous, the judge may request another court of equal or lesser level to carry out all or part of the operations ordered.

The decision will be transmitted by the clerk of the mandating court to the mandated court with all useful documents. As of receipt, the preparatory inquiries prescribed, at the initiative of the mandated court or of the judge whom the president of this court has appointed to that effect, will be carried out.

The parties or persons who must assist in the execution of the preparatory inquiry will directly be summoned or given notice by the mandated court. Parties will not be required to designate an advocate or avoué (˜ solicitor) before this court.

Soon after the preparatory inquiries have been carried out, the clerk's office of the court that has carried out the preparatory inquiries will transmit to the mandating court the minutes together with annexed or deposited documents and objects.

### Article 158

If several preparatory inquiries have been ordered, they will be carried out simultaneously whenever that is possible.

### Article 159

The preparatory inquiry ordered may be carried out in short order.

### Article 160

Parties and third parties who must assist with the investigation measures will be summoned, as the case may be, by the clerk of the judge who carries them out or by a mandated expert. The subpoena will be sent by a registered letter with the advice of delivery slip sought. The parties may likewise be summoned by the delivery to their representative of a simple notice.

Parties and third person may also be summoned verbally if they are present when the date for the implementation of the preparatory inquiry is set.

Representatives of the parties will be informed by ordinary letter if they have not been so verbally or by a notice.

Defaulting parties will be informed by ordinary letter.

### Article 161

Parties may be assisted while the preparatory inquiry is being implemented.

They may be released from going to the place where the preparatory inquiry is executed if they are not required to testify personally.

### Article 162

The one who represents or assists a party before a court that has ordered the preparatory inquiry may follow the latter's implementation irrespective of the place, make remarks or lodge any request relating to this implementation even in the absence of the party.

### Article 163

The public prosecutor may always attend the implementation of the preparatory inquiry even if he is not the main party to the action.

### Article 164

The preparatory inquiry to be implemented before the court will take place in a public hearing or in the judge's council chamber according to the rules applicable to oral arguments on the merits of the case.

### Article 165

The judge may, in order to carry out a preparatory inquiry or attend its implementation, travel without being assisted by the clerk of the court.

### Article 166

The judge entrusted to carry out a preparatory inquiry or to supervise its implementation may order such other inquiry that the implementation of the one already ordered deems necessary.

### Article 167

CODE OF CIVIL PROCEDURE

The difficulties to which the implementation of the preparatory inquiry would be confronted will be resolved, at the request of the parties, on the initiative of the mandated expert, or sua sponte, either by the judge who carries it out or by the judge entrusted with the supervision of its implementation.

**Article 168**

The judge will decide in short order if the difficulty arises while he is carrying out or attending an operation of preparatory inquiry.

In the other cases, the judge seized informally will determine the date upon which the parties and, if necessary, the mandated expert, will be summoned by the clerk of the court.

**Article 169**

In case of the intervention in the proceeding by a third person, the clerk of the court will as soon as possible notify the judge or the expert entrusted to carry out the preparatory inquiry.

The intervener will be given the opportunity to make remarks in relation to the operations of the preparatory inquiry that have already been carried out.

**Article 170**

Decisions relating to the implementation of a preparatory inquiry will not be subject to a motion to set aside; they may be impugned only together with an appeal or an appeal in cassation that is lodged against the judgement relating to the merits of the case.

They will take the form of a simple reference in the file or on the register of the hearing, or where necessary, of an order or a judgement.

**Article 171**

Decisions taken by the mandated judge or by the supervising judge will not have the effect of res judicata over the main issue of the case.

**Article 172**

As soon as the preparatory inquiry has been carried out, the process will follow its course at the judge's discretion.

The latter may, within the limits of his jurisdiction, hear immediately the remarks or closing arguments, even on the spot, and take an ex tempore decision on their claims.

**Article 173**

A copy of the minutes, opinions or minutes made at the time of or after the implementation of a preparatory inquiry will be sent to or given to each of the parties by,  as the case may be, the clerk of the court which has made them or by the expert who drafted them. This will be referred on the original.

**Article 174**

The judge may have a sound, visual or audiovisual recording made of all or part of the operations of preparatory inquiry that he carries out.

The recording will be kept at the clerk's office of the court. Each party may ask for, at his own expense, a copy, duplicate or a transcription thereof.

SECTION III
NULLITIES                                                                                Articles 175 to 178

**Article 175**

The nullity of decisions or implementation instruments relating to a preparatory inquiry will be subject to the provisions governing the nullity of pleadings.

**Article 176**

The nullity will impugn only those operations affected by the irregularity.

**Article 177**

The operations (of preparatory inquiry) may be remedied or started again, in short order, if the shortcoming sullying them may be removed.

**Article 178**

An omission or an inaccuracy of a reference intended to show the observance of the formalities in relation to an operation (of preparatory inquiry) will not lead to its nullity if it is established, by any means, that the legal requirements have, in fact, been complied with.

SECTION IV
SPECIAL PROVISIONS APPLICABLE TO CERTAIN TRANSBORDER          Articles 178-1 to 178-2
PREPARATORY INQUIRIES

**Article 178-1**

*(Decree n° 2004-836 of 20 August 2004, Article 15, Official Journal of 22 August 2004 in force on 1 January 2005)*

Where a preparatory inquiry, ordered abroad pursuant to Regulation (EC) n° 1206/2001 of the (European) Council of 28 May 2001 relating to the co-operation among courts of Member States in the field of obtaining evidence in civil and commercial matters, gives rise to expenses for the translation of the forms that must be sent to the concerned court, the

CODE OF CIVIL PROCEDURE

judge will order the payment of an retainer fee that will be reduced from the total expenses, whose amount will be fixed pursuant to the tariff provided for under Article R. 122 of the Code of criminal procedure. The judge will specify the identity of the party or parties who must pay the interim payment to the clerk's office of the jurisdiction within the time-limit that he will determine according to the terms and conditions required under Article s 270 and 271 of this code.

As of the reception of the translation, the clerk's office of the court will pay the remuneration to the translator.

### Article 178-2
*(Decree n° 2004-836 of 20 August 2004, Article 15, Official Journal of 22 August 2004, in force on 1 January 2005)*

Where a preparatory inquiry is ordered abroad, pursuant to the regulation mentioned under Article 178-1, is likely to generate expenses for interpreting at the time of its implementation by the concerned court, the judge will fix the amount of the retainer fee that will be reduced from the total expenses according to the terms and conditions provided for under Article s 269, 270 and 271 of this code.

As of the reception of the request for refunding of the amount of the expenses of interpreting by the applicant court, the clerk's office of the court will pay up to the amount of the deposited sums.

CHAPTER II
PERSONAL VERIFICATIONS OF THE JUDGE                                      Articles 179 to 183

### Article 179
The judge may, in order to check them himself, in any matter, take a personal understanding of the litigious facts and the parties present or summoned.

He will undertake his own findings, evaluations, appraisals or reconstitutions that he considers necessary, by being present, if need be, on the spot.

### Article 180
If he does not do it immediately, the judge will set the venue, date and time for the verification; if necessary, he will appoint a member of the trial bench.

### Article 181
The judge may, during the process of verification, at trial or at any other venue, be assisted by an expert, or hear the parties or such other person whose testimony is useful to establishing the truth.

### Article 182
Minutes will record the findings, evaluations, appraisals, reconstitutions or statements.

Drafting the minutes may however be replaced by a reference in the judgement if the case is determined ex tempore as a decision of last resort.

### Article 183
The judge who carries out another preparatory inquiry may, even where he is not a member of the trial bench, undertake the personal verifications necessitated by the implementation of the preparatory inquiry.

CHAPTER III
PESONAL APPEARANCE OF THE PARTIES                                       Articles 184 to 198

### Article 184
A judge may, in any matter, order the parties, or one of them, to appear in person.

### Article 185
The personal appearance may be ordered only by the trial bench or by one of the members of such bench entrusted with the preparatory inquiry of the case.

### Article 186
Where a full bench division of the court orders the personal appearance, it may decide that the appearance will take place before one of its members.

Where the judge entrusted with the preparatory inquiry orders it, he may carry it out himself or decide that the appearance will take place before the trial bench.

### Article 87
The judge who orders this determines the venue, date and time of the personal appearance unless it has been done so in short order.

### Article 188
Personal appearance may always take place in the judge's council chamber.

### Article 189
The parties will be examined in each other's presence unless the circumstances require that they be examined separately. They must be confronted where one of the parties so requests.

Where the appearance of one party only has been ordered, such party will be examined in the presence of the other party, unless the circumstances require that he be examined immediately or without the other party's presence, subject to the absent party's right to be immediately informed of the statements made by the party so heard.

The absence of a party will not prevent the hearing of the other.

CODE OF CIVIL PROCEDURE

**Article 190**

The parties may be examined in the presence of an expert and be confronted with witnesses.

**Article 191**

The parties will answer personally to questions put to them without being able to read from any notes.

**Article 192**

Personal appearances will take place in the presence of counsels of all the parties or while they are summoned.

**Article 193**

The judge will put, where it seems necessary to him, the questions which the parties submit to him after the examination.

**Article 194**

Minutes will record the statements of the parties, their absence or refusal of response.

Drafting the minutes may however be replaced by a reference in the judgement if the case is determined ex tempore as a decision of final resort.

**Article 195**

The examined parties will sign the minutes after having verified or certified that it corresponds to their statements, in that case the minutes will refer to that. If necessary, the minutes will state that the parties have refused to sign or to certify it.

In addition, the minutes will be dated and signed by the judge and, if necessary, by the clerk.

**Article 196**

If one of the parties is unable to be present, the judge who ordered the appearance, or the judge appointed by the trial bench to which he is attached, may travel to his place after having, if necessary, summoned the opposite party.

**Article 197**

The judge may order the appearance of incapable persons subject to the rules relating to the capacity of persons and to the administration of evidence as well as their legal representatives or those assisting them.

He may order the appearance of corporate entities including public bodies or public corporations through their authorised representatives.

In addition, he may order the appearance of any member or agent of a corporate entity to be examined on facts personal to him and those that he knew by virtue of his office.

**Article 198**

The judge may draw any legal conclusion from the statements of the parties, from the absence or refusal of an answer of one of them and consider it as a prima facie evidence in writing.

CHAPTER IV

STATEMENTS OF THIRD PARTIES                                Articles 200 to 199

**Article 199**

Where testimonial evidence is admissible, the judge will receive from third parties statements that will clarify the disputed facts about which they have personal knowledge. These statements will be made in writing or brought by means of an inquiry, depending on whether they are written or oral.

SECTION I

AFFIDAVITS                                                Articles 200 to 203

**Article 200**

Affidavits are brought by the parties or upon the request of the judge.

The judge will send to the parties those (affidavits) transmitted directly to him.

**Article 201**

The affidavits must be made by persons who meet the requirements to be heard as witnesses.

**Article 202**

The affidavit must contain an account of facts which the affiant has witnessed or which he has personally noticed.

It must state the surname, the first name, the date and place of birth, the domicile and the occupation of the affiant as well as, if necessary, his family relationship or affinity with the parties, his relation of subordination towards them, his relation of collaboration or his common interests with them.

Further, it must state that it is made to be produced in a court of law and that the affiant is aware that he shall face penalties for any false statement on his behalf.

The affidavit must be written, dated and signed by the affiant in his own hand. He must attach to the affidavit the original or a photocopy of any official document proving his identity and showing his signature.

**Article 203**

The judge may, while conducting an inquiry, hear the affiant.

SECTION II

CODE OF CIVIL PROCEDURE
                    INVESTIGATION                                          Articles 204 to 231

                    SUB-SECTION I
                    GENERAL PROVISIONS                                     Articles 204 to 221

**Article 204**
   Where the investigation is ordered, witnesses without a new decision may bring the opposite proof.

**Article 205**
   Any person may be heard as a witness, except those people who lack the legal capacity to testify in court.
   People who may not testify may, however, be heard under the same conditions but without swearing in. However, descendants may never be heard on the grievances raised by spouses in support of a petition for divorce or judicial separation.

**Article 206**
   Any person summoned to testify will be bound to do so. Persons who present a legitimate excuse may be exempted from testifying. Parents or relatives in direct line of one of the parties or of his spouse or even divorced, may refuse to testify.

**Article 207**
*(Decree n°2001-373 of 27 April 2001, Article 1, Official Journal of 29 April 2001, in force on 1 January 2002)*
   Defaulting witnesses may be cited at their expense if their hearing is deemed necessary.
   Defaulting witnesses and persons who, without any legitimate excuse, refuse to testify or to swear in may be sentenced to pay a civil fine from € 15 to € 1.500.
   The one who proves the reason why he was unable to come on the appointed day may be exonerated from paying the fine and the cost of summons.

**Article 208**
   The judge will hear separately the testimony of the witnesses in the order that he determines.
   The witnesses will be heard in the presence of the parties or they have been summoned.
   Exceptionally, the judge may, where the circumstances so require it, ask a party to withdraw subject to his right to know immediately thereafter the statements of the witness heard in his absence.
   The judge may, where there is a risk of the loss of the evidence, carry out immediately the hearing of a witness after having, wherever possible, summoned the parties.

**Article 209**
   The investigation will take place in the presence of the legal representatives of the parties or the latter have been summoned.

**Article 210**
   The witnesses shall state their surname, first names, date and place of birth, domicile, occupation, as well as, if necessary, their family relationship or affinity with the parties, or his relation of subordination towards them, his relation of collaboration or his common interests with them.

**Article 211**
   Persons heard as witnesses must take an oath to tell the truth. The judge will remind them that they incur financial penalty and imprisonment in case of false testimony.
   Persons who are heard without taking oath will be informed about their obligation to tell the truth.

**Article 212**
   Witnesses may not read from any notes.

**Article 213**
   The judge may hear or examine the witnesses on all facts whose evidence is legally admissible, even where these facts are not stated in the decision ordering the investigation.

**Article 214**
   Parties neither interrupt, question nor attempt to influence the witnesses who testify, nor talk to them directly under the penalty of exclusion.
   The judge, if he deems it proper, ask (on behalf of the parties) the questions that the parties have submitted to him after the examination of the witness.

**Article 215**
   The judge may hear again the witnesses and may confront them with each other or with the parties; if necessary, he will carry out the hearing in the presence of an expert.

**Article 216**
   Unless allowed or directed to leave after having testified, the witnesses remain available to the judge until the close of the investigation or the hearing. They may, until such time, add to or alter their testimony.

**Article 217**
   If a witness proves that it is impossible for him to travel on the fixed day, the judge may give him time or go to the

CODE OF CIVIL PROCEDURE
witness's place to receive his testimony.

**Article 218**
The judge who carries out the investigation may, sua sponte or at the request of the parties, summon or hear any person whose hearing deems to him useful for the manifestation of the truth.

**Article 219**
The testimony will be recorded in minutes.
However, if the testimony is received during trial, a simple reference of the name of the persons heard and the result of their testimony will be made in the judgement where the matter must immediately be adjudged as of final instance.

**Article 220**
The minutes must state whether the parties were present or absent, the surname, first names, date and place of birth, domicile and occupation of the persons heard as well as, if necessary, their oath and statements relating to their family relationship or affinity with the parties, relation of subordination to, collaboration or common interests with them.
Each person heard must sign, after reading, the record of his testimony, or must certify that it corresponds to his statements, in which case a reference will be made in the record. If necessary, a reference will be made about his refusal to sign or to certify.
The judge may enter in the record his findings relating to the behaviour of the witness during his hearing.
The remarks of the parties will be entered in the record or annexed to it if they are in writing.
Documents presented at the inquiry will also be annexed to the same.
The record will be dated and signed by the judge and, if necessary, by the clerk of the court.

**Article 221**
The judge will permit the witness, at his request, to perceive the allowances that he may claim.

SUB-SECTION II
ORDINARY INVESTIGATION                               Articles 222 to 231

Paragraph 1
DETERMINATION OF THE FACTS TO BE PROVED            Article 222

**Article 222**
The party requesting an investigation must state the facts that he intends to prove.
The judge who orders the investigation will determine the relevant facts to be proved.

Paragraph 2
DESIGNATION OF WITNESSES                           Articles 223 to 224

**Article 223**
The party who requests an investigation must state the surname, first names and domicile of the persons that he wants them to be heard.
The same burden falls upon the adversaries who request the hearing of witnesses on the facts that the party intends to prove.
A decision ordering an investigation must state the surname, first names and domicile of persons to be heard.

**Article 224**
If the parties are unable to specify from the beginning the persons to be heard, the judge may nevertheless permit them either to come without any further formality to the inquiry with the witnesses to be heard or to inform the clerk's office of the court within the time that he fixes, of the surname, first names and domicile of the persons they want them to be heard.
Where the inquiry has been ordered sua sponte, the judge, if he is unable to state in his decision the name of the witnesses to be heard, will direct the parties to proceed as set out in the previous sub-Article .

Paragraph 3
DETERMINATION OF THE MANNER AND THE TIMETABLE      Articles 225 to 227
OF THE INVESTIGATION

**Article 225**
A decision ordering an investigation must specify whether it will take place before the trial bench, a member of such bench, or, if necessary, before any other judge of the court.

**Article 226**
Where the inquiry takes place before the judge who has ordered it or before one of the members of the trial bench, the decision will state the date, time and venue where it will be carried out.

**Article 227**
If the judge designated by the court is not a member of the trial bench, the decision that orders the investigation may only state the time-limit within which it must be carried out.
In the event another court is commissioned, the decision will specify the time-limit within which the investigation

CODE OF CIVIL PROCEDURE

must be carried out. The president of the commissioned court may extend such time-limit and he will inform the judge who ordered the investigation thereof.

The commissioned judge will set the day, time and venue of the investigation.

Paragraph 4
SUBPOENA OF WITNESSES                                        Articles 228 to 231

**Article 228**

The clerk of the court will cite witnesses at least eight days before the date of the investigation.

**Article 229**

The subpoenas must state the surname and first names of the parties and reproduce the provisions of the first two sub-Article s of Article 207.

**Article 230**

The parties will be informed of the date of the investigation verbally or by ordinary letter.

**Article 231**

The judge may, at trial or in the judge's council chamber as well as in any other venue where a preparatory inquiry is being carried out, hear in short order those persons whose testimony he deems useful to establish the truth.

SUB-SECTION III
INVESTIGATION IN SHORT ORDER

CHAPTER V
PREPARATORY INQUIRIES IMPLEMENTED BY AN EXPERT               Articles 232 to 263

SECTION I
COMMON PROVISIONS                                             Articles 232 to 248

**Article 232**

The judge may commission any person of his choice to set him straight in the form of findings, consultation or an expertise on a question of fact that requires the insight of an expert.

**Article 233**

The expert, empowered by the judge for his qualifications must fulfil personally the mission entrusted to him.

If the appointed expert is a corporate entity, its authorised representative will submit, for the judge's accreditation, the name of individual(s) who will perform, within its ranks and on its behalf, the order.

**Article 234**

The experts may be recused for the same causes as judges. In case of a corporate entity, the recusal may concern both the corporate entity and the individual(s) accredited by the judge.

The party who intends to recuse the expert must do so before the judge who has commissioned him or before the judge entrusted with the supervision prior to the operations or as of the discovery of the cause of recusal.

If the expert considers that he may be recusable, he must inform immediately the judge who has commissioned him or to the judge entrusted with the supervision.

**Article 235**

If the recusal is admitted, if the expert does not accept the mission or if there is a lawful impediment, the judge who commissioned the latter or the judge entrusted with the supervision will replace him.

The judge may also, at the request of the parties or sua sponte, replace the expert who has failed in his duties after having received his explanations.

**Article 236**

The judge who has commissioned the expert or the judge entrusted with the supervision may add to or restrict the mission entrusted to the expert.

**Article 237**

The commissioned expert must fulfil his mission conscientiously, objectively and impartially.

**Article 238**

The expert must give his opinion on the points he has been commissioned to examine.

He may not consider other questions, except in case of a written consent of the parties.

He must never express an opinion on a point of law.

**Article 239**

The expert must respect the time-limits given to him.

**Article 240**

The judge may not confer upon an expert a mission to reconcile the parties.

**Article 241**

The judge entrusted with the supervision may attend the operations of the expert.

CODE OF CIVIL PROCEDURE

He may receive his (the expert's) explanations and give him the time-limits.

**Article 242**

The expert may collect oral or written information from any person as long as their surname, first names, domicile and occupation are specified as well as, if necessary, his family relationship or affinity with the parties, his relation of subordination towards them, his relation of collaboration or his common interests with them.

Where the commissioned expert or the parties request the hearing of these persons by the judge, the latter will hear them if he considers such hearing useful.

**Article 243**

The expert may request the parties or third parties to produce any documents and the judge may provide for the same in case of difficulty.

**Article 244**

The expert must make known in his opinion all the information that gives insight on the questions to be examined.

He will not reveal other information he might have discovered while carrying out his mission.

He may refer only to information that he has lawfully received.

**Article 245**

*(Decree n°89-511 of 20 July 1989, Article 2, Official Journal of 25 July 1989 in force on 15 September 1989)*

The judge may always request the expert to complete, clarify or to explain his findings or conclusions either in writing or at the hearing.

The expert may request at any time the judge to hear him.

The judge may not, without having first received the findings of the commissioned expert, extend the mission of the latter or entrust a complementary mission to another expert.

**Article 246**

The judge is not bound by the findings or conclusions of the expert.

**Article 247**

If the opinion of the expert, whose disclosure infringes one's privacy or any other legitimate interest, may not be used outside the proceeding, except with the judge's permission or with the consent of the concerned party.

**Article 248**

The expert may not receive remuneration directly from one party in any form whatsoever even as a reimbursement of outlays save where so ordered by the judge.

SECTION II
FINDINGS                                                                           Articles 249 to 255

**Article 249**

The judge may entrust the individual that he has commissioned to carry out the findings.

The observer must not give his opinion on the factual and legal consequences that may result therefrom.

**Article 250**

The findings may be ordered at any time including at the conciliation stage or during the deliberation. In the latter event, the parties will be informed of the same.

The findings will be recorded in writing save unless the judge chooses an oral presentation.

**Article 251**

The judge who orders the findings will set the time-limit within which the minutes must be submitted or the date of the hearing where the findings will be presented orally. He will designate the party or parties who are bound to pay a retainer fee to the observer as an advance on his remuneration, which he fixes.

**Article 252**

The clerk of the court will notify the observer of his mission.

**Article 253**

The minutes will be deposited at the clerk's office of the court.

The orally presented findings will be entered into minutes. The minutes may however be replaced by a reference in the judgement where the matter is immediately judged in final resort.

Documents in support of the findings will be attached to the file of the matter.

**Article 254**

Where findings have been ordered during in-camera sitting, the judge, following the implementation of the order, will order the reopening of the hearings if one of the parties so requests or if the judge considers it necessary.

**Article 255**

The judge will fix the payment to the observer on proof of the completion of his mission. He may deliver to him a writ of execution.

SECTION III

CODE OF CIVIL PROCEDURE

CONSULTATION

Articles 256 to 262

**Article 256**

Where a purely technical question does not require complex investigations, the judge may entrust the person he commissions to provide him with a simple opinion.

**Article 257**

A consultation may be ordered at any time including during the conciliation stage or during in-camera sitting. In the latter case, the parties will be informed thereof.

The consultation will be presented orally save where the judge requires it to be submitted in writing.

**Article 258**

The judge who orders a consultation will set either the date of the hearing where it will be presented orally or the time-limit within which it will be submitted.

He will designate the party or parties who must pay a retainer fee to the consultant as an advance on his remuneration whose amount he (the judge) will fix.

**Article 259**

The consultant will be informed of his mission by the clerk of the court who summons him if need be.

**Article 260**

If the consultation is given orally, it will be entered into minutes. The minutes may however be replaced by a reference made in the judgement if the matter is immediately judged in final resort.

If the consultation is written, it will be deposited at the clerk's office of the court.

The documents in support of the consultation must be attached to the file of the matter.

**Article 261**

Where the consultation has been ordered during in-camera sitting, the judge, following the implementation of the order, will order the reopening of the hearings if one of the parties so requests or where the judge deems it proper.

**Article 262**

The judge will determine, on proof of the completion of his mission, the remuneration due to the consultant. He may deliver to him a writ of execution.

SECTION IV<br>EXPERTISE

Articles 264 to 263

**Article 263**

An expertise will not be ordered except in cases where the findings or the consultations were not able to enlighten the judge.

SUB-SECTION I<br>DECISION ORDERING THE EXPERTISE

Articles 264 to 272

**Article 264**

Only one person will be appointed as an expert, unless the judge deems it proper to appoint more than one expert.

**Article 265**

The decision ordering the expertise must:

Set out the circumstances that make expertise necessary and, if necessary, the appointment of several experts.

Name the expert or experts;

Specify the objects of the mission of the expert;

State the time-limit within which the expert must give his opinion.

**Article 266**

The decision may also set a date on which the expert and the parties appear before the judge who has passed it or before the judge entrusted with the supervision so that the mission and, if necessary, the timetable of the operations, may be determined.

Documents useful for the expertise must be given to the expert at this conference.

**Article 267**

*(Decree n°89-511 of 20 July 1989, Article 3, Official Journal of 25 July 1989 in force on 15 September 1989)*

As of the giving of the decision appointing the expert, the clerk of the court will transmit to him a copy thereof by ordinary letter.

The expert will immediately inform the judge of his acceptance; he must start the operations of expertise as soon as he is informed of the payment by the parties of the retainer fee or the amount of the first instalment fixed in the deposit order, unless the judge directs him to start immediately the operations.

**Article 268**

The files of the parties or the documents necessary to the expertise will provisionally be kept at the clerk's office of the court subject to the authorisation of the judge given to the parties who submitted them to withdraw some of them or to have copies delivered to them. The expert may consult them even before accepting his mission.

CODE OF CIVIL PROCEDURE

As of his acceptance, the expert may, upon a marginal note or a receipt, withdraw the files or documents of the parties or have them transmitted to him by the clerk of the court.

### Article 269
*(Decree n°89-511 of 20 July 1989, Article 4, Official Journal of 25 July 1989 in force on 15 September 1989)*

The judge who orders the expertise or the judge entrusted with the supervision will fix, at the moment of the nomination of the expert or as soon as he is able to do it, the amount of the retainer fee to be put on accounts for the payment of the expert as near as possible to the foreseeable final payment. He will specify the party or parties who must deposit the retainer fee at the clerk's office of the court within the time-limit that he sets. If several parties are designated, he will state the share each of the parties must deposit. He will adjust, if necessary, the instalments specified in the deposit order.

### Article 270
*(Decree n°89-511 of 20 July 1989, Article 5, Official Journal of 25 July 1989 in force on 15 September 1989)*

The clerk will invite the parties who must deposit the retainer fee, by reminding them of the provisions of Article 271, to pay the sum at the clerk's office within the time-limit and under the terms and conditions specified.

He will inform the expert of the deposit.

### Article 271
*(Decree n°89-511 of 20 July 1989, Article 5, Official Journal of 25 July 1989 in force on 15 September 1989)*

In default of deposit within the time-limit and under the terms and conditions specified, the designation of the expert will expire unless the judge, at the request of one of the parties availing himself of a lawful excuse, decides to grant the extension of the time-limit or discharge of expiry (of the designation). The proceeding will continue, but the effect of the abstention or the refusal to pay will be recorded.

### Article 272

An appeal may be lodged against the decision ordering the expertise independently of the judgement on the merits of the case by leave of the first president of the court of appeal if serious and legitimate reasons are shown.

The party who wishes to appeal may bring his action before the president who gives a ruling by way of a summary interlocutory procedure. The writ of summons must be served within one month of the decision.

If he allows the request, the first president will set the day where the matter is to be examined by the court (of appeal) to which the matter is referred and which gives a ruling as in matters of a fixed-date procedure or as is provided under Article 948, as the case may be.

If the judgement ordering the expertise has also ruled upon the issue of jurisdiction, the challenge in relation to jurisdiction, even though the parties had not filed an interlocutory appeal on jurisdiction, may be referred to the court (of appeal).

SUB-SECTION II
OPERATION OF EXPERTISE                                    Articles 273 to 281

### Article 273
*(Decree n°98-1231 of 28 December 1998, Article 6, Official Journal of 30 December 1998, in force on 1 March 1999)*

The expert must inform the judge of the progress of the operations and the steps taken by him.

### Article 274

Where the judge attends the operations of the expertise, he may record in the minutes his findings, the explanations of the expert as well as the statements of the parties and of third parties; the judge must sign the minutes.

### Article 275
*(Decree n°98-1231 of 28 December 1998, Article 7, Official Journal of 30 December 1998, in force on 1 March 1999)*

The parties must give immediately to the expert all documents that the latter deems necessary for the implementation of his mission.

In the event of failure of the parties, the expert will inform the judge thereof and the latter may order the production of documents, if necessary, under a periodic penalty payment, or, where appropriate, will allow him to disregard it and to submit his minutes as it stands. The trial bench may draw any such inference in law resulting from failure to produce the necessary documents to the expert.

### Article 276

The expert must take into consideration the findings or claims of the parties, and, where they are written, will attach them to his opinion if the parties so request.

He must state in his opinion the decision he has taken in their regard.

### Article 277

Where the public prosecutor attends the operations of the expertise, his remarks as well as the decision taken with respect to them will, upon his request, be recounted in the expert's opinion.

### Article 278

The expert may take the initiative of obtaining the opinion of another expert, but only in a specialised field different from his own.

### Article 279

CODE OF CIVIL PROCEDURE

If the expert encounters difficulties that will obstruct the implementation of his mission, or if the enlargement of the latter becomes necessary, he will so reports to the judge.

In his ruling, the judge may extend the time-limit within which the expert must give his opinion.

### Article 280
*(Decree n°89-511 of 20 July 1989, Article 6, Official Journal of 25 July 1989 in force on 15 September 1989)*

The expert who shows that he has paid (for expenses of his mission) may be granted leave to draw a down payment on the deposited sum.

If the expert shows that the allocated retainer fee is insufficient, the judge shall order the payment into court of a complementary retainer fee. In default of a deposit within the time-limit and under the terms and conditions specified by the judge, and except in case of extension of such a time-limit, the expert must submit his opinion as it stands.

### Article 281
If the parties have reached a settlement, the expert will notice that his mission has become without purpose; he will so reports to the judge.

The parties may request the judge to deliver an enforceable certificate to the document containing their agreement.

SUB-SECTION III
EXPERT'S OPINION                                                                                      Articles 282 to 286

### Article 282
If his opinion does not require written explanations, the judge may allow the expert to present it orally at the hearing; it will be recorded in the minutes. The drafting of the minutes may, however, be substituted by a reference in the judgement if the matter is judged ex tempore in final resort.

In other cases, the expert must send the minutes to the clerk's office of the court. Only one report will be drawn up even if there are several experts; in case of dissent, each expert will give his view (in the same minutes).

If the expert obtains the opinion of another expert in a different field of speciality as that of his own, such opinion will be attached, as the case may be, to the expert's opinion, the minutes of the hearing or the file.

### Article 283
If the judge does not find in the minutes sufficient clarification, he may hear the expert, the parties being present or summoned.

### Article 284
*(Decree n°89-511 of 20 July 1989, Article 7, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°98-1231 of 28 December 1998, Article 8, Official Journal of 30 December 1998, in force on 1 March 1999)*

From the filing of the minutes, the judge will fix the payment of the expert in particular according to the steps taken, the respect of the given time-limit and the quality of the work furnished.

He will allow the expert to be paid up to the amount of the sums deposited at the clerk's office. He will order, as the case may be, either the payment of additional sums due to the expert by specifying the party or parties who must pay or the restitution of the excess from the deposited sums.

Where the judge plans to fix the payment of the expert at an amount lower than the amount requested, he must first invite the expert to submit his comments.

The judge may deliver to the expert, upon his request, a writ of execution.

### Article 284-1
*(Decree n°89-511 of 20 July 1989, Article 8, Official Journal of 25 July 1989 in force on 15 September 1989)*

If the expert so requests, a copy of the judgement given based on his opinion may be sent or handed over to him by the clerk of the court.

### Article 285
The verification of handwriting under private signature will pertain to the jurisdiction of the judge to whom the main issue is referred where it is requested incidentally.

It will pertain to the jurisdiction of the High Court where it is requested as a main issue.

### Article 286
A plea of forgery against an authenticated instrument of record will pertain to the jurisdiction of the judge to whom the main issue is referred where it is brought incidentally before the High Court or the Court of Appeal.

In other cases, a plea of forgery will pertain to the jurisdiction of the High Court.

SUB-TITLE III
DISPUTES RELATING TO DOCUMENTARY EVIDENCE                                   Articles 287 to 312

CHAPTER I
DISPUTES RELATING TO DEEDS UNDER PRIVATE SIGNATURE                      Articles 287 to 302

SECTION I
VERIFICATION OF HANDWRITING                                                              Articles 287 to 298

SUB-SECTION I

CODE OF CIVIL PROCEDURE

EFFECT OF VERIFICATION                                        Articles 287 to 295

**Article 287**
*(Decree n°2002-1436 of 3 December 2002, Article 7, Official Journal of 12 December 2002)*
If one of the parties denies the handwriting that is attributed to him or declares that he does not recognise what is attributed to its author, the judge will verify the impugned handwriting save where he is able to make a ruling without considering it. Where the impugned writing concerns only certain points of the claim, the judge may rule upon the other points.

**Article 288**
*(Decree n°2002-1436 of 3 December 2002, Article 8, Official Journal of 12 December 2002)*
The judge will carry out the verification of the handwriting based on the material in his possession after having, if necessary, directed the parties to produce all documents so that he may compare them, and under his supervision, after having samples of handwriting made up.

**Article 289**
If he does not rule ex tempore, the judge will retain the handwriting to be verified and the documents of comparison or will order that they be deposited at the clerk's office of the court.

**Article 290**
Where it is useful to compare the impugned handwriting with documents held by third parties, the judge may order, even sua sponte and subject to a periodic penalty payment, that the original or the copy of said documents be deposited at the clerk's office of the court.
He will give all the necessary directions, and namely those relating to the preservation, consultation, reproduction, return or restoration of the documents.

**Article 291**
In case of need, the judge will order the personal appearance of the parties and, where appropriate, in the presence of a consultant or any preparatory inquiry.
He may hear the alleged author of the impugned writing.

**Article 292**
If an expert is called upon, the latter may be authorised by the judge to take out the impugned writing and the documents upon marginal notes having been entered or to have the same transmitted to him by the clerk of the court.

**Article 293**
Those persons who have seen the impugned writing being written or signed or those persons whose testimony appears useful to work out the truth may be heard as witnesses.

**Article 294**
The judge will rule upon the difficulties in carrying out the verification of the writing, in particular, as to the determination of documents for comparison.
His decision will take the form either of simple reference recorded in the file or in the minutes of the testimony, or, where necessary, that of an order or a judgement.

**Article 295**
*(Decree n°2001-373 of 27 April 201, Article 1, Official Journal of 29 April 2001, in force on 1 January 2002)*
If it is determined that the instrument was written or signed by the person who denied it, the latter will be ordered to pay a civil fine of between € 15 and € 1.500 without excluding damages that may be claimed.

SUB-SECTION II
VERIFICATION OF HANDWRITING REQUESTED AS MAIN ISSUE    Articles 296 to 298

**Article 296**
Where the verification of the writing is claimed as main issue, the judge will consider the writing as recognised if the defendant, cited in person, does not appear.

**Article 297**
If the defendant recognises the writing, the judge will formally acknowledge this to the plaintiff.

**Article 298**
If the defendant denies or does not recognise the writing, Articles 287 to 295 will apply.
It will be likewise, where the defendant who has not been cited in person fails to appear.

SECTION II
FORGERY                                                  Articles 299 to 302

SUB-SECTION I
PLEA OF FORGERY                                          Article 299

**Article 299**
If the writing under private signature produced in the course of the proceeding is alleged to be forged, the

CODE OF CIVIL PROCEDURE

examination of the impugned writing will be carried out as it is provided for under Article 287 to 295.

SUB-SECTION II
PLEA OF FORGERY PRSENTED AS MAIN ISSUE                    Articles 300 to 302

**Article 300**

If a writing under private signature is alleged to be a forged document as the main issue of the case, the writ of summons will state the grounds for the allegation and convey a notice to the defendant to the effect that the latter must declare whether or not he intends to rely upon the instrument alleged to be forged or falsified.

**Article 301**

If the defendant declares that he does not wish to use the writing alleged to be forged, the judge will formally acknowledge this to the plaintiff.

**Article 302**

If the defendant does not appear or where he declares that he wishes to use the impugned writing, Articles 287 to 295 will apply.

CHAPTER II
PLEA OF FORGERY AGAINST NOTARIAL DEEDS                    Articles 313 to 312

**Article 303**

A plea of forgery against a notarial deed must be sent to the Public Prosecutor.

**Article 304**

The judge may order the hearing of the person who drew up the impugned deed.

**Article 305**

*(Decree n°2001-373 of 27 April 2001, Article 1, Official Journal of 29 April 2001, in force on 1 January 2002)*

The plaintiff of the plea of forgery who loses will be ordered to pay a civil fine of €15 to €1.500 without excluding damages that may be claimed.

**Article 306**

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The plea of forgery is brought by way of a process that the party or his agent with a special power deposits with the clerk's office.

The process, in duplicate, must, under penalty of inadmissibility, state clearly the grounds upon which the party relies to establish the forgery.

One of the copies will immediately be put in the court's file and the other, dated and signed by the clerk of the court, will be returned to the party in order to give notice of the plea to the defendant.

The notice must be made by notification between advocates or by service (through a bailiff) to the opposite party within one month as from the presentation of the plea.

**Article 307**

The judge will rule upon the forgery save where he may not decide without taking into consideration the document alleged to be forged.

If the deed alleged to be a forgery concerns only one of the points of the claim, the judge may rule upon the other points.

**Article 308**

It belongs to the judge to admit or reject the impugned deed in light of the material at his disposal.

If necessary, the judge will order, as to the forgery, all necessary preparatory inquiries and the same procedure as in matters of verification of writing will be followed.

**Article 309**

The judge will decide in light of the grounds stated by the parties and of those raised sua sponte.

**Article 310**

Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in (force on 1 January 2005)

The judgement declaring the forgery will be referred to in the margin of the deed recognised as forged.

It will specify whether the original of the notarial deed will be returned to the depository from which it was obtained or will be kept at the clerk's office.

The implementation of these provisions will be stayed as long as the judgement has not become res judicata or until the acquiescence of the losing party.

**Article 311**

Where there is a withdrawal or settlement in relation to the plea of forgery, the public prosecutor may require all proper inquiries for the prosecution of a criminal action.

**Article 312**

If criminal proceedings are brought against the perpetrators of or accomplices to the forgery, the civil judgement will

CODE OF CIVIL PROCEDURE

be stayed until the ruling in the criminal proceeding, unless the main issue may be ruled upon without taking into account the documents alleged to be forged or unless there has been a withdrawal or settlement as to the forgery.

SECTION I
INTERLOCUTORY PLEA OF FORGERY                                    Article 313

SUB-SECTION I
INTERLOCUTORY PLEA RAISED BEFORE THE HIGH COURT OR
THE COURT OF APPEAL

SUB-SECTION II
INTERLOCUTORY PLEA RAISED BEFORE THE COURT           Article 313

**Article 313**
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
If the plea is raised before a court other than the High Court or the court of appeal, the judgement will be stayed until the ruling on the issue of forgery, unless the impugned document is ruled out from the debate where the main issue may be determined without considering it.
The plea of forgery will be brought according to Articles 314 to 316. The process of the plea of forgery must be filed with the clerk's office of the High Court within the month of the decision to stay the judgement, failing which the plea will be disregarded and the impugned deed will be considered accepted by the parties.

SECTION II
PLEA OF FORGERY AS MAIN CONTENTION                      Articles 314 to 316

**Article 314**
The main claim of forgery must be preceded by a plea of forgery entered as set out under Article 306.
A copy of the process entering the plea must be attached to the writ of summons that contains a notice sent to the defendant to declare whether or not he intends to rely upon the deed alleged to be forged or falsified.
The writ of summons must be served within one month of the plea of forgery under penalty of lapsing.

**Article 315**
If the defendant declares that he does not wish to use the document alleged to be a forgery, the judge will formally acknowledge this to the plaintiff.

**Article 316**
If the defendant fails to appear or he declares that he wishes to use the impugned document, the rules under Article s 287 to 294 and 309 to 312 will be followed.

SUB-TITLE IV
OATH TAKEN BEFORE THE COURT                             Articles 317 to 322

**Article 317**
The party who affirms (his cause) must state the facts upon which he relies.
The judge will order the oath if it is admissible and will take into account the relevant facts on which it shall be taken.

**Article 318**
Where the oath is complied with sua sponte, the judge will determine the facts on which it will be taken.

**Article 319**
The judgement that orders the oath will set the date, time and venue where it will be taken. It will formulate the question submitted to oath and will state that perjury will expose a witness to criminal sentences.
Where a party takes an oath, the judgement will specify further that the claim of the party in relation to whom the oath is taken will fail if he refuses to take the oath and fails to request one in return.
At all events, the judgement will be notified to the party in relation to whom the oath is called for as well as, if necessary, to his agent.

**Article 320**
The judgement that orders or refuses to order a decisive oath may be subject to review action independently of the decision on the merits of the case.

**Article 321**
The oath will be taken by the party in person and at the hearing.
If the party shows that he is unable to travel, the oath may be taken either before a judge, who is commissioned for that purpose and assisted by the clerk, travels to the residence of the party or before the court of his place of residence.
At all events, the oath will be taken in the presence of the other party or he is being summoned.

**Article 322**
A person with a power of attorney to be a legal representative may not request or tender back an oath without showing a special power of attorney.

CODE OF CIVIL PROCEDURE
### TITLE VIII
### MULTIPLE PARTIES                                                      **Articles 323 to 324**

**Article 323**
Where the claim is made by or against several persons with a common interest, each of them will exercise and bear insofar as they relate to him, the rights and obligations of parties to the proceeding.

**Article 324**
*(Decree n°79-941 of 7 November 1979, Official Journal of 9 November 1979, in force on 1 January 1980)*
The acts performed by or against one of the persons with a common interest will neither benefit nor prejudice the others subject to the provisions of Articles 474, 475, 529, 552, 553 and 615.

### TITLE IX
### INTERVENTION                                                          **Articles 328 to 327**

**Article 325**
An intervention will be allowed only if it is connected to the claims of the parties by a sufficient link.

**Article 326**
If the intervention delays excessively the judgement of the whole, the judge will first rule upon the main cause of action and thereafter consider the intervention.

**Article 327**
The interventions at first instance or on appeal are voluntary or compulsory.
Before the Court of Cassation, only a voluntary intervention will be admissible where it is accessory.

CHAPTER I
VOLUNTARY INTERVENTION                                           Articles 328 to 330

**Article 328**
Voluntary intervention may be principal or accessory.

**Article 329**
Intervention will be principal where it raises a claim to the benefit of the party filing it.
It will be receivable only if its originator has the right to bring an action with regard to that claim.

**Article 330**
Intervention will be accessory where it supports the claims of a party.
It will be receivable where its originator, in order to preserve his rights, has an interest in supporting that party.
The accessory intervener may unilaterally withdraw his intervention.

CHAPTER II
COMPULSORY INTERVENTION                                          Articles 331 to 338

SECTION I
PROVISIONS COMMON TO ALL THIRD-PARTY PROCEEDINGS             Articles 331 to 333

**Article 331**
A third party may be summoned to be ordered by any party who is entitled to bring an action against him on a principal basis.
Likewise, he may be summoned by a party who has an interest in making the judgement common.
The third party must be summoned in good time to establish his defence.

**Article 332**
The judge may invite the parties to summon all interested persons whose presence seems to him necessary for the resolution of the dispute.
In non-contentious matters, he may summon persons whose rights or duties may be affected by the decision to be taken.

**Article 333**
The third party summoned is bound to act before the court to which the original claim is brought without being able to challenge the territorial jurisdiction of the court even by relying upon a jurisdiction clause.

SECTION II
SPECIAL PROVISIONS FOR INTRODUCTION OF THIRD PARTIES        Articles 334 to 338

**Article 334**
The introduction (of third parties) will be simple or formal depending on whether the party who seeks the introduction (of third parties) is himself being sued as being personally liable or only as holder of a property.

**Article 335**
The party who seeks a simple introduction (of a third party) will remain the main party.

CODE OF CIVIL PROCEDURE

**Article 336**

The party who seeks a formal introduction (of a third party) may always request, with his dismissal from the action, that the third party take his place as main party.

However, the party who seeks (the introduction of a third party), even if dismissed from the action, may remain in the proceeding to preserve his rights; the original plaintiff may request that he remain in the case to preserve his.

**Article 337**

The judgement pronounced against the third party who becomes the main party may, in every instance, be executed against the party who seeks the introduction of the third party on the sole condition that he has been notified.

**Article 338**

The legal costs will be recoverable against the party who seeks the introduction of (the third party) only in case of the insolvency of the third party who becomes the main party and if the party who seeks the introduction of the third party has remained in the proceeding, even on an accessory basis.

### TITLE IX bis
### HEARING OF A CHILD IN COURT                                          Articles 338-1 to 338-9

**Article 338-1**
*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*
*(Decree n°94-42 of 14 January 1994, Article 22, Official Journal of 16 January 1994 in force on 1 February 1994)*
Where a minor requests to be heard pursuant to Article 388-1 of the Civil Code, the following provisions will apply.

**Article 338-2**
*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*
The request will be presented, without any formality, to the judge by the interested person. It may be made at any stage of the proceeding and even for the first time on appeal.

**Article 338-3**
*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*
The decision ruling upon the action of the minor who wants to be heard will not be subject to appeal.

The decision whereby the hearing ordered may, however, be amended or set aside by another specially reasoned decision where the judge is aware of a serious reason preventing the hearing of the minor under the conditions previously set out.

**Article 338-4**
*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*
The decision ordering the hearing may take the form of a simple reference recorded in the file or the transcript of the hearing.

**Article 338-5**
*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005*
A subpoena for the hearing will be sent to the minor by recorded letter with the advice of delivery slip sought, doubled by an ordinary letter to that effect.

The subpoena will inform him of his right to be heard alone, or in the presence of his advocate or any other person of his choice.

On the same day, the clerk's office of the court will inform the legal representatives of the parties by a simple notice and, in absence (of legal representatives), the parties themselves by recorded letter with advice slip of the delivery of the decision ordering the hearing. The notice will reproduce the provisions of Article 338-3.

**Article 338-6**
*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*
Where the judge is seized of a request of a hearing in the presence of all the parties and the minor, the hearing may take place in short order. If this is not done immediately, the subpoena of the minor and the information required in the second sub-Article of Article 338-5 may be given orally.

**Article 338-7**
*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*
Where the minor appears alone for the hearing, the judge will inform him of his right to be heard with his advocate or any other person of his choice. If the minor exercises this right, the hearing will be postponed later.

The advocate retained by the minor will inform the judge about it.

If the minor requests to be heard with his advocate but if he has not designated one, the judge will entreat the president of the Bar to appoint an advocate (for the minor).

**Article 338-8**
*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005*
The decision refusing the hearing of the minor will be sent by the clerk's office of the court to the minor by recorded letter with the advice of delivery slip sought doubled with an ordinary letter. If necessary, a copy of the decision will be

CODE OF CIVIL PROCEDURE

sent to the advocate of the minor by a simple notice.

**Article 338-9**

*(Decree n°93-1091 of 16 September 1993, Article 20, Official Journal of 17 September 1993)*

The court that decides the case in a full bench division itself may hear a minor or appoint one of its members to carry out the hearing of the minor and to report to it.

### TITLE X
**DISCLAIMER, RECUSAL AND REFERRAL**                                        **Articles 339 to 366**

CHAPTER I
DISCLAIMER                                                                      Articles 339 to 340

**Article 339**

The judge, who deems that there exists as regards to his person grounds of recusal, or who thinks consciously that he must abstain, will have himself replaced by another judge nominated by the president of the court where he sits. The president of the High Court, in default of the managing judge, will appoint the substitute of a trial judge.

**Article 340**

Where the disclaimer of several judges hampers the court to which the matter is referred to decide, the procedure as in matters of referral on grounds of reasonable suspicion will apply.

CHAPTER II
RECUSAL                                                                          Articles 341 to 355

**Article 341**

*(Decree n°78-330 of 16 March 1978, Article 7, Official Journal of 18 March 1978 amendment, JORF of 24 March 1978 and JORF of 10 November 1978)*

The recusal of a judge will be admitted only for causes provided for by the law.

As it is stated under Article L.731-1 of the Code of Court Organisation, and "save where there exist special provisions for certain courts, the recusal of a judge may be requested:

1° if he himself or his spouse has a personal interest in the dispute;

2° if he himself or his spouse is the creditor, debtor, presumed heir or donee of one of the parties;

3° if he himself or his spouse is related by blood or marriage with one of the parties or his or her spouse up to the fourth degree of kinship inclusive;

4° if there has been or is proceeding between himself or his spouse and one of the parties or his or her spouse;

5° if he, previously, heard and determined the matter as a judge or an arbitrator or if he was the legal advisor of one of the parties;

6° if the judge or his spouse is entrusted of the administration of the property of one of the parties;

7° if there exists a relationship of subordination between the judge or his spouse and one of the parties or his or her spouse;

8° if there is a notorious friendship or enmity between the judge and one of the parties;

The Public Prosecutor, as a joining party, may be recused on the same grounds".

**Article 342**

The party who wishes to recuse a judge must, under penalty of inadmissibility, do so as soon as he has knowledge of the ground of recusa.

In no case may the request for recusal be made after the end of the oral arguments.

**Article 343**

*(Decree n°2004-836 of August 2004, Article 34, Official Journal of 22 August 2004, in force on 1 January 2005)*

Except actions presented to the Court of Cassation, the party himself or his agent may make the recusal.

The agent must have a special power of attorney.

N.B. Decree 2004-826 2004-08-20 Article 59: This decree will take effect on 1 January 2005. It will apply to on-going proceedings. However, Articles 20 to 43 will apply only to appeals directed against decisions pronounced as of 1 January 2005.

**Article 344**

The request for the recusal will be made by a deed filed at the clerk's office of the court where the judge sits or by declaration recorded by the clerk in minutes.

The request for the recusal must, under penalty of inadmissibility, specify precisely the grounds for the recusal and the appropriate supporting documents must be annexed to it.

A receipt of the request will be issued.

**Article 345**

The clerk of the court will transmit to the judge the copy of the recusal application against him.

**Article 346**

The judge, as soon as he receives the copy of the application, must withdraw until the ruling on the recusal.

In case of urgency, another judge may be appointed, even sua sponte, to carry out the necessary operations.

CODE OF CIVIL PROCEDURE

**Article 347**

Within eight days of this communication, the impugned judge must make known in writing, either an acquiescence of the recusal or the grounds for which he opposes the same.

**Article 348**

If the judge acquiesces, he will immediately be replaced.

**Article 349**

If the judge opposes the recusal or does not give any reply, the recusal application will be ruled upon at once by the court of appeal or, if it is directed against a puisne judge of a court composed of occupational and lay judges, by the president of the court in question, whose ruling will not be subject to appeal.

**Article 350**

The clerk will transmit the recusal application, together with the judge's reply or a reference about his silence, to the first president of the court of appeal or to the president of the court composed of occupational and lay judges.

**Article 351**

The matter will be determined without the necessity of calling the parties or the impugned judge.

A copy of the decision will be delivered or transmitted by the clerk to the judge and to the parties.

**Article 352**

If the recusal application is admitted, steps will be taken to replace the judge.

**Article 353**

*(Decree n°2001-373 of 27 April 2001, Article 1, official Journal of 29 April 2001, in force on 1 January 2002)*

If the recusal application is dismissed, the applicant may be ordered to pay a civil fine from € 15 to € 1.500 without excluding the action for damages that may to be claimed.

**Article 354**

The acts performed by the impugned judge before he had knowledge of the recusal may not be challenged.

**Article 355**

The recusal against several judges must, under penalty of inadmissibility, be requested in the same request, save where a ground for the recusal is revealed subsequently.

The procedure provided under the following chapter, even though a referral has not been requested, will apply.

CHAPTER III
REFERRAL TO ANOTHER COURT                                                        Articles 356 to 366

SECTION I
REFERRAL DUE TO A LEGITIMATE SUSPICION                                Articles 356 to 363

**Article 356**

The request for referral on grounds of a legitimate suspicion will be subject to the same conditions of admissibility and of form as is the case for a recusal application.

**Article 357**

The request for the removal of a case from a judge will immediately be transmitted by the clerk to the president of the court.

**Article 358**

If the president finds the request well-founded, he will assign the matter to another bench of the same court or refer it to another court of the same kind.

If the president finds that the matter must be referred to another court, he will transmit the file to the president of the next superior court who will designate the court of referral.

The clerk will transmit a copy of the decision to the parties.

The decision is not subject to any review action; it will be binding on the parties and on the referral judge.

**Article 359**

If the president objects to the application, he will transmit the matter, with the grounds of his objection, to the president of the next superior court.

Such court will decide within a month, in the judge's council chamber, after having heard the public prosecutor and without the necessity of summoning the parties.

Copy of the decision will be transmitted by the clerk of the court to the parties and to the president of the court whose cognisance is at issue.

**Article 360**

If the request is well-founded, the matter will be referred to another bench of the court to which the matter is originally referred to or to another court of the same kind as the latter.

The decision will be binding on the parties and on the referral judge. It will not be subject to any review action.

**Article 361**

CODE OF CIVIL PROCEDURE

The proceedings of the court, from which the removal of the case is requested, will not be suspended.

The president of the court to whom the request for referral is brought may, however, order, according to the circumstances, that the court suspected of bias must refrain from determining the case until the judgement on request for referral.

**Article 362**

In referral is granted, the procedure set out under Article 97 will apply.

**Article 363**

The dismissal of the request for referral may lead to the application of the provisions of Article 353.

SECTION II
REFERRAL GROUNDS OF RECUSAL AGAINST SEVERAL JUDGES          Article 364

**Article 364**

If the referral is requested on grounds of recusal against several judges of the court to which the case is referred, the procedure as in matters of referral on grounds of legitimate suspicion will apply once each impugned judge has reacted or has let the time-limit for reaction expire.

SECTION III
REFERRAL ON GROUNDS OF PUBLIC SECURITY          Articles 365 to 366

**Article 365**

The referral on grounds of public security will be ordered by the Court of Cassation upon the request of the attorney general before such court.

**Article 366**

*(Decree n°81-500 of 12 May 1981, Article 11, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*

The provisions of Article s 360 to 362 will apply.

**TITLE XI**
**INTERLOCUTORY PROCEEDINGS**          **Articles 367 to 385**

CHAPTER I
JOINDER AND DISJOINDER OF PROCEEDINGS          Articles 367 to 368

**Article 367**

The judge may, upon the request of the parties or sua sponte, order the joinder of several proceedings pending before him where there is a relationship between the disputes such that it would be in the interest of justice to examine or to determine them together.

He may likewise order the disjoinder of a proceeding into several actions.

**Article 368**

The decision of joinder or disjoinder of proceeding pertains to measures of judicial administration.

CHAPTER II
Abatement of the proceeding          Articles 369 to 376

**Article 369**

The proceeding will be abated by:

- the majority of a party;
- the suspension of the functions of the advocate or an avoué (˜ solicitor) where the representation is compulsory;
- the effect of the judgement which orders the receivership or liquidation of properties in cases where this entails the control or the dispossession of the debtor.

**Article 370**

As from the time of the notification to the other party, the proceeding will be abated by:

- the death of a party in cases where the action is transmissible;
- the suspension of the functions of the legal representative of an incapable person;
- the recovery or loss by a party of the legal capacity to sue and to be sued.

**Article 371**

In any case, the proceeding will not be abated if the event happens or is notified after the opening of the oral arguments.

**Article 372**

The acts performed and even the judgements that have become res judicata, obtained after the abatement of the proceeding, will be deemed nul and void save where they are expressly or tacitly confirmed by the party for whose benefit the abatement is provided.

**Article 373**

The proceeding may be revived voluntarily in the manner provided for the presentation of the grounds of defence.

CODE OF CIVIL PROCEDURE

In default of voluntary revival, it may be caused by way of a citation.

**Article 374**

The proceeding will resume from where it stopped by the time it had been abated.

**Article 375**

If a party, who is cited for the revival of the proceeding, fails to appear, the procedure provided under Article s 471 and following will apply.

**Article 376**

The abatement of the proceeding will not remove the case from the judge.

The latter may invite the parties to inform him of their steps to revive the proceeding and may strike out the matter in default thereof within the time-limit specified by him.

He may request the public prosecutor to collect the information necessary for the revival of the proceeding.

CHAPTER III
SUSPENSION OF THE PROCEEDINGS                                              Articles 378 to 377

**Article 377**

*(Decree n°98-1231 of 28 December 1998, Article 9, Official Journal of 30 December 1998, in force on 1 March 1999)*

Further to the cases provided by the law, the proceeding will be suspended by a decision that defers the judgement or which strikes off the matter from the case-list.

SECTION I
DECISION DEFERRING                                                         Articles 378 to 380-1

**Article 378**

The ruling of decision deferring will recess the progress of the proceeding for the period or until the occurrence of an event that it specifies.

**Article 379**

Decision deferring will not remove the case from the judge. At the end of the deferring, the proceeding will be resumed on the initiative of the parties or by steps taken by the judge, subject to the latter's power to order, if necessary, a new deferring.

The judge may, according to the circumstances, revoke the deferring or abridge the time-limit.

**Article 380**

The ruling of decision deferring may be subject to an appeal upon the permission of the first president of the court of appeal if is justified by a serious and legitimate cause.

The party who wishes to file an appeal will take his case to first president (of the court of appeal) who will decide as in matters of summary interlocutory procedure. The summons must be served within one month as from the decision.

If he accedes to the request, the first president will specify the date where the matter will be examined by the court that will hear the case and give a ruling as in matters of fixed-day procedure or, as provided under Article 948, as the case may be.

**Article 380-1**

*(Decree n°79-941 of 7 November 1979, Article 7, Official Journal of 9 November 1979 in force on 1 January 1980)*

The ruling of decision deferring pronounced without possibility of review (before the court of appeal) may be impugned by a cassation appeal, but only in relation to breach of the rule of law.

SECTION II
STRIKING OFF OR WITHDRAWAL FROM THE CASE-LIST                              Articles 381 to 383

**Article 381**

*(Decree n°98-1231 of 28 December 1998, Article 10, Official Journal of 30 December 1998, in force on 1 March 1999)*

The striking off will sanction under the conditions prescribed by law the absence of due care of the parties.

It will give rise to the deletion of the matter off the case-list of pending cases.

It must be notified by ordinary letter to the parties as well as to their representatives. Such notification must refer to the sanctioned absence of due care.

**Article 382**

*(Decree n°98-1231 of 28 December 1998, Article 10, Official Journal of 30 December 1998, in force on 1 March 1999)*

The withdrawal from the case-list will be ordered where all the parties make a written and reasoned request.

**Article 383**

*(Decree n°81-500 of 12 May 1981, Article 12, Official Journal of 14 May 1981 amendment JORF 21 May 1981)*
*(Decree n°98-1231 of 28 December 1998, Article 10, Official Journal of 30 December 1998, in force on 1 March 1999)*

Striking off and withdrawal from the case-list pertain to measures of court administration.

Save where lapse of proceeding has already been vested, a matter will be restored, in case of striking off, upon proof of the fulfilment of court formalities whose absence had caused the striking off or, in case of withdrawal, upon the request of one of the parties.

CODE OF CIVIL PROCEDURE
CHAPTER IV
EXTINCTION OF PROCEEDINGS                                    Articles 386 to 385

## Article 384

Outside the cases where this effect is produced by the ruling, the proceeding will be extinguished accessorily because of a settlement, acquiescence, and a withdrawal of a suit or in non-transmissible actions, on the death of a party.

The extinction of the proceeding will be established by a decision of relinquishment.

The judge may confer a writ of execution upon the instrument establishing the settlement between the parties, whether this is done before him or has been reached out of his presence.

## Article 385

The proceeding will mainly be extinguished by lapse of proceeding, discontinuance of the proceeding or the lapse of the citation.

In those cases, the establishment of the extinction of the proceeding and the relinquishment of the court will not hamper the institution of new proceeding, if the right of action is not otherwise extinguished.

SECTION I
LAPSE OF PROCEEDINGS                                         Articles 386 to 393

## Article 386

The proceeding shall lapse where no party has fulfilled court formalities within two years.

## Article 387

The lapse of proceeding may be requested by either one of the parties.

It may be raised by way of a plea against the party who performed an act after the expiration of the time-limit for the lapse of proceeding.

## Article 388

The lapse of proceeding must, under penalty of inadmissibility, be requested or raised before any other ground; it is automatic.

It may not be raised sua sponte by the judge.

## Article 389

The lapse of proceeding will not extinguish the right of action; it will result in the extinction of the proceeding that will deprive a party to oppose any of the pleadings of the lapsed proceeding or to rely upon it.

## Article 390

The lapse of the time limitation for appeal or for setting aside will confer on the judgement the authority of res judicata even where it has not been notified.

## Article 391

The time-limit of lapse of proceeding runs against natural persons and corporate entities, even without legal capacity, save their right of action against the administrators or tutors.

## Article 392

*(Decree n°76-1236 of 28 December 1976, Article 5, Official Journal of 30 December 1976)*

The abatement of proceeding shall results in that of the time-limit for the lapse of proceeding.

This time-limit continues to run in case of suspension of the proceeding save where they are operative for a limited period only or until the occurrence of a specific event; in the latter event, a new time-limit will run as from the expiration of this time or as from the occurrence of the event.

## Article 393

The costs of the lapsed proceeding will be borne by the party who instituted the proceeding.

SECTION II
DISCONTINUANCE OF PROCEEDINGS                               Articles 394 to 405

SUB-SECTION I
DIQCONTINUANCE OF ACTIONS AT FIRST INSTANCE                 Articles 394 to 399

## Article 394

The plaintiff may, in all matters, discontinue his action in order to terminate the proceeding.

## Article 395

The discontinuance will take effect only upon the acceptance of the same by the defendant.

However, the acceptance (of the defendant) will not be necessary where the defendant has not tendered any defence on the merits of the case or a plea of non-admissibility at the time where the plaintiff has discontinued (his action).

## Article 396

The judge may declare the discontinuance effective where the defendant's non-acceptance is not based on any

CODE OF CIVIL PROCEDURE

legitimate ground.

**Article 397**

The discontinuance will be express or tacit; the same applies to acceptance (of the discontinuance).

**Article 398**

The discontinuance of proceeding does not result in the waiver of the right of action, but only in the extinction of the proceeding.

**Article 399**

The discontinuance results in, save an agreement to the contrary, an obligation to bear the costs of the extinguished proceeding.

SUB-SECTION II

DISCONTINUANCE OF APPEAL OR MOTION TO SET ASIDE             Articles 400 to 405

**Article 400**

The discontinuance of an appeal or of a motion to set aside will be admitted in all matters, unless otherwise provided.

**Article 401**

*(Decree n°81-500 of 12 May 1981, Article 13, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The discontinuance of an appeal need be accepted only where it contains reservation or where the party in whose regard it is made has previously filed a cross-appeal or an interlocutory claim.

**Article 402**

The discontinuance of a motion to set aside need be accepted only where the original plaintiff has previously filed an additional claim.

**Article 403**

The discontinuance of an appeal amounts to acceptance of the judgement. It will be void if another party will thereafter lodges in due form an appeal.

**Article 404**

The discontinuance of a motion to set aside unreservedly shall amount to acceptance of the judgement.

**Article 405**

Articles 396, 397 and 399 apply to the discontinuance of an appeal or to a motion to set aside.

SECTION III

Lapsing of the citation                                     Articles 406 to 407

**Article 406**

A citation lapses in the cases and under the conditions prescribed by law.

**Article 407**

The decision that establishes the lapsing of the citation may be quashed, in case of error, by the judge who has pronounced it.

SECTION IV

ACCEPTANCE                                                 Articles 408 to 410

**Article 408**

Acceptance of the action amounts to recognition of the merits of the opponent's claims and to waiver to bring an action.

It will be admitted only in relation to the rights that the party may freely alienate.

**Article 409**

*(Decree n°79-941 of 7 November 1979, Articles 8 and 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

Acceptance of the judgement amounts to acceptance of its main points and waiver of right of action save where another party thereafter duly institutes an action.

It is always admitted unless otherwise provided.

**Article 410**

The acceptance may be express or tacit.

The unreserved enforcement of a judgement without writ of execution will amount to an acceptance, save where this is not allowed.

**TITLE XII**

**LEGAL REPRESENTATION AND ASSISTANCE IN COURT**                **Articles 411 to 420**

**Article 411**

CODE OF CIVIL PROCEDURE

The power of representation in court comprises the power and the duty to perform the pleadings on behalf of the principal.

**Article 412**

The mission of assistance in court shall comprise the power and duty to advise the party and to present his defence without obliging him.

**Article 413**

The power of representation comprises the mission of assistance, unless otherwise provided or agreed.

**Article 414**

A party may be represented only by a natural or legal person empowered by law.

**Article 415**

The name of the representative and the capacity in which he acts must be notified to the judge by way of a declaration to the clerk of the court.

**Article 416**

Whoever intends to represent or assist a party must show cause of his authority to act and to assist.

However, an advocate or avoué (˘ solicitor) is exempted from such proof.

The bailiff benefits from the same exemption in cases where he is entitled to represent or assist the parties.

**Article 417**

The persons empowered with a power of representation in court are considered, with regard to the judge and the opposing party, to have received special powers to declare or accept a discontinuance, to accept (a judgement), to make, accept or give offers, admission or consent.

**Article 418**

The party who revokes his representative must immediately thereafter either provide for his replacement or inform the judge and the opposing party of his intention to conduct his own defence if the law so allows, failing which his opponent may continue the procedure and seek judgement while recognizing only the revoked representative.

**Article 419**

The representative who intends to put an end to his power of representation will be discharged only after having informed the principal, the judge and the opposing party of his intention.

If the representation is compulsory, the advocate or the avoué (˘ solicitor) may be discharged from his power of representation only on the date where he is replaced by a new representative employed by the party, or in default thereof, appointed by the Chairman of the Bar or the President of the Disciplinary Chamber.

**Article 420**

The advocate or the avoué (˘ solicitor) fulfils the duties of his power of attorney without a renewal of powers until the enforcement of judgement, on condition that the enforcement is undertaken within less than a year after the judgement stood as res judicata.

These provisions will not prevent a direct payment to the party of what is owed to him.

### TITLE XIII
### THE PUBLIC PROSECUTOR                                            Articles 422 to 421

**Article 421**

The public prosecutor may act as a main party or intervene as joining party. He represents others in cases prescribed by law.

CHAPTER I
THE PUBLIC PROSECUTOR AS THE MAIN PARTY                       Articles 422 to 423

**Article 422**

The public prosecutor acts sua sponte in matters prescribed by law.

**Article 423**

Further to these matters, he may act to defend the public order where the acts infringe the latter.

CHAPTER II
THE PUBLIC PROSECUTOR AS JOINING PARTY                        Articles 424 to 429

**Article 424**

*(Decree n°81-500 of 12 May 1981, Article 14, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The public prosecutor may be a joining party where he intervenes to give his opinion on the application of the law in a matter that is brought to his attention.

**Article 425**

*(Decree n°81-500 of 12 May 1981, Article 15, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
*(Decree n°82-327 of 9 April 1982, Article 33, Official Journal of 11 April 1982)*
*(Decree n°85-1388 of 27 December 1985, Article 182, Official Journal of 29 December 1985)*

CODE OF CIVIL PROCEDURE

The public prosecutor must be intimated of:

1° Matters relating to parentage, to the organisation of the guardianship, to the institution or modification of the guardianship of the of age individuals;

2° Proceedings for provisional stay of prosecution and general discharge of liabilities, personal bankruptcy or other penalties and, with regard to corporate entities, proceedings relating to a court-ordered receivership or liquidation of assets, proceedings relating to court-ordered turnaround and liquidation as well issues relating to the financial responsibility of company directors.

The public prosecutor must further be intimated of all matters in relation to which the law provides that he must give his opinion.

**Article 426**

The public prosecutor may be intimated of such other matters in relation to which he judges that he must intervene.

**Article 427**

The judge may sua sponte decide to intimate a matter to the public prosecutor.

**Article 428**

The intimation to the public prosecutor must, save where special provisions apply, be carried out with the initiative of the judge.

It must be done in due time so as not to delay the judgement.

**Article 429**

Where the intimation took place, the public prosecutor will be notified of the date of the hearing.

| | | |
|---|---|---|
| **TITLE XIV** | | |
| **THE JUDGEMENT** | | **Articles 430 to 499** |
| CHAPTER I | | |
| GENERAL PROVISIONS | | Articles 430 to 479 |
| SECTION I | | |
| THE HEARING, DELIBERATIONS AND JUDGEMENT | | Articles 430 to 466 |
| SUB-SECTION I | | |
| THE HEARING | | Articles 430 to 446 |

**Article 430**

The court will be constituted, under penalty of nullity, according to the rules relating to the court organisation.

Disputes relating to its regularity must be raised, under penalty of inadmissibility, as soon as the hearings are begun or the irregularity has become apparent if this occurred later, failing which no nullity may thereafter be declared on this ground, even sua sponte.

The provisions of the preceding sub-Article will not apply to cases where a person is asked to help whose occupation or office may not otherwise entitle him to be a member of the court.

**Article 431**

*(Decree n°81-500 of 12 May 1981, Article 16, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The public prosecutor is bound to attend a hearing only in cases where he is the main party, in those cases where he represents other persons or where his presence is required by law.

In all other cases, he may give his opinion to the court either by transmitting written pleadings that will be made available to the parties, or orally at the hearing.

**Article 432**

The hearings will take place on the day and, to the extent that the progress of the hearing allows, at the time previously specified according to the rules of each court. They may be resumed in subsequent hearing.

In the event of a change in the composition of the court after the opening of the hearings, they must be resumed.

**Article 433**

The hearings are public except where the law requires them to be held in the judge's council chamber.

What is provided for in this regard at first instance must be followed on appeal, unless otherwise provided.

**Article 434**

In non-contentious matters, the action will be examined in the judge's council chamber.

**Article 435**

The judge may decide that the hearings will take place or shall continue in the judge's council chamber where their publicity might adversely affect individual privacy or, if all the parties so request, or if disturbances arise that may disrupt the atmosphere of the proceeding.

**Article 436**

In the judge's council chamber, the hearing will take place without the presence of the public.

**Article 437**

CODE OF CIVIL PROCEDURE

If it appears or if it is alleged, either that the hearings must have taken place in the judge's council chamber whereas it is held in open court, or in a reverse instance, the president will decide ex tempore and the incident shall be disregarded.

If the hearing is continued according to its proper manner, no nullity based on the prior progress thereof may be subsequently pronounced, even sua sponte.

**Article 438**

The presiding judge will see to the proper conduct of the hearing. Any direction given to ensure the same will be implemented at once.

The judges will exercise the same powers in any venue they may sit in office.

**Article 439**

Persons who are attending a hearing must observe a dignified attitude and show due respect to the court. They are not allowed to speak without having been invited to do so, to document signs of approval or disapproval, or to cause any disturbance of any nature whatsoever.

The presiding judge may have any person who fails to comply with his orders expelled without prejudice to such criminal or disciplinary actions that might be instituted against him.

**Article 440**

The presiding judge chairs the hearings. He lets the judge-rapporteur to address the court where the minutes are to be presented.

The plaintiff, thereafter the defendant, will be summoned in that order to set forth their claims.

Where the court deems itself well informed, the presiding judge may stop the closing arguments and the remarks presented by the parties.

**Article 441**

Even in cases where the representation is compulsory, the parties even though aided by their representatives, may submit in person oral remarks.

The court may forbid them to speak if their emotion or inexperience hampers them to defend their case with the proper decency or the necessary clarity.

**Article 442**

The presiding judge and the judges may invite the parties to provide legal or factual explanations that they deem necessary to clarify matters otherwise obscure.

**Article 443**

The public prosecutor, as joining party, speaks after the others.

If he judges that he may not speak in short order, it may request that his hearing be deferred to a subsequent hearing.

**Article 444**

The presiding judge may order the re-opening of the hearings. He must do so every time where the parties were not in a position to argue adversely on the legal and factual clarifications sought.

In the event of change in the composition of the court, it will be necessary to resume the hearings.

**Article 445**

Subsequent to the close of the hearings, the parties may not file any written comment in support of their arguments except in reply to the arguments advanced by the public prosecutor or at the request of the presiding judge under the circumstances provided for under Article s 442 and 444.

**Article 446**

The provisions of Articles 432 (sub-Article 2), 433, 434, 435 and 444 (sub-Article 2) must be complied with under penalty of a nullity.

However, no nullity may subsequently be raised owing to a failure to comply with such provisions if it has not been relied upon prior to the close of the hearings. Nullity may not be raised sua sponte.

SUB-SECTION II
THE DELIBERATIONS                                          Articles 447 to 449

**Article 447**

It belongs to the judges before whom the matter has been argued to deliberate on it. Their number must be at least equal to that which is fixed by the rules relating to court organisation.

**Article 448**

The deliberations of the judges are secret.

**Article 449**

The decision is taken on a majority of votes.

SUB-SECTION III
THE  JUDGMENT                                             Articles 450 to 466

CODE OF CIVIL PROCEDURE

**Article 450**
*(Decree n°2004-826 of 20 August, Article 4, Official Journal of 22 August 204, in force on 1 January 2005)*
If the judgement may not be pronounced ex tempore, its pronouncement is deferred, in view of further consideration, on a date as specified by the presiding judge.
He may however inform the parties, at the end of the hearings, that the judgement will be pronounced by making available at the clerk's office of the court, on a date that he specifies.

**Article 451**
*(Decree n°2004-826 of 20 August, Article 5, Official Journal of 22 August 204, in force on 1 January 2005)*
Decisions in contentious matters are pronounced in open court and those in non-contentious matters out of the presence of the public, subject to special provisions pertaining to certain matters.
The making of available at the clerk's office will abide by the same rules of publicity.

**Article 452**
*(Decree n°2004-826 of 20 August, Article 6, Official Journal of 22 August 204, in force on 1 January 2005)*
The judgement read out at trial is made by one of the judges who participated in the deliberation, even where the other judges and the public prosecutor are not present.
The pronouncement may be limited to its operative part.

**Article 453**
*(Decree n°2004-826 of 20 August, Article 7, Official Journal of 22 August 204, in force on 1 January 2005)*
The date of the judgement is that on which it has been read out at trial or made available at the clerk's office.

**Article 454**
The judgement is given on behalf of the French people.
It must state:
- the court from which it emanates;
- the names of the judges who deliberated on it;
- its date;
- the name of the representative of the public prosecutor where he attended the hearings;
- the name of the clerk;
- the names or denomination of the parties as well as their domicile or registered office;
- if necessary, the names of the advocates or any person who represented or assisted the parties;
- in non-contentious matters, the name of the persons to whom it must be notified.

**Article 455**
*(Decree n°98-1231 of 28 December 1998, Article 11, Official Journal of 30 December 1998 amendment JORF of 13 February 1999, in force on 1 March 1999)*
The judgement must set forth succinctly the respective claims of the parties and their grounds. Such presentation may take the form of a reference to the pleadings of the parties with the indication of their date. The judgement must be reasoned.
It pronounces the decision in the form of operative part.

**Article 456**
The judgement must be signed by the presiding judge and the clerk of the court. In the event of impediment of the presiding judge, a reference thereof must be entered into the minutes that must be signed by one of the judges who deliberated on it.

**Article 457**
The judgement has the probative authority of an authenticated deed subject to the provisions of Article 459.

**Article 458**
What is provided for under Article s 447, 451, 454, with regard to the indication of the names of the judges, 445 (sub-Article 1) and 456 must be complied with under penalty of nullity.
However, no nullity may subsequently be relied upon or raised sua sponte for non-compliance with the formalities provided for under Article s 451 and 452 where it has not been raised, at the time the judgement was pronounced, in the form of simple remarks to which a reference is made in the record of the hearing.

**Article 459**
Omission or inaccuracy in a reference intended to prove the regularity of the judgement may not cause the nullity of the latter if it is shown by the documents of the proceeding, the transcript of the hearing or by any other means that the legal requirements have, in fact, been complied with.

**Article 460**
The nullity of a judgement may be requested only by the means of review provided by the law.

**Article 461**
It belongs to any judge to construe its decision if it is not appealed against.
An application for interpretation of a judgement may be brought by way of simple petition by one of the parties or by joint petition. The judge rules upon it with the parties being present or summoned.

CODE OF CIVIL PROCEDURE

**Article 462**

Clerical errors or omissions which affect a judgement, including the one which has become res judicata, may always be rectified by the court which given it or by the one to which it has been referred, in accordance with what the file reveals, or failing that, what reason would dictate.

The application for rectification is referred to the judge by way of a simple petition by one of the parties or by joint petition; he may also examine the case sua sponte.

The judge will rule upon the matter after having heard the parties or the latter having been summoned.

A reference to the decision of rectification will be made on the original and on the certified copies of the judgement. It will be notified in the same way as a judgement.

Where the rectified decision has the authority of res judicata, the rectifying decision may only be impugned by way of an appeal in cassation.

**Article 463**

*(Decree n°89-511 of 20 July 1989, Article 9, Official Journal of 25 July 1989 in force on 15 September 1989)*

The court which has failed to rule upon a claim, may likewise complete its judgement without affecting the res judicata in respect of the other claims, except where, if necessary, the exact statements of the respective claims of the parties and their grounds.

An application must be presented within one year at the latest after the decision that has become res judicata, or in case of an appeal in cassation on this ground, as from the judgement of inadmissibility.

The application is referred to the judge by way of a simple petition of one of the parties or by way of a joint petition. He will decide after having heard the parties or the latter being summoned.

A reference to decision will be made on the original and certified copies of the judgement. It will be notified in the same way as provided for the judgement and will be made available the same means of review as the latter.

**Article 464**

The provisions of the preceding Article will apply where the judge has ruled upon matters not in issue or where more has been awarded than what has been claimed.

**Article 465**

*(Decree n°.81-500 of 12 May 1981, Article 17, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Each party is entitled to the delivery of a certified copy of the judgement imprinted with an order of enforcement.

If there is a legitimate reason to the same, a second certified copy, containing the same order, may be delivered to the same party by the clerk of the court that has given the judgement. Where there is a difficulty, the president of this court will rule upon it by an order upon petition.

**Article 465-1**

*(Decree n°85-1130 of 17 December 1985, Article 1, Official Journal of 18 December 1985, in force on 1 January 1986)*

Where a judgement fixes a family support or one of the receivables provided for under the Article s 214, 276 and 342 of the Civil Code, the parties will be informed, by a document attached to the certified copy of the judgement, of the terms and conditions of the debt collection, of the rules of revision of the debt and the criminal sentences incurred.

**Article 466**

In non-contentious matters, a copy of the petition must be attached to the certified copy of the judgement.

SECTION II
DEFAULT OF APPERANCE (IN COURT)                         Articles 467 to 479

SUB-SECTION I
JUDGEMENT AFTER TRIAL                                    Articles 467 to 470

**Article 467**

The judgement is adversarial as long as the parties appear in person or by a representative, according to the rules proper to the court before which the claim is brought.

**Article 468**

*(Decree n°.86-585 of 14 March 1986, Article 1, Official Journal of 19 March 1986)*

If, without a legitimate reason, the plaintiff does not appear, the defendant may request a judgement on the merits of the case that will be adversarial although the judge has the power to defer the matter to a later hearing.

The judge may also, even sua sponte, declare that the citation has lapsed. The declaration of lapsing may be withdrawn where the plaintiff makes known to the clerk's office within a period of fifteen days a legitimate reason why he has not been in a position to intimate in due time. In the latter event, the parties will be summoned to a later hearing.

**Article 469**

If, after having appeared, one of the parties failed to present his pleadings within the required time-limit, the judge will decide by a judgement after trial in the light of the material before him.

However, the defendant may request the judge to declare that the citation has lapsed.

**Article 470**

If none of the parties performs the pleadings within the required time-limit, the judge may, sua sponte, strike off the matter from the case-list by a decision not subject to appeal following a final notice has been transmitted to the parties

CODE OF CIVIL PROCEDURE

themselves and their representatives where they have retained one.

SUB-SECTION II
JUDGEMENT GIVEN BY DEFAULT AND JUDGEMENT DEEMED AS          Articles 471 to 479
GIVEN AFTER TRIAL

**Article 471**
*(Decree n°76-1236 of 28 December 1976, Article 6, Official Journal of 30 December 1976)*
The defendant who does not appear may, on the initiative of the plaintiff or on a decision taken sua sponte by the judge, be invited to appear again where the citation has not been served on him personally.
The citation will, subject to special rules applicable to certain courts, be reissued in the same form as the first one. The judge may order that this must be done by a process served by a bailiff where the first citation was done by a clerk of the court. The new citation must state, as the case may be, the provisions of Article s 472 and 473 or those of Article 474 (sub-Article 2).
The judge may also inform the interested party, by ordinary letter, of the consequences of his failure to appear.

**Article 472**
If the defendant fails to appear, a ruling will nevertheless be made on the merits of the case.
The judge will uphold the claim only to the extent that he considers it valid, admissible and well-founded.

**Article 473**
Where the defendant does not appear, the judgement will be rendered by default if the decision is of final instance and where the citation has not been served in person.
The judgement will be regarded as a judgement after trial where the decision is subject to appeal or where the citation has been served personally on the defendant.

**Article 474**
*(Decree n°89-511 of 20 July 1989, Article 10, Official Journal of 25 July 1989 in force on 15 September 1989)*
Where several defendants are cited in the same matter, where at least one of them does not appear, the judgement will be deemed to be regarded as judgement after trial with regard to all of them if the decision is subject to appeal or where those who did not appear have been cited in person.
If the required decision is not subject to appeal, the defaulting parties who have not been cited in person must be cited again. The judge may, nevertheless, decide, if the citation has been made in the manner as laid down under Article 659, and that there is no need for a new citation. The judgement rendered after that new citations have been served will be regarded as judgement after trial with regard to all the parties as long as one of the defendants has appeared or has been cited in person by the first or second citation; otherwise, a judgement will be rendered by default.

**Article 475**
The judge may not rule prior to the expiration of the longest time-limit for appearance, after the first or second citation.
He will rule upon the matter with regard to all the defendants in one single judgement, save where the circumstances require that a ruling be made with regard to some of them only.

**Article 476**
The judgement rendered by default may be impugned by way of a motion to set aside, except in cases where this means of review is made unavailable by an express provision.

**Article 477**
The judgement regarded as judgement after trial may be impugned only by the means available against judgements after trial.

**Article 478**
The judgement rendered by default or the judgement deemed to be as judgement after trial becomes void on the sole ground that it has not been notified within six months as from its date.
The proceedings may be begun again after the re-issuance of the original citation.

**Article 479**
The judgement by default or the judgement regarded as judgements after trial against a party residing abroad must establish expressly the efforts made to inform the defendant of the originating process.

CHAPTER II
SPECIAL PROVISIONS                                         Articles 480 to 499

SECTION I
JUGEMENT ON THE MERITS OF THE CASE                         Articles 480 to 481

**Article 480**
The judgement which decides in its operative part the whole or part of the main issue, or one which rules upon the procedural plea, a plea seeking a plea of non-admissibility or any other interlocutory application, will, from the time of its pronouncement, become res judicata with regard to the dispute which it determines.

CODE OF CIVIL PROCEDURE

The main issue means the subject-matter of the litigation as specified under Article 4.

**Article 481**

The judgement, since its pronouncement, puts an end to the judge's jurisdiction over the dispute that he has determined.

However, the judge has the power to withdraw his decision in case of a motion to set aside or a third party proceedings or an application for judicial review.

He may likewise interpret or rectify it under the distinctions drawn under Articles 461 to 464.

SECTION II
OTHER JUDGEMENTS                                                   Articles 482 to 499

SUB-SECTION I
INTERLOCUTORY JUDGEMENTS                                  Articles 482 to 483

**Article 482**

The judgement that is limited in its operative part to giving an investigation or an interim measure will not have, on the main issue, the authority of res judicata.

**Article 483**

An interlocutory judgement will not remove the matter from the cognisance of the judge.

SUB-SECTION II
SUMMARY JUDGEMENTS                                           Articles 484 to 492

**Article 484**

A summary interlocutory order is an interim order given at the request of one party, the other party being present or summoned, in cases where the law confers upon a judge to whom the main issue is not referred, the power to give immediately the necessary orders.

**Article 485**

The request is brought by way of writ of summons at a hearing held for that purpose at the usual day and time for summary procedure.

If, nevertheless, the case requires celerity, the summary procedure judge may allow summoning on the specified time, even on holidays or non-working days, to appear either at a hearing or at his domicile whose doors will stay open.

**Article 486**

The judge ensures that sufficient time has elapsed between the writ of summons and the hearing so that the party summoned may be able to prepare his case.

**Article 487**

The summary procedure judge has the right to refer the matter that is being dealt with under a summary procedure track, to a full bench division of the court for trial the date of which he will specify.

**Article 488**

A summary procedure order will not become, on the main issue, res judicata.

It may be modified or withdrawn by way of summary procedure only in the event of new supervening circumstances.

**Article 489**

*(Decree n°81-500 of 12 May 1981, Article 18, Official Journal of 14 May 1981 amendment JORF 21 May 1981)*

The summary procedure orders are provisionally enforceable. The judge may, however, subject its provisional enforcement to granting of a guarantee according to the conditions specified under Article 517 to 522.

Should the occasion arise, the judge may order the enforcement to be executed upon the mere production of the original.

**Article 490**

*(Decree n°.86-585 of 14 March 1986, Article 2, Official Journal of 19 March 1986)*

The summary procedure order may be impugned by way of an appeal save where it emanates from the first president of the court of appeal or it has been pronounced as of final instance by virtue of the claim-value and the subject-matter of the action.

The order given as of final instance by default may be subject to a motion to set aside.

The time-limit for appeal or motion to set aside is fifteen days.

**Article 490-1**

*(Decree n°98-1231 of 28 December 1998, Article 12, Official Journal of 30 December 1998, in force on 1 March 1999)*

Where the appeal relates to a summary procedure order given based on Article 808 or of the first sub-Article of Article 809, the president of the division of the court to which it is allocated will fix within a short period the hearing at which it will be considered. On the specified day, it will be proceeded with in the manner provided under Article 760 to 762.

Appeal against a summary procedure order, whatever may be the basis on which it has been given, may be managed and determined in the manner provided under Article 917.

CODE OF CIVIL PROCEDURE

**Article 491**

The judge adjudicating in a summary procedure may pronounce the payment of coercive fine. He may fix the amount thereof provisionally.

He rules upon the costs.

**Article 492**

The original copy of the summary procedure orders will be kept by the clerk's office of the court.

SUB-SECTION III
EX PARTE ORDERS                                                                  Articles 493 to 499

**Article 493**

An ex parte order is a provisional order given without trial in cases where the petitioner has good reason for not summoning the opposing party.

**Article 494**

*(Decree n°89-511 of 20 July 1989, Article 11, Official Journal of 25 July 1989, in force on 15 September 1989)*

The petition is presented in duplicate. It must give the grounds thereof. It must contain a precise indication as to the documents relied upon.

Where it is presented in the course of a proceeding, it must indicate the court to which the matter is referred.

In urgent cases, the petition may be presented at the judge's domicile.

**Article 495**

*(Decree n°89-511 of 20 July 1989, Article 12, Official Journal of 25 July 1989 in force on 15 September 1989)*

The ex parte order must state the grounds thereof.

It will be enforceable upon the mere production of the original.

Copy of the petition and the order will be given to the person against whom it is enforceable.

**Article 496**

*(Decree n°76-1236 of 28 December 1976, Article 7, Official Journal of 30 December 1976)*

If the petition is not acceded to, an appeal may be lodged save where the order emanates from the first president of the court of appeal. The time-limit for appeal is fifteen days. The appeal will be lodged, managed and determined as in non-contentious matters.

If the petition is acceded to, any interested party may refer back to the judge who has given the order.

**Article 497**

The judge will have the right to modify or withdraw his order even if the matter is referred to the trial judge.

**Article 498**

The duplicate of the order will be kept at the clerk's office.

**Article 499**

The provisions of this Title apply to orders of judicial administration.

CHAPTER III
FINAL PROVISION

**TITLE XV**
**EXECUTION OF JUDGEMENT**                                                       **Articles 502 to 501**

**Article 500**

The judgement, which is not subject to any review action staying its execution, will become res judicata.

The judgement, which is subject to such a review action, will have the same authority on the expiration of the time-limit for such a review action if the review action has not been made within the time-limit.

**Article 501**

The judgement will be enforced, under the following conditions, as from the moment it becomes res judicata, save where the debtor enjoys the benefit of a period of grace or the creditor enjoys the benefit of a provisional enforcement.

CHAPTER I
GENERAL CONDITIONS FOR EXECUTION                                                 Articles 502 to 508

**Article 502**

A judgement or a deed may be enforced only upon the production of a certified copy imprinted with an order of enforcement, save where the law provides otherwise.

**Article 503**

Judgements may not be executed against the parties standing liable thereto unless they have been notified, save where the enforcement is voluntary.

In the event of an execution on the mere production of the original, the said production shall amounts to a notification.

CODE OF CIVIL PROCEDURE

**Article 504**
*(Decree n°81-500 of 12 May 1981, Article 19, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*

The proof of its enforceable nature appears on the judgement itself where the latter is not subject to a review capable of staying its execution or where it enjoys the benefit of provisional enforcement.

In other cases, such proof results:

- either from the acquiescence by the unsuccessful party;

- or, from the notification of the decision and of a certificate establishing, in conjunction with the notice, the absence, within a time-limit, of a motion to set aside, of an appeal or of an appeal in cassation   where the application suspends the execution.

**Article 505**

Each party may cause to be issued by the clerk of the court, before which the review action may be brought a certificate attesting the absence of a motion to set aside, an appeal or of an appeal in cassation or stating the date of the review action if one has been lodged.

**Article 506**

The withdrawal, striking off guarantees, references, transcriptions or publications, which must be done pursuant to a judgement, will validly be carried out upon the production by any interested party of a duplicate or certified copy of the judgement or of an abstract thereof and, where it is not provisionally enforceable, of proof of its enforceable nature. The proof may result from a certificate drafted by an advocate or an avoué (˜ solicitor).

**Article 507**

The delivery of the judgement or the deed to a bailiff amounts to a warrant to execute, where execution of judgement does not require specific warrant.

**Article 508**

No execution may be carried out before 6 a.m. and after 9 p.m., on public holidays and non-working days except by permission of the judge in case of necessity.

CHAPTER II

TRANSBORDER RECOGNITION                                                        Articles 509 to 509-7

**Article 509**
*(Decree n°2004-836 of 20 August 2004, Article 17, Official Journal of 22 August 2004, in force on 1 January 2005)*

Judgements rendered by foreign courts and deeds received by foreign officers shall be enforceable on the territory of the French Republic in the manner and under the circumstances specified by law.

**Article 509-1**
*(Decree nº 2004-836 of 20 August 2004 Article 17 Official Journal of 22 August 2004, in force on 1 January  2005)*
*(Decree nº 2005-460 of 13 May 2005, Article 26, Official Journal of 14 May 2005)*

The petitions for purposes of certification of French enforceable instruments, for their recognition and their execution abroad, must be presented at the chief clerk of the court that has rendered the decision or approved the agreement.

The petitions for purposes of certification of French enforceable instruments, for their recognition and their execution abroad, pursuant to Article s 41 and 42 of Council Regulation (EC) n°2201/2003 concerning jurisdiction and the recognition and enforcement of judgments in matrimonial matters and in matters of parental responsibility, must be presented to the judge who rendered the decision or approved the agreement. They are exempted from the obligation to have an advocate.

N.B. Decree 2005-460 of 13 May 2005, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree will apply to proceedings instituted after its entry into force. Articles 26 to 33 of this decree will apply to Mayotte.

**Article 509-2**
*(Decree nº 2004-836 of 20 August 2004, Article 17, Official Journal of 22 August 2004, in force on 1 January 2005)*
*(Decree nº 2005-460 of 13 May 2005, Article 27, Official Journal of 14 May 2005)*

The petitions for purposes of recognition or establishment of the enforceability, on the territory of the French Republic, of foreign enforceable instruments, pursuant to Council Regulation (EC) n°44/2001 of 22 December 2000 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters, must be presented to the chief clerk of the High Court.

The petitions for purposes of recognition or establishment of the enforceability, on the territory of the French Republic, of foreign enforceable instruments, pursuant to Council Regulation (EC) n°2201/2003 concerning jurisdiction and the recognition and enforcement of judgments in matrimonial matters and in matters of parental responsibility, must be presented to the president of the High Court or to his delegate. They are exempted from the obligation to have an advocate.

N.B. Decree 2005-460 of 13 May 2005, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree apply to the proceedings instituted after its entry into force. Articles 26 to 33 of this decree apply to Mayotte.

**Article 509-3**
*(Decree nº 2004-836 of 20 August 2004, Article 17, Official Journal of 22 August 2004, in force on 1 January 2005)*

Notwithstanding Articles 509-1 and 509-2, the petitions for purposes of certification, recognition or establishment of enforceability of the authenticated notarial acts, pursuant to the above mentioned regulation of 22 December 2000, must

CODE OF CIVIL PROCEDURE

be presented to the president of the elected board of the notary profession or, in the event of his absence or impediment, to his substitute appointed among the members of the board.

Where this regulation requires it, the election of residence will be done in the jurisdiction of the Court of Appeal where the board of the notary profession has its sit.

## Article 509-4
*(Decree n° 2004-836 of 20 August 2004, Article 17, Official Journal of 22 August 2004, in force on 1 January 2005)*

The petition must be presented in duplicate. It must comprise the precise information of the documents mentioned (in the petition).

## Article 509-5
*(Decree n° 2004-836, 20 August 2004, Article 17, Official Journal of 22 August 2004, in force on 1 January 2005)*

The decision rejecting the petition for purposes of establishment of enforceability must be well reasoned.

## Article 509-6
*(Decree n° 2004-836 of 20 August 2004, Article 17, Official Journal of 22 August 2004, in force on 1 January 2005)*

The certificate, or the decision relating to the petition of recognition or establishment of enforceability, must be given to the applicant against annotating or receipt, or must be notified to him by registered letter with request for notice of receipt.

The double of the petition as well as the certificate or the decision must be kept at the clerk's office.

## Article 509-7
*(Decree n° 2004-836 of 20 August 2004, Article 17, Official Journal of 22 August 2004, in force on 1 January 2005)*

If it does not emanate from the judge, the refusal of the delivery of the certificate may be submitted to the president of the High Court. He will decide in final instance upon petition. The applicant and the necessary authority will be summoned and heard.

CHAPTER II
GRACE PERIOD                                                                      Articles 510 to 513

## Article 510
*(Decree n°96-1130 of 18 December 1996, Article 1, Official Journal of 26 December 1996)*
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*

Subject to the following sub-Article, the grace period may be granted only by a decision intended to put off the enforcement (of a judgement).

In the event of urgency, the same power belongs to the summary procedure judge.

Following notification of a command to pay before enforcement or of a detraining order, as the case may be, the enforcement judge has faculty to grant a grace period. In matters of attachment of earnings, this faculty belongs to the High Court.

The grant of the period must be reasoned.

## Article 511
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*

The grace period will run as from the day of the judgement where it is litigated; in other cases, it will run only from the date of notification of the judgement.

## Article 512
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*

A grace period may not be granted to a debtor whose property is seized by other creditors or to the one who is under court-ordered receivership or liquidation of properties or who has, by his act deliberately, reduced the guarantees that he had provided to his creditors through an agreement.

In such cases, the debtor will lose the advantage of the grace period previously obtained.

## Article 513
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*

The grace period will not prevent the enforcement of protective measures.

CHAPTER III
PROVISIONAL EXECUTION                                                             Articles 514 to 526

## Article 514
*(Decree n°81-500 of 12 May 1981, Article 20, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*

The provisional enforcement (of a decision) may not be implemented without having been ordered, except those decisions that may be enforced provisionally as of right.

A summary procedure orders, decisions containing provisional orders governing the course of a proceeding, orders providing for protective measures as well directions of the pre-trial judge granting an interim payment to a creditor will in particular be enforceable provisionally as of right.

## Article 515

CODE OF CIVIL PROCEDURE
*(Decree n°2004-836 of 20 August, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   In addition to cases where it is as of right, provisional enforcement may be ordered, at the request of the parties or sua sponte, each time the judge deems it proper and compatible with the nature of the matter if it is not prohibited by law.
   It may be ordered for the whole or part of the judgement. In no case, may it be ordered in relation to costs.

### Article 516
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   Provisional enforcement may be ordered only by the decision that it intends to render enforceable subject to provisions of Article 525 and 526.

### Article 517
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   Provisional enforcement may be subjected to the creation of a guarantee in the form of real or personal property, sufficient to cover all restitutions and damages.

### Article 518
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   The nature, extent and conditions of the guarantee must be specified in the decision that prescribes its creation.

### Article 519
*(Decree n°76-714 of 29 July 1976, Article 2, Official Journal of 30 July 1976)*
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   Where the guarantee is a sum of money, it will be deposited at the Consignments and Loans Fund; it may be deposited also at the request of one of the parties in the hands of a third party appointed for that purpose.
   In the latter case, the judge, where he accedes to the request, will state in his decision the conditions of such deposit.
   If the third party refuses to accept such a deposit, the sum will be deposited, without any fresh decision to that effect, at the Consignments and Loans Fund.

### Article 520
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   Where the value of the guarantee may not be determined immediately, the judge will invite the parties to appear before him with their evidence at a date that he will specify.
   It will be determined without any right of review action.
   Reference will be made to this decision in the original and on the certified copies of the judgement.

### Article 521
*(Decree n°81-500 of 12 May 1981, Article 21, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*
*(Decree n°84-618 of 13 July 1984, Articles 3 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   The party ordered to pay a sum other than in view of maintenance, compensatory annuities or interim payment may avoid provisional enforcement by depositing, on leave granted to that effect by the judge, cash or title of sufficient value to provide a guarantee for the amount of the award with respect to the principal claim, interest and costs.
   In the event of a judgement ordering the payment of a lump sum as indemnity in cases of personal injury, the judge may also order that it be remitted to a sequester under the condition that he will pay to the victim such instalments as the judge shall specify.

### Article 522
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   The judge may, at any time, authorise the substitution of the original guarantee for one of an equal value.

### Article 523
*(Decree n°76-1236 of 28 December 1976, Article 8, Official Journal of 30 December 1976)*
*(Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   Requests relating to the application of Articles 517 to 522 may be brought, in the event of appeal, only before the first president (of the court of appeal) who sits in a summary procedure or, in the cases provided for under Articles 525 to 526, before the judge in charge of preparing the file for trail as soon as the matter is referred to him.

### Article 524
*(Decree n°76-1236 of 28 December 1976, Article 9-I and 9-II, Official Journal of 30 December 1976)*
*(Decree n°81-500 of 12 May 1981, Article 22, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*
*(Decree n°2004-836 of 20 August 2004, Article 8, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)*
   Where provisional enforcement has been ordered, it may be stopped, in the event of an appeal, only by the first president (of the court of appeal) who sits in a summary procedure and in the following cases:
   1° if it (the provisional enforcement) is forbidden by law;
   2° if it (the provisional enforcement) is likely to result in clearly excessive consequences; in the latter case, the first

CODE OF CIVIL PROCEDURE

president (of the court of appeal) may also take the measures referred to under Article s 517 to 522.

The same power belongs, on a motion to set aside, to the judge who has rendered the decision.

Where provisional enforcement is as of right, the first president (of the court of appeal) may provide for all measures specified in the second sub-Article of Article 521 and Article 522.

### Article 525
*(Decree n°81-500 of 12 May 1981, Article 23, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*

Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)

Where provisional enforcement has been refused, it may be requested, in the event of an appeal, only before the first president (of the court of appeal) who sits in a summary procedure or, as soon as the matter is referred to him, the judge in charge of preparing the file for trial and in case of urgency.

### Article 526
*(Decree n°81-500 of 12 May 1981, Article 24, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*

Decree n°2004-836 of 20 August 2004, Article 16, Official Journal of 22 August 2004, in force on 1 January 2005)

Where provisional enforcement has not been requested, or, if, having been requested, the judge has failed to rule upon it, the same may be requested, in the event of an appeal, only before the first president (of the court of appeal) who sits in a summary procedure or, ever as soon as the matter is referred to him, the judge in charge of preparing the file for trial.

## TITLE XVI
## MEANS OF REVIEW                                                                                Articles 528 to 527

### Article 527
Ordinary means of review action brought by way of an appeal and of a motion to set aside, extraordinary means of review action of third party proceedings and an appeal in cassation.

### SUB-TITLE I
### COMMON PROVISIONS                                                                      Articles 528 to 537

### Article 528
The time-limit, at the expiration of which a review action may no longer be brought, will run as from the notification of the judgement, save where the time-limit has begun to run, as provided by law, as from the day of the judgement.

The time-limit will run even against the one who notifies.

### Article 528-1
*(Decree n°89-511 of 20 July 1989, Article 13, Official Journal of 25 July 1989 in force on 15 September 1989)*

If the judgement has not been notified within a time-limit of two years as from its pronouncement, the party who has appeared will not be admissible to bring a review on the main issue following the expiration of the said time-limit.

This provision applies only to judgements that determine wholly the main issue and to those which, ruling on a procedural plea, a plea seeking a plea of non-admissibility and on all other interlocutory pleas, seeking to terminate the proceeding.

### Article 529
Where there is a joint and indivisible judgement against several parties, the notification made to one of them will cause the time-limit to run only with respect to him.

In cases where the judgement is favourable jointly or indivisibly to several parties, each of them may take advantage of the notification made by one of them.

### Article 530
The time-limit will run against a person under guardianship only from the day on which the judgement has been notified to his legal representative as well as to the subrogated guardian, if necessary, even though the latter has not been impleaded in a proceeding.

The time-limit will run against an adult under guardianship only as from the day of the notification made to the curator.

### Article 531
If, during the time-limit for the review action, there is a change in the legal capacity of the party to whom the judgement is notified, the time-limit will be interrupted.

The time-limit will run as of the notification made to the person who is entitled in the future to receiv it.

### Article 532
The time-limit will be interrupted by the death of the party to whom the judgement has been notified.

It will run as of the notification made at the domicile of the deceased person, to be reckoned from the expiration of the time-limit for the making of an inventory and deliberation where the latter notification took place prior to the expiration of these time-limits.

A notification may be made to the heirs and representatives, collectively and without indicating names and title.

### Article 533
If the party who has notified the judgement has died, the review action may be notified to the domicile of the

CODE OF CIVIL PROCEDURE

deceased person, to his heirs and representatives collectively and without indicating names and title.

A judgement may, however, be requested against the heirs and representatives only where each has been cited to appear.

**Article 534**

The person who was representing legally a party may, where his functions have ceased and where he has a personal interest, bring the review action in his own name. The review action will likewise be available against him.

**Article 535**

The party to whom a review action has been notified is deemed to, for the purposes of the notification, live at the address indicated in the notification of the judgement.

**Article 536**

Decree n°2004-836 of 20 August 2004, Article 9, Official Journal of 22 August 2004, in force on 1 January 2005)

The wrong reference of a judgement by the judges who rendered it will have no effect on the right to bring a review action.

If the review action is declared inadmissible due to such inaccuracy, the decision of inadmissibility will be notified by the clerk's office to all parties to the proceeding of the judgement. Said notification makes to run again the time-limit stipulated for the exercise of the proper action.

**Article 537**

Measures of court management will not be subject to any review action.

SUB-TITLE II
ORDINARY MEANS OF REVIEW                                Articles 543 to 541

**Article 538**

The time-limit for ordinary means of review is one month in contentious matters; it is fifteen days in non-contentious matters.

**Article 539**

The time-limit for ordinary means of review action will stay the execution of the judgement. The review action brought within the time-limit will likewise suspend execution.

**Article 540**

If the judgement has been rendered by default or if it is deemed to be adversarial, the judge has the power to relieve the defendant from the time bar resulting from the expiration of the time-limit, if the defendant, without any fault on his part, was not aware of the judgement in time to bring a review action or if he was unable to act.

The action for lifting of the time bar will be requested to the president of the competent court to entertain a motion to set aside or an appeal. The matter is referred to the president as in matters of summary procedure.

The action will be admissible only if it is filed within a reasonable time as from the moment the defendant was aware of the decision, but it can never be made later than one year from the notification of the decision; such time-limit will not stay the execution.

The president will decide without any right of review action.

If he accedes to the petition, the time-limit for a motion to set aside or appeal will run as from the day of his decision, except where the president reduces the time-limit or to order that the citation be made on a day that he will specify.

**Article 541**

Where an interested party was unable, without any fault on his part, to bring within the prescribed time-limit the review action available against a non-contentious decision, the time bar may be lifted according to the terms and conditions set out in the preceding Article.

CHAPTER I
APPEAL                                Articles 543 to 542

**Article 542**

An appeal aims at reversing or annulling by the court of appeal of a judgement rendered by a court of first instance.

SECTION I
RIGHT OF APPEAL                                Articles 543 to 560

SUB-SECTION I
JUDGEMENTS SUBJECT TO APPEAL                                Articles 543 to 545

**Article 543**

Means of appeal are available in all matters, even non-contentious ones, against judgements of first instance, save where otherwise is provided.

**Article 544**

Judgements that decide, in their operative part, or a part of the main issue and give a preparatory inquiry or interim measure may immediately be appealed against in the same way as judgements that rule upon the whole of the main

CODE OF CIVIL PROCEDURE

issue.

It will be likewise where a judgement which rules upon a procedural plea, a plea seeking a plea of non-admissibility or any other interlocutory pleas seeking the termination of the proceeding.

**Article 545**

Other judgements may be appealed against, independently of the judgements on the main issue, only in cases specified by law.

SUB-SECTION II
THE PARTIES                                                                 Articles 546 to 558

**Article 546**

The right to appeal belongs to any party that has an interest if he has not abandoned it.

In non-contentious matters, means of appeal will likewise be available to third persons to whom a judgement has been notified.

**Article 547**

In contentious matters, an appeal will be directed only against those who were parties at first instance. All those who were parties may be summoned.

In non-contentious matters, the appeal may be admissible even in the absence of other parties.

**Article 548**

An appeal may be crossed incidentally by a respondent against the appellants as well as against the other respondents.

**Article 549**

A cross-appeal may also emanate, in relation to the main or cross appeal which provokes it, from any person, even not summoned, who was a party at first instance.

**Article 550**

The cross-appeal or a provoked appeal may be brought at any stage of the proceeding even though the one who lodges the appeal was barred from acting as a principal appellant. In the latter case, it (the appeal) will not, however, be admitted if the principal appeal is not itself admissible.

The court (of appeal) may award damages against those who refrained, in a dilatory intention, from lodging a cross-appeal or a provoked appeal.

**Article 551**

The cross-appeal or the provoked appeal as above will be brought in the same manner as interlocutory claims.

**Article 552**

In the event of solidarity or indivisibility with regard to several parties, the appeal brought by one will preserve the right of appeal of the others, subject to the latter joining the proceeding.

In the same cases, an appeal directed against one of the parties will reserve the appellant's right to bring the others into the proceeding.

The court (of appeal) may order sua sponte the issue of proceeding against all interested parties.

**Article 553**

In case of indivisibility with regard to several parties, an appeal by one will produce effect with regard to the others even though they have not joined the proceeding; an appeal brought against one of them will be admissible only if all of them are summoned to join the proceeding.

**Article 554**

As far as they have an interest therein, persons who have neither been parties nor been represented at first instance or who appeared there in another capacity may intervene in an appeal.

**Article 555**

The same persons may be called before the court (of appeal) even in order to issue a judgement (against them) where the progress of the litigation entails their liability.

**Article 556**

Persons having the capacity to resort to arbitration may waiver their right to an appeal. They may do so only in cases involving rights, which may alienate freely.

**Article 557**

Waiver of the right of appeal may not be prior to the commencement of litigation.

**Article 558**

The waiver may be express or may result from the execution without reservation of a non-enforceable judgement.

The waiver loses its effect if, subsequently, another party lodges duly an appeal.

SUB-SECTION III
MISCELLANEOUS PROVISIONS                                                    Articles 559 to 560

CODE OF CIVIL PROCEDURE

**Article 559**
*(Decree n°2001-373 of 27 April 2001, Article 1, Official Journal of 29 April, in force on 1 January 2002)*

In cases where the principal appeal is dilatory or abusive, the appellant may be ordered to pay a civil fine of € 15 to € 1.500, without prejudice to any claim for damages that may be brought against him.

Such fine, collected separately from the registration costs of the decision ordering the same, may not be collected from the respondents. The latter may obtain a certified copy of the decision with the order of enforcement without being precluded therefrom by the non-payment of the fine.

**Article 560**

The appellate judge may award damages against the one who lodges the principal appeal after having failed, without any legitimate ground, to appear in the proceeding of first instance.

SECTION II
EFFECTS OF THE APPEAL                                                    Articles 561 to 568

SUB-SECTION I
THE DEVOLUTION EFFECT                                                   Articles 561 to 567

**Article 561**

An appeal challenges the already judged matter before the court of appeal so that it will freshly be judged upon its factual and legal points.

**Article 562**

An appeal brings to the cognisance of the court only those points of the judgement that it impugns expressly or tacitly and those subordinate to them.

The devolution will take place for the whole (matter) where the appeal is not limited to certain points, where it is directed to nullify the judgement or if the object of the dispute is indivisible.

**Article 563**

To support on appeal the claims submitted before a lower judge, parties may raise new grounds, produce new documents or offer new evidence.

**Article 564**
*(Decree n°81-500 of 12 May 1981, Article 25, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*

Parties may not submit to the court (of appeal) new claims except in order to set-off, to get the opponent's claims rejected or to obtain a ruling on issues arising from the intervention of a third party or from the occurrence or manifestation of a fact.

**Article 565**

Claims are not new as far as they are directed towards the same purposes as those submitted before the lower judge even where their legal ground is different.

**Article 566**

The parties may also make explicit their claims which were only virtually included in the claims and defences submitted before the lower judge and may add thereto such other claims as are collateral, consequential or complementary thereto.

**Article 567**

Counter-claim will likewise be admissible on appeal.

SUB-SECTION II
EVOCATION                                                               Article 568

**Article 568**

Where an action is brought to the court of appeal to revise a judgement ordering a preparatory inquiry or a judgement, which, ruling on a procedural plea, has put an end to the proceeding, it may evoke the points left undecided if giving a definitive solution to the matter is regarded by it as a good justice administration, after having itself given, if necessary, an inquiry order.

The evocation will not prevent the application of Article s 554, 555 and 563 and 567.

SECTION III
FINAL PROVISIONS                                                        Articles 569 to 570

**Article 569**

The appellate judge may stop, at any time of the proceeding, the enforcement of judgements wrongly characterised as final instance.

**Article 570**

The enforcement of the appellate judgement belongs to the court that has decided in the first instance or to the High Court if the latter may not entertain the enforcement of its decisions.

However, the court of appeal may, even sua sponte, decide in its judgement to enforce itself the latter save where

CODE OF CIVIL PROCEDURE

the enforcement (of the appellate judgement) is given by law to another court. Under the same reservation, the court of appeal may also designate the court, which will carry out the enforcement of its judgement if this court has jurisdiction to carry out the enforcement of court decisions.

CHAPTER II
THE MOTION TO SET ASIDE                                                           Articles 571 to 578

### Article 571
The motion to set aside aims at retracting a judgement rendered by default.
It is available only in favour of the defaulting party.

### Article 572
The motion to set aside will bring back into issue, before the same judge, the points determined by default, so that a new ruling may be given on the factual and legal grounds.
The judgement impugned by the motion to set aside will be annulled only by the judgement that retracts it.

### Article 573
*(Decree n°84-618 of 13 July 1984, Articles 4 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
The motion to set aside is made in the forms required for bringing an action before the court that has rendered the decision.
It may be made by way of a notification between advocates before courts where representation is not compulsory.
Where the motion to set aside aims at retracting a decision of a court of appeal rendered by default in a matter governed by the procedure without compulsory representation, it will be brought by way of a declaration that the party or any agent will make or address by a registered mail to the clerk's office of the court which has pronounced it. The motion to set aside will be examined and determined in accordance with the rules applicable to the procedure without compulsory representation before a court of appeal.

### Article 574
The motion to set aside must contain the grounds relied upon by the defaulting party.

### Article 575
*(Decree n°2004-836 of 20 August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005)*
In cases where the motion to set aside is made in the manner provided under Article 573 (sub-Article 2), it must, under penalty of inadmissibility, be declared to the clerk's office of the court which has rendered the decision by the advocate or avoué (~ solicitor) retained by the defaulting party within one month as from the day it is brought.

### Article 576
The matter shall be examined and determined in accordance with the rules applicable to the court that has rendered the decision impugned by the motion to set aside.

### Article 577
In a resumed proceeding, the admissibility of the claims of the plaintiff and that of the defendant will be assessed pursuant to the original action and according to ordinary rules.

### Article 578
A person who causes a second judgement to be entered against him by default will be precluded from instituting a new motion to set aside.

SUB-TITLE III
EXTRAORDINARY MEANS OF REVIEW                                                    Articles 582 to 581

### Article 579
A review action by way of extraordinary means and the time-limit given for exercising the same will not suspend the enforcement (of a court decision) save where the law provides otherwise.

### Article 580
Extraordinary means of review action will be available only in the cases specified by law.

### Article 581
*(Decree n°2001-373 of 27 April 2001, Article 1, Official Journal of 29 April 2001, in force on 1 January 2002)*
In cases of a dilatory or abusive review, its originator may be subjected to a civil fine of €15 to € 1.500 without prejudice to any claim for damages that might be brought before the court to which the review action is brought.

CHAPTER I
THIRD PARTY PROCEEDINGS                                                          Articles 582 to 592

### Article 582
Third-party proceedings aim at retracting or varying a judgement in favour of the third party who impugns it.
Third party proceedings bring back into issue, with regard to its originator, the points decided which he challenges so that a new ruling may be given on the factual and legal grounds.

CODE OF CIVIL PROCEDURE

## Article 583
*(Decree n°81-500 of 12 May 1981, Article 26, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*

Any person who shows an interest if he was neither a party to nor he is represented in the judgement which he impugns, will be admissible to bring third party proceedings.

Creditors and other assigns of a party may, however, lodge third party proceedings against a judgement rendered by cheating their rights or where they raise their grounds.

In non-contentious matters, third party proceedings will be available only to third parties to whom the decision has not been notified. They may also be available against judgements rendered as of final instance even where the decision has been notified to them.

## Article 584
In case of indivisibility with regard to several parties concerned by the impugned judgement, third party proceedings will be admissible only if all the parties are summoned to the proceeding.

## Article 585
Any judgement may be subjected to third party proceedings unless the law provides otherwise.

## Article 586
*(Decree n°81-500 of 12 May 1981, Article 27, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*

Third party proceedings are available as a main issue for thirty years as from the judgement unless otherwise provided by the law.

It may be brought without any bar in time against a judgement given in the course of another proceeding by the person against whom enforcement is sought.

In contentious matters, it will however be admissible, on behalf of a third party to whom the judgement has been notified, only within two months as of the notification, provided that the same states clearly the time-limit available to him as well as to the terms and conditions according to which the action for review may be brought. It will be likewise in non-contentious matters where a decision of final instance has been notified.

## Article 587
Third party proceedings made as the main issue will be brought before the court from which the impugned judgement emanated.

The same judges may render the decision.

Where third party proceedings are directed against a judgement rendered in a non-contentious matter, it will be brought, examined and determined in accordance with the rules governing contentious procedures.

## Article 588
Third party proceedings, incidental to a dispute brought to a court will be ruled upon by the latter if it is a superior court to the one that has rendered the judgement or, if, it being a court of a same level, no rule pertaining to public policy prevents the same. Third party proceedings will hence be brought in the same manner as provided for in relation to interlocutory claims.

In other cases, interlocutory third party proceedings will be brought, as a main claim, before the court that has rendered the decision.

## Article 589
The court before which the impugned judgement is produced may, depending on the circumstances, disregard or defer its judgement.

## Article 590
The judge, to whom the third party proceedings are brought, as the main issue or incidentally, may stay the enforcement of the impugned judgement.

## Article 591
The decision that accedes to the third party proceedings will retract or vary the impugned judgement only on the points prejudicial to the third-party making the third party proceedings. The original judgement will maintain its effects between the parties, even on the points set aside.

However, the authority of res judicata in relation to the third party proceedings will have its effect with regard to all the parties summoned to the proceeding pursuant to Article 584.

## Article 592
The judgement rendered on third party proceedings will be subject to the same review actions as the decisions of the court that has rendered it.

CHAPTER II
MOTION FOR REVISION                                                    Articles 593 to 603

## Article 593
The motion for revision aims at retracting a judgement that has become res judicata so that a new ruling may be given on factual and legal grounds.

## Article 594
Only the persons who were parties to or represented in relation to the judgement may request the revision.

CODE OF CIVIL PROCEDURE

**Article 595**

The motion for revision will be available only on the following grounds:

1. if it has come to light, subsequent to judgement, that the decision has been obtained by fraud on behalf of the party in whose favour it was rendered;

2. if, since the judgement, decisive documents that have been withheld by the act of another party have been discovered;

3. if it has been adjudicated on documents that, since the judgement, have been acknowledged or judicially declared to be false;

4. if it has been adjudicated on affidavits, testimonies or oaths that, since the judgement, have been judicially declared false.

In all these cases, the motion will be admissible only if its originator has not been able, without any fault on his behalf, to raise the ground on which he relies before that the judgement has become res judicata.

**Article 596**

The time-limit for a motion for revision is two months.

It shall run as from the date on which the party is aware of the grounds for the revision upon which he relies.

**Article 597**

All the parties to an impugned judgement must be summoned to the proceeding of the revision by the originator of the application, under penalty of inadmissibility.

**Article 598**

The motion for revision is lodged by way of citation.

However, if it is directed against a judgement given in the course of another proceeding between the same parties before the court from which the judgement emanates, the revision may be requested in the manner provided for the presentation of the grounds of defence.

**Article 599**

If a party has lodged or declares that he intends to lodge a motion for revision against a judgement given in a proceeding pending before a court other than the one which has rendered the same, the court, which deals with the matter in which the judgement was given, may, depending on the circumstances, disregard or defer its judgement until the motion for revision has been determined by the competent court.

**Article 600**

The motion for revision will be intimated to the public prosecutor.

**Article 601**

If the judge declares the motion admissible, he will rule in the same judgement on the merits of the litigation save where there is need for a further investigation.

**Article 602**

If the revision is justified only against one point of the judgement, such point alone will be revised unless the other points depend on it.

**Article 603**

A party will not be admissible to ask for the revision of a judgement that he has already impugned by this very same procedure except on grounds that became known subsequently.

The judgement that rules upon the motion for revision may be impugned only by this procedure.

CHAPTER III
APPEAL IN CASSATION                                                    Articles 605 to 604

**Article 604**

*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The appeal in cassation shall tend to ask the Court of Cassation to quash the nonconformity of the judgement to the rules of law.

SECTION I
AVAILABILITY OF APPEAL IN CASSATION                                    Articles 605 to 618-1

**Article 605**

*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The appeal in cassation shall be available only against judgements rendered in final instance.

**Article 606**

*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

Judgements in final instance that determine in their operative part a part of the main issue and orders an investigation or an interim measure may be impugned by an appeal in cassation like judgements determining the totality of the main issues in final instance.

*These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n°. 79-941, 7 Nov. 1979, Article 17*.

CODE OF CIVIL PROCEDURE

**Article 607**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
Judgements of final instance, which, while ruling on a procedural plea, a plea seeking a plea of non-admissibility or any other interlocutory plea, put an end to the proceeding, may likewise be impugned by an appeal in cassation.
*These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n°. 79-941, 7 Nov. 1979, Article 17.*

**Article 608**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
The other judgements of final instance may be impugned by way of an appeal in cassation separately from the judgements determining the merits of the case only in the cases specified by law.
*These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

**Article 609**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
Any party who has an interest will be admissible to file an appeal in cassation even where the operative part is unfavourable to him does not benefit his opponent.

**Article 610**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
In non-contentious matters, the appeal in cassation will be admissible even in the absence of an opponent.

**Article 611**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
In contentious matters, the appeal in cassation will be admissible even where a judgement has been pronounced to the benefit of or against a person who was not a party to the proceeding.

**Article 611-1**
*(Decree n°99-131 of 26 February 1999, Article 4, Official Journal of 27 February 1999 in force on 1 March 1999)*
Further to cases where the notification of the decision which may be subjected to an appeal in cassation  falls on the clerk's office of the court which has rendered it, the appeal in cassation  will be admissible only where the decision which it impugns has first been served (through a bailiff).

**Article 612**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
The time-limit for an appeal in cassation is two months, unless otherwise provided.

**Article 613**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
The time-limit will run, with regard to a decision in default, as from the day where the third party proceedings are no more admissible.

**Article 614**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
The admissibility of an interlocutory appeal in cassation, even a provoked one, follows the rules governing cross-appeals subject to provisions of Article 1010.
*The appeal in cassation  against interlocutory decisions rendered in final instance before 1 January 1980 where this procedure of review was available and if it is still admissible, may be brought until the 31 March 1980 subject to the provisions of Article 380-1 of this code, D. n. 79-941, 7 Nov. 1979, Article 18.*

**Article 615**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
In case of indivisibility with regard to several parties, the appeal in cassation of one of them will produce effect against the others even where the latter have not joined the cassation proceeding.
Under the same circumstances, the appeal in cassation brought against one will be admissible only if all have been called to the proceeding.
*The appeal in cassation  against interlocutory decisions rendered in final instance before 1 January 1980 where this procedure of review was available and if it is still admissible, may be brought until the 31 March 1980 subject to the provisions of Article 380-1 of this code, D. n. 79-941, 7 Nov. 1979, Article 18.*

**Article 616**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
Where the judgement may be rectified by virtue of Article s 463 and 464, the appeal in cassation will be available, in the manner provided under these Articles, only against a judgement ruling on the rectification.
*The appeal in cassation  against interlocutory decisions rendered in final instance before 1 January 1980 where this procedure of review was available and if it is still admissible, may be brought until the 31 March 1980 subject to the provisions of Article 380-1 of this code, D. n. 79-941, 7 Nov. 1979, Article 18.*

**Article 617**

CODE OF CIVIL PROCEDURE
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
    The contradiction in judgements may be raised where the plea of non-admissibility founded on the res judicata has unsuccessfully been argued before the trial judges.
    In this case, the appeal in cassation will be directed against the subsequent judgement in date; where the contradiction is established, it will be resolved to the benefit of the first.
    *The appeal in cassation  against interlocutory decisions rendered in final instance before 1 January 1980 where this procedure of review was available and if it is still admissible, may be brought until the 31 March 1980 subject to the provisions of Article 380-1 of this code, D. n. 79-941, 7 Nov. 1979, Article 18.*

## Article 618
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
    The contradiction in judgements may also, as an exception to the provisions of Article 605, be raised where two decisions, even not rendered in final instance, are incompatible with each other and none of them may be amendable by an ordinary review procedure. The appeal in cassation will hence be admissible even where one of the decisions had already been impugned by way of a previous appeal in cassation that was dismissed.
    In the latter event, the appeal in cassation may be brought even after the expiration of the time-limit provided under Article 612. It must be directed against the two decisions; where a contradiction is established, the Court of Cassation will quash one of the decisions or, if necessary, both of them.

## Article 618-1
*(Decree n°.81-500 of 12 May 1981, Article 28, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
    The general prosecutor attached to the Court of Cassation may, with a view to defer, in the interest of the law, a judgement to the Court of Cassation, invite the public prosecutor attached to the court that rendered the judgement to notify it to the parties. The notification will be made by the clerk of the court by registered letter with the advice of delivery slip sought.

SECTION II
EFFECTS OF THE APPEAL IN CASSATION                              Articles 619 to 639

## Article 619
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
    New grounds will not be admissible before the Court of Cassation.
    Nevertheless, the following may be raised for the first time, unless otherwise provided:
    1° legal grounds and
    2° grounds based on the impugned decision.

## Article 620
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
    The Court of Cassation may dismiss the appeal in cassation by substituting a pure legal ground to an erroneous ground; it may do so also by setting aside an erroneous legal ground but which is superfluous.
    It may, unless otherwise provided, quash the impugned decision in raising sua sponte a pure legal ground.
    *These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

## Article 621
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°.86-585 of 14 March 1986, Article 3, Official Journal of 19 March 1986)*
    If the appeal in cassation is dismissed, the party who brought it will no more be admissible to bring a new appeal in cassation against the same judgement, outside the case provided under Article 618.
    It will be likewise, where the Court of Cassation establishes its abandonment, declares the appeal in cassation inadmissible or pronounces the forfeiture.
    The respondent who has not filed an interlocutory or provoked appeal in cassation against the impugned judgement within the time-limit given under Article 1010 will no more be admissible to bring an appeal in cassation on the main issue against the impugned judgement.
    *These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

## Article 622
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
    Judgements rendered by the Court of Cassation will not be subjected to third party proceedings.
    *These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.

## Article 623
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
    The cassation may be total or partial. It is partial where it affects only certain points separable from the others.
    *These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

CODE OF CIVIL PROCEDURE

## Article 624
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The censure attached to a cassation judgement is limited to the consequence of a point that constitutes the foundation of the cassation except in case of indivisibility or necessary dependency.

*These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

## Article 625
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

On the points that it affects, a cassation will put the parties back in the situation where they had been before the judgement that is being quashed.

It will entail, without any need for a new decision, the annulment of any decision, which is the result, the implementation or enforcement of the quashed judgement, or such other decisions that are linked to the same.

*These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

## Article 626
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

As provided under Article L. 131-4 of the Code of the Judicial Organisation: "In the event of cassation, the matter will be deferred, unless otherwise provided, to another court of the same nature as the one from which emanated the squashed appeal judgement or judgement or it will be deferred to the same court composed of other judges".

*These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

## Article 627
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

As it is provided under Article L. 131-5 of the Code of the Judicial Organisation: "The Court of Cassation may quash without deferring where the cassation does not imply that there is need to rule again on the merits of the case.

It may also, while quashing without deferring, put an end to the dispute where the facts, as established and asserted supremely by the fact-trier judge, allow it to apply the appropriate rule of law.

In the latter event, it will rule on the burden of legal costs incidental to the proceeding before a trial judge.

The cassation judgement will entail compulsory execution of the judgement.

## Article 628
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°85-1330 of 17 December 1985, Article 2, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree 2001-373 of 27 April 2001, Article 1, Official Journal of 29 April 2001, in force on 1 January 2002)*
*(Decree n°2004-836 of 20 August 2004, Article 33, Official Journal of 22 August 2004, in force on 1 January 2005)*

The petitioner who has lost his appeal in cassation or whose appeal in cassation is not admitted may, where his action is declared abusive, ordered to pay a civil fine of an amount, which may not exceed € 3.000, and, within the same limits, compensation to the respondent.

N.B. Decree 2004-836 2004-08-20, Article 59: This decree will enter in force on the 1 January 2005. It will apply to pending proceedings. However, Articles 20 to 43 will apply solely to review actions directed against decisions rendered against the defendant.

## Article 629
*(Decree n°85-1330 of 17 December 1985, Article 3, Official Journal of 18 December 1985 in force on 1 January 1986)*

Without prejudice to the application of provisions of Article 700, the Court of Cassation may leave the whole or part of the legal costs to be borne by a party other than the one who has lost.

## Article 630
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The cassation judgement will entail a compulsory execution with respect to the payment of the fine, compensation and legal costs.

*These provisions apply only to appeals in cassation brought as of 1 January 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

## Article 631
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

Before the court to which the matter is transferred, the trail will be resumed at the stage of the procedure not affected by the cassation.

*These provisions apply only to appeals in cassation filed stating the 1 January of 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

## Article 632
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The parties may rely on new grounds in support of their claims.

*These provisions apply only to appeals in cassation filed stating the 1 January of 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

CODE OF CIVIL PROCEDURE

**Article 633**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The admissibility of new claims will be subject to the rules that will apply before the court whose decision has been quashed.

*These provisions apply only to appeals in cassation filed stating the 1 January of 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

**Article 634**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The parties who do not set out new grounds or new claims will be deemed to confine themselves to the points and claims that they had submitted to the court whose decision has been quashed. It will be likewise for those who do not appear.

*These provisions apply only to appeals in cassation filed stating the 1 January of 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

**Article 635**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The intervention of a third party will be subject to the same rules as those that apply before the court whose decision has been quashed.

**Article 636**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The persons who, having been a party before the court whose decision has been quashed, and who were not so before the Court of Cassation, may be summoned in the new proceeding or may voluntarily intervene therein, where the cassation affects their rights.

*These provisions apply only to appeals in cassation filed stating the 1 January of 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

**Article 637**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

Such persons may, in the same manner, take the initiative to bring their action to the court to which the matter has been transferred.

*These provisions apply only to appeals in cassation filed stating the 1 January of 1980, D. n. 79-941, 7 Nov. 1979, Article 17.*

**Article 638**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The matter will be tried again on the merits of the facts and points of law by the court to which the matter has been transferred except those points not affected by the cassation.

**Article 639**
*(Decree n°79-941 of 7 November 1979, Article 2, Official Journal of 9 November 1979 in force on 1 January 1980)*

The court to which the matter has been transferred will rule upon the burden of all court costs spend before the trial courts including those pertaining to the quashed decision.

**TITLE XVII**
**TIME-LIMITS, PROCESSES THROUGH A BAILIFF AND SERVICES**          **Articles 640 to 652**

CHAPTER I
COMPUTATION OF TIME-LIMITS                                          Articles 640 to 647

**Article 640**

Where a process or a formality must be accomplished before the expiration of a time-limit, the latter's starting point will be the date of the process, of the event, of the decision or that of the service which caused it to run.

**Article 641**

Where a time-limit is expressed in days, the day of the process, of the event, of the decision or that of service that causes it to run will not be counted

Where the time-limit is expressed in months or years, it will expire on the day of the last month or year bearing the same date as the day of the process, of the event, of the decision or of the notification that causes the time-limit to run. In the absence of an identical date, the time-limit will expire on the last day of the month.

Where a time-limit is expressed in months and in days, the months will be counted first, then the days.

**Article 642**

All time-limits will expire on the last day at midnight.

The time-limit that would normally expire on a Saturday, Sunday or a public or non working day will be extended till the first following working day.

**Article 642-1**
*(Decree n°76-1236 of 28 December 1976, Article 10, Official Journal of 30 December 1976)*

CODE OF CIVIL PROCEDURE

The provisions of Articles 640 and 642 apply likewise to time-limits within which registration and other formalities of publication must be made

**Article 643**

Where the action is brought before a court sitting in the mainland of France, the time-limits for appearances, lodging an appeal, a motion to set aside, a motion for revision and an appeal in cassation will be extended by:

1° One month for persons living in an overseas administrative department or an overseas territory;

2° Two months for persons living in a foreign country.

**Article 644**

*(Decree n°76-1236 of 28 December 1976, Article 11, Official Journal of 30 December 1976)*

Where the action is brought before a court sitting in an overseas administrative department, the time-limit for appearances, lodging an appeal, a motion to set aside, a motion for revision and an appeal in cassation will be extended by:

1° One month for persons not living in that administrative department as well as for those who live in the districts of such administrative department as specified by the order of the first president;

2° Two months for persons living aboard.

**Article 645**

The extension of time-limits provided under Articles 643 to 644 will apply in all cases not expressly excluded.

The time-limits for review before a court in electoral matters will be extended only in cases specified by law.

**Article 646**

The preceding provisions will not preclude the judges' power, in case of urgency, to abridge the time-limits for appearance or to allow to cite on a specific day.

**Article 647**

Where a process, directed to a party residing at a place where he would benefit from an extended time-limit, is served on him in person in a place where those who reside there would not benefit from such extended time-limit, the notification will comprise only the time-limits granted to the latter.

CHAPTER II
FORMS OF PROCESSES SERVED THROUGH A BAILIFF                    Articles 648 to 650

**Article 648**

Every process served through a bailiff must state, further to other particulars as otherwise prescribed:

1° its date;

2° a) if the petitioner is a natural person: his surname, first names, occupation, domicile, nationality, date and place of birth;

b) if the petitioner is a corporate entity: its form, denomination, address of its registered head office and the body serving as its legal representative.

3° the surname, first names, domicile and signature of the bailiff.

4° if the process must be served, the surname and domicile of the addressee, or, where it is a corporate entity, its denomination and registered head office.

These particulars will be prescribed under penalty of nullity.

**Article 649**

Provisions governing the nullity of pleadings will govern the nullity of processes served through a bailiff.

**Article 650**

The costs pertaining to unnecessary processes will be borne by the bailiff who served on them, without prejudice to damages that might be claimed. It will be likewise with respect to costs pertaining to processes rendered void by their fault.

CHAPTER III
FORM OF SERVICES                    Articles 653 to 652

**Article 651**

Processes are brought to the knowledge of the interested parties by notification thereof made to them.

The notification made by a process through a bailiff will take a form of service through a bailiff.

A notification may always be made by way of a service through a bailiff even if the law has provided another form.

**Article 652**

Where a party has appointed a person to represent him in court, the processes that are directed to him will be notified to his representative, subject to special rules for notification of judgments.

SECTION I
SERVICE                    Articles 653 to 664

**Article 653**

*(Decree n°89-511 of 20 July 1989, Article 14, Official Journal of 25 July 1989 in force on 15 September 1989)*

CODE OF CIVIL PROCEDURE
*(Decree n°2002-1436 of 3 December 2002, Article 24, Official Journal of 12 December 2002)*
The date of a service of a process through a bailiff is that of the day where it has been served on the person, at his domicile or residence, at the public prosecutor's office or, in the case specified under Article 659, that of the drawing up of the minutes.

### Article 654
A service must be personal.
A service on a corporate entity will be personal where the process is delivered to its legal representative, to the latter's proxy, or to any other person empowered for this purpose.

### Article 655
If the personal service is impossible to do, the process may be delivered either at the place of domicile or, in default of a known place of domicile, at the place of residence.
A copy may be delivered to any person present, in default of the caretaker of the building, or as a last resort, to any neighbour.
A copy may be left only on condition that the person present, the caretaker or the neighbour, accepts it, gives his surname, first names, capacity, and so on; in the case of a neighbour, he gives his address and a receipt.
The bailiff must leave, at all events, at the place of domicile or residence of the addressee, a dated non-delivery notice warning him of the delivery of the copy and indicating the nature of the process and the surname of the petitioner as well as providing such information relating to the person to whom the copy has been delivered.

### Article 656
If no one may or is willing to receive the copy of the process and if it appears, from the inquiries made by the bailiff to which a reference is made in the writ of service, that the addressee lives at the address indicated, the service will be deemed to have been made at the place of domicile or residence.
In the latter event, the bailiff is bound to deposit a copy of the process at the city hall on the same day, or, no later than the first day on which the city hall services are open to the public. The mayor, his deputy or the town clerk will refer in the delivery list and will give a receipt.
The bailiff will leave at the place of domicile or residence of the addressee a non-delivery notice in pursuance to the provisions of the preceding Article. Such notice must state that a copy of the process must be collected as soon as possible from the city hall, against a receipt or annotation, by the interested party or by any person specially authorised.
The copy of the process will be kept at the city hall for three months. At the expiry of this time-limit, it (the city hall) will be discharged from keeping the same.
The mayor, his deputy or the town clerk may, at the request of the addressee, will transmit a copy of the process to another city hall where it may be collected under the same conditions.

### Article 657
Where the process is not served upon a person, the bailiff must state on the copy, the particulars of the person with whom the copy was left or those of the city hall where it was handed over to the latter.
A copy of the served process must be placed in a sealed envelope bearing only the surname and address of the addressee and the stamp of the bailiff affixed on the flap of the envelope.

### Article 658
In all the cases referred to under Articles 655 and 656, the bailiff must inform the interested person of the service on the same day, or no later than the first working day, by ordinary letter containing the same particulars as the non-delivery notice and reminding him of, if a copy of the process was handed over at the city hall, the provisions of the last sub-article of Article 656; the letter will contain further a copy of the writ of service.
It will be likewise in case of service at an elected domicile or where the service has been made upon a corporate entity.
The stamp of the bailiff will be affixed on the envelope.

### Article 659
*(Decree n°84-618 of 13 July 1984, Articles 5 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*
*(Decree n°86-585 of 14 March 1986, Articles 4 and 9, Official Journal of 19 March 1986, in force on 2 May 1986)*
*(Decree n°89-511 of 20 July 1989, Article 15, Official Journal of 25 July 1989 in force on 15 September 1989)*
Where the person upon whom the process must be served does not have any known domicile, residence or place of employment, the bailiff will draw minutes in which he will narrate in detail the steps he has taken to look for the addressee of the process.
On the same day, or no later than the first following working day, under penalty of nullity, the bailiff will transmit to the addressee, at the last known address, by a registered letter with the advice of delivery slip sought, a copy of the minutes to which is annexed a copy of the process which is the subject-matter of the service.
On the same day, the bailiff will inform the addressee, by an ordinary letter, of the formality carried out.
The provisions of this Article will apply to service of a process upon a corporate entity that has no premise known at the place indicated as its head office in the Commerce and Companies Register.

### Article 660
*(Decree n°86-585 of 14 March 1986, Articles 5 and 9, Official Journal of 19 March 1986, in force on 2 May 1986)*

CODE OF CIVIL PROCEDURE

If the process is directed to a person living in an overseas territory, the service will be made at the public prosecutor's office.

The prosecutor must sign the original and transmit a copy thereof to the head of the local judicial service so that the copy will be given to the interested person according to the conditions applicable in the territory where he lives.

The bailiff must, on the same day as that of the service upon the Public Prosecutor, or no later than the first working day, transmit to the addressee, by registered letter, a certified copy of the process.

The provisions of this Article will not apply where the personal service has been done.

## Article 661

In case of service upon the Public Prosecutor, the public prosecutor will inform the bailiff of the steps taken; he will transmit to him, where applicable, the minutes or receipt proving the delivery of the copy, which is to be attached to the first original. The bailiff will make available these documents to the relevant court.

## Article 662
*(Decree n°86-585 of 14 March 1986, Articles 6 and 9, Official Journal of 19 March 1986, in force on 2 May 1986)*

If, in the cases specified under Articles 659 and 660, it is not established that the addressee has in fact been notified, the judge may order sua sponte any additional steps save where he orders provisional or protective measures necessary to safeguard the rights of the plaintiff.

## Article 663

The originals of the process of the bailiff must contain a reference of the formalities and steps to be carried out in application of the provisions of this Section, with an indication of their dates.

Where the service was not personal, the originals of the process must specify the surname and capacity of the person to whom the copy was left. It will be likewise in the case specified under Article 654 (sub-article 2).

## Article 664

No service may be made before 6 o'clock in the morning or after 9 o'clock in the evening or on Sundays, public or non-working days, except by permission of the judge in case of need.

SECTION II
SERVICE OF PROCESS IN ORDINARY FORM                           Articles 665 to 670-3

## Article 665

The service must contain all the particulars relating to the surname or to the denomination or trade name of the person from whom it emanates and relating to the domicile or the head office of that person.

It must describe the addressee in the same manner.

## Article 666

The other particulars, which must be included in the service, will be determined, according to the nature of the served process, by the special rules governing each field.

## Article 667

The service must be made by an envelope or a cover, either by post or by direct personal delivery to the addressee against annotation or receipt.

## Article 668
*(Decree n°2002-1436 of 3 December 2002, Article 25, Official Journal of 12 December 2002)*

Subject to Article 688-10, the date of the notification by post will be, with regard to the sender, the date of emission, or with respect to the person to whom it is directed, the date of reception.

## Article 669

The date of emission of a notification by post will be that which appears on the postmark of the office of emission.

The date of the delivery will be that of the receipt or the annotation.

The date of receipt of a notification made by registered letter with the advice of delivery slip sought will be that which is affixed by the postal service on the delivery of the letter to its addressee.

## Article 670

The notification will be deemed to have been made in person where the delivery slip is signed by the addressee.

## Article 670-1
*(Decree n°76-1236 of 28 December 1976, Article 12, Official Journal of 30 December 1976)*

Where a letter of notification is returned to the clerk's office of the court and which has not hence been delivered, the clerk will request the parties to proceed by way of service (through a bailiff).

## Article 670-2
*(Decree n°76-1236 of 28 December 1976, Article 12, Official Journal of 30 December 1976)*

The notification made by the clerk of a court to a person living in an overseas territory will be made by the delivery or transmission of the notification to the Public Prosecutor.

The public prosecutor will hence proceed as in matters of service (through a bailiff).

## Article 670-3
*(Decree n°2004-836 of 20 August 2004, Article 18, Official Journal of 22 August 2004, in force on 1 January 2005)*

CODE OF CIVIL PROCEDURE

Where, with respect to a notification abroad carried out by the clerk's office of the court, the translation of the process, or of any other document, is necessary, the chief clerk or the responsible person of the clerk's office of the court requests the translator.

The translator will be paid according to Article R. 122 of the Criminal Procedure Code.

The costs incurred due to the notification of the process abroad carried out by the clerk's office of the court will be fixed, advanced and collected, as costs set out by Article R. 93 (16°) of the Criminal Procedure Code.

SECTION III
NOTIFICATION BETWEEN ADVOCATES                                    Articles 671 to 674

**Article 671**

The provisions of Sections I and II will not apply to notification of process between advocates. The same will be done by service (through a bailiff) or direct notification.

**Article 672**

The service (through a bailiff) will be established by the affixing of the seal and the signature of the bailiff on the process and its copy with the indication of the date and the name of the advocate to whom it is addressed.

**Article 673**

Direct notification will be made by the delivery of two copies of the process to the advocate to whom it is addressed, who will immediately return one of the copies to the advocate (of the opposing party) after having dated and imprinted the same with a seal.

**Article 674**

The notification between avoués (solicitors) will be subject to the same rules.

SECTION IV
SPECIAL RULES FOR NOTIFICATION OF JUDGMENTS                     Articles 675 to 682

**Article 675**

Judgments will be notified by way of service (through a bailiff), save where the law provides otherwise.

In non-contentious matters, judgments will be notified by the clerk of the court by registered letter with the advice of delivery slip sought.

**Article 676**

Judgments may be notified by the delivery of a simple certified copy.

**Article 677**

Judgments will be notified to the parties themselves.

**Article 678**

Further, where representation is compulsory, the judgment must be, first, notified to the representative in the manner provided for notification between advocates, failing which the notification to the party will be null. The fulfilment of this formality must be mentioned in the notification sent to the party.

However, if the representative dies or ceases to practice, the notification will be sent only to the party, with a reference to the death or cessation of his practice (of the representative).

The time-limit for making a review action will run as from the notification to the party himself.

**Article 679**

In non-contentious matters, the judgment will be notified to the parties and to third parties whose interests may be affected by the decision as well as to the public prosecutor where a review action is available to the latter.

**Article 680**

*(Decree n°81-500 of 12 May 1981, Article 29, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The notification of a judgment to a party must contain very clearly the time-limits for a motion to set aside, appeal or appeal in cassation in the case where one of these means of review is available as well as the manner in which such review action may be brought; it will, further, indicate that the originator of an abusive or dilatory review action may be ordered to pay a civil fine and a compensation to the other party.

**Article 681**

The notification, even without reservation, will not imply acquiescence.

**Article 682**

The notification of a judgment will validly be made at the elected domicile in France of a party residing abroad.

SECTION V
SPECIAL RULES FOR INTERNATIONAL NOTIFICATIONS                  Articles 683 to 688-8

SUB-SECTION I
NOTIFICATION OF PROCESS ABROAD                                  Articles 683 to 688

**Article 683**

CODE OF CIVIL PROCEDURE
*(Decree n°76-1236 of 28 December 1976, Article 14, Official Journal of 30 December 1976)*
*(Decree n°2004-836 of 20 August 2004, Article 19, Official Journal of 22 August 2004, in force on 1 January 2005)*

The notifications made abroad will be made by way of a service (through a bailiff).

Where the notification is made by the clerk of the court, it will be proceeded with as provided under Article 670-2. The clerk of the court is then bound to discharge the same duties as a bailiff.

The provisions of this Article will not exclude the application of Treaties providing for another form of notification.

### Article 684

The service (through a bailiff) of a process addressed to a party domiciled abroad will be done to the public prosecutor's office.

The public prosecutor's office, to whom the service (through a bailiff) is made, will, as the case may be, the one attached to the court before which the action has been brought, or the one attached to the court which has given a ruling on the matter or the one competent in the place where the petitioner has his domicile. If there is no public prosecutor's office attached to the court, the service (through a bailiff) will be made to the public prosecutor's office of the High Court in whose jurisdiction the court sits.

Table of contents modified decree 76-1236 1976-12-28, Article 13.

### Article 685

The bailiff will deliver two copies of the process to the prosecutor who will sign the original.

The prosecutor will have the copies of the process sent to the Minister of Justice for transmission, except for cases where the transmission may be made from one public prosecutor's office to another.

He will attach thereto an order of the judge ordering the transmission of the process where the involvement of the judge is required by the country of destination.

Table of contents modified decree 76-1236 1976-12-28, Article 13.

*Table of contents modified Decree 76-1236-12-28, Article 13.*

### Article 686
*(Decree n°85-1330 of 17 December 1985, Article 4, Official Journal of 18 December 1985 in force on 1 January 1986)*

The bailiff must, on the same day of the service (through a bailiff) to the public prosecutor's office or no later than the first working day, transmit to the addressee, by a registered letter with the advice of delivery slip sought, a certified true copy of the process signified.

*Table of contents modified decree 76-1236 1976-12-28, Article 13.*

### Article 687

Where it is not established that the addressee of the process has had knowledge thereof in due time, the judge to whom the matter is referred may order sua sponte any additional steps save where he orders provisional or protective measures to safeguard the rights of the plaintiff.

The judge may give rogatory commission to any competent authority in view of ensuring that the addressee has had knowledge of the process and informing the addressee of the consequences of default on his part. In the latter event, the rogatory letter will be transmitted by the public prosecutor's office provided under Article 685.

*Table of contents modified decree 76-1236 1976-12-28, Article 13*

### Article 688
*(Decree n°76-1236 of 28 December 1976, Article 15, Official Journal of 30 December 1976)*

The process intended to be notified to a foreign State or a foreign diplomatic representative in France or to any other person benefiting from a legal immunity, will be notified to the public prosecutor's office and transmitted via the Minister of Justice, save where by virtue of a Treaty the transmission may be carried out in any other form.

*Table of contents modified decree 76-1236 1976-12-28, Article 13*

SUB-SECTION II
NOTIFICATION OF PROCESS COMING FROM ABROAD                    Articles 688-1 to 688-8

### Article 688-1
*(Decree n°76-1236 of 28 December 1976, Article 16, Official Journal of 30 December 1976)*

Processes, coming from a foreign State whose notification is requested by the authorities of said State, will be notified by means of a simple delivery or service through a bailiff.

*Sub-section created decree 76-1236 1976 Article 16*

### Article 688-2
*(Decree n°76-1236 of 28 December 1976, Article 16, Official Journal of 30 December 1976)*

The process addressed to the Minister of Justice will be transmitted by him to the public prosecutor before the High Court in whose jurisdiction they must be notified or to the National Chamber for Bailiffs, save where by virtue of a Treaty the transmission may be made by foreign authorities directly to the public prosecutor or to the National Chamber for Bailiffs and subject to all other forms of notification.

*Sub-section created decree 76-1236 1976 Article 16*

### Article 688-3
*(Decree n°76-1236 of 28 December 1976, Article 16, Official Journal of 30 December 1976)*

Where the notification is made under the care of the public prosecutor, it will take place by means of a simple

CODE OF CIVIL PROCEDURE
delivery and without costs.
*Sub-section created decree 76-1236 1976 Article 16*

**Article 688-4**
*(Decree n°76-1236 of 28 December 1976, Article 16, Official Journal of 30 December 1976)*
The process addressed to the National Chamber for Bailiffs will be transmitted by it to a bailiff territorially competent to serve it.
*Sub-section created decree 76-1236 1976 Article 16*

**Article 688-5**
*(Decree n°76-1236 of 28 December 1976, Article 16, Official Journal of 30 December 1976)*
The requesting party is bound to provide for the costs of the service (through a bailiff) subject to existing international conventions.
*Sub-section created decree 76-1236 1976 Article 16*

**Article 688-6**
*(Decree n°76-1236 of 28 December 1976, Article 16, Official Journal of 30 December 1976)*
The process will be notified in the language of the originating State.
However, the addressee who does not speak the language in which the process is written may refuse the notification thereof and ask for a translation or a French version annexed to it with and at the expense of the petitioner.
*Sub-section created decree 76-1236 1976 Article 16*

**Article 688-7**
*(Decree n°76-1236 of 28 December 1976, Article 16, Official Journal of 30 December 1976)*
The documents establishing the execution or failure of execution of requests of notification or service (through a bailiff) will be transmitted in return by the same means used to transmit the requests.
*Sub-section created decree 76-1236 1976 Article 16*

**Article 688-8**
*(Decree n°76-1236 of 28 December 1976, Article 16, Official Journal of 30 December 1976)*
The execution of a request for notification or service (through a bailiff) may be refused by French authority if it is of a nature affecting adversely the sovereignty or the security of the State. It may likewise be refused if the request is not presented according to the provisions of this Code.
*Sub-section created decree 76-1236 1976 Article 16*

SECTION V-1
SPECIAL RULES ON THE SERVICE AND NOTIFICATION IN OTHER          Articles 688-9 to 688-11
MEMBER STATES OF THE EUROPEAN COMMUNITY OF JUDICIAL AND EXTRAJUDICIAL
DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS

**Article 688-9**
*(Decree n°2002-1436 of 3 December 2002, Article 23, Official Journal of 12 December 2002)*
Where the document is directed to a law official, authority or another person of a Member State of the European Community, the date of the service of the judicial and extrajudicial documents in civil and commercial matters will be, with respect to the petitioner, that of the date of emission of the document by the bailiff.

**Article 688-10**
*(Decree n°2002-1436 of 3 December 2002, Article 23, Official Journal of 12 December 2002)*
Where the document is directed to a law official, authority or another person of a Member State of the European Community, the date of the notification of the judicial and extrajudicial documents in civil and commercial matters will be, with respect to the petitioner, that of the date of emission of the document.

**Article 688-11**
*(Decree n°2002-1436 of 3 December 2002, Article 23, Official Journal of 12 December 2002)*
Articles 688-9 and 688-10 will not apply to documents that must be transmitted to the Kingdom of Denmark, which is governed by Section V of this Chapter.

SECTION VI
THE PLACE WHERE DOCUMENTS ARE NOTIFIED          Articles 689 to 691

**Article 689**
Notification will be made at the place where the addressee lives if the latter is a natural person.
However, where it is made in person, the notification will be valid wherever it is delivered, including at work place.
The notification will also be validly made at the elected domicile where the law so permits or requires.

**Article 690**
The notification directed to a corporate entity of private law or a public corporation of a commercial and industrial nature will be made at its place of establishment.
In the absence of such a place, it will be made personally on one of its members empowered to receive it.

CODE OF CIVIL PROCEDURE

**Article 691**

Notifications directed to the public prosecutor and those which must be made to the public prosecutor's office, will be sent, as the case may be, to the public prosecutor's office attached to the court before which the matter is brought, or to that of the court which has given a ruling on the matter or to that of the court of the last known domicile.

If there is no public prosecutor's office attached to a court, the notification will be made at the public prosecutor's office attached to the High Court in whose jurisdiction that court sits.

SECTION VII
MISCELLANEOUS PROVISIONS                                    Articles 692 to 694

**Article 692**

Notifications directed to territorial local bodies and public corporations will be made at the place where they are located and given to any person authorised to receive them.

**Article 693**

*(Decree n°86-585 of 14 March 1986, Articles 7 and 9, Official Journal of 19 March 1986, in force on 2 May 1986)*
*(Decree n°2002-1436 of 3 December 2002, Article 26, Official Journal of 12 December 2002)*

The provisions of Article 654 to 659, 663 to 665, 672, 675, 678, 680, 683, 684, 686, 689 to 692 must be complied with under penalty of nullity.

Under penalty of nullity, the provisions of Articles 4, 6 and 7 of the Council Regulation (EC) n°1384/2000 of 29 May 2000 in the event of transmission of a legal document to another Member State of the European Community except the Kingdom of Denmark must be complied with.

**Article 694**

The nullity of notifications is governed by the provisions regulating the nullity of pleadings.

**TITLE XVIII**
**FEES AND COSTS**                                    **Articles 695 to 725-1**

CHAPTER I
THE BURDEN OF COSTS                                    Articles 695 to 700

**Article 695**

*(Decree n° 78-62 of 20 January 1978, Articles 19-I and 19-II, Official Journal of 24 January 1978)*
*(Decree n°2002-1436 of 3 December 2002, Article 27, Official Journal of 12 December 2002)*
*(Decree n°2004-836 of 20 August 2004, Article 44, Official Journal of 22 August 2004, in force on 1 January 2005)*

Costs pertaining to proceedings, processes and enforcement procedures will include:

1° The fees, taxes, government royalties or emoluments levied by the clerk's offices of courts or by the tax administration with the exception of fees, taxes and penalties which may be due on documents and titles produced in support of the claims of the parties;

2° Cost of translation of documents where the latter is rendered necessary by the law or international engagement

3° Allowance for witnesses;

4° Expert fees;

5° Fixed amount disbursements;

6° Emolument of public officers and public officers;

7° Cost of advocates to the extent that it is regulated including the closing speech dues;

8° Expenses paid due to the notification of a process abroad;

9° Cost of interpreting and translation rendered necessary by the inquiry orders to be carried out abroad at the request of courts pursuant to Council Regulation (EC) n°1206/2001 of 28 May 2001 on cooperation between courts of the Member States in the taking of evidence in civil and commercial matters.

**Article 696**

The legal cost will be borne by the losing party, unless the judge, by a reasoned decision, imposes the whole or part of it on another party.

**Article 697**

*(Decree n° 76-714 of 29 July 1976, Article 3, Official Journal of 30 July 1976)*

The advocates, avoués (solicitors) and bailiffs may be personally liable for the legal cost pertaining to the proceeding, process and enforcement procedures instituted outside the scope of their agency.

**Article 698**

*(Decree n° 76-714 of 29 July 1976, Article 4, Official Journal of 30 July 1976)*

The legal cost pertaining to unjustified proceeding, process and enforcement procedures will be borne by the representatives of the law who carried them out without prejudice to the damages that might be claimed. The same will apply to legal costs relating to proceeding, process and enforcement procedures that are null due to the fault of those representatives of the law.

**Article 699**

Advocates and avoués (solicitors) may, in matters where their representation is mandatory, request that the order to pay the legal costs gives them the right to get paid by the party ordered to pay the legal costs they had covered without

CODE OF CIVIL PROCEDURE

having been received any interim payment.

The party against whom the recovery is prosecuted may, however, deduct, by legal set-offs, the amount of his claim on legal costs.

## Article 700

*(Decree n° 76-714 of 29 July 1976, Article 5, Official Journal of 30 July 1976)*
*(Decree n° 91-1266 of 19 December 1991, Article 163, Official Journal of 20 December 1991 in force on 1 January 1992)*

As provided for under I of Article 75 of the Act n° 91-647 of 10 July 1991, in all proceedings, the judge will order the party obliged to pay for legal costs or, in default, the losing party, to pay to the other party the amount which he will fix on the basis of the sums outlayed but not included in the legal costs. The judge will take into consideration the rules of equity and the financial condition of the party ordered to pay. He may, even sua sponte, for reasons based on the same considerations, decide that there is no need for such order.

CHAPTER II
ASSESSMENT OF DISBURSEMENT TO BE RECOVERED BY THE CLERK'S            Articles 701 to 703
OFFICE

## Article 701

*(Decree n° 78-62 of 20 January 1978, Article 20, Official Journal of 24 January 1978)*

The legal costs provided under Article 695 (1° and 3°) will be quantified by the judgment ordering them or by a reference on the original by one of the judges of the court.

Certified copies of the judgment may be delivered before the assessment is made.

## Article 702

Where the amount of the assessed legal costs does not appear in the certified copy of the judgment, the clerk will deliver a writ of execution.

## Article 703

*(Decree n° 78-62 of 20 January 1978, Article 21, Official Journal of 24 January 1978)*

The assessment may be challenged according to the procedure provided under Articles 708 to 718.

CHAPTER III
VERIFICATION AND RECOVERY OF LEGAL COSTS                    Articles 704 to 718

## Article 704

*(Decree n°84-618 of 13 July 1984, Articles 7 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*

The parties may, in case of difficulty, without any formality, request the clerk of the competent court, by virtue of Article 52, to verify the amount of the legal cost stated under Article 695.

It will be likewise where the representative of the law wishes to recover the legal costs; his request will enclose a detailed breakdown that he is bound to give to the parties in accordance with the set fee regulations. The breakdown will refer to any interim payment received.

## Article 705

The clerk of the court will verify the amount of the legal costs after having made, if necessary, the required correction so that the account complies with the set fees. He will give or send by ordinary letter a certificate of verification to the interested person.

## Article 706

*(Decree n°84-618 of 13 July 1984, Articles 8 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*

The moving party will notify the verified account to the opposing party, who may challenge it within a one-month time-limit. The notification will amount to acceptance of verified account by the moving party.

Such notification must state the time-limit for the challenge and the manner in which it may be made and specify that in default of a challenge within the stated time-limit, the certificate of verification may be rendered enforceable.

## Article 707

In the absence of a challenge by the opposing party within the time-limit, the moving party may request the verifying clerk to state this on the certificate of verification. Such a statement will amount to a writ of execution.

## Article 708

*(Decree n°84-618 of 13 July 1984, Articles 9 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*

The person who wishes to challenge the verification may himself submit, at any time, a request for an assessment order; he may also do so through his representative.

The request will be made orally or in writing to the clerk's office of the court which has verified the account. It must contain the reasons thereof and be the certificate of verification must be attached to it.

## Article 709

CODE OF CIVIL PROCEDURE
*(Decree n°84-618 of 13 July 1984, Articles 10 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*
The president of the court or the judge assigned thereto will give a ruling in the form of an order with respect to the verified account and all other relevant documents after having received the defendant's observations with respect to the challenge.

**Article 710**
The judge will rule upon the assessment request as well as on the other requests relating to the recovery of legal costs.

**Article 711**
The judge will make, even sua sponte, all required corrections so as to render the account in line with the set fees. He will state, if necessary, the sums already paid by way of interim payment.

**Article 712**
*(Decree n°84-618 of 13 July 1984, Articles 11 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*
The judge has the right to refer the request, as it stands, to a court for a hearing the date of which he will fix. The clerk of the court will summon the parties at least fifteen days before (the hearing date).

**Article 713**
The clerk will imprint on the original of the assessment the order of enforcement.
Where it is subject to appeal, the notification of the order will contain, under penalty of nullity:
1° the reference that the order will become enforceable if no review action is made within the time-limit and in the manner laid down under Articles 714 and 715;
2° the terms of Article 714 and 715.

**Article 714**
The assessment order rendered by the president of a court of first instance may be challenged by any interested person by way of review before the first president of the court of appeal.
The time-limit for a review action is one month; it will not be extended due to remoteness.
The time-limit for a review action and the exercise of the review action within the time-limit will not stay the enforcement (of the order).

**Article 715**
*(Decree n°89-511 of 20 July 1989, Article 16, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
The review action will be instituted by giving or sending to the clerk's office of the court of appeal a writing that exposes the grounds for the review.
Under the penalty of inadmissibility of the review action, a copy of such writing must be transmitted simultaneously to all the parties to the main dispute.

**Article 716**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
The clerk of the court of appeal will summon the parties at least fifteen days before (the hearing date).
The president or his delegate will hear them by way of an adversarial proceeding.
He will implement or will have implemented, if necessary, all useful investigations.

**Article 717**
The first president or his delegate has the right to refer the request as it stands to a court for a hearing the date of which he will specify.

**Article 718**
*(Decree n°76-1236 of 28 December 1976, Article 17, Official Journal of 30 December 1976)*
Notifications and subpoenas are sent by registered letter with the advice of delivery slip sought.
Where the clerk of the court does that, they may be carried out by a simple notice if they are transmitted to the advocates or avoués (˜ solicitors).

CHAPTER IV
REQUESTS OR DISPUTES RELATING TO COSTS, EMOLUMENTS AND         Articles 719 to 723
DISBURSEMENTS NOT INCLUDED IN THE LEGAL COSTS

**Article 719**
*(Decree n°84-618 of 13 July 1984, Articles 12 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*
Requests or disputes relating to costs, emoluments and disbursements, which are not included in the legal costs specified under Article 695 and instituted by or against representatives of the law and public officers and court officers, will be subject to the rules set out under Articles 704 to 718.

**Article 720**

CODE OF CIVIL PROCEDURE

*(Decree n°84-618 of 13 July 1984, Articles 12 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*

Disputes relating to fees of representatives of the law or public officers or court officers in relation to which a mode of calculation has not been specified by a regulatory provision will remain subject to those special rules.

**Article 721**

*(Decree n°84-618 of 13 July 1984, Articles 12 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*

In the case of Article 720, the judge will rule according to the nature and the extent of the activities of representatives of the law or public officer or legal officers, the difficulties they were faced with and the responsibility they undertook. He will state, if necessary, the amounts already paid as interim payment, expenses or fees.

**Article 722**

[Repealed]

**Article 723**

[Repealed]

CHAPTER V

DISPUTES RELATING TO THE REMUNERATION OF EXPERTS                    Articles 724 to 725

**Article 724**

*(Decree n°76-1236 of 28 December 1976, Article 18, Official Journal of 30 December 1976)*
*(Decree n°85-1330 of 17 December 1985, Article 5, Official Journal of 18 December 1985 in force on 1 January 1986)*

The decisions set out under Articles 255, 262 and 284 given by a judge of a court of first instance or the court of appeal may be challenged by a review action before the first president of the court of appeal in the manner provided for under Articles 714 (sub-article 2) and 715 and 718. If the decision has been given by the first president of the court of appeal, it may be modified under the same conditions by the latter.

The time-limit will run against each of the parties as from the day the notification is made to him by the expert.

The review and the time-limit to bringing the same will not stay the enforcement. The review action must, under penalty of inadmissibility, be directed against all the parties and against the expert if it is not brought by the latter.

**Article 725**

*(Decree n°76-1236 of 28 December 1976, Article 19, Official Journal of 30 December 1976)*
*(Decree n°85-1330 of 17 December 1985, Article 6, Official Journal of 18 December 1985 in force on 1 January 1986)*

The notification must state, under penalty of nullity, the terms of the preceding Article as well as that of Articles 714 (sub-article 2) and 715.

CHAPTER VI

DISPUTES RELATING TO COSTS, EMOLUMENTS AND DISBURSEMENTS TO      Article 725-1
CLERKS OF COMMERCIAL COURTS

**Article 725-1**

*(Decree n°85-1330 of 17 December 1985, Article 7, Official Journal of 18 December 1985 in force on 1 January 1986)*

As an exception to Article 704 to 708, actions and disputes relating to costs, emoluments and disbursements, included or not in the legal costs of clerks of commercial courts, will be brought directly before the president of the High Court in whose jurisdiction the clerk of the commercial court carries out his business without there being any need to establish first a certificate of verification.

**TITLE XIX**

**THE CLERK'S OFFICE OF THE COURT**                    **Articles 726 to 729**

**Article 726**

The clerk's office of the court will keep a general docket of the cases brought before the court.

The general docket will indicate the date the case is filed, registration number, the name of the parties and the nature of the matter, where necessary, the chamber where the matter is allocated, the nature and the date of the decision.

**Article 727**

For every case entered on the general docket, the clerk will open a file on which is indicated, in addition to the information appearing on the docket, the name of the judge or judges who will entertain the case and, where necessary, the name of the persons who represent or assist the parties.

The process, writings and documents relating to the case will be placed and recorded in the file after having been signed by the judge or the clerk.

Decisions to which the case has given rise to, opinions and letters transmitted by the court will be referred to or placed in the file.

Where the procedure is oral, the claims of the parties or the references they make to claims they may have submitted in writing will be noted in the file or stated in the minutes.

**Article 728**

CODE OF CIVIL PROCEDURE

The clerk of the adjudicating court will keep a register in which will be entered for each hearing:
- the date of the hearing;
- the name of the judges and of the clerk;
- the name of the parties and the nature of the case;
- the particulars concerning the parties who appear in person in cases where representation is not mandatory;
- the name of the persons who represent or assist the parties at the hearing.

The clerk will likewise indicate therein whether the hearing is public or not, the incidents of the hearing and decisions rendered thereon.

Information as to the judgments pronounced will be entered in the register, which will be signed after each hearing session by the presiding judge and the clerk.

### Article 729

*(Decree n°79-941 of 7 November 1979, Articles 9 and 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

Where there is review action or a referral subsequent to a cassation, the clerk will transmit the file to the court having jurisdiction either within fifteen days of the request made to him or within the time-limit provided by special provisions.

**TITLE XX**
**LETTERS ROGATORY**                                                      **Articles 730 to 748**

CHAPTER I
INTERNAL LETTERS ROGATORY                                          Articles 730 to 732

### Article 730

Where the remoteness of the parties or persons who have to cooperate with the court or the remoteness of the place make travel too difficult or too onerous, the judge may, at the request of the parties or sua sponte, commission a court of equal or inferior rank which appears to him best placed in the territory of the French Republic to carry out all legal matters that he will deem necessary.

### Article 731

The decision will be transmitted with all the relevant documents by the clerk's office of the commissioning court to the commissioned one. On receipt, the prescribed procedure will be carried out at the initiative of the commissioned court or of the judge whom the president of that court appoints for that purpose.

The parties or persons who have to cooperate with the court will be summoned or notified directly by the commissioned court. The parties are not bound to designate an advocate or an avoué (˜ solicitor) before such court.

### Article 732

As soon as the procedure is completed, the clerk's office of the court that carried them out will transmit to the commissioning court the minutes that encloses the documents and objects annexed or deposited.

CHAPTER II
INTERNATIONAL LETTERS ROGATORY                                Articles 733 to 748

SECTION I
LETTRES ROGATORY TRANSMITTED TO A FOREIGN STATE        Articles 733 to 735

### Article 733

The judge may, at the request of the parties or sua sponte, cause to carry out in foreign State inquiries as well as other legal matters that he will deem necessary by giving letters rogatory either to a competent judicial authority in the State concerned or to French diplomatic or consular authorities.

### Article 734

The clerk of the commissioning court will transmit to the public prosecutor a certified copy of the decision that gives letters rogatory, together with a translation done upon the request of the parties.

### Article 735

The public prosecutor will transmit the letters rogatory immediately to the Minister of Justice for the purpose of transmission, unless by virtue of a Treaty the transmission may be effected directly to the foreign authority.

SECTION II
LETTRES ROGATORY COMING FROM A FOREIGN STATE          Articles 736 to 748

### Article 736

The Minister of Justice will transmit to the public prosecutor, in whose jurisdiction they must be implemented, the letters rogatory transmitted to him by foreign States.

### Article 737

The public prosecutor will transmit the letters rogatory immediately to the court having jurisdiction to implement them.

CODE OF CIVIL PROCEDURE

**Article 738**

On receipt of the letters rogatory, the prescribed procedures will be carried out at the initiative of the commissioned court or of the judge whom the president of that court will appoint for that purpose.

**Article 739**

The letters rogatory will be implemented in accordance with French law unless the foreign court has requested that it should be implemented in a particular manner.

Where so requested in the letters rogatory, the questions and answers will be transcribed or recorded in full.

**Article 740**

The parties and their representatives, even where they are aliens, may, on leave of the judge, ask questions; the question must be asked in or translated into French; similar provisions will apply to the answers given thereto.

**Article 741**

The commissioned judge will be bound to inform the commissioning court, which so requests, of the venue, date and time at which the implementation of the letters rogatory will be carried out; the foreign commissioning judge may attend the same.

**Article 742**

The judge may not refuse to implement letters rogatory on the sole ground that French law claims exclusive jurisdiction over the matter, or that it does not recognise the legal remedy sought in pursuance of the claim brought before the commissioning court, or that it does not approve of the end to which the letters rogatory is directed.

**Article 743**

The commissioned judge may refuse sua sponte or at the request of any interested person, to implement the letters rogatory where he considers that it does not fall within his duties. He must refuse the same where it is of a nature that adversely affects the sovereignty or the security of the French State.

Interested persons may likewise, in the same cases, request the commissioned judge to cancel the direction he has already given and to annul the documents recording the implementation of the letters rogatory.

**Article 744**

The public prosecutor must supervise the compliance with the fundamental principles of a trial in the implementation of the letters rogatory.

Where there is a violation of these principles, the public prosecutor or an interested party may request the commissioned judge to cancel the directions that he has already given and to annul the documents recording the implementation of the letters rogatory.

**Article 745**

If the letters rogatory was irregularly transmitted, the commissioned judge may sua sponte or at the request of the public prosecutor refuse to implement the same; he may likewise, at the request of the public prosecutor cancel the directions that he has already given and annul the documents recording the execution of the letters rogatory.

**Article 746**

The judge must give reasons for the decision whereby he refuses to implement the letters rogatory, annul the documents recording their implementation, cancel the directions that he has already given.

The parties and the public prosecutor may lodge an appeal against this decision.

The time-limit for the appeal will be fifteen days; it may not be extended on grounds of remoteness.

**Article 747**

The documents recording the implementation of letters rogatory, or the decision whereby a judge refuses to implement the same, will be transmitted to the commissioning court in the same way as the letters rogatory was transmitted to the commissioned court.

**Article 748**

The implementation of the letters rogatory will take place without expenses or taxes.

However, the sums due to witnesses, experts, interpreters as well as to any person participating in the implementation of the letters rogatory will be at the expense of the foreign authority. The same will apply to the expenses resulting from the application of a particular form of procedure at the request of the commissioning court.

**TITLE XXI**
**FINAL PROVISION**                                                                 Article 749

**Article 749**

The provisions of the this Book will apply before all courts hearing any civil, commercial, social security, agricultural or labour matters, subject to the special rules governing each matter and subject to the specific provisions governing each court.

# BOOK II
# SPECIFIC PROVISIONS RELATING TO EACH COURT                  Articles 755 to 1037

CODE OF CIVIL PROCEDURE

**TITLE I**
**SPECIFIC PROVISIONS RELATING TO THE HIGH COURT**                    **Articles 755 to 826-1**

SUB-TITLE I
PROCEDURE BEFORE THE COURT                                          Articles 755 to 807

CHAPTER I
PROCEDURE IN CONTENTIOUS MATTERS                                    Articles 755 to 754

**Article 750**
*(Decree n°94-42 of 14 January 1994, Article 8, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
The action before the court will be brought by way of writ of summons or by handing over a joint petition at the clerk's office, except for cases whereby the matter may be referred to the court by way of a simple petition or by way of a declaration.

**Article 751**
Parties are bound, save where contrary provisions apply, designate an advocate.
The designation of an advocate will entail an election of domicile.

**Article 752**
In addition to the particulars prescribed under Article 56, the writ of summons will contain, under penalty of nullity:
1° the designation of the advocate of the applicant;
2° the time-limit within which the defendant will be held to designate an advocate.

**Article 753**
*(Decree n°98-1231 of 28 December 1998, Article 13, Official Journal of 30 December 1998, in force on 1 March 1999)*
The pleadings will set out expressly the claims of the parties as well as the factual and legal grounds supporting each claim. A list of the documents in support of these claims must be attached to the pleadings.
In their final pleadings, the parties must refer to the claims and grounds submitted or referred to in the previous ones. Failing this, they will be deemed to have been abandoned and the court will rule upon only based on the final pleadings submitted.
The pleadings will be notified and documents must be sent by the advocate of one of the parties to that of the other; where there are many plaintiffs or defendants, they must be sent to all designated advocates.
Copies of pleadings must be handed over to the clerk's office together with the proof of their notification.

**Article 754**
The matter is referred to the court that will examine it in accordance with, save for urgent matters, the rules relating to ordinary procedure.

SECTION I
ORDINARY PROCEDURE                                                  Articles 755 to 787

SUB-SECTION I
COGNISANCE OF THE COURT                                             Articles 755 to 759

**Article 755**
The defendant is bound to retain an advocate within a time-limit of fifteen days, to be reckoned from the writ of summons.

**Article 756**
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
Once designated, the advocate for the defendant will inform to the one acting on behalf of the plaintiff; a copy of the notice of acting will be filed at the clerk's office.

**Article 757**
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
The matter is referred to the court, at the request of one or the other party, by way of handing over to the clerk's office of a copy of the writ of summons.
The handing over must be complied with within four months of the writ of summons, failing which it will lapse.
The lapsing will be established sua sponte by way of an order of the president or a judge to whom the matter is referred.
Lack of handing over, a petition may be brought before the president in order to establish lapsing.

**Article 758**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
The president of the court will fix the date and the time at which the case is summoned; where the same appears necessary, he will specify the bench to which it is allocated.

**Article 759**
On the appointed day, the matter must be summoned before the president of the bench to which it is allocated.

CODE OF CIVIL PROCEDURE

The latter will confer with the advocates present as to the current position of the matter.

SUB-SECTION II
SENDING (MATTERS) FOR TRIAL                                          Articles 760 to 762

**Article 760**

The president will send for trial those matters that, based on the explanations of the advocates and on the examination of the pleadings exchanged and documents transmitted, appear to him to be ready to be decided on the merits of the case.

He will send similarly for trial those matters in which the defendant has not appeared if they are ready to be decided on the merits of the case, unless he orders fresh service of the writ of summons on the defendant.

At all events, the president will declare the closure of the pre-trial examination of the matter and will fix the date of the trial. The latter may be conducted on the same day.

**Article 761**

*(Decree n°98-1231 of 28 December 1998, Article 14, Official Journal of 30 December 1998, in force on 1 March 1999)*

The president may equally decide that the advocates will appear afresh before him, on a date that he will specify, so as to confer on the matter for a last time, if he thinks that an ultimate exchange of pleadings or an ultimate exchange of documents would be sufficient to make the matter ready or that the pleadings of the parties are to be brought in line with the provisions of Article 753.

In the latter event, he will give to each advocate a time-limit necessary for the service (through a bailiff) of the pleadings and, if necessary, for the transmission of documents. His decision will be recorded by simple reference in the court's file.

On the date specified by him, the president will send the matter for trial if it has become ready within the imparted time-limit or if one of the advocates requests it, in which case he will declare the closure of the pre-trial examination (of the matter) and will specify the date of the trial. The latter may be conducted on the same day.

**Article 762**

All causes that the president does not send for trial will be examined to prepare them for trail in accordance with the provisions as laid down hereinafter.

SUB-SECTION III
EXAMINATION BEFORE THE PRE-TRIAL JUDGE                               Articles 763 to 781

**Article 763**

*(Decree n°2000-836 of 20 August 2004, Article 10, Official Journal of 22 August 2004, in force on 1 January 2005)*

The matter will be examined under the supervision of a judge of the bench to which it has been allocated.

The latter will supervise the loyal conduct of the procedure, namely as to the timely exchange of pleadings and transmission of documents.

He may hear the advocates and bring to their attention any appropriate observations.

He may order the withdrawal (of the matter) from the case-list according to the terms and conditions of Articles 382 and 383.

Art 764

The pre-trial judge will fix, progressively, the time-limits necessary for the examination of the matter, in relation to the nature, urgency and complexity of the same, and after having heard the opinion of the advocates.

He may grant extensions of time.

He may adjourn the matter for a later conference in view of favouring the resolution of the dispute.

**Article 765**

*(Decree n°98-1231 of 28 December 1998, Article 15, Official Journal of 30 December 1998, in force on 1 March 1999)*

The pre-trial judge may invite the advocates to respond to the grounds on which they have not pleaded, to provide factual and legal explanations necessary for the resolution of the dispute, and, if necessary, to bring their pleadings in accordance with the provisions of Article 753.

He may request for the originals of the documents produced in the hearings or request the handing over of a copy thereof.

**Article 766**

The pre-trial judge will order joinders and disjoinders of proceedings.

**Article 767**

The pre-trial judge, may, even sua sponte, hear the parties.

The testimony of the parties will take place in an adversarial proceeding, unless one of the parties, duly summoned, has not appeared.

**Article 768**

The pre-trial judge may establish the conciliation, even a partial one, of the parties.

**Article 768-1**

*(Decree n°84-618 of 13 July 1984, Articles 14 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*

CODE OF CIVIL PROCEDURE

The pre-trial judge may invite the parties to bring into the proceeding all interested party whose presence appears to him necessary for the resolution of the dispute.

**Article 769**

The pre-trial judge will establish the extinction of the proceeding.

**Article 770**

The pre-trial judge has the authority necessary to order the transmission, delivery and production of documents.

**Article 771**

*(Decree n°81-500 of 12 May 1981, Article 30, Official Journal of 14 May 1981)*
*(Decree n°98-1231 of 28 December 1998, Article 16, Official Journal of 30 December 1998, in force on 1 March 1999)*
*(Decree n°2004-836 of 20 August 2004, Article 11, Official Journal of 22 August 2004, in force on 1 January 2005)*

Where a claim is brought subsequent to his designation, the pre-trial judge will be, until such time where the matter is removed from him, the only competent judge, at the exclusion of any other bench of the court, to:

1. rule upon procedural pleas;
2. provide for interim payments for the proceeding;
3. provide for an interim payment to the creditor where the obligation is not seriously challengeable. The pre-trial judge may subject the enforcement of his decision to the supply of a guarantee according to the conditions stipulated in Articles 517 to 522.
4. order for such interim measures, or even protective ones, excluding attachments and interim mortgages and pledges, as well as vary or supplement, upon the occurrence of a new fact, measures already given;
5. order, even sua sponte, any investigation measure.

**Article 772**

The pre-trial judge may rule upon legal costs.

**Article 773**

A simple reference in the court's file will be made about the measures taken by the pre-trial judge; a notice will be sent to the advocates.

However, for the cases referred to under Articles 769 to 772, the pre-trial judge will rule upon by reasoned orders subject to the specific rules applicable to measures of pre-trial management.

**Article 774**

The order will be given, immediately if necessary, once advocates are heard or summoned.

The judge will subpoena the advocates to the hearing.

In case of urgency, a party may, by notification between advocates, invite the other party to appear before the judge at a date, time and venue as specified by the latter.

**Article 775**

The orders of the pre-trial judge, in relation to the main issue, will not become res judicata.

**Article 776**

*(Decree n°75-1123 of 5 December 1978, Official Journal of 9 December 1975 in force on 1 January 1976)*
*(Decree n°81-500 of 12 May 1981, Article 31, Official Journal of 14 May 1981 amendment JORF 21 May 1989)*
*(Decree n°89-511 of 20 July 1989, Article 17, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°98-1231 of 28 December 1998, Article 17, Official Journal of 30 December 1998, in force on 1 March 1999)*
*(Decree n°2004-836 of 20 August 2004, Article 12, Official Journal of 22 August 2004, in force on 1 January 2005)*

The orders of the pre-trial judge will not be subjected to a motion to set aside.

They may be subjected to an interlocutory appeal on jurisdiction where they rule upon a plea of competence, lis pendens or related cases.

They may be subjected to an appeal or to an appeal in cassation only with the judgement upon the merits of the case.

However, they will be subject to appeal in the cases of and according to the conditions provided for expertise or decision deferring. They also will be subject to appeal in fifteen days as of the service (through a bailiff):

1°. where their objective is to put an end to the proceeding or they establish its extinction;
2°. where they relate to interim measures provided for in divorce and separation from bed and board matters;
3°. where, in cases where the value of the claim exceeds the monetary jurisdiction of a final instance, they relate to interim payment that may be granted to a creditor where the obligation is not seriously challengeable.

**Article 777**

*(Decree n°98-1231 of 28 December 1998, Article 18, Official Journal of 30 December 1998, in force on 1 March 1999)*

The pre-trial judge will oversee the implementation of the measures that he has ordered, subject to the provisions of the third sub-article of Article 155.

**Article 778**

After the execution of the investigation measure, the proceeding will follow its normal course at the request of the pre-trial judge.

**Article 779**

CODE OF CIVIL PROCEDURE

Where the pre-trial management of the matter so allows, the pre-trial judge will transmit the case to the trial court for closing speeches at the date specified by the president or by himself where he had received the power to do so.

The pre-trial judge will declare the closure of the pre-trial examination. The closing date must be as near as possible to the one fixed for the closing speeches.

The pre-trial judge will entertain jurisdiction until the opening of the oral arguments.

**Article 780**
*(Decree n°98-1231 of 28 December 1998, Article 19, Official Journal of 30 December 1998, in force on 1 March 1999)*

Where one of the advocates has not submitted the pleadings within the given time-limit, the transmission to the trial court and the closing of the pre-trial examination may be decided by the (pre-trial) judge, sua sponte or at the request of the other party, except, in the latter event, the faculty of the (pre-trial) judge to refuse to do so by a reasoned order which will not be subject to appeal.

Copy of this order will be sent to the defaulting party to his actual domicile or residence.

**Article 781**

Where the advocates abstain to perform the pleadings within the given time-limit, the pre-trial judge may, sua sponte, after advising the advocates of the same, pronounce a reasoned dismissal order, which will not be subject to appeal.

Copy of that order will be sent to each of the parties by ordinary letter to their actual domicile or residence.

SUB-SECTION IV
COMMON PROVISIONS                                           Articles 782 to 787

**Article 782**

The closure of the pre-trial examination, as laid down under Articles 760, 761, 779 and 780, will be pronounced by a non-reasoned order, which will not be subject to appeal. Copy of that order will be delivered to the advocates.

**Article 783**

After the pronouncement of closure, no further pleadings may be filed nor any new document be produced in the hearings, under penalty of inadmissibility to be pronounced sua sponte.

However, motions for a voluntary intervention, pleadings relating to rents, arrears, interests and other incidental expenses that have become mature and disbursements occasioned until the opening of the oral arguments, where their breakdown may not face a serious objection, as well as motions for the revocation of the closing order is admissible.

Pleadings for the revival of proceeding from the point it reached at the time of its abatement is also admissible

**Article 784**

The closing order may be revoked only if a matter of serious gravity has appeared subsequent to its pronouncement; the designation of an advocate subsequent to the closure does not constitute, per se, a ground for revocation.

If a motion for a voluntary intervention has been filed after the closure of the pre-trial examination, the closing order will be revoked only if the court may not immediately rule upon the totality of the matter.

The closing order may be revoked sua sponte or at the request of the parties, either by a reasoned order of the pre-trial judge, or, after the opening of oral arguments, by a decision of the trial court.

**Article 785**

If he deems that the matter so necessitates, the president of the bench may assign the pre-trial judge to draw up a written minutes; exceptionally, he may assign any other judge or carry it out himself.

The minutes must explain the subject-matter of the claim and the grounds of the parties. It must specify the factual and legal issues raised by the dispute and will refer to the factors useful to clarify the debate.

The judge assigned to draw up the minutes will present the same at the hearing, before the closing speeches, without indicating his opinion.

**Article 786**

The pre-trial judge or the judge assigned to draw up the minutes may sit alone at the trial to hear the closing speeches if the advocates do not object to it. He will report the same to the court in his deliberation.

**Article 787**

The investigation order of the trial court will be implemented under the supervision of the pre-trial judge.

After the implementation of the investigation measure, the president of the bench to which the matter was allocated will send it for trial or to the pre-trial judge, as provided for under sub-section II above.

SECTION II
FIXED DATE SUMMONS                                           Articles 788 to 792

**Article 788**
*(Decree n°89-511 of 20 July 1989, Article 18, Official Journal of 25 July 1989 in force on 15 September 1989)*

Decree n°98-1231 of 28 December 1998, Article 20, Official Journal of 30 December 1998, in force on 1 March 1999)

In case of urgency, the president of the court may permit to the plaintiff, upon his petition, to summon the defendant to a fixed date. He will specify, if necessary, the bench to which the matter is allocated.

CODE OF CIVIL PROCEDURE

The petition must set out the grounds of urgency, include the pleadings of the plaintiff and identify the supporting documents.

Copy of the petition and the documents must be handed over to the president to be deposited in the court's file.

### Article 789

The writ of summons will state, under penalty of nullity, the date and time specified by the president at which the matter will be summoned as well as the bench to which it has been allocated. A copy of the petition will be annexed to the writ of summons.

The writ of summons will inform the defendant that he may consult the copy of the documents referred to in the petition at the clerk's office and command him to transmit (to the plaintiff) before the date of the hearing those documents that he intends to rely upon.

### Article 790

The defendant is held to designate an advocate before the date of the hearing.

### Article 791

*(Decree n°2004-836 of 20 August, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The matter is referred to the court by way of handing over a copy of the writ of summons at the clerk's office.

The handing over must be made before the date fixed for the hearing, failing which the writ of summons will lapse.

The expiry will be established sua sponte by the president of the bench to which the matter is allocated.

### Article 792

On the hearing date, the president will ensure that sufficient time has elapsed since the service of the writ of summons so that the summoned party may have been able to prepare his defence.

If the defendant has designated an advocate, the matter will be pleaded in short order in the stage in which it is found, even in the absence of the pleadings of the defendant or on simple oral submissions.

In case of necessity, the president of the bench may exercise the powers provided for under Article 761 or may send the matter to the pre-trial judge.

If the defendant has not designated an advocate, it will be proceeded with according to the rules laid down under Article 760.

SECTION III
JOINT PETITION                                                                      Articles 793 to 796

### Article 793

In addition to the particulars prescribed under Article 57, a joint petition must contain, under penalty of inadmissibility, the designation of the advocates by the parties.

It must be signed by the advocates designated.

### Article 794

Petitioners may, as from the joint petition, request that the matter be allocated to a single judge, or may renounce to their right to request for the transfer of the matter before a collegiate court.

### Article 795

The matter is referred to the court by way of handing over at the clerk's office of the joint petition.

### Article 796

*(Decree n°2004-836 of 20 August, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The president of the court must specify the date and time at which the matter will be summoned; if necessary, he will specify the bench to which it will be allocated.

A notice of the same will be sent to the designated advocates by the clerk's office.

It will then be proceeded with as laid down under Articles 759, 760 and 762, save in the case provided for under Article 794 where the matter would have been allocated to a judge sitting alone.

CHAPTER II
PROCEDURE IN NON-CONTENTIOUS MATTERS                               Articles 797 to 800

### Article 797

*(Decree n°76-714 of 29 July 1976, Article 6, Official Journal of 30 July 1976)*

The action will be brought by an advocate or by a public officer or a legal official in cases where the latter is empowered to act by the provisions in force.

### Article 798

The Public Prosecutor must be informed of the non-contentious matters.

### Article 799

The president of the bench to which the matter has been allocated will designate a judge rapporteur.

He will have the same powers as that of the court in order to investigate the matter.

### Article 800

The Public Prosecutor will be bound to attend to oral arguments if they take place.

CODE OF CIVIL PROCEDURE
                 CHAPTER III
                 THE SINGLE JUDGE                                              Articles 801 to 805

**Article 801**
    The allocation of a matter to a single judge may be decided upon until the fixing of a date of the hearing.
    The division of the files allocated to the single judge will be carried out by the president of the court or by the president of the bench to which they have been allocated.

**Article 802**
    Where a matter is allocated to a single judge, the latter will exercise the same powers conferred upon the court or the pre-trial judge.
    Where the matter is subsequently deferred to a collegiate court, its pre-trial investigation will be carried out, if necessary, either by the same judge who will exercise the powers of the pre-trial judge, or by the pre-trial judge, in accordance with the decision of the president of the bench.

**Article 803**
    The allocation of a matter to a single judge or its referral before a collegiate court will be recorded in the court's file. A notice of the same will be sent to the appointed advocates.
    In matters dispensed from designating an advocate, this notice will be sent to the parties by recorded letter with the advice of delivery slip sought.

**Article 804**
    The request for referral before the collegiate court allocated to the single judge must, under penalty of debarement, be brought within fifteen days as from the notice provided for  under the preceding Article, or from its receipt where it is sent to the parties themselves.
    The referral of a matter before the collegiate court by the president of the court or his delegate may be decided upon at any stage.

**Article 805**
    The provisions of the second sub-article of Article 803 and the first sub-article of Article 804 will cease to be applicable where the right to request for a referral before the collegiate court has been abandoned.

                 CHAPTER IV
                 MISCELLANEOUS PROVISIONS                                      Articles 806 to 807

**Article 806**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
    Where the matter is referred to the court by way of petition, in contentious and non-contentious matters, the parties will be informed of the trial date by the clerk of the court.

**Article 807**
    The notice will be given to the advocates by simple notice, or, where legal representation is not mandatory, it will be transmitted to the parties by recorded letter with the advice of delivery slip sought. A copy of the petition will be attached to the notice sent to the advocates or to the parties.

                 SUB-TITLE II
                 THE POWERS OF THE PRESIDENT                                   Articles 808 to 813

                 CHAPTER I
                 SUMMARY ORDERS                                                Articles 808 to 811

**Article 808**
    In all cases of urgency, the president of the High Court may order in a summary procedure all measures that do not encounter any serious challenge or which the existence of the dispute justifies.

**Article 809**
*(Decree n°85-1330 of 17 December 1985, Article 8, Official Journal of 18 December 1985)*
*(Decree n°87-434 of 17 June 1987, Article 1, Official Journal of 23 June 1987)*
    The president may always, even where confronted with a serious challenge, order in a summary procedure such protective measures or measures to restore (the parties) to (their) previous state as required, either to avoid an imminent damage or to abate a manifestly illegal nuisance.
    In cases where the existence of the obligation is not seriously challenged, he may award an interim payment to the creditor or order the mandatory performance of the obligation even where it is an obligation to do a particular thing.

**Article 810**
    The powers of the president of the High Court as provided for under the preceding two Articles extend to all matters where a summary procedure is not available.

**Article 811**
*(Decree n°92-755 of 31 July 1992, Article 305, Official Journal of 5 August 1992)*
*(Decree n°98-1231 of 28 December 1998, Article 21, Official Journal of 30 December 1998, in force on 1 March 1999)*

CODE OF CIVIL PROCEDURE

At the request of one or the other party and if the urgency of the matter requires it, the president to whom the matter is referred by way of summary procedure may send the matter for a hearing, the date of which he will specify, in view of a ruling on the merits of the case. He will ensure that the defendant is given ample time to prepare his defence. The order will amount (to bringing an action to court) It will then be proceeded with as laid down under Article 790 and under the last three sub-articles of Article 792.

CHAPTER II
ORDERS UPON PETITION                                              Articles 812 to 813

**Article 812**

The matter is referred to the president of the court by way of petition in the cases specified by law.

He may also order such urgent measures where the circumstances so demand that they must not be taken after an adversarial proceeding.

Incidental petitions relating to a pending proceeding will be presented to the president of the bench to which the matter has been allocated or to the judge to whom the matter is referred.

**Article 813**

*(Decree n°76-714 of 29 July 1976, Article 7, Official Journal of 30 July 1976)*

The petition will be presented by an advocate or by a public officer or a law official in cases where they are empowered to act by legal provisions in force.

Where it is presented in the course of a proceeding, it will mention the court to which the matter is referred.

SUB-TITLE III
MISCELLANEOUS PROVISIONS                                         Articles 814 to 826

CHAPTER I
DESIGNATION OF ADVOCATES AND PLEADINGS                           Articles 814 to 816

**Article 814**

The other parties will be informed, by way of notification between advocates, of the designation of an advocate by the defendant or by any other person who becomes party to a pending proceeding.

The deed will specify:

a) if the defendant is a natural person, his surname, names, occupation, domicile, nationality, date and place of birth;

b) if the defendant is a corporate entity, its form, denomination, head office and the body that will represent it legally.

**Article 815**

The pleadings of the parties must be signed by their advocates and notified by way of a notification between advocates. They will not be admissible as long as the particulars referred to under sub-article 2 of Article 814 have not been provided.

The service of documents produced will be validly acknowledged by the signature of the receiving advocate affixed on the list drawn by the advocate implementing the service.

**Article 816**

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The handing over to the clerk's office of a copy of the notice of acting and of the pleadings will be carried out either as of their notification or, if that has been done before bringing the action to court, at the moment of handing over of a copy of the writ of summons.

CHAPTER II
COURT ADMINISTRATION MEASURES                                    Articles 817 to 820

**Article 817**

The appointment of pre-trial judges and judges summoned to sit alone will be carried out in accordance with the terms and conditions provided for the allocation of judges in the different benches.

The president of the High Court and the presidents of the benches may exercise these specific powers.

**Article 818**

Several judges may be entrusted with the pre-trial management of a matter within the same bench; in the latter event, matters will be divided among them by the president of the bench.

**Article 819**

The pre-trial judges may be replaced at any time in case of any impeding circumstances.

**Article 820**

The president of the High Court may delegate to one or more judges the whole or part of his powers that are conferred upon him pursuant to sub-titles I and II.

The presidents of the benches may similarly delegate to other judges of their own bench the whole or part of their functions attributed to them under Sub-Title I.

CHAPTER III

CODE OF CIVIL PROCEDURE
    THE CLERK'S OFFICE                Articles 821 to 826

**Article 821**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
  The handing over to the clerk's office of a copy of a pleading or of a document may be established by a reference of the date of handing over and by the signature of the clerk of court on the copy as well as on the original that will be returned to its holder forthwith.

**Article 822**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
  The copy of the writ of summons, of the petition and of the joint petition will, as from its handing over to the clerk's office, be presented by the clerk of the court to the president of the court to allow the fixing (of the dates of hearings) and the allocation (of files).
  The decision of the president will be referred to on the margins of the copy.

**Article 823**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
  The file of the matter will be kept and updated by the clerk of the bench to which it is allocated.
  A docket that helps to know at any time the state of the matter will be created.

**Article 824**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
  With reference to Article 788, copies of the petition and documents handed over to the president will be, as well as a copy of his order, placed by the clerk in the court's file, as soon as it is created.
  If, on the day where the matter must be summoned, a copy of the writ of summons has not been handed over to the clerk's office, the clerk of the court will return sua sponte to the advocate concerned those copies that he has in his possession.

**Article 825**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
  The clerk of court will inform forthwith the advocates, whose notice of acting is known to him, of the registration number on the general register, of the date and time fixed by the president of the court for the call of the matter and the chamber to which it has been allocated.
  Said information will be sent to those advocates whose notice of acting is not yet known, as from the handing over to the clerk's office of their notice of acting.

**Article 826**
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
  The avoués (˜ solicitors) and advocates of each party will be summoned and informed by the president or by the pre-trial judge of the duty incumbent upon them, according to the method of investigation of the matter; they will be summoned or informed orally, with a marginal note and a reference in the court's file.
  Where they are not present, they will be so informed by way of a simple notice, which is dated and signed by the clerk of the court and served or deposited at the place where, the head office of the court, notifications between advocates are dispatched.
  When injunctions are pronounced, a notice must be issued.

    SUB-TITLE IV
    PROCEDURE ON A REFERRAL FROM A CRIMINAL COURT     Article 826-1

**Article 826-1**
*(Decree n°83-1155 of 23 December 1983, Article 3 and 5, Official Journal of 27 December 1983, in force on 1 January 1984)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
  Where a matter has been referred to the High Court in the manner prescribed under sub-article 2 of Article 470-1 and under Article R-41-1 of the Code of Criminal Procedure, the clerk's office will subpoena to a hearing, at least a month before, by recorded letter with the advice of delivery slip sought, the parties to the civil proceeding that had been initiated before the criminal court as well as liable third parties as referred to in the referral judgment. The clerk's office will address on the same day to the same individuals a copy of the subpoena by ordinary letter. The subpoena to which is annexed a copy of the referral judgment amounts to citation to a court of law.
  The subpoena must specify that the representation at the hearing by an advocate is mandatory and that, where they fail to appear, provisionally enforceable judgments may be entered against any party other than the victim who suffered a loss and against liable third parties as referred to in the referral judgment.
  The Social Security Institutions and the Motor Insurance Fund, if they intervene in a proceeding before the criminal

CODE OF CIVIL PROCEDURE

court, must be summoned to the same hearing by way of a recorded letter with the advice of delivery slip sought addressed by the clerk's office. A copy of the referral judgment must be annexed to the subpoena.

At the hearing, the provisions of Articles 759 to 762 must be complied with. The president of the bench may award by way of a summary judgement an interim payments in the manner as prescribed under sub-article 2 of Article 809.

### TITLE II
### SPECIFIC PROVISIONS RELATING TO THE HIGH COURT                    Articles 830 to 828

### Article 827
*(Decree n°98-1231 of 23 June 2003, Article 17, Official Journal of 25 June 2003, in force on the 15 September 2003)*

The parties may plead their causes by themselves.

They have the right to be assisted or represented.

### Article 828
*(Decree n°98-1231 of 28 December 1998, Article 22, Official Journal of 30 December 1998, in force on 1 March 1999)*
*(Council of State n°205136 of 6 April 2001, Bar of Association of Mans, Volume Lebon)*
*(Decree n°98-1231 of 23 June 2003, Article 17, Official Journal of 25 June 2003, in force on the 15 September 2003)*

The parties may be assisted or represented by:
- an advocate;
- their spouse;
- their direct line parents or relatives;
- their collateral line parents or relatives of up to the third degree inclusive;
- individuals exclusively bound to their personal or corporate service.

The State, administrative departments, towns and public bodies may be represented or assisted by a civil servant or an officer of their body.

The representative, if he is not an advocate, must have a special attorney to act.

### SUB-TITLE I
### THE ORDINARY PROCEDURE                                        Articles 830 to 829

### Article 829
*(Decree n°88-209 of 4 March 1988, Article 1, Official Journal of 5 March 1988, in force on 1 January 1989)*
*(Decree n°2003-542 of June 2003, Article 17, Article 18, Official Journal of 25 June 2003, in force on 15 September 2003)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

Before the High Court and the community court, the court action must be brought in the form of writ of summons in view of conciliation, and, in default thereof, of the pronouncement of a judgement, save the right of the plaintiff to give chance to a conciliation before issuing a writ of summons.

The action may equally be brought either by handing over to the clerk's office of a joint petition or by voluntary appearance before the judge, or, in the case envisaged in Article 847-1, by a declaration made to the clerk's office.

Want of agreement of the parties to give chance to conciliation, the judge, by a ruling not revisable by any appeal, may direct them to meet a conciliator that he will designate for this purpose, who is charged to inform them of the subject-matter and the procedure of the conciliation measure.

### CHAPTER I
### THE PREREQUISITE ATTEMPT AT CONCILIATION                      Articles 830 to 835

### Article 830
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

An action in view of a prerequisite attempt at conciliation will be brought orally or by ordinary letter, to the clerk's office.

The plaintiff must specify the surname, names, occupation and address of the parties, as well as the subject-matter of his action.

### Article 831
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The prerequisite attempt at conciliation may be conducted by the judge or by a conciliator satisfying the conditions laid down under the modified Decree n°78-381 of 20 March 1978 relating to conciliators, appointed to that end.

At all events, the parties are to appear in person.

### Article 832
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The initial period of the mission of the conciliator will not exceed one month. Said mission may be renewed once, for a similar period, at the request of the conciliator.

CODE OF CIVIL PROCEDURE

### Article 832-1
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°98-1231 of 28 December 1998, Article 23, Official Journal of 30 December 1998, in force on 1 March 1999)*
*(Decree n°2003-542 of June 2003, Article 17, Article 19 I, Official Journal of 25 June 2003, in force on 15 September 2003)*

Where the judge intends to appoint a conciliator, he will inform the parties by recorded letter with the advice of delivery slip sought and will invite them to apprise him of their acceptance within a time-limit of fifteen days.

He will notify them that want of an agreement between them, he will do as laid down under Articles 833 and 834.

The letter will specify that each party may appear before the conciliator with a person allowed by law to assist him before the judge and will recite the provisions of Article 832.

The letter addressed to the defendant will mention the surname, names, occupation and address of the plaintiff and the subject-matter of the action.

### Article 832-2
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

Once the parties have made known their acceptance, the judge will appoint a conciliator and will fix a time-limit that he will grant to him to undertake his mission.

A notice will be sent to the conciliator and to the parties. A copy of the application will be addressed to the mediator.

### Article 832-3
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The conciliator will subpoena the parties, to the venue, date and time that he will determine, to carry out the prerequisite attempt at conciliation.

### Article 832-4
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The conciliator may carry out inspection of premises.

He may, with the consent of the parties, hear the testimony of any person, whose testimony deems useful to him, save under the agreement of the former.

### Article 832-5
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The conciliator will inform the judge of the obstacles met by him in the implementation of his mission.

### Article 832-6
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The judge may bring an end at any stage to the conciliation (procedure) at the request of a party or at the initiative of the conciliator.

The judge may equally bring an end to it sua sponte where a proper conduct of the conciliation appears to have been compromised.

A notice of the same will be given to the conciliator.

The clerk's office will notify the parties of the decision of the judge, by recorded letter with the advice of delivery slip sought, which will further remind them that they have the right to bring an action before the competent court in view of the pronouncement of a judgment.

### Article 832-7
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

At the end of his mission, the conciliator will inform in writing the judge of the success or failure of the perquisite attempt at conciliation.

In case of conciliation, even a partial one, the conciliator will establish the minutes of agreement signed by the parties.

In case of a failure, the clerk's office will address to the parties a recorded letter with the advice of delivery slip sought reminding them that they have the right to bring an action to the competent court in view of the pronouncement of a judgment.

### Article 832-8
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force  on 15 September 2003)*

The application for homologation of the minutes of the agreement brought by the parties will be transmitted to the judge by the conciliator; a copy of the minutes of the agreement will be annexed thereto.

The (procedure of) homologation appertains to non-contentious matters.

### Article 832-9

CODE OF CIVIL PROCEDURE
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
The findings of the conciliator and the statements that he has taken down may not be produced nor be referred to in the subsequent course of the proceeding without the consent of the parties nor, for that matter, be produced in any other proceeding.

## Article 832-10
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
An appeal will not lie against a decision ordering or renewing the attempt at conciliation or bringing the same to an end.

## Article 833
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
When the judge undertakes himself the prerequisite attempt at conciliation, the clerk's office will inform the plaintiff by ordinary letter of the venue, date and time where it will be held.
The defendant will be summoned by ordinary letter. The subpoena will mention the surname, first names, occupation and address of the defendant as well as the subject-matter of the action.
The notice and subpoena will specify that each party may be assisted by one of the persons listed under Article 828.

## Article 834
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15  September 2003)*
Want of conciliation before the judge, the matter may be immediately determined if the parties so agree. In this case, the procedure of voluntary appearance will be followed.

## Article 835
*(Decree n°96-652 of 22 July 1996, Article 1, Official Journal of 23 July 1996)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
The action in view of a prerequisite attempt at conciliation will not suspend the running of the time-limit save where the writ of summons has been served within two months to be reckoned from, as the case may be, the date of the attempt at conciliation conducted by the judge, or from the notification referred to under the fourth sub-article of Article 832-6, or from the one referred to under the third sub-article of Article 832-7 or from the lapsing of the time-limit granted by the plaintiff to the debtor to perform his obligation.

CHAPTER II
PROCEDURE BY WAY OF WRIT OF SUMMONS FOR ALL INTENT AND          Articles 836 to 844
PURPOSES

## Article 836
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
The writ of summons must specify, under penalty of nullity, in addition to the particulars prescribed under Article 56:
1° the venue, date and time of the hearing at which the conciliation will be attempted if that has not been the case so far and, if necessary, at which the matter is ruled upon.
2° if the defendant resides outside the jurisdiction, the surname, names and address of the person at whose place he has elected domicile in France.
The originating process must specify in addition to the conditions in which the defendant may be assisted or represented, if necessary, the name of the representative of the defendant.

## Article 837
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
The writ of summons must be served at least fifteen days before the hearing date.

## Article 838
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
The matter will be referred to the judge, at the request of one or the other party, by the handing over to the clerk's office of a copy of the writ of summons.
The handing over must take place eight days before the hearing date.

## Article 839
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*
In urgent cases, the time-limit to appear and to hand over the writ of summons may be abridged by the leave of the judge.

## Article 840
*(Decree n°98-1231 of 28 December 1998, Article 24, Official Journal of 30 December 1998, in force on 1 March 1999)*

CODE OF CIVIL PROCEDURE

*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The judge will endeavour to reconcile the parties. The attempt at conciliation may be held in the judge's council chamber.

It may be conducted also by a court conciliator appointed by the judge, without any specific formality, with the consent of the parties.

### Article 841

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

Want of conciliation, the matter will be determined immediately or if it is not in good order to be considered, it will be sent for trial on an another date. In the latter event, the clerk's office will inform by ordinary letter the parties who have not been informed orally, of the date of the hearing.

### Article 842

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The resumption of the proceeding after the implementation of an investigation measure or at the expiration of a time-limit in relation to a deferment of judgment will take place upon the notice sent to the parties orally or by ordinary letter of the clerk's office.

### Article 843

*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The proceeding will be carried out orally.

The claims of the parties or the references they submit in relation to such claim as they would have brought in writing will be noted down in the court's file or in its minutes.

### Article 844

*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

The judge may invite the parties to provide such explanations that he deems necessary to the resolution of the dispute or may put them on default notice to produce within such a time-limit as he will determine such relevant documents or supporting documents as would provide guidance to him, failing which, he may discard them and determine the matter, while he may draw any such inference in relation to the abstention or refusal on behalf of a party.

CHAPTER III
JOINT PETITION AND VOLUNTARY APPEARANCE OF PARTIES                Articles 845 to 847

### Article 845

*(Decree n°2003-542 of June 2003, Article 17, Official Journal of 25 June 2003, in force on 15 September 2003)*

Parties may present their claim by joint petition; they may also appear voluntarily before a judge in view of determining the matter.

### Article 846

*(Decree n°2003-542 of June 2003, Article 17, Article 19 I, II Official Journal of 25 June 2003, in force on 15 September 2003)*

The matter may be referred to the judge either by way of handing over the joint petition, or by way of signing the minutes establishing that the parties have appeared voluntarily to have their claims judged.

The minutes will include the particulars referred to in relation to the joint petition provided for under Article 57.

### Article 847

*(Decree n°98-1231 of 28 December 1998, Article 25, Official Journal of 30 December 1998, in force on 1 March 1999)*
*(Decree n°2003-542 of June 2003, Article 17,  II Official Journal of 25 June 2003, in force on 15 September 2003)*

The judge will endeavour to reconcile the parties.

He may, with their consent and without any specific formality, appoint a court conciliator to proceed with the attempt at conciliation.

Where the parties fail to be reconciled, the judge will rule upon their contention.

CHAPTER IV
DECLARATION TO THE CLERK'S OFFICE OF THE COURT                Articles 847-1 to 847-3

### Article 847-1

*(Decree n°88-209 of 4 March 1988, Article 2, Official Journal of 5 March 1988, in force on 1 January 1989)*
*(Decree n°89-511 of 20 July 1989, Article 19, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°2003-542 of June 2003, Article 17, Article 19 III,  Official Journal of 25 June 2003, in force on 15 September 2003)*
*(Decree n°2005-460 of 14 May 2005, Article 28, Official Journal of 14 May 2005)*

Where the claim-value does not exceed € 4.000, the matter may be referred to the court by a declaration made, handed over or sent to the clerk's office of the court, whereupon it will be entered on the record.

The declaration must specify the surname, names, occupation and address of the parties, or, in relation to corporate bodies, their denomination and their head office. It will include the subject-matter of the action and a brief summary of

CODE OF CIVIL PROCEDURE

the grounds thereof.

Prescriptions and time-limits to bring the action will be suspended by the recording of the declaration.

N.B. Decree 2005-460 of 13 May 2005, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree apply to proceedings initiated after its entry into force. Articles 26 to 33 of this decree apply in Mayotte.

## Article 847-2

*(Decree n°88-209 of 4 March 1988, Article 2, Official Journal of 5 March 1988, in force on 1 January 1989)*
*(Decree n°2003-542 of June 2003, Article 17, Article 19 III, Official Journal of 25 June 2003, in force on 15 September 2003)*

The clerk of the court will subpoena the parties to the hearing by recorded letter with the advice on delivery slip sought. He will forward on the same day a copy of the subpoena by ordinary letter. The plaintiff may also be summoned orally against a marginal note.

The subpoena sent to the defendant amounts to a citation to a court of law. It will mention that, in case he fails to appear, he will incur the risk that a judgment may be entered against him on the sole arguments presented by the opposing party. A copy of the declaration will be annexed to the subpoena.

## Article 847-3

*(Decree n°98-1231 of 28 December 1998, Article 26, Official Journal of 30 December 1998, in force on 1 March 1999)*

The judge will endeavour to reconcile the parties.

He may, with their consent and without any specific formality, appoint a court conciliator to carry out the attempt at conciliation.

Where the parties fail to be reconciled, the judge will rule upon their contention.

CHAPTER V
COMPETENCE REFERRALS                                      Articles 847-4 to 847-5

## Article 847-4

*(Decree n°2003-542 of June 2003, Article 20, Official Journal of 25 June 2003, in force on 15 September 2003)*

Where he faces a serious legal difficulty concerning the application of a rule of law or the interpretation of a contract binding the parties, the community judge, after hearing the parties, will refer the case to the first instance judge by transmitting the file to him immediately.

His decision is a measure of court administration measure. It may take the form of a simple reference in the file.

The first instance judge may reopen the procedure in the state left by the community judge, save the rehearing of the parties if they have already pleaded.

## Article 847-5

*(Decree n°2003-542 of June 2003, Article 20, Official Journal of 25 June 2003, in force on 15 September 2003)*

The community judge will refer all oppositions of incompetence to the first instance judge. His decision will take the form of a simple reference in the file.

The community judge may always raise sua sponte his incompetence like the High Court in favour of the community judge.

The first instance judge will decide without any appeal whether his decision concerns merely his own competence or the competence of the community judges of his jurisdiction.

Articles 96 and 97 will apply.

SUB-TITLE II
SUMMARY JUDGEMENTS BEFORE A JUDGE OF MAGISTRATES' COURT        Articles 848 to 850

## Article 848

*(Decree n°2003-542 of June 2003, Article 17, Article 25 I, Official Journal of 25 June 2003, in force on 15 September 2003)*

In all emergency cases, a judge of magistrates' court may, within the confines of his competence, order in a summary procedure all measures which do not encounter any serious challenge or which the existence of a dispute justifies.

## Article 849

*(Decree n°85-1330 of 17 December 1985, Article 9, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°87-434 of 17 June 1987, Article 2, Official Journal of 23 June 1987)*
*(Decree n°2003-542 of June 2003, Article 17, Article 25 I, Official Journal of 25 June 2003, in force on 15 September 2003)*

A judge of magistrates' court may always, even where confronted with a serious challenge, provide in a summary procedure for such protective measures or measures to restore (the parties) to (their) previous state as required, either to avoid an imminent damage or to abate a manifestly illegal nuisance.

In cases where the existence of the obligation is not be seriously challenged, he may award an interim payment to the creditor or order the mandatory performance of the obligation even where it is an obligation to do a particular thing.

## Article 850

*(Decree n°2003-542 of June 2003, Article 17, Article 25 I, Official Journal of 25 June 2003, in force on 15 September 2003)*

CODE OF CIVIL PROCEDURE

The judge of magistrates' court will entertain the same powers in relation to disputes arising out of contract of employment when they fall within his jurisdiction.

SUB-TITLE III
EX PARTE ORDERS UPON PETITION BEFORE THE FIRST INSTANCE COURT     Articles 851 to 852

## Article 851
*(Decree n°2003-542 of June 2003, Article 17,  Article 25 II, Official Journal of 25 June 2003, in force on 15 September 2003)*

A matter is referred to the judge of magistrates' court by way of a petition in the circumstances as prescribed by law.

He may also order upon petition, within the confines of his competence, any such urgent measures where the circumstances of the case require that the said measures be taken without adversarial proceedings.

## Article 852
*(Decree n°2003-542 of June 2003, Article 17,  Article 25 II, Official Journal of 25 June 2003, in force on 15 September 2003)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The petition will be handed over or sent to the clerk's office by the plaintiff or by any person acting on his behalf.

SUB-TITLE IV
PROCEDURE ON A REFERRAL DECISION FROM A CRIMINAL COURT          Article 852-1

## Article 852-1
*(Decree n°83-1155 of 23 December 1983, Articles 4 and 5, Official Journal of 27 December 1983, in force on 1 January 1984)*
*(Decree n°2003-542 of June 2003, Article 17, Article 19 I, Official Journal of 25 June 2003, in force on 15 September 2003)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

Where a matter has been referred to the judge in the conditions laid down under sub-article 2 of Article 470-1 and in Article R. 41-1 of the Code of Criminal Procedure, the clerk's office of that judge will subpoena to a hearing, a month before, by a recorded letter with the advice of delivery slip sought, the parties to the civil proceeding instituted before the criminal court as well as liable third parties referred to in the referral judgement. The clerk's office will send on the same day to the same copies of the subpoena by ordinary letter. The subpoena, to which will be annexed a copy of the referral judgement, amounts to citation to a court.

The subpoena must specify that even if they do not appear in court, an interim enforceable judgement may be entered against the parties other than the victim of the wrong and against the liable third parties that are mentioned in the referral judgement.

The welfare institutions and the guarantee fund of motorcar, if they want to be party before a criminal court, must be summoned to the same hearing by means of a registered letter with advice of delivery slip to be sent by the clerk's office. A copy of the referral judgement will be annexed to the subpoena.

The hearing will take place as it is provided for in Articles 840 to 844. The presiding judge may grant, in a summary procedure, the payment of an interim payment within the terms provided for in sub-article 2 of article 849.

## TITLE III
## SPECIFIC PROVISIONS RELATING TO THE COMMERCIAL COURT                **Articles 855 to 853**

## Article 853
The parties may plead their causes by themselves.
They will have the right to be assisted or represented.
The representative, if he is not an advocate, must prove a special attorney.

CHAPTER I
PROCEDURE BEFORE THE COMMERCIAL COURT                Articles 855 to 861

SECTION I
BRINGING ACTION                Articles 855 to 854

## Article 854
The action before the court must be brought by writ of summons, by handing over to the clerk's office of the court a joint petition or by a voluntary appearance of the parties before the court.

SUB-SECTION I
WRIT OF SUMMONS                Articles 855 to 858

## Article 855
The writ of summons will specify, under penalty of nullity, further to the particulars prescribed under Article 56:
1° the venue, date and time of the hearing where the matter will be summoned;
2° if the plaintiff resides outside the jurisdiction, the surname, first names and address of the person at whose place he has elected domicile in France.

CODE OF CIVIL PROCEDURE

The originating process must specify furthermore the conditions under which the defendant may be assisted or represented, as well as, if necessary, the name of the representative of the plaintiff.

**Article 856**

The writ of summons must be served at least fifteen days before the hearing date.

**Article 857**

The matter may be referred to the court, at the request of one or the other party, by handing over to the clerk's office a copy of the writ of summons.

The handing over must take place at least eight days before the hearing date.

**Article 858**

In urgent cases, the time-limit to appear and the handing over of the writ of summons may be abridged by the leave of the president of the court.

In sea or air matters, the writ of summons may be served, even contemporaneously, without the leave of the president where there are parties not domiciled or if concerns urgent or interlocutory matters.

SUB-SECTION II
JOINT PETITION AND VOLUNTARY APPEARANCE OF PARTIES          Articles 859 to 860

**Article 859**

Parties may present their claim by joint petition; they may also appear voluntarily before the court in view of determining the matter.

**Article 860**

The matter may be referred to the court by way of handing over the joint petition or by the signing of the minutes establishing that the parties have appeared voluntarily to have their claims determined.

The minutes must include the particulars provided for the joint petition as under Article 57.

SECTION II
PROCEEDING                                                   Articles 862 to 861

**Article 861**

If the matter is not ready to be ruled upon, the trial bench will defer the matter to a subsequent hearing or will entrust one of its members with the task of getting the matter ready for trial as judge rapporteur.

SUB-SECTION I
JUDGE RAPPORTEUR                                             Articles 862 to 869

**Article 862**

The judge rapporteur may hear the parties.

He may invite them to provide such explanations which he deems necessary to the resolution of the dispute or order them to produce within such period as he will determine such relevant documents or supporting documents that would provide guidance to the court, failing which, he may override and return the matter to the trial bench that may determine the effect of the party's abstention or refusal.

**Article 863**

The judge rapporteur will enter on record any conciliation, even a partial one, between the parties.

**Article 864**

The judge rapporteur may implement a joinder or a disjoinder of the proceeding.

**Article 865**

The judge rapporteur may provide for, even sua sponte, any such investigation measure as necessary.

He will determine in relation to the obstacles relating to the service of documents.

He will put on record the extinction of the proceeding. In that latter event, he will rule upon, if necessary, legal expenses.

**Article 866**

The measures provided for by the judge rapporteur will be recorded by simple notes in the court's file: an advice of the same will be given to the parties.

However, in relation to the cases referred to in the preceding Article, the judge rapporteur will decide by way of a reasoned order, subject to specific rules relating to investigation measures.

**Article 867**

The orders of the judge rapporteur will not have, with reference to the main issue, the authority of res judicata.

**Article 868**

The orders of the judge rapporteur will not be open to review action per se irrespective of the judgment of the merits of the case.

However, they (the orders) may be subject to appeal either in the cases or under the terms provided for expertise or within fifteen days from the date on which they establish the extinction of the proceeding.

CODE OF CIVIL PROCEDURE

**Article 869**

The judge rapporteur may, if the parties do not so oppose, sit alone to hear the closing speeches. He will reproduce the same in his deliberation.

In other cases, he will transfer the matter before the court as soon as the pre-trial investigation allows it.

SUB-SECTION II
GENERAL PROVISIONS                                                                     Articles 870 to 871

**Article 870**

Unless the matter has been ruled upon on a first hearing, the clerk of the court will inform by ordinary letter the parties who have not been advised orally of the date of the subsequent hearings.

**Article 871**

The procedure will be conducted orally.

The claims of the parties or the references they submit in relation to such claims as they might have presented in writing will be noted down in the court's file or taken down in the form of the minutes.

CHAPTER II
POWERS OF THE PRESIDENT                                                               Articles 872 to 876

SECTION I
SUMMARY JUDGEMENTS                                                                    Articles 872 to 873

**Article 872**

In all urgent cases, the president of the Commercial Court may, within the confines of the competence of the court, order in a summary procedure, all measures that do not encounter any serious challenge or which the existence of the dispute justifies.

**Article 873**

*(Decree n°85-1330 of 17 December 1985, Article 10, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°87-434 of 17 June 1987, Article 3, Official Journal of 23 June 1987)*

The president may, within the same confines and even where confronted with a serious challenge, provide for by way of a summary procedure such protective measures or rehabilitation measures that the case justifies, either to avoid an imminent damage or to abate a manifestly illegal nuisance.

In the cases where the existence of an obligation is not seriously challenged, he may award an interim payment to the creditor or order the mandatory performance of the obligation even where it is an obligation to do.

SECTION II
EX PARTE DECREES UPON PETITION                                                        Articles 874 to 876

**Article 874**

The matter is referred to the president of the Commercial Court by way of petition in the circumstances as provided by law.

**Article 875**

He may equally order upon petition and within the confines of the competence of the court, any such urgent measures where the circumstances of the case require that the said measures be taken without adversarial proceedings.

**Article 876**

In urgent cases, the petition may be presented at the domicile of the president or at the place where he sits to perform his professional activity.

CHAPTER III
MISCELLANEOUS PROVISIONS                                                              Articles 877 to 878

**Article 877**

Commercial Courts will not entertain jurisdiction to enforce their judgments.

**Article 878**

The president of a Commercial Court may delegate to one or more members of the court part or all of his powers that are conferred unto him under this Title.

TITLE IV
**SPECIFIC PROVISIONS RELATING TO LABOUR COURTS**                                     **Article 879**

**Article 879**

*(Decree n°76-1237 of 28 December 1976, Official Journal of 30 December 1976)*
*(Council of State of 11 February 1977, Official Journal of 26 April 1977)*
*(Decree n°79-1022, of 23 November 1979, Article 12 Official Journal of 2 December 1979)*
*(Decree n°80-303 of 28 April 1980, Article 1, Official Journal of 29 April 1980)*

CODE OF CIVIL PROCEDURE

*(Decree n°81-835 of 8 September 1981, Article 1 Official Journal of 10 September 1981)*
*(Decree n°82-1073 of 15 December 1982, Article 12, Article 15, Official Journal of 21 December 1982)*
*(Decree n°87-107 of 18 February 1987, Article 16, Official Journal of 19 February 1987)*
*(Decree n°87-452 of 29 June 1987, Article 2, Official Journal of 30 June 1987)*
*(Decree n°88-765 of 17 June 1988, Article 1, Official Journal of 22 June 1988)*
*(Decree n°2001-373 of 27 April 2001, Article 1, Official Journal of 29 April 2001, in force on 1 January 2002)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The specific provisions relating to courts having cognisance of labour disputes will be the provisions of the following Articles of the Labour Code.

"BOOK 5: INDUSTRIAL DISPUTES
TITLE I PERSONAL DISPUTES. LABOUR COURTS.
CHAPTER 6: PROCEDURE BEFORE LABOUR COURTS
Article R.516

The procedure before the courts having cognisance of labour disputes will be governed by the provisions of Book I of the New Code of Civil Procedure subject to the provisions of the following code.

SECTION I: ADMISSIBILITY OF ACTIONS
Article R. 516-1

Any action arising out of an employment contract between the same parties must, whether it emanates form the plaintiff or the defendant, be joined in one single action, unless the ground of the claims arose or became apparent subsequent to the action brought to the Labour Court.

Article R. 516-2

The new claims arising out of the same employment contract will be admissible at any stage of the proceeding, even on appeal, without the same being demurrable to a motion based on the absence of an attempt at conciliation.

Courts having cognisance of labour matters will rule upon any counter-claims or pleas in compensation that, by their nature, fall within their jurisdiction, even where raised by way of grounds of appeal.

Article R. 516-3

In labour matters, the proceeding will be extinguished only where the parties fail to implement, within a time-limit of two years as referred to under Article 386 of the New Code of Civil Procedure, the steps that are expressly assigned to them by the court.

SECTION 2: ASSISTANCE AND REPRESENTATION OF PARTIES
Article R. 516-4

The parties are bound to appear in person save where a representative is acting on their behalf where there is a legitimate ground.

They may be assisted.

Article R. 516-5

The persons empowered to assist or represent the parties in labour matters are:
- employees or employers of a same line of activity;
- delegates, whether permanent or non-permanent, of trade unions or of employers' association;
- spouses;
- advocates.

The employer may also be assisted or represented by a member of the firm or of that of the branch.

Before the court of appeal, the parties may be assisted or represented by an avoué (˜ solicitor).

Article R. 516-6

The procedure will be conducted orally.

Article R. 515-7

The claims of the parties or the reference they make to claims that they might have presented in writing will be noted down in the court's file or in the form of the minutes.

SECTION 3: ACTION TO THE LABOUR COURT
Article R. 515-8

The matter is referred to Labour Court either by way of an action or by way of the voluntary presentation of the parties before the bench for conciliation.

The action to the Labour Court, even if the latter lacks jurisdiction, will suspend the running of limitation periods.

Article R. 516-9

The action will be brought to the clerk's office of the Labour Court. It may be sent by a registered letter.

It must specify the surname, occupation and addresses of the parties as well as the various grounds at issue. The clerk's office will issue or send immediately a receipt of the same to the plaintiff.

The receipt or a document annexed to it will reproduce the provisions of Articles R.516, R.516-5 and R.516-13 to R.516-20-1.

Article R. 516-10

The clerk's office, either orally on the presentation of the action or by ordinary letter that is free postage, will inform the plaintiff of the venue, date and time of the session of the conciliation bench at and on which the matter will be summoned and will invite him to bring along any useful documents.

Article R. 516-11

The clerk's office will subpoena the defendant before the conciliation bench by recorded letter with the advice of delivery slip sought. He will address on the same day a copy of that subpoena by ordinary letter that is free postage.

CODE OF CIVIL PROCEDURE

The subpoena destined to the defendant will state the name, occupation and domicile of the defendant, the venue, date and time of the session of the conciliation bench on and at which the matter will be summoned as well as the grounds of the action. It will inform further the defendant that decisions of provisionally enforceable nature may in his absence be pronounced against him by the conciliation bench on the examination of the only documents brought forward by his opponent. It will invite the defendant to bring along any useful documents. This subpoena, or any document annexed to it, will reproduce the provisions of Articles R. 516-4, R. 516-5 and R. 516-13 to R. 516-20-1.

Article R. 516-12

The subpoena of the defendant before the conciliation bench will amount to a citation to appear before a court of law, subject to the provisions under sub-article two of Article R. 516-8.

SECTION 4: CONCILIATION BENCH

Article R. 516-13

The conciliation bench will hear the parties in their submissions and will endeavour to reconcile them. Minutes will be drawn up.

Article R. 516-14

Where there is a total or partial conciliation, the minutes will mention the terms of the agreement reached. If necessary, it will specify that the agreement must be executed immediately in whole or in part before the bench for conciliation.

Article R. 516-15

Want of a total conciliation, the claims that will still be in dispute and the declarations of the parties in relation to these claims will be noted down in the file or in the minutes drawn by the clerk of the court under the supervision of the president.

Article R. 516-16

If on the date fixed for the attempt at conciliation, the plaintiff fails to appear without having shown in due time a legitimate excuse, the conciliation bench will declare the action and citation null and void. The action may only be presented afresh once only unless the conciliation bench, to which the matter is referred without any formality, will establish that the plaintiff has not been able to appear on the second action owing to an Act of God.

Article R. 516-17

Where, on the date fixed for the attempt at conciliation, the defendant fails to appear, the conciliation bench will act as indicated under Article R. 516-20, after having, if necessary, used the powers conferred upon it by virtue of Article R. 516-18.

However, where the defendant has shown cause in due time of a legitimate excuse, he will be summoned to a subsequent session of the conciliation bench by ordinary letter.

If it has become apparent that the defendant has not been served with the first subpoena, without any fault on his behalf, the conciliation bench will decide that he be summoned for the second time to a subsequent session either by recorded letter with the advice of delivery slip sought by the clerk's office or a service through a bailiff at the request of the plaintiff. This process must be done within six months of the decision of the conciliation bench under penalty of lapsing of the action recorded by the office.

Article R. 516-18

The conciliation bench may, notwithstanding the procedural plea or even where the defendant fails to appear, order:

- the issuance, if necessary, under a periodic penalty payment, of a certificate of employment, of pay slips and such other items that the employer is legally bound to issue;

- where the existence of the obligation is not seriously challenged, interim payment on salaries and other incidental payments of salaries, on commissions and on indemnities of paid holidays, of advance notice and severance pay, on the indemnity of termination of contract as referred to under Article L. 122-3-5, on indemnity referred to under IV of Article L. 122-3-8, on indemnity as referred to under Article L. 122-32-6 and on indemnity of employment insecurity as referred to under Article L, 124-4-4; the total amount of these sums to be awarded, which must be quantified by the conciliation bench, may not exceed six months salary based on the average of the three last salaries.

- any investigation measure, even sua sponte.

- any necessary measure for the conservation of evidence or objects in dispute.

The conciliation bench may quantify, provisionally, the periodic penalty payment that it has ordered.

Where this Article is applied and by way of a departure from the provisions of the last clause of Article R. 515-1, the sessions of the conciliation bench will be held in public.

Article 516-19

The decisions taken by virtue of Article R. 516-18 will always be provisional; they will not have the authority of res judicata over the main action. They will be provisionally enforceable, if necessary, on the presentation of the minutes. They may not be subject to a motion to set aside. They may be subject to an appeal or an appeal in cassation only simultaneously with the judgment on the merits, subject to specific rules in relation to expertise.

Article 516-20

Where the plaintiff and the defendant are present or are represented and that the matter is in good order for trial without the appointment of one or two rapporteurs or the recourse to an investigation measure being necessary, the conciliation bench will send the matter before the trial bench. The parties will be summoned before this office orally with a marginal note of the same having been entered on the file; in the latter event, a notice indicating the date of the hearing will be handed over to them by the clerk of the court.

Where the matter is in good order to be ruled upon immediately, and if the scheme of the hearings so allows, the conciliation bench may, subject to the approval of all parties, cause them to appear before a hearing that the trial bench

CODE OF CIVIL PROCEDURE

must hold immediately.

Where the defendant has failed to appear and that the recourse to a prior inquiry or investigation measure does not appear necessary, the conciliation bench will send the matter before the trial bench. The plaintiff may be summoned before the latter office orally with a marginal note of the same having been entered on the file; in the latter event, a notice indicating the date of the hearing will be handed over to him by the clerk of the court.

Article R. 516-20-1

The conciliation bench may fix the time-limit for the exchange of documents or notes that the parties intend to submit in support of their claims.

SECTION 5 : THE RAPPORTEUR

Article R. 516-21

In view of putting the matter in good order for trial, the conciliation bench or the trial bench may, by virtue of a decision that will not be subject to a review action, appoint one or more rapporteurs to compile, in relation to this matter, the necessary information that the Labour Court needs to decide.

One or two rapporteurs may also be appointed by the summary procedure bench, in view of compiling such information necessary to reaching a decision on behalf of this bench.

The decision that appoints one or two rapporteurs will set the time-limit to carry out their assignment.

Article R. 516-22

A rapporteur is a councillor in Labour Court. He may be part of the trial bench.

Where two rapporteurs are appointed in the same matter, one must be an employer, another one an employee. They work together in relation to their assignment.

Article R. 516-23

A rapporteur may hear the parties.

He may invite them to submit such explanations that he deems necessary to the resolution of the dispute and put them on default notice to produce within a time-limit that he will determine such documents or explanations appropriate to guiding the Labour Court, failing which he may discard them and set the matter before the trial bench which will draw such inference as proper in relation to the abstention or refusal of a party.

He may hear any person whose testimony appears useful to the manifestation of truth and carry out or order the carrying out of preparatory inquiries.

Article R. 516-24

If the parties are reconciled, even partially, the rapporteur will record the terms of the agreement reached in a minutes.

Article R. 516-25

Decisions taken by the rapporteur will always be provisional and will not become res judicata over the main action. They will be immediately enforceable and may be subject to a review action only with the judgment on the merits of the case subject to specific rules applicable to expertise.

Article R. 516-26

Unless otherwise they are orally summoned with a reference in the margins of the court file, the parties must be summoned to the trial bench by recorded letter with the advice of delivery slip sought addressed by the clerk's office that will send on the same day to the parties a copy of the subpoena by ordinary letter.

The subpoena will indicate the name, occupation and domicile of parties, the venue, date and time of the hearing as well as the point at issue.

If, on the date fixed for the judgment, the defendant does not appear, the matter will be considered on its merits of the case.

However, if the defendant has presented in due time a legitimate reason for his non-appearance, he will be summoned to a subsequent session of the trial bench by registered letter.

If it has become apparent that the defendant has not contacted, without any fault on his behalf, by the first subpoena, the trial bench will decide that he will be summoned again to a subsequent hearing either by recorded letter with the advice of delivery slip sought or by process served by a bailiff at the request of the plaintiff.

Article R. 516-26-1

In the case where the trial bench declares that the citation has lapsed according to Article 468 of the New Code of Civil Procedure, the action may be renewed once.

It will be brought directly before the trial bench according to the terms and conditions prescribed for under Article R. 516-26.

Article R. 516-27

If the parties are reconciled, even partially, the trial bench will record the terms of the agreement reached in a minutes.

If the same appears necessary, the minutes will specify that the agreement may, partially or wholly, be enforced immediately before the trial bench.

Article R. 516-28

The decisions of the trial bench will be reached by a majority vote.

If a majority may not be reached, the matter will be proceeded with as in the cases of parity of votes. The oral arguments must be resumed.

Article R. 516-29

At the end of the oral arguments and if a decision has not be pronounced at short notice, the date of reading of the judgment will be mentioned to the parties either by way of a marginal note on the court file or by way of remitting a

CODE OF CIVIL PROCEDURE

notice of the same by the clerk.

SECTION 7: SUMMARY PROCEDURE IN LABOUR COURT S

Article R. 516-30

In all cases of urgency, the summary procedure bench may, within the scope of its powers as councillors of the Labour Court, order such inquiries that will not encounter any serious challenge or that the existence of the dispute justifies.

Article R. 516-31

The summary procedure bench may always, even in the presence of a serious challenge, provide protective measures or measures to restore (the parties) to (their) previous state as required, either to avoid an imminent damage or to abate a manifestly illegal nuisance.

In cases where the existence of the obligation is not seriously challenged, he may award an interim payment to the creditor or order the mandatory performance of the obligation even where it is an obligation to do a particular thing.

Article 516-32

The application for summary procedure may be brought, at the choice of the plaintiff, either by way of a process served by a bailiff or in the conditions referred to under Article R. 516-8. Where the application is brought by way of a process served by a bailiff, a copy of the summons will be handed over to the clerk's office of the Labour Court on the day before the hearing; where the application is brought in the manner provided for under Article R. 516-8, the provisions of Articles R. 516-9 to R. 516-11 will apply.

Internal rules of the Labour Court will set the day and times of business of the summary procedure hearings. At least, one hearing per week must be provided for. If the circumstances so require, the president of the Labour Court , after having gathered the opinion of the vice-president, set one or more supplementary hearings or change the days and time of the hearing or hearings during the week.

Article R. 516-33

Articles 484, 486 and 488 to 492 of the New Code of Civil Procedure will apply to summary procedure of labour disputes.

If it appears that the action referred to it surpasses its powers and where the action is very urgent, the summary procedure bench may, with the consent of all the parties and after having attempted a conciliation in camera and in accordance with the rules laid down under Articles R. 516-13 to R. 516-15, refer the matter before the trial bench. The notification to the parties by way of a summary procedure order stating the date of the hearing of the trial bench amounts to a citation to a court to a court of law.

Article R. 516-34

The time-limit to appeal is fifteen days.

Article R. 516-35

The appeal will be brought, managed and determined as indicated under Articles R. 517-7 to 517-9.

SECTION 8: ENFORCEMENT OF JUDGMENTS

Article R. 516-36

The Labour Court may not enforce their judgments.

Article R. 516-37

The provisional enforcement of the following will be automatic:

Judgment subject to appeal only in furtherance of a counter-claim;

Judgment ordering the issuance of a certificate of employment, salary slips or such documents which the employer is held to deliver;

Judgment ordering the payment of sums by way of remuneration and indemnity referred to under Article R. 516-18, within the maximum ceiling of nine-month salaries to be calculated on the average of the last three salaries. This average will be referred to in the judgment.

SECTION 9: GENERAL AND MISCELLANEOUS PROVISIONS

Article R. 516-38

Procedural pleas must, under penalty of inadmissibility, be raised before any defence on the merits of the case or a plea of non-admissibility. They may, subject to this exception, still be raised before the trial bench.

Article R 516-39

The rapporteur or the trial bench may give all directions necessary for the protection of evidence or the objects in dispute.

Article R. 516-40

In case of parity of votes, the matter will be referred to a subsequent hearing before the conciliation bench or the trial bench, presided by an umpire judge having a casting vote held within the month of the referral.

In case of parity of votes among the summary procedure bench, the matter will be referred to a hearing presided by an umpire judge and held immediately and no later than fifteen days as of the referral.

Where a councillor of the Labour Court is hampered to sit in an umpire hearing, he will supply for his replacement by another councillor of the Labour Court of the same body and who belongs, as the case may be, to his division, chamber or summary procedure bench.

Where he does not supply for his replacement, the president or vice-president of his division or chamber or body may supply for the replacement under the same conditions.

A councillor of the Labour Court or, if necessary, the president or vice-president will immediately inform the clerk's office of this replacement.

Before the trial bench, replacements may take place only for one councillor of the Labour Court of each body.

CODE OF CIVIL PROCEDURE

If, at the umpire hearing, the bench does not meet fully, the umpire judge, at the end of the oral arguments, will rule upon solely irrespective of the number of councillors of the Labour Court present and even in the absence of any councillor, after having taken cognisance of the opinion of the other councillors present.

The provisions of Article R.516-29 apply to judgments pronounced by the bench chaired by the umpire judge.

Article R. 516-41

Where there is conciliation, abstracts of the minutes referring to the possibility of immediate total or partial enforcement of the agreement reached, may be issued. They amount to writ of execution.

Article R. 516-42

Decisions pronounced in labour matters will be notified to the litigating parties by the clerk's office of the Labour Court or that of the court of appeal of the place where they live actually, by way of a recorded letter with the advice of delivery slip sought without excluding the right of the parties to have them served by a bailiff."

The parties will be informed of the measures of court administration orally with a marginal note in the file or by ordinary letter.

Article R. 516-43

In all cases where, by virtue of the legislative provisions in force, the magistrates' court may be asked to decide in labour matters. The actions will be brought, managed and determined according to rules laid down under this Title.  In case of a review action, the procedure in labour matters will apply.

Article R. 516-44

Where a general renewal of the councillors of the Labour Court makes it impossible to decide a referral, according to the conditions stipulated under the first Sub-Article of Article L515-3, of a matter that has given rise to parity of votes prior to said renewal, the matter will be resumed, as the case may be, before the conciliation bench, the trial bench or the summary procedure bench, sitting in a new composition, under the presidency of the umpire judge.

SECTION 10: SPECIFIC PROVISIONS RELATING TO DISPUTES OF PERMANENT LAYOFF

Article 516-45

In case of review action with respect to a permanent layoff, the employer must, within eight days as of the date on which he received the subpoena to appear before the conciliation bench, lodge or send by way of a recorded letter with the advice of delivery slip sought to the clerk's office of the Labour Court the particulars referred to under Article L. 122-14-3 so that they would be put in the file of the court. The subpoena sent to the employer will remind him of this obligation.

The clerk's office, either orally at the presentation of the action or by way of a simple letter, will inform the employee that he may consult the material sent (to the clerk's office) or ask copy of the same.

Article R. 516-46

The session for conciliation referred to under Article R. 516-13 must be held within the month during which the matter is referred to the Labour Court.

Article R. 516-47

The conciliation bench will lay down the directions and time-limits necessary to manage the case or to inform the Labour Court, after having gathered the opinions of the parties and will set the time-limit for the exchange documents or pleadings that the parties intend to rely upon in support of their claims. The preparatory inquiries and investigations must be carried out within a time-limit not exceeding three months. This time-limit may be extended by the trial bench only upon the well-founded request of the commissioned expert or the rapporteur.

The conciliation bench will set the date of the hearing before the trial bench that must rule upon the matter within a time-limit not exceeding six months to be reckoned form the date on which the matter was referred to it.

Article R. 516-48

If, at the session for conciliation, a division of the Labour Court many plaintiffs refer their actions to it challenging the permanent mass dismissal, the conciliation bench will order the joinder of these actions.

CHAPTER 7: JURISDICTION OF THE LABOUR COURT AND MEANS OF REVIEW AGAINST THEIR DECISIONS

SECTION I: JURISDICTION

Article R. 517-1

The Labour Court that has the territorial jurisdiction to hear a dispute is the one in whose jurisdiction the premises, where the work is executed, are located.

If the work is executed outside premises or at home, the action will be brought before the Labour Court of the domicile of the employee.

The employee may always refer the Labour Court of the place where the employment contract was entered into or the place where the employer is established.

Any clause which directly or indirectly depart from the preceding provisions will be deemed unwritten.

Article R. 517-2

Matters will be distributed among the divisions of the Labour Court according to the rules laid down under Article L. 512-2 and which govern the attachment of employees to the various divisions.

In cases of difficulty or challenge in relation to the hearing of a matter by a division, and irrespective of the stage of the procedure at which said difficulty or challenge occurs, the file will be transmitted to the president of the Labour Court, who, after having gathered the opinion of the vice-president, will refer the matter to the division which he will designate by an order not subject to appeal.

SECTION 2: INSTITUTING MEANS OF REVIEW

Article R. 517-3

The Labour Court will give final judgements (not subject to appeal):

CODE OF CIVIL PROCEDURE

1° where the amount of the claim does not exceed a rate defined by Decree.

2° where the claim relates to the delivery, even under a periodic penalty payment, of a certificate of employment, of salary slips and of any other document that an employer is held to deliver, save where the judgment is pronounced in first resort (subject to appeal) by virtue of the amount of the other claims.

Article R. 517-4

A judgment will not be subject to appeal where the main points of the original or incidental claims do not exceed, per se, the jurisdictional value-limit of final resort of the Labour Court.

If one of the main points of the claim may be determined only subject to appeal, the Labour Court will pronounce itself on all of them, as of first resort (subject to appeal).

A judgment will not be subject to appeal if the counter-claim for damages, where it is exclusively based on the original claim, exceeds the jurisdictional value-limit of final resort.

Article R. 517-5

If a counter-claim, which has been considered as unfounded, had the effect of rendering the judgment subject to appeal, the court (of appeal) may order its originator a civil fine of € 15 to € 1.500 without excluding the damages that would be claimed.

SECTION 3: MOTION TO SET ASIDE

Article R. 517-6

The motion to set aside will be brought directly to the trial bench.

The provisions of Articles R. 516-8 to R. 516-11 will apply.

The motion to set aside will lapse if the party who brought it does not appear. It may not be renewed.

SECTION 4: APPEAL

Article R. 517-7

The time-limit to appeal is one month.

The appeal will be brought by way of a declaration that the party or any representative will make or send by way of a registered letter to the clerk's office of the court that has pronounced the judgment.

The declaration will indicate the surname, first names, occupation and domicile of the appellant as well as the name and address of the parties against which the appeal is directed. It will specify the judgment against which the appeal is brought and will mention, if necessary,  the main points of the judgment to which it is limited as well as the name and address of the representative of the appellant before the court.

Article R. 517-8

The appeal will be brought before the chamber for social and matters of the court of appeal.

Article R. 517-9

The appeal will be brought, managed and determined in accordance with the procedure without mandatory representation.

SECTION 5: APPEAL IN CASSATION

Article R. 517-10

In labour matters, the appeal in cassation will be brought, managed and determined in accordance with the procedure exempting from the auxiliary of an advocate at the Council of State and the Court of Cassation.

CHAPTER 8: RECUSALS

Article R. 518-1

Articles 341 to 355 of the New Code of Civil Procedure will govern the procedure for recusal of a councillor of the Labour Court.

Article R. 518-2

Where the application for recusal is brought before the court of appeal, it will be determined by the chamber for social and matters."

N.B. (1) By decisions n°97 407, 97 408 and 97 413 of 11 February 1977 (J.O. of 26 April 1977), the Council of State, ruling upon a dispute, has nullified Articles R. 516-21 to R. 516-25, as they result from Article 4 of Decree of 12 September 1974, as far as they allow a single rapporteur to take measures of judicial nature.

**TITLE V**
**SPECIFIC PROVISIONS RELATING TO FARM TENANCY COURT**                    **Articles 880 to 898**

      CHAPTER I
      ORDINARY PROCEDURE                                        Articles 880 to 892

## Article 880

The territorially competent farm tenancy court will be the one in whose locality the property is situated.

## Article 881

Where the farm tenancy court comprises of two divisions, the matter will be brought before the competent division with respect to the nature of the contract binding the parties.

However, if one of the divisions of the court may not be constituted or it may not operate, the matter will be brought before the other division.

## Article 882

The applicable procedure before the farm tenancy court will be the one applicable before the magistrates' court subject to the provisions as below.

CODE OF CIVIL PROCEDURE

**Article 883**

Parties are bound to appear in person, save where they may be represented and where (their absence may be) justified by a legitimate ground.

They may be assisted.

**Article 884**

Individuals empowered to assist or represent the parties are:

- an advocate,
- a bailiff,
- a family member,
- a member of a professional agricultural organisation.

**Article 885**

*(Decree n°2005-460 of 13 May 2005, article 29, Official Journal of 14 May 2005)*

The action is brought and the matter is referred to the court by way of a recorded letter with the advice of delivery slip sought or by way of a process served through a bailiff sent to the clerk's office of the court.

The actions subjected to registration in the registry of property will be brought by way of a process served by a bailiff.

N.B. Decree 2005-460 of 13 May, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree apply to proceedings initiated after its entry in force. Articles 26 to 33 of this decree apply in Mayotte.

**Article 886**

The clerk's office of the court will subpoena the parties by recorded letter with the advice of delivery slip sought, at least fifteen days before the date fixed by the president of the court. He will send to them on the same day a copy of the subpoena by ordinary letter.

N.B. Decree 2005-460 of 13 May, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree will be applicable to proceedings initiated after its entry in force. Articles 26 to 33 of this decree will apply in Mayotte.

**Article 887**

On the specified date, an attempt at conciliation will be carried out before the court of which will be recorded in minutes.

In case of non-conciliation, the minutes must specify the modes of resolution of the litigation proposed by a majority vote.

In case of non-appearance of one of the parties, his absence will be recorded in the minutes.

**Article 888**

In absence of conciliation, or in cases of a non-appearance of one of the parties, the matter will be ruled upon at a hearing whose date will be notified to the parties by the president of the court.

The parties who have not been advised orally will be summoned in the manner and time-limit as provided under Article 886. The subpoena must specify that where they fail to appear, a judgment may be entered against them on the evidence produced by their opponent.

The court has the powers laid down under Article 844.

**Article 889**

The nominated assessors and, if necessary, the substituting assessors will be summoned as laid down under Article 886.

**Article 890**

If one of the assessors is absent or recused, he will be immediately replaced by a substituting member of his category in the order of the votes won during the poll.

**Article 891**

The decisions of the farm tenancy court will be notified in its integrity to the parties within three days by the clerk's office of the court, by recorded letter with the advice of delivery slip sought.

N.B. Decree 2005-460 of 13 May, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree apply to proceedings initiated after its entry in force. Articles 26 to 33 of this decree apply in Mayotte.

**Article 892**

*(Decree n°81-500 of 12 May 1981, Article 32, Official Journal of 14 May 1981, amendment 21 May 1981)*

The decisions of the farm tenancy court may not be subjected to a motion to set aside.

Where they are subject to an appeal, they will be brought, investigated and ruled upon in accordance with the procedure without mandatory representation.

CHAPTER II

SUMMARY JUDGEMENTS                                                                    Articles 893 to 896

**Article 893**

In all cases of urgency, the president of the farm tenancy court may, within the confines of the competence of the court, order in a summary procedure all measures that will not encounter any serious challenge or which the existence of the dispute justifies.

CODE OF CIVIL PROCEDURE

**Article 894**

*(Decree n°85-1330 of 17 December 1985, Article 11, Official Journal of 18 December 1985)*
*(Decree n°87-434 of 17 June 1987, Article 4, Official Journal of 23 June 1987)*

The president may always, even where confronted with a serious challenge, provide in a summary procedure for such protective measures or measures to restore (the parties) to (their) previous state as required, either to avoid an imminent damage or to abate a manifestly illegal nuisance.

In cases where the existence of the obligation is not seriously challenged, he may award an interim payment to the creditor or order the mandatory performance of the obligation even where it is an obligation to do a particular thing.

**Article 895**

[Repealed]

**Article 896**

The time-limit to lodge an appeal is fifteen days.

The appeal will be brought, investigated and ruled upon as stipulated under Article 892.

CHAPTER III
EX PARTE ORDERS UPON PETITION                                    Articles 897 to 898

**Article 897**

The matter is referred to the president of the farm tenancy court by way of a petition in the cases provided by law.

He may also order upon petition, within the confines of the competence of the court, such urgent measures where the circumstances so demand that they are not dealt with by way of adversarial proceeding.

**Article 898**

If a petition has not been successful, the appeal will be brought, investigated and ruled upon as stipulated under Article 892.

The time-limit to lodge an appeal is fifteen days.

**TITLE VI**
**SPECIFIC PROVISIONS RELATING TO THE COURT OF APPEAL**          **Articles 901 to 972**

SUB-TITLE I
PROCEDURE BEFORE THE FULL BENCH DIVISION                         Articles 901 to 955-2

CHAPTER I
PROCEDURE IN CONTENTIOUS MATTERS                                 Articles 901 to 899

**Article 899**

Parties are held to, save where dispensed with the same, designate an advocate.

The designation of the avoué (˜ solicitor) will entail with it the election of domicile.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

SECTION I
THE PROCEDURE WITH MANDATORY REPRESENTATION                      Articles 901 to 900

**Article 900**

The appeal will be brought by a unilateral declaration or by a joint petition.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

SUB-SECTION I
ORDINARY PROCEDURE                                               Articles 901 to 916

**Article 901**

*(Decree n°2004-836 of 20 August 2004, Article 21, Official Journal of 22 August 2004, in force on 1 January 2005)*

A declaration of appeal will be brought by a process specifying, under penalty nullity:

1° a) if the appellant is a natural person: his surname, first names, domicile, nationality, date and place of birth;

b) if the appellant is a corporate body: its form, denomination, its head office and the body would represent it legally;

2° the surname and first names of the respondent or if the latter is a corporate body its denomination and its head office;

3° the designation of the advocate of the appellant;

4° the judgement (concerned by the appeal);

5° the court to which the appeal is brought.

The declaration must specify, if necessary, the points the judgment to which the appeal is limited and the name of

CODE OF CIVIL PROCEDURE

the advocate designated to assist the appellant before the court.

It must be signed by an avoué (˜ solicitor). A copy of the decision must be attached to the declaration. It amounts to an application for registration in the case-list.

N.B. Decree 2004-836 2004-08-20, Article 59: This decree will enter into force on the 1 January 2005. It will apply to pending proceedings. However, Articles 20 to 43 will apply only to review actions directed against decisions pronounced as of the 1 of January 2005.

### Article 902
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The declaration will be handed over to the clerk's office of the court in as many copies as the number of respondents, plus two more.

The handing over will be established by the reference of its date and the signature of the clerk of the court on each of the copies of which one will be immediately given (to the appellant).

### Article 903
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk of the court will send straight away, by ordinary letter, to each of the respondent, a copy of the declaration that states the obligation to designate an avoué (˜ solicitor).

Where this copy is sent to him by the postal services, the clerk of the court will forward the same to the avoué (˜ solicitor) of the appellant, who will follow the provisions of Article 908.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

### Article 904
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

As soon as he is designated, the avoué (˜ solicitor) of the respondent will inform the one acting on behalf of the appellant; a copy of the notice of acting will be handed over to the clerk's office.

### Article 907
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The first president must specify the chamber to which the matter is allocated.

Notice of the same must be given by the clerk of the court to the designated avoués (˜ solicitors).

### Article 908
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

Where a party has not designated any avoué (˜ solicitor) in the letter sent by the clerk of the court, the appellant will summon him by serving (through a bailiff) on him the declaration of appeal.

The writ of summons must specify, under penalty nullity, that where the respondent fails to designate an avoué (˜ solicitor) within fifteen days, he will face a judgment that may be entered against him on the sole material brought forward by his opponent.

### Article 909
Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)

Pleadings must be notified and documents exchanged by the avoué (˜ solicitor) of each of the parties to the other one; where there are many appellants and respondents, they (pleadings and documents) must be given to all designated avoués (˜ solicitors).

A copy of the pleadings must be handed over to the clerk's office with the evidence of notification.

### Article 910
*(Decree n°85-1330 of 17 December 1985, Article 12, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°98-1231 of 28 December 1998, Article 27, Official Journal of 30 December 1998, in force on 1 March 1999)*
Decree n°2004-836 of 20 August 2004, Article 23, Official Journal of 22 August 2004, in force on 1 January 2005)

The matter will be investigated, under the supervision of a judge of the chamber to which it has been allocated, in the manner prescribed under Articles 763 to 787 and by the following provisions.

Where the matter seems of a urgent nature or ready to be ruled upon or the appeal concerns a summary order, the president of the chamber to which the matter is referred will fix, sua sponte or at the request of one party, at short notice the hearing date at which the matter will be summoned; on the specified date, the procedure prescribed under Articles 760 to 762 will be followed.

N.B. Decree 2004-836 2004-08-20, Article 59: This decree will enter into force on the 1 January 2005. It will apply to pending proceedings. However, Articles 20 to 43 will apply only to review actions directed against decisions delivered as of the 1 of January 2005.

### Article 911
*(Decree n°84-618 of 13 July 1984, Articles15 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*

CODE OF CIVIL PROCEDURE

The pre-trial councillor will be empowered to find that the appeal will be inadmissible and to rule upon at the same time upon any issue in relation to the admissibility of the appeal.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 912

When a matter is referred to him, the pre-trial councillor alone is competent to suspend the enforcement of judgments that have been wrongly characterised as final instance or to exercise the powers conferred upon him in relation to interim enforcement.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 913

*(Decree n°76-714 of 29 July 1976, Article 8, Official Journal of 30 July 1976)*

Only avoués (˜ solicitors) alone will be empowered to represent the parties and to submit pleadings on their behalf.

Advice or injunctions will validly be sent to the avoués (˜ solicitors).

Advocates will be heard upon their request.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 914

*(Decree n°98-1231 of 28 December 1998, Article 28, Official Journal of 30 December 1998, in force on 1 March 1999)*

The orders of the pre-trial councillor will not be subjected to any review action irrespective of the judgment on the merits of the case.

However, review actions may be brought to the court (of appeal) by way of simple petition within fifteen days of their date (of pronouncement) when they aim at terminating the proceeding, where they establish the latter's extinction or where they relate to interim measures in divorce or separation from bed and board matters or where they rule upon declinatory plea, plea of lis pendens and of related cases.

## Article 915

*(Decree n°85-1330 of 17 December 1985, Article 21, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°89-511 of 20 July 1989, Article 20, Official Journal of 25 July 1989 in force on 15 September 1989)*

The avoué (solicitor) for the appellant must, within four months of the declaration of appeal, submit to the clerk's office his pleadings, unless the pre-trial councillor has given him a shorter period.

Failing that, the matter will be struck off the case-list by a ruling not subject to appeal; a copy of which will be sent to the appellant by ordinary letter addressed to his actual domicile or residence. The striking off will deprive the appeal's suspensive effect, save where interim enforcement will be prohibited by law.

The matter will be restored either upon evidence of the submission of the pleadings on behalf of the appellant, the appeal will remain deprived of its suspensive effect or at the request of the respondent who may ask for the closure order and the transfer of the matter for judgment based on the pleadings submitted in the first instance proceeding.

As an exception to the preceding provisions, the pre-trial councillor may extend the time-limit of four months given to submit the pleadings where the avoué (˜ solicitor) has been designated by legal (judicial) aid services or by an appellant to whom legal (judicial) aid has been refused.

The words "legal (judicial) aid)" or "commissions and sua sponte designation" are replaced by "jurisdictional aid" provided for under Article 159 of decree n°91-1266 of 19 December 1991 published in the Official Journal of 20 December 1991.

## Article 916

[Repealed]

SUB-SECTION II
FIXED DATE PROCEDURE                                                    Articles 917 to 925

## Article 917

*(Decree n°89-511 of 20 July 1989, Article 21, Official Journal of 25 July 1989 in force on 15 September 1989)*

If the rights of a party are in danger, the first president may, upon petition, fix the date on which the matter will be summoned as of priority. He must specify the chamber to which the matter will be allocated.

The provisions of the preceding sub-article may be applied by the first president of the court of appeal or by the pre-trial councillor upon the exercise of the powers as conferred upon him in relation to summary procedure or interim enforcement.

## Article 918

The petition must state the nature of the danger, incorporate the pleadings on the merits of the case and refer to the

CODE OF CIVIL PROCEDURE

supporting documents. A certified copy of the decision or a certified true copy by the avoué (˜ solicitor) must be attached to it.

Copy of the petition and the documents must be handed over to the first president to be put in the court's file.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 919**

*(Decree n°81-500 of 12 May 1981, Article 33, Official Journal of 14 May 1981, amendment 21 May 1981)*

The declaration of appeal will refer to the order of the first president

Copies to be sent to the respondent will be given back to the appellant.

The petition may also be presented to the first president no later than eight days of the declaration of appeal.

**Article 920**

*(Decree n°81-500 of 12 May 1981, Article 34, Official Journal of 14 May 1981, amendment 21 May 1981)*

Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)

The appellant will summon his opponent to the date specified.

Copies of the petition, that of the order of the first president and a copy of the declaration of appeal signed by the clerk or a copy of the declaration of appeal in the case referred to under the third sub-article of Article 919 must be attached to the writ of summons.

The writ of summons will inform the respondent that, if he fails to designate his avoué (˜ solicitor) before the date of the hearing, he will be deemed to rely on the grounds he had raised in the first instance proceeding.

The writ of summons will indicate to the respondent that he may consult at the clerk's office the copy of the documents referred to in the petition and serve on him a notice to pass on before the date of the hearing the new documents on which he intends to rely upon.

**Article 921**

The respondent is bound to designate an avoué (˜ solicitor) before the date of the hearing, failing which he will be deemed to rely on his grounds of the first instance proceeding.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 922**

Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)

The matter is referred to the court (of appeal) by way handing over a copy of the writ of summons to the clerk's office.

The handing over must be carried out before the date fixed for the hearing, failing which the declaration will expire.

The expiry will be established sua sponte by an order of the president of the chamber to which the matter has been allocated.

**Article 923**

On the day of the hearing, the president will ensure that sufficient time has elapsed since the writ of summons so that the party summoned could have prepared his defence. If necessary, he will order for a fresh service of the writ of summons.

If the respondent has designated his avoué (˜ solicitor), the oral arguments will take place immediately or at the subsequent hearing, as at the stage the matter has reached.

If the respondent has not designated his avoué (˜ solicitor, the court (of appeal) will rule upon (the matter) by way of a judgement to be regarded as adversarial by relying, if need be, on the grounds of the first instance proceeding.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 924**

Decree n°2004-836 of 20 August 2004, Article 1 I, Official Journal of 22 August 2004, in force on 1 January 2005)

The petition for fixing the date of the hearing may be presented within a two-month period as of the declaration of appeal by the appellant who has designated his avoué (˜ solicitor).

N.B. Decree 2004-1420 2004-12-23 Article 4: These provisions will apply to review actions directed against decisions delivered as of the 1 of January 2005.

**Article 925**

Where necessary, the president of the chamber may defer the matter to the pre-trial councillor.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a

CODE OF CIVIL PROCEDURE

decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

SUB-SECTION III
APPEAL UPON JOINT PETITION                                        Articles 926 to 930

**Article 926**

A joint petition will only be admissible if it is presented by all parties of the first instance proceeding.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 927**

In addition to the particulars prescribed under Article 57, the joint petition must include, under penalty inadmissibility:

1° a certified true copy of the judgment;

2° if necessary, a reference to the main points of judgments to which the appeal is limited;

3° the designation of the avoués (˘ solicitors) of the parties.

The joint petition will refer to, if necessary, the names of the advocates instructed to assist the parties before the court.

It will be signed by the designated avoués (˘ solicitors).

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 928**

Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)

The matter is referred to the court (of appeal) by the handing over to the clerk's office of the joint petition. The handing over must be made within the time-limit for appeal.

**Article 929**

The first president will fix the date and time on which the matter will be summoned; if necessary, he will designate the chamber to which it is allocated.

Notice of the same will be given to the designated avoué (˘ solicitor).

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 930**

The matter will be investigated and ruled upon in cases of summary procedures.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

SECTION II
PROCEDURE WITHOUT MANDATORY REPRESENTATION          Articles 931 to 949

**Article 931**

The parties may plead their case themselves.

They may be assisted or represented according to the rules applicable before the court that has pronounced the judgement; they may also be assisted or represented by an avoué (˘ solicitor).

The representative must, if he is not an advocate or avoué (˘ solicitor), produce a special power of attorney.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 932**

Decree n°2004-836 of 20 August 2004, Article 24, Official Journal of 22 August 2004, in force on 1 January 2005)

The appeal is brought by a declaration that the party or his attorney will make or address by registered letter to the clerk's office of the court (that has pronounced the judgement).

**Article 933**

Decree n°2004-836 of 20 August 2004, Article 25, Official Journal of 22 August 2004, in force on 1 January 2005)

The declaration must specify the surname, first names, occupation and address of the appellant as well as the name and address of the parties against whom the appeal is brought. It must specify the judgment against which the appeal is brought and, if necessary, the name and address of the representative of the appellant before the court. Copy

CODE OF CIVIL PROCEDURE

of the decision must be attached to it.

N.B. Decree 2004-836 2004-08-20 Article 59: This decree will enter into force on the 1 January 2005. It will apply to pending proceedings. However, Articles 20 to 43 will apply only to review actions directed against decisions rendered as of the 1 January 2005.

## Article 934

The clerk will record the appeal on its date; he will deliver or address by ordinary letter as receipt of the declaration.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 935

[Repealed]

## Article 936

*(Decree n° 78-62 of 20 January 1978, Article 22, Official Journal of 24 January 1978)*

Decree n°2004-836 of 20 August 2004, Article 26, Official Journal of 22 August 2004, in force on 1 January 2005)

As of the fulfilment of the requirements by the appellant, the clerk will inform by ordinary letter the opponent of the appeal by informing him that he would be summoned later on by the court.

N.B. Decree 2004-836 2004-08-20 Article 59: This decree will enter into force on the 1 January 2005. It will apply to pending proceedings. However, Articles 20 to 43 will apply only to review actions directed against decisions rendered as of the 1 January 2005.

## Article 937

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk of the court (of appeal) will subpoena the parties to a hearing for the oral arguments, as of the date on which it is fixed and fifteen days in advance (of the hearing), by recorded letter with the advice of delivery slip sought and will address on the same day, by ordinary letter, a copy of the subpoena.

The subpoena will amount to a citation to a court of law.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 938

If it is necessary to subpoena for the second time a party who has not received the first subpoena, it may be ordered that a bailiff will serve the second subpoena.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 939

*(Decree n°84-618 of 13 July 1984, Article 16 and Article 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*

Where the matter has reached a stage that it may be ruled upon, its pre-trial investigation will be entrusted to a member of the chamber. The latter may be designated before the hearing fixed for the oral arguments.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 940

The judge entrusted to investigate the matter may hear the parties.

He may invite them to provide such explanations as he deems necessary to the resolution of the dispute, and may order them to produce within such period as he determines such relevant documents or supporting documents necessary to provide guidance to the court (of appeal), failing which he may discard them and transmit the matter to the chamber which will draw any such inference in relation to the abstention or refusal of the party.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 941

The judge entrusted to investigate the matter will establish the conciliation, even a partial one, of the parties.

He will establish the extinction of the proceeding.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed

CODE OF CIVIL PROCEDURE

after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 942**

The judge entrusted to investigate the matter will rule upon all obstacles in relation to the service of documents.

He will carry out a joinder and a disjoinder of proceedings.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 943**

The judge entrusted to investigate the matter may:

- provide for, even sua sponte, any measure;

- order, if necessary, and under a periodic penalty payment, the production of documents held by one party or by a third party where there is no legitimate impediment.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 944**

The judge entrusted to investigate the matter may award an interim payment to the creditor where the existence of the obligation may not seriously be challengeable as well as issue any interim measure.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 945**

The decisions of the judge entrusted to investigate the matter will not entail, over the main issue, the authority of res judicata.

They will not be subject to any review action irrespective of the judgment on the merits of the case.

However, they may be referred to the court (of appeal) by simple petition within fifteen days of their date (of pronouncement) where they establish the extinction of the proceeding.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 945-1**

*(Decree n°81-500 of 12 May 1981, Article 35, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The judge entrusted to investigate the matter may, if the parties do not oppose to it, sit alone to hear the closing speeches. He will report to the court the same in his deliberation.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 946**

The procedure will be conducted orally.

The claims of the parties or the reference they make to such claims that they have brought in writing will be noted down in the court's file or in the minutes.

**Article 947**

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

Unless otherwise the matter has been determined at the first hearing, the clerk of the court will inform by ordinary letter of the date of the subsequent hearings those parties who have not been so informed orally.

**Article 948**

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The party whose rights are in danger may, even where the date of the hearing has already been fixed, request the first presidents to consider the matter, as of priority, at the upcoming hearing.

Where the request has been acceded to, the applicant will immediately be informed of the date fixed.

Unless otherwise the first president has decided that he will be summoned by a process served by a bailiff at the request of the applicant, the clerk of the court will subpoena the opponent party by recorded letter with the advice of delivery slip sought and will address, on the same day, by ordinary letter, a copy of the subpoena to him.

The court will make sure that sufficient time has elapsed between the subpoena and the hearing so that the summoned party could prepare his defence.

CODE OF CIVIL PROCEDURE

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 949**

The notice and subpoenas prescribed under Articles 936, 937, 947 and 948 will be dispatched, in the manner provided for by these provisions, to such bodies who must be informed of the proceeding pursuant to the law.

CHAPTER II
NON-CONTENTIOUS MATTERS                                    Articles 950 to 953

**Article 950**

*(Decree n° 76-714 of 29 July 1976, Article 9, Official Journal of 30 July 1976)*

An appeal against a non-contentious decision will be brought, by way of a declaration made or addressed by registered letter to the clerk's office of the court that has rendered the decision, by an advocate or an avoué (˝ solicitor) or any other public officer or law official where the latter is empowered by the provisions in force.

**Article 951**

[Repealed]

**Article 952**

*(Decree n° 76-714 of 29 July 1976, Article 10, Official Journal of 30 July 1976)*
*(Decree n°78-62 of 20 January 1978, Article 23 Official Journal of 24 January 1978)*

Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)

The judge may, pursuant to this declaration, amend or retract his decision.

Otherwise, the clerk of the court will transmit immediately to the clerk's office of the court the case file together with the declaration and a copy of the decision.

The judge will inform the party within a month of his decision to examine anew the matter or to transfer it to the court (of appeal).

**Article 953**

The appeal will be investigated and tried in accordance with the rules applicable in non-contentious matters before the High Court.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

CHAPTER III
COMMON PROVISIONS                                    Articles 954 to 955-2

**Article 954**

*(Decree n°79-941 of 7 November 1979, Article 11 and Article 16, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°85-1330 of 17 December 1985, Article 13, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°98-1231 of 28 December 1998, Article 29, Official Journal of 30 December 1998, in force on 1 March 1999)*

The pleadings must set out expressly the claims of the parties as well as the factual and legal grounds supporting each claim. They will in addition refer to the cited documents. To this end, the list of the documents must be attached to it.

In their final pleadings, the parties must refer to the claims and grounds submitted or referred to in the previous ones. Failing this, they will be deemed to have been abandoned and the court will rule upon only based on the final pleadings submitted.

The party pleading the reversal of a judgment must explicitly state the grounds relied upon without being able to refer to their pleadings in the first instance proceeding.

The party who, without pleading new grounds, plead the affirmation of the judgment will be deemed to have appropriated its holdings.

**Article 955**

*(Decree n°79-941 of 7 November 1979, Article 11 and Article 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

Where it affirms a judgment, the court (of appeal) will be deemed to have adopted the points mentioned in the operative part of that judgment do not contradict one another.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 955-1**

CODE OF CIVIL PROCEDURE
*(Decree n°79-941 of 7 November 1979, Article 12, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
　　Where the matter is referred to the court (of appeal) by way of petition, the clerk of the court will inform the parties of the date of the hearing.
　　*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 955-2
*(Decree n°79-941 of 7 November 1979, Article 12, Official Journal of 9 November 1979 in force on 1 January 1980)*
　　The notice will be given either to the avoués (˜ solicitors) by simple notice, or, in matters where the representation by an avoué (˜ solicitor) is not necessary, to the parties by recorded letter with the advice of delivery slip sought.
　　A copy of the petition must be attached to the advice sent to the avoués (˜ solicitors) or to the parties.
　　*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

| | |
|---|---|
| SUB-TITLE II | |
| POWERS OF THE FIRST PRESIDENT | Articles 956 to 959 |
| | |
| CHAPTER I | |
| SUMMARY ORDERS | Articles 956 to 957 |

## Article 956
*(Decree n°76-1236 of 28 December 1976, Article 21, Official Journal of 30 December 1976)*
　　In urgent cases, the first president (of the court of appeal) may, in the event of appeal, order in a summary procedure all measures that will not encounter any serious challenge or which the existence of the dispute justifies.
　　*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 957
*(Decree n°76-1236 of 28 December 1976, Article 21, Official Journal of 30 December 1976)*
　　The first president may, in the event of appeal, also suspend the enforcement of judgments that have been wrongly characterised as final instance or to exercise the powers conferred upon him in relation to interim enforcement.
　　*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

| | |
|---|---|
| CHAPTER II | |
| EX PARTE ORDERS | Articles 958 to 959 |

## Article 958
　　The first president may, during the course of the appeal process, order, upon petition, any urgent measure in relation to the protection of the rights of a party or of a third party when the circumstances require that it must not be taken in an adversarial proceeding.
　　*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 959
　　The petition will be presented by an avoué (˜ solicitor) where the proceeding will require the designation of an avoué (˜ solicitor).
　　*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

| | |
|---|---|
| SUB-TITLE III | |
| MISCELLANEOUS PROVISIONS | Articles 960 to 972 |
| | |
| CHAPTER I | |
| DESIGNATION OF AVOUES AND PLEADINGS | Articles 960 to 962 |

CODE OF CIVIL PROCEDURE

**Article 960**

The other parties will be informed, by way of a notification between avoués ((˜ solicitors), of the designation of an avoué (˜ solicitor) by the respondent or by any person who becomes a party in the course of a proceeding.

This deed must specify:

a) if the respondent is a natural person, his surname, names, occupation, domicile, nationality, date and place of birth;

b) if the respondent is a corporate body, its form, denomination, head office and the body that represents it legally.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 961**

The pleadings of the parties must be signed by their avoués (˜ solicitors) and notified by way of a notification between avoués (˜ solicitors). They will not be admissible until the particulars referred to under sub-article 2 of the preceding Article have been supplied.

The service of the documents produced will be validly acknowledged by the signature of the receiving avoué (˜ solicitor) appended on the list drawn by the avoué ((˜ solicitor) implementing the service.

**Article 962**

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The handing over to the clerk's office a copy of the notice of acting and that of the pleadings will be carried out either as of the date of their notification, or where this is prior to the action brought to the court, at the same time as the handing over of the copy of the declaration.

CHAPTER II
JUDICIAL ADMINISTRATION MEASURES                                    Articles 963 to 965

**Article 963**

The appointment of pre-trial judges will be carried out according to the terms and conditions set out for the allocation of councillors among the different chambers of the court.

The first president and the presidents of the chamber themselves may carry out this task.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 964**

Many judges of the same chamber may be entrusted with the preparation of the case for trial; in that case, the president of the chamber will divide the matters among them.

The pre-trial judges may be replaced at any stage in case of impediment.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

**Article 965**

The first president may delegate to one or more judges of the court the whole or part of his functions assigned to him under the sub-titles I and II.

The presidents of a chamber may even delegate to the judges of their chamber part or all of the functions assigned to them under sub-title I.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

CHAPTER III
THE CLERK'S OFFICE                                                   Articles 966 to 972

**Article 966**

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The handing over to the clerk's office of a copy of a pleading or that of an document will be established by a reference to the date on which it is handed over and the signature of the clerk of the court on the copy as well as on the original which will be given back forthwith.

**Article 967**

CODE OF CIVIL PROCEDURE

*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

A copy of the declaration, that of the petition and that of the joint petition will be, as from its handing over to the clerk's office, presented by the clerk of the court to the first president in view of date fixing and allocation formalities.

The decision of the first president will be mentioned simply in the margin of the copy

## Article 968
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The file of the first instance court, which the clerk may ask for as soon as the matter is referred to the court, must be attached to the file of the court of appeal's file.

*When the whole or part of the company's liabilities must be paid by one or many corporate managers, the appeal filed before 1 of January 1980 may not be considered irregular if it has been filed by way of declaration. The appeal filed after 1 of January 1980 may not be considered irregular if it has been filed by way of a service through a bailiff against a decision that had been notified before this date, D. n. 79-741, 7 November 1979, Article 19.*

## Article 969
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

In case of a fixed date procedure, the provisions of Article 824 will be followed.

## Article 970
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The clerk of the court will inform forthwith the avoués (˜ solicitors), whose notice of acting is known to him, of the case number in the general register, of the dates and time fixed by the first president to call the matter and the chamber to which it has been allocated.

Said information will be sent to those avoués (˜ solicitors) whose notice of acting is not yet known, as from the handing over to the clerk's office of their notice of acting.

## Article 971
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The avoués (˜ solicitors) and advocates of each party will be summoned and informed by the president or by the pre-trial judge of the duty incumbent upon them, according to the method of investigation of the matter; they will be summoned or informed orally, with a marginal note and a reference in the court's file.

In case of absence, they will be summoned and informed by a simple notice that the clerk of the court dates, signs, hands over to or deposits at the place where will be carried out, at the main venue of the court, the notifications between avoués (˜ solicitors).

Injunctions must always give rise to the delivery of a notice.

## Article 972
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

If the matter is deferred before a first instance court or if it resumes its course before that court, the file will be transmitted immediately by the clerk of the court of appeal to the clerk of that court.

If the decision is not the subject of any review action, the file of the court, which has ruled upon the matter at first instance, will be deferred to the clerk of that court.

In all cases, a copy of the decision of the court must be attached.

## TITLE VII
### SPECIFIC PROVISIONS RELATING TO THE COURT OF CASSATION                    Articles 974 to 973

## Article 973
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

Parties are bound to, unless otherwise provided, designate an advocate at the Council of State and the Court of Cassation.

The notice of acting will amount to election of domicile.

### CHAPTER I
### ROCEDURE WITH MANDATORY REPRESENTATION                    Articles 974 to 982

CODE OF CIVIL PROCEDURE

### Article 974
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

The appeal in cassation will be brought by way of a declaration to the clerk's office of the Court of Cassation.

### Article 975
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°89-511 of 20 July 1989, Article 22, Official Journal of 25 July 1989 in force on 15 September 1989)*

The declaration of the appeal in cassation will be given by a process containing:

1° a) if the applicant is a natural person: his surname, first names, domicile, nationality, date and place of birth;

b) if the applicant is a corporate body: its form, denomination, its head office and the body that would represent it legally;

2° the surname and first names of the respondent or where it will be in relation to a corporate body its denomination and its head office;

3° the designation by the applicant of the advocate at the Council of State and the Court of Cassation;

4° the indication of impugned decision;

5° the stage of the enforcement procedure, save in cases where the enforcement of the impugned decision is forbidden by law.

The declaration must specify, if necessary, the points of the judgment to which the appeal will be limited.

It must be signed by the advocate at the Council of State and the Court of Cassation.

### Article 976
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The declaration must be handed over to the clerk's office of the court in so many copies as the number of respondents, plus two more.

The handing over will be established by a reference of its date and the signature of the clerk of the court on all copies one of which will be immediately given back.

### Article 977
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk of the court will address forthwith to the respondents by ordinary letter a copy of the declaration with a statement warning him to designate, if he intends to respond to the appeal in cassation, an advocate at the Council of State and the Court of Cassation.

He will ask simultaneously for the file from the clerk's office of the court that has pronounced the impugned decision.

Where the copy of the declaration is sent to him by the postal services, the clerk's office of the Court of Cassation will forward the same forthwith to the advocate of the applicant of the cassation who must serve it on the respondent by reminding the latter that, if he intends to respond to the appeal in cassation, he must designate an advocate at the Council of State and the Court of Cassation.

*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

### Article 978
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

Under penalty of forfeiture, the applicant must, no later than five months as of the appeal in cassation, hand over to the clerk's office of the Court of Cassation and serve the same on the respondent the briefs comprising the legal grounds raised against the impugned decision.

Under penalty of inadmissibility to be ordered sua sponte, a ground or an aspect of the ground will deal only with one cause of action. Each ground or aspect of the ground must specify, under the same sanction:

- the cause of action raised;
- the impugned part of the decision;
- on what ground this part is subject to the alleged reproach.

### Article 979
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°86-585 of 14 March 1986, Article 8, Official Journal of 19 March 1986)*
*(Decree n°99-131 of 26 February 1999, Article 5, Official Journal of 27 February 1999 in force on 1 March 1999)*

Under penalty of inadmissibility of the appeal in cassation that may be pronounced sua sponte, the following must be handed over to the clerk's office within the time-limit for the submission of the briefs:

- a copy of the impugned decision and the service (through a bailiff) documents;
- a copy of the decision affirmed or reversed by the impugned decision;
- any other decision rendered in the same dispute and which the impugned decision refers to.

The applicant must also attach the documents cited to support the appeal in cassation.

CODE OF CIVIL PROCEDURE

**Article 980**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

If the respondent to the appeal in cassation has not designated any advocate, the service will be delivered to the party himself.

The service (through a bailiff) document will inform the respondent that he must, if he intends to respond to the appeal in cassation, designate an advocate at the Council of State and Court of Cassation and inform him that if he fails to designate an advocate, the judgment to be pronounced may not be impugned by a motion to set aside. Said document must specify furthermore the time-limit within which the respondent must hand over to the clerk's office his briefs in reply or must bring, if necessary, a cross appeal in cassation .

**Article 981**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

Want of handing over or service of the briefs within the time-limit prescribed under sub-article 1 of Article 978, the forfeiture will be established by order of the first president or his delegate.

*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

**Article 982**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°89-511 of 20 July 1989, Article 23, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The respondent to the appeal in cassation will have a three month period as of the service of the briefs of the applicant to hand over to the clerk's office of the Court of Cassation a written statement of his case in reply signed by an advocate at the Council of State and the Court of Cassation and to notify the same to the advocate acting on behalf of the applicant by way of notification between advocates.

The period, to present the briefs in reply, provided for under the preceding sub-article will expire under penalty of the inadmissibility, which may be pronounced sua sponte.

CHAPTER II
PROCEDURE WITHOUT MANDATORY REPRESENTATION                    Articles 983 to 995

**Article 983**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

The provisions of this chapter will apply to appeals in cassation brought in matters whereby a specific provision exonerates the parties from the obligation to designate an advocate at the Council of State and the Court of Cassation.

*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

**Article 984**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°99-131 of 26 February 1999, Article 6, Official Journal of 27 February 1999 in force on 1 March 1999)*

The appeal in cassation will be brought by way of a written declaration that the party or any representative entrusted by a special power of attorney will hand over or address, by way of a recorded letter with the advice of delivery slip sought, to the clerk's office of the Court of Cassation.

**Article 985**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°89-511 of 20 July 1989, Article 24, Official Journal of 25 July 1989 in force on 15 September 1989)*

The declaration must specify the surname, first names, occupation and domicile of the applicant of the appeal in cassation, as well as the name and address of the respondents to the appeal in cassation. It must specify the impugned decision.

It must state the stage of the enforcement procedure, save where the enforcement of the impugned decision is prohibited by law.

**Article 986**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°85-1330 of 17 December 1985, Article 14, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°99-131 of 26 February 1999, Article 7, Official Journal of 27 February 1999 in force on 1 March 1999)*

The clerk of the court will register the appeal in cassation. He will mention the date on which it is brought and will deliver, or send by recorded letter with the advice of delivery slip sought, a receipt of the declaration, which must reproduce the provisions of Articles 989 and 994.

The clerk of the court will ask simultaneously for the transfer of the file from the clerk's office of the court that delivered the impugned decision.

**Article 987**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

CODE OF CIVIL PROCEDURE

*(Decree n°99-131 of 26 February 1999, Article 7, Official Journal of 27 February 1999 in force on 1 March 1999)*

The clerk of the court will notify forthwith to the respondent a copy of the declaration by recorded letter with the advice of delivery slip sought.

This notification must reproduce the provisions of Articles 991 and 994.

### Article 988

*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°84-618 of 13 July 1984, Articles17 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*
*(Decree n°99-131 of 26 February 1999, Article 8, Official Journal of 27 February 1999 in force on 1 March 1999)*

The clerk of the court that has delivered the impugned decision will transmit immediately to the clerk of the Court of Cassation, to which will be attached:

- a copy of the impugned decision and of the notifications of the same;
- a copy of the decision affirmed or reversed by the impugned decision;
- a copy such any other decision delivered in the same litigation which the impugned decision refers to;
- the pleadings of first instance and appeal where one has been lodged;

He will transmit forthwith to the clerk's office of the Court of cassation any document sent to him thereafter.

### Article 989

*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°89-511 of 20 July 1989, Article 25, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°99-131 of 26 February 1999, Article 9, Official Journal of 27 February 1999 in force on 1 March 1999)*

Where the declaration of the appeal in cassation does not contain a statement, even a summary one, of the grounds of cassation raised against the impugned decision, the applicant must, under penalty of forfeiture to be established by an order of the first president or his delegate, submit to the clerk's office of the court, within a three month period to be reckoned as of the declaration, briefs containing said statement, and, if necessary, the supporting documents to the appeal in cassation.

The representative of the party without any new special power of attorney may draft the briefs.

### Article 990

*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

Where the petitioner produces the briefs, the clerk of the Court of cassation will inform immediately the respondent of the same by a recorded letter with the advice of delivery slip sought.

* These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

### Article 991

*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The respondent to the appeal in cassation must have a two month time-limit, to be reckoned as of the notification of the briefs of the petitioner or as of the end of a three month time-limit stipulated under Article 989, to hand over against a receipt or to send by registered letter to the clerk's office of the Court of Cassation the briefs in reply and to bring, if necessary, an incidental appeal in cassation.

### Article 992

*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk of the Court of Cassation will send forthwith a copy of the briefs in reply to the applicant by ordinary letter.

In case of incidental appeal in cassation, he will send, in the same manner, to the respondent to the appeal in cassation a copy of the briefs referred to under sub-article I of Article 1010.

### Article 993

*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

Where an advocate at the Council of State and Court of Cassation has declared to the clerk's office that he acts on behalf of a party, the notification referred to under Article 990 or under Article 992 will be replaced by a notification made to this advocate.

The handing over to the advocate against a receipt of a copy of the briefs bearing the date stamp of the clerk's office will amount to a notification.

### Article 994

*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

In addition to the original, the applicant will prepare as many copies of his briefs as the number of the respondents and likewise the respondent will prepare as many copies of his briefs in reply as the number of the applicant.

These copies will be certified true copies by the signatory of the briefs.

*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

CODE OF CIVIL PROCEDURE

**Article 995**

*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

Where the appeal in cassation is brought in accordance with the rules of mandatory representation, it will nevertheless be admissible irrespective of the procedural track followed afterwards.

The respondent is not held to have himself represented by an advocate at the Council of State and the Court of Cassation.

CHAPTER III

PROCEDURE IN ELECTION MATTERS                                                  Articles 996 to 1008

SECTION I

DISPUTES IN RELATION TO REGISTRATION ON ELECTORAL LISTS IN        Articles 996 to 998
POLITICAL ELECTIONS

**Article 996**

*(Decree n°80-1073 of 24 December 1980, Article 1, Official Journal of 28 December 1980)*

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The specific provisions applicable to appeals in cassation will be those of the articles of the Electoral Code as follows:

"Article R. 15-1

The appeal in cassation will be brought within ten days following the notification of the decision of the magistrates' court. The prefect will be competent in all cases to stand as a party. It will not suspend (the enforcement of the decision).

Article R. 15-2

The appeal in cassation will be brought by way of an oral or written declaration that the party or any representative with a special power of attorney make, hand over or address by way of a registered letter either to the clerk's office of the court which has delivered the impugned decision or to the clerk's office the Court of Cassation. The declaration must specify the surname, first names, occupation and address of the applicant, as well as the name and address of the respondent or respondents to the appeal in cassation.

Under penalty of inadmissibility, even sua sponte, the declaration must contain a statement of the grounds of cassation relied upon and attach a copy of the impugned decision.

Article R.15-3

The clerk's office that receives the appeal in cassation will register it. It will mention the date on which the appeal in cassation is brought and will deliver, or address by ordinary letter, a receipt of the declaration.

Where there is a respondent, the clerk's office that has received the appeal in cassation will address him forthwith a copy of the declaration by way of a recorded letter with the advice of delivery slip sought. This notification must reproduce the provisions of Article R.15-5

Article R.15-4

Where the appeal in cassation is brought before the magistrates' court, the clerk's office of that court will transmit forthwith to the clerk's office of the Court of Cassation the file of the case with the declaration or a copy thereof, a copy of the impugned decision as well as the documents in relation to the notification of the latter, and where there is a respondent, the documents in relation to the notification of the appeal in cassation to the latter. It will transmit to the clerk's office of the Court of Cassation any document that it receives thereafter.

Where the appeal in cassation is brought before the Court of Cassation, the clerk's office of the Court of Cassation will ask forthwith for the file of the case as well as the documents relating to the impugned decision from the clerk's office of the magistrates' court that has delivered the decision.

Article R.15-5

As soon as he has received a copy of the declaration of the appeal in cassation , the respondent to the appeal in cassation will hand over forthwith against a receipt or will address by way of registered letter to the clerk's office of the Court of Cassation the briefs in reply. He will send a copy of the same to the applicant.

Article R.15-6

Parties may be exempted from the representation by an advocate at the Council of State and the Court of Cassation. If the parties or one of them instructs an advocate at Council of State and Court of Cassation to represent them or him, the provisions of Articles 974 to 982 of the New Code of Civil Procedure will not apply.

Where an advocate at the Council of State and Court of Cassation has declared to the clerk's office of the Court of Cassation that he acts on behalf of a party, the notification of the copy of the briefs may be given to that advocate, and if necessary, by way of notification between advocates. The handing over to the advocate against a receipt of a copy of the briefs, bearing the date stamp of the clerk's office, will amount to notification.

Article R.15-7

The time-limits prescribed under Articles R.13 and R.15-1 are computed or extended in accordance with the provisions of Articles 640, 641 and 642 of the New Code of Civil Procedure."

**Article 997**

[Repealed]

**Article 998**

[Repealed]

CODE OF CIVIL PROCEDURE
SECTION II
PROFESSIONAL ELECTIONS                                    Articles 999 to 1008

### Article 999
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
The time-limit for the appeal in cassation is ten days unless otherwise provided.
The appeal in cassation is brought by way of an oral or written declaration that the party or any representative with a special power of attorney will make, hand over, or address by way of a registered letter to the clerk's office of the court that has pronounced the impugned decision.

### Article 1000
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
The declaration must specify the surname, first names, occupation and address of the applicant, as well as the name and address of the respondent or respondents to the petition. It must specify the impugned decision.
*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

### Article 1001
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
The clerk of the court will record the petition. He will mention the date on which it is brought and delivers, or sends by way of an ordinary letter, a receipt of the declaration, which must reproduce the provisions of Articles 1004 and 1006.
*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

### Article 1002
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
The clerk of the court will send forthwith to the respondent a copy of the declaration by recorded letter with the advice of delivery slip sought.
This notification must reproduce the provisions of Article 1006.
*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

### Article 1003
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*
The clerk of the court will transmit forthwith to the clerk's office of the Court of Cassation, the file of the case with:
- a copy of the declaration;
- a copy of the impugned decision.
He will transmit forthwith to the clerk's office of the Court of Cassation any document that he receives thereafter.

### Article 1004
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*
Where the declaration of the appeal in cassation does not contain a statement, even a summary one, on the grounds of the cassation relied on against the impugned decision, the applicant must, under penalty of forfeiture ruled upon sua sponte, submit to the clerk's office of the Court of Cassation within a one month period to be reckoned from the declaration, briefs containing such pleadings.
The representative of the party without any new special power of attorney may draft the briefs.

### Article 1005
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
Where the petitioner produces briefs, he must, under penalty of inadmissibility sua sponte, notify, within a month of the declaration, a copy of the same to the respondent by recorded letter with the advice of delivery slip sought.
*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

### Article 1006
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*
The respondent to the petition has fifteen days as of the notification of the briefs of the petitioner or as of the end of a one-month period provided for under Article 1004, to hand over, against a receipt, or to address by way of a registered letter to the clerk's office of the Court of Cassation his briefs.
Within the same time-limit, he will send to the petitioner, by registered letter, a copy of his briefs.

### Article 1007
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

CODE OF CIVIL PROCEDURE
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

Where an advocate at the Council of State and Court of Cassation has declared to the clerk's office that he acts on behalf of a party, the notification referred to under Article 1005 or under Article 1006 may be given to that advocate, and if necessary, by way of notification between advocates.

The service on the advocate of a copy of the briefs, against a receipt and bearing the date stamp of clerk's office, amounts to a notification.

**Article 1008**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

As far as the declaration of the petition is brought in accordance with the rules of mandatory representation, the appeal in cassation will be admissible irrespective of the procedural track followed thereafter, the first sub-article of Article 1004 remains applicable.

The respondent is not held to have himself represented by an advocate at the Council of State and the Court of Cassation.

CHAPTER IV
COMMON PROVISIONS                                                              Articles 1009 to 1022-1

**Article 1009**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°89-511 of 20 July 1989, Article 26, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°99-131 of 26 February 1999, Article 10, Official Journal of 27 February 1999 in force on 1 March 1999)*

The first president, or his delegate, at the request of a party or sua sponte may abridge the time-limit prescribed for the submission of briefs and documents.

At the expiration of these time-limits, the president of the bench that has jurisdiction will determine the date of the hearing.

**Article 1009-1**
*(Decree n°89-511 of 20 July 1989, Article 27, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°99-131 of 26 February 1999, Article 11, Official Journal of 27 February 1999 in force on 1 March 1999)*

Except for those matters where the appeal in cassation stays the enforcement of the impugned decision, the first president or his delegate, at the request of the respondent, and after having obtained the opinion of the General Prosecutor and that of the parties, will decide the withdrawal of the case from the case-list where the applicant fails to prove that he has enforced the decision impugned by the appeal in cassation, save where it appears to him that the execution is prone to entail manifestly excessive consequences.

The respondent must, under the penalty of inadmissibility to be pronounced sua sponte, bring his request before the end of the time-limits provided for under Articles 982 and 991.

The ruling on the withdrawal from the case-list does not amount to suspension of the time-limits granted by Articles 978 989 to the petitioner to the appeal in cassation.

**Article 1009-2**
*(Decree n°99-131 of 26 February 1999, Article 11, Official Journal of 27 February 1999 in force on 1 March 1999)*

The time-limit of preclusion runs as of the notification of the decision ordering the withdrawal from the case-list. It is suspended by an unequivocal act documenting the intention to enforce.

**Article 1009-3**
*(Decree n°99-131 of 26 February 1999, Article 11, Official Journal of 27 February 1999 in force on 1 March 1999)*

The first president or his delegate grants leave, save if he establishes the preclusion, the re-entry of the matter on the case-list of the court upon evidence of the enforcement of the impugned decision.

The time-limit granted to the respondent under Articles 982 to 991 runs as of the notification of the re-entery of the matter on the case-list.

**Article 1010**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The incidental appeal in cassation, even a provoked one, must, under penalty inadmissibility to be pronounced sua sponte, be brought by way of briefs and must contain the same particulars as the briefs of the applicant.

The briefs must, under the same sanction:

- be handed over to the clerk's office of the Court of Cassation before the end of the time-limit provided for the handing over of the briefs in reply;

- be notified within the same time-limit to the advocates of the other parties to the incidental appeal in cassation. Where, in matters of mandatory representation, the respondent has not designated an advocate, the briefs must be served within the month following the end of the time-limit.

The respondent to such an appeal in cassation must has one-month period as of the notification to hand over, and if necessary to notify, his briefs in reply.

**Article 1011**

CODE OF CIVIL PROCEDURE
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
Save in the circumstances of forfeiture prescribed under Article 978, the matter will be allocated as soon as the applicant has handed over his briefs and, no later than the expiration of the period provided for that purpose.

### Article 1012
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
The president of the division to which the matter has been allocated will designate a councillor or a deliberating councillor of that bench as acting in the capacity of a rapporteur.
He may forthwith determine the date of the hearing.

### Article 1013
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
A three-judge bench of the chamber to which the matter is allocated will decide after an oral report.

### Article 1014
[Repealed]

### Article 1015
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Council of State n°. 21-893 of 5 July 1985, Gaz. Pal. 1985, 2, 742)*
The president must inform the parties of the grounds of cassation that may be considered sua sponte and invite them to present their views within a time-limit that he will determine.
*By a decision n°21-893 of 21 June - 5 July 1985, the Council of State, while ruling upon a case, has concealed this Article that limits the duty imposed on the president to inform the parities, of the grounds that may be raised sua sponte, to the grounds of cassation, even if they do not affect public policy.

### Article 1015-1
*(Decree n°99-131 of 26 February 1999, Article 12, Official Journal of 27 February 1999 in force on 1 March 1999)*
The chamber to which the appeal in cassation is referred may request the opinion of another chamber on a point of law that appertains to the jurisdiction of the latter.
The parties will be informed of the same by the president of the chamber to which the appeal in cassation is referred. They may submit observations before the chamber requested to give its opinion.

### Article 1016
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
In accordance with Articles 11-1 and 11-2 of the Act n°. 72-626 of 5 July 1972 as amended, the oral arguments are held in public. The court may nevertheless decide that the oral arguments will take place or continue in the judge's council chamber if their advertising leads to an invasion of privacy, or if all parties so request, or a disorder occurs and disturbs the serenity of justice (administration).
Judgments are pronounced in public.

### Article 1017
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
The minutes will be given at the hearing.

### Article 1018
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
Advocates are heard after the report if they so request. Parties may also be heard after having been authorised by the president.

### Article 1019
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°81-500 of 12 May 1981, Article 36, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*
The Court of Cassation will decide after the opinion of the Public Prosecutor.

### Article 1020
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
The judgment refers to the provision upon which that the cassation has relied upon.

### Article 1021
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
The president, the rapporteur and the clerk must sign the judgment.

### Article 1022
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
A copy of the judgment will be sent to the court from which the impugned decision emanates.

### Article 1022-1
*(Decree n°84-618 of 13 July 1984, Articles19 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*

CODE OF CIVIL PROCEDURE
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

In matters where the parties are exempted from the representation of an advocate at the Council of State and at the Court of cassation, decisions allowing cassation will be notified by the clerk's office of the Court of cassation by recorded letter with the advice of delivery slip sought. Decisions dismissing the cassation or decisions allowing cassation but without remand will be brought to the knowledge of the parties who are not assisted or represented by an advocate at the Council of State and at the Court of Cassation by ordinary letter.

CHAPTER V
MISCELLANEOUS PROVISIONS                                        Articles 1023 to 1031

SECTION I
EXTENSION OF TIME-LIMITS                                        Article 1023

**Article 1023**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Act N°.2001-616 of 11 July 2001, Article 75, Official Journal of 13 July 2001)*

The time-limits prescribed under Articles 978 and 989 may be extended:
- by one month where the petitioner resides in an overseas department, in the Mayotte islands, or in an overseas territory;
- by two months where he resides in a foreign country.

The time-limits prescribed under Articles 982, 991 and 1010 (last sub-article) are similarly extended by one month or by two months depending on whether the respondent resides in an overseas department, in the Mayotte islands, in an overseas territory or in a foreign country.

*These provisions apply only to appeals in cassation brought as of the 1 of January 1980, Decree n°79-941, 7 November 1979, Article 17.*

SECTION II
DISCONTINUANCE                                        Articles 1024 to 1026

**Article 1024**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

The discontinuance of the petition must be allowed if it contains some reservations or if the respondent has previously brought an incidental petition.

**Article 1025**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

The provisions of Articles 396, 399, 400 and 403 apply to discontinuance of petition.

**Article 1026**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°99-131 of 26 February 1999, Article 13, Official Journal of 27 February 1999 in force on 1 March 1999)*

The discontinuance is established by an order of the first president or of the president of the chamber to which the matter has been allocated.

However, the discontinuance is established by the judgment if it is delivered after the lodgement of the minutes or if the acceptance of the respondent, where the acceptance is required, is expressed after the said lodgement. The judgment amounts to a dismissal judgement and entails the application of Articles 628 and 630.

SECTION III
RECUSAL                                        Article 1027

**Article 1027**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

The request to recuse a judge of the Court of Cassation will be examined by the bench to which the matter is allocated.

SECTION IV
IMPEACHMENT OF DOCUMENT                                        Articles 1028 to 1031

**Article 1028**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on the 1 of January 2005)*

The application in view of the impeachment of a document produced before the Court of Cassation will be addressed by the first president.

It will be lodged at the clerk's office and signed by the advocate at the Council of State and at the Court of Cassation, if the representation by an advocate is mandatory in the matter in relation to which the appeal in cassation has been made.

**Article 1029**

CODE OF CIVIL PROCEDURE
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

The first president (of the Court of Cassation) passes his ruling after having gathered the opinion of the general prosecutor.

He delivers a dismissal order or an order allowing the impeachment action.

In the event of dismissal, the petitioner may be ordered to pay a civil fine in the manner prescribed under Article 628.

**Article 1030**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

The order allowing the impeachment action is served on the respondent within fifteen days, with an injunction to declare whether he intends to rely upon the allegedly forged document.

A copy of the petition and the order of the first president must be attached to this injunction.

**Article 1031**
*(Decree n°79-941 of 7 November 1979, Article 3, Official Journal of 9 November 1979 in force on 1 January 1980)*

The respondent must serve on the petitioner, within a period of fifteen days, whether or not he intends to rely upon the allegedly forged document.

In the first case, or if there is no answer within the period of fifteen days, the first president will direct the parties to bring their case before a court that he will designate so that the impeachment action would be determined.

CHAPTER VI
REQUEST FOR THE OPINION OF THE COURT OF CASSATION                Articles 1031-1 to
                                                                                         1031-7

**Article 1031-1**
*(Decree n°92-228 of 12 March 1992, Article 1, Official Journal of 14 March 1992)*
*(Decree n°2004-460 of 13 May 2005, Article 30, Official Journal of 14 May 2005)*

Where the judge intends to get the opinion of the Court of Cassation by virtue of Article L. 151-1 of the Code of Judicial Organisation, he will inform the parties and the Public Prosecutor under the penalty of inadmissibility. He will receive their written remarks, if any, within a time-limit that he will define, unless they have already given their pleadings on that issue.

As of the receipt of the remarks or at the end of the time-limit, the judge may, by a decision not subject to appeal, seek the opinion of the Court of Cassation by bringing the issue of law that he will submit to it. He will stay his judgement until the reception of the opinion (of the Court of Cassation) or until the end of the time-limit referred to under Article 1031-3.

N.B. Decree 2005-460 of 13 May 2005, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree apply to the proceedings instituted after its entry into force. Articles 26 to 33 of this decree apply to Mayotte.

**Article 1031-2**
*(Decree n°92-228 of 12 March 1992, Article 1, Official Journal of 14 March 1992)*

The decision seeking the opinion (of the Court of Cassation) is sent, with the pleadings and the written remarks, by the clerk's office of the court to the clerk's office of the Court of Cassation.

It (the decision) and the date on which the file has been transmitted, are notified to the parties by a recorded letter with the advice of delivery slip sought.

The Public Prosecutor attached to the court, the first president of the court of appeal and the General Prosecutor if the request for the opinion (of the Court of Cassation) does not emanate from the court will be informed.

**Article 1031-3**
*(Decree n°92-228 of 12 March 1992, Article 1, Official Journal of 14 March 1992)*

The Court of Cassation gives its opinion within a three-month period as of the receipt of the file.

**Article 1031-4**
*(Decree n°92-228 of 12 March 1992, Article 1, Official Journal of 14 March 1992)*

In matters where representation is mandatory, the written remarks, if any, of the parties must be signed by an advocate at the Council of State and the Court of Cassation.

**Article 1031-5**
*(Decree n°92-228 of 12 March 1992, Article 1, Official Journal of 14 March 1992)*

The matter is sent to the General Prosecutor attached to the Court of Cassation. The latter will be informed of the date of the sitting.

**Article 1031-6**
*(Decree n°92-228 of 12 March 1992, Article 1, Official Journal of 14 March 1992)*

The opinion (of the Court of Cassation) may mention that it will be published in the Official Journal of the French Republic.

**Article 1031-7**
*(Decree n°92-228 of 12 March 1992, Article 1, Official Journal of 14 March 1992)*

The opinion (of the Court of Cassation) is sent to the court which sought it, to the Public Prosecutor attached to that

CODE OF CIVIL PROCEDURE

court, to the first president of the court of appeal and to the General Prosecutor if the request does not emanate from the court (of appeal).

It will be notified to the parties by the clerk's office of the Court of Cassation.

### TITLE VIII
### SPECIFIC PROVISIONS APPLICABLE TO THE REFERRAL COURT FOLLOWING     Articles 1032 to 1037
CASSATION

### Article 1032
*(Decree n°79-941 of 7 November 1979, Articles 4 and 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

The matter will be referred to the referral court by way of a declaration on the clerk's office of that court.

### Article 1033
*(Decree n°79-941 of 7 November 1979, Articles 4 and 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

The declaration contains the particulars required for the originating process before that court; a copy of the cassation judgment will be annexed to it.

### Article 1034
*(Decree n°79-941 of 7 November 1979, Articles 4 and 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

*(Decree n°85-1330 of 17 December 1985, Article 15, Official Journal of 18 December 1985 in force on 1 January 1986)*

Unless the matter is referred to the referral court without any prior notification, the declaration must, under penalty of inadmissibility raised sua sponte, be made before the end of a four-month time-limit to be reckoned as of the notification of the cassation judgment made to the party. This time-limit runs against even the party who notifies (the cassation judgement).

The absence of declaration within the time-limit or its inadmissibility confers upon the first instance judgement the authority of res judicata when the quashed decision had been pronounced on appeal against that judgment.

*Where the notification of a cassation judgement is made before the 1 of January 1980, the declaration referred to under this Article may be made until 30 April 1980, D. n° 79-941, 7 November 1979, Article 17.*

### Article 1035
*(Decree n°79-941 of 7 November 1979, Articles 4 and 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

The notification of the cassation judgment must, under penalty of nullity, state in clear terms the time-limit prescribed under the first sub-article of Article 1034 as well as the terms and conditions according to which the matter may be transferred to the referral court.

### Article 1036
*(Decree n°79-941 of 7 November 1979, Articles 4 and 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

The clerk of the referral court will send forthwith, by ordinary letter, to each of the parties to the cassation proceeding, a copy of the declaration with, if necessary, the indication of the need to designate an advocate or an avoué (̃ solicitor).

In case of non-appearance, the defaulting parties will be cited in the same manner as the respondents before the court from which the quashed decision emanates.

### Article 1037
*(Decree n°79-941 of 7 November 1979, Articles 4 and 16, Official Journal of 9 November 1979 in force on 1 January 1980)*

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The clerk of the referral court asks immediately the clerk's office of the Court of cassation to send to him the file of the case.

# BOOK III
# SPECIFIC PROVISIONS APPLICABLE TO CERTAIN SUBJECT-MATTERS     Articles 1038 to 1441-4

### TITLE I
### NATURAL PERSONS                                                          Articles 1038 to 1263

#### CHAPTER I
#### NATIONALITY OF NATURAL PERSONS                              Articles 1038 to 1045

### Article 1038
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The High Court is the only competent court to decide, at first instance, upon disputes over French or foreign

CODE OF CIVIL PROCEDURE

nationality of natural persons, subject to the provisions provided for in the Code of Nationality in relation to criminal courts where a jury is empanelled.

Pleas of nationality, foreign origin and pleas against jurisdiction in relation to these matters are of public order nature. They may be raised at any stage of the proceeding and must be raised by the judge sua sponte.

*Rules applicable in Mayotte, D. n°81-500, 12 May 1981, Article 53.*

**Article 1039**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The High Court territorially competent is the one where the person whose nationality is in question lives or, if this person does not live in France, the High Court of Paris.

*Rules applicable in Mayotte, D. n°81-500, 12 May 1981, Article 53.*

**Article 1040**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Act N°.93-933 of 22 July 1993, Article 50, Official Journal of 23 July 1993)*
*(Decree n°93-1362 of 30 December1993, Articles 66 and 52, Official Journal of 31 December 1993)*

Any action whose main purpose is to get a declaration certifying that a person has or does not have French citizenship is brought by the Public Prosecutor or against him (the Public Prosecutor) without excluding the right of intervention of any interested party in the proceeding.

*Rules applicable in Mayotte, D. n°93-1362 of 30 December 1993, Article 71.*

**Article 1041**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

Where a matter is referred incidentally to court from the general jurisdiction on a question of nationality in relation to which it lacks jurisdiction but which is necessary to the resolution of the dispute, the matter will be transmitted to the Public Prosecutor.

The Public Prosecutor will explain by written and reasoned pleadings the grounds to admit or reject the existence of an interlocutory issue.

**Article 1042**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

Where an issue of nationality is raised by a party before a court that holds the view that there is an interlocutory issue, the court refers the party to apply to the competent High Court within a month or, within the same time-limit, to petition to the Public Prosecutor. Where the person whose nationality is challenged avails himself of a French nationality certificate, or where the issue of nationality has been raised sua sponte, the court to which the merits of the case are referred will grant the same one-month time-limit to the Public Prosecutor to refer the case to the competent High Court.

If the one-month time-limit has not been complied with, the proceeding follows its normal course. Otherwise, the court to which the merits of the case are referred will stay its judgment until the issue of nationality has been determined.

*Rules applicable in Mayotte, D. n°81-500, 12 May 1981, Article 53.*

**Article 1043**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

In all proceedings where a dispute, whether as a main or incidental issue, over nationality occurs, a copy of the writ of summons or, if necessary, a copy of the pleadings raising the dispute will be lodged to the Ministry of Justice that delivers a receipt. The documents may be sent by a recorded letter with the advice of delivery slip sought.

A civil court may not rule upon a nationality issue before the end of a one-month time-limit to be reckoned as of the issuance of the receipt or as of the receipt of the advice of delivery. However, this time-limit is of ten days where the dispute regarding nationality has been the subject of an interlocutory issue before a court hearing an electoral matter.

The writ of summons will lapse and pleadings raising an issue of nationality will be inadmissible if the procedure laid down in the preceding sub-articles is not complied with.

The rules of this Article apply to review procedures.

*Rules applicable in Mayotte, D. n°81-500, 12 May 1981, Article 53.

In Mayotte, the one-month and the ten-day time limits are extended respectively to two month and twenty days, D. n°81-500, 12 May 1981, Article 53.*

**Article 1044**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The Public Prosecutor is held to act under the conditions of Article 1040 where so required by a public administration or by a third person who has raised the plea of nationality before a court that has stayed its judgment in the manner as prescribed under Article 1042.

The third party intervener will be summoned.

*Rules applicable in Mayotte, D. n°81-500, 12 May 1981, Article 53.*

CODE OF CIVIL PROCEDURE

**Article 1045**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The time-limit to appeals in cassation suspends the execution of a (court of appeal) judgement ruling upon a nationality issue; the appeal in cassation brought within this period will have the same effect.

*Rules applicable in Mayotte, D. n°81-500, 12 May 1981, Article 53.*

CHAPTER II
DEEDS OF CIVIL STATUS                                                    Articles 1046 to 1056-1

SECTION I
CANCELATION AND RECTIFICATION OF DEEDS OF CIVIL STATUS        Articles 1046 to 1055

SUB-SECTION I
ADMINISTRATIVE RECTIFICATION                                          Article 1046

**Article 1046**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*

The Public Prosecutor territorially competent to carry out the administrative rectification of mere material mistakes and omissions on deeds of civil status is:

- the Public Prosecutor of the place where the deed has been issued or registered;

- the Public Prosecutor of the place where the central department of registry of the Ministry of Foreign Affairs is located, for deeds kept by this department;

- the Public Prosecutor attached to the High Court of Paris with respect to documents regarded as deeds of civil status with respect to refugees or stateless individuals.

However, the application may always be brought either to the president of the Public Prosecutor of the place where the interested party lives in order to be transferred to the territorially competent Public Prosecutor.

SUB-SECTION II
RECTIFICATION AND COURT-ORDERED CANCELATION           Articles 1047 to 1055

**Article 1047**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*

The president of the High Court is competent to rule upon rectification of deeds of civil status or documents replacing the same.

The High Court is competent to rule upon cancellation of deeds of civil status, the statements they contain or documents replacing them and rectification of declaratory or additional judgement of deeds of civil status.

**Article 1048**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*

The territorially competent court is the court of the place where the person whose civil status is in question lives or, if he lives outside France, the High Court of Paris or its president. The matter may also be referred to the court of the place where the deed of civil status was issued or registered or to the court that has delivered the impugned judgement.

The following are nevertheless solely competent:

- the court of the place where the central department of civil status of the Ministry of Foreign Affairs is located, with respect to deeds that it keeps;

- the High Court of Paris or its president with respect to documents regarded as deed of civil status with respect to refugees or stateless individuals.

**Article 1049**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*

The action is available to any interested person and to the Public Prosecutor.

**Article 1050**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

CODE OF CIVIL PROCEDURE
*(Decree n°85-1330 of 17 December 1985, Article 17, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°93-1091 of 16 September 1993, Articles 1 and 4, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*
The action will be brought, managed and determined in the same manner as in non-contentious matters.

## Article 1051
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*
It may also be brought without any formality to the Public Prosecutor who will submit it to the competent court.
However, if the Public Prosecutor intends to object the application, he will inform the applicant and invite him to refer his case to the court.

## Article 1052
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*
The matter will be transmitted to the Public Prosecutor for his opinion.
Where the application is brought by the Public Prosecutor or a third party, the person whose civil status is in question or his heirs will he heard or summoned. With this purpose, the application must state their surnames, first names, address, date and place of birth without excluding the particulars provided for under 1° of Article 57.

## Article 1053
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*
The judge may order to implicate any interested person and to call the meeting of the family council.

## Article 1054
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*
If he accedes to the application, the judge will order the modification, by a marginal reference, of all deeds even those established, issued or registered outside his jurisdiction. For this purpose, the operative part of the decision will be transmitted by the Public Prosecutor to the depository of modified deeds.
The cancelled deed may no longer be updated. It may be issued only where the Public Prosecutor of the place where the deed is kept orders exceptionally.

## Article 1055
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 1, Official Journal of 17 September 1993)*
*(Decree n°2004-836 of 20 August 2004, Article 14, Official Journal of 22 August 2004, in force on 1 January 2005)*
The appeal to decisions pronounced in non-contentious matters is brought, managed and determined according to this procedure.
An appeal is available, in all cases, to the Public Prosecutor.

SECTION II
CHANGE OF FIRST NAMES                                                    Articles 1055-1 to
                                                                          1055-3

## Article 1055-1
*(Decree n°93-1091 of 16 September 1993, Article 2, Official Journal of 17 September 1993)*
An application for a change of first name is brought to the judge in whose jurisdiction the birth certificate of the interested party has been issued or to that of the place where the latter lives.
Where the birth certificate of the interested party is kept by the central department of the Ministry for Foreign Affairs, the application may also be brought to the judge where this department is located.

## Article 1055-2
*(Decree n°93-1091 of 16 September 1993, Article 2, Official Journal of 17 September 1993)*
The application for a change of first name appertains to non-contentious matters.
An appeal is available to Public Prosecutor.

## Article 1055-3
*(Decree n°93-1091 of 16 September 1993, Article 2, Official Journal of 17 September 1993)*

CODE OF CIVIL PROCEDURE

The operative part of a decision relating to change of first name will immediately be transmitted by the Public Prosecutor to the registrar of civil status who keeps the birth certificate of the interested party.

SECTION III

REGISTRATION AND REFERENCE OF DECISIONS IN REGISTERS OF          Articles 1056 to 1056-1

CIVIL STATUS

**Article 1056**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°93-1091 of 16 September 1993, Article 3, Official Journal of 17 September 1993)*

Any decision whose registration or reference in the registers of civil status is ordered must mention, in its operative part, the first names and names of the parties and, as the case may be, the place where the registration must be made or the places and dates of the deeds in whose margins the reference are to be inserted.

Only the operative part of the decision is transmitted to the depository of the registers of civil status. Registration and reference of the operative part are immediately carried out.

**Article 1056-1**
*(Decree n°2005-170 of 23 February 2005, Article 5, Official Journal of 25 February 2005, in force on the 1 March 2005)*

The Public Prosecutor territorially competent to rule upon, pursuant to Article 170-1 of the Civil Code, on the registration of a certificate marriage celebrated abroad is the Public Prosecutor of the place where the central department of civil status of the Ministry of Foreign Affairs.

Where the marriage certificate has been registered in French consular registers, the latter is also competent to sue the cancellation of the marriage celebrated abroad, even where he has not first received a registration application according to the conditions provided for under Article 170-1 of the Code Civil.

CHAPTER III

CIVIL DOCKET                                                                                    Articles 1057 to 1061

**Article 1057**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The civil docket is made up of the totality of abstracts of applications, deeds and judgments that, by virtue of special provisions referring to that docket, must be filed and kept in the clerk's office of the High Court.

The abstracts are registered in the register, day by day, in numerical order.

**Article 1058**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The filing and conservation of abstracts are carried out by the clerk's office of the High Court in whose jurisdiction the interested individual was born and by the central department of the civil status for those individuals born abroad.

**Article 1059**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°89-511 of 20 July 1989, Article 28, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The advertising of applications, deeds and judgments is carried out by the insertion of a reference in the margin of the birth certificate of the interested party. This reference is inserted at the request of the clerk of the High Court or, if necessary, at the request of the central department of the civil status. It is made up of the indication "civil docket" followed by the identification under which the application, deed or judgment is kept.

The date on which the reference is appended is mentioned on the abstract that is kept at the clerk's office or at the central department of the civil status.

**Article 1060**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°89-511 of 20 July 1989, Article 29, Official Journal of 25 July 1989 in force on 15 September 1989)*

The reference inserted in the margin of a birth certificate, of a judgment dismissing an application or discharging a legal order appearing in the civil docket, is completed sua sponte by the indication that it amounts to deletion of previous references.

The indication of a deletion may also be mentioned following the references provided for under Article 1292 where the interested party proves the extinction of the proceeding.

**Article 1061**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

CODE OF CIVIL PROCEDURE

Copies of abstracts kept in the civil docket may be issued to any interested party.

This may be done only with the permission of the Public Prosecutor where an indication of deletion has been inserted in the margin of a birth certificate by virtue of this Article.

CHAPTER III bis
BURIAL                                                                                      Article 1061-1

**Article 1061-1**
*(Decree n°2005-460 of May 2005, Article 31, Official Journal of 14 Mai 2005)*

Where there is dispute with respect to the burial ceremony, the matter will be submitted to the magistrates' court by way of a petition of the most diligent party according to the conditions provided for under Article 829.

It will determine the matter within twenty-four hours.

An appeal may be brought within twenty-four hours as of the decision of the president of the Court of appeal. The matter will be referred to the latter or his delegate without formality and must be determined immediately. The parties are not held to designate an avoué (~ solicitor).

The decision is enforceable upon the original copy that will be noticed to the mayor in charge of the enforcement.

N.B. Decree 2005-460 of 13 May 2005, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree apply to proceedings initiated after its entry into force. Articles 26 to 33 of this decree apply in Mayotte.

CHAPTER IV
THE ABSENTS                                                                          Articles 1062 to 1069

SECTION I
PRESUMPTION OF ABSENCE                                                   Articles 1062 to 1065

**Article 1062**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

An application in relation to the presumption of absence is brought to the judge for guardianships who sits in office in the magistrates' court in whose jurisdiction the person with regard to whom a presumption of absence must be ruled upon lives or has his last residence.

In default thereof, the competent judge will be the one from the magistrates' court in whose jurisdiction the applicant lives.

**Article 1063**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The application is brought, managed and determined according to rules that apply to the minors' guardianship.

**Article 1064**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

An abstract of any decision establishing a presumption of absence or designating a person to represent a presumed absent person and to administer his property as well as any decision varying or deleting measures taken will be transmitted to the clerk's office of the High Court in whose jurisdiction the person presumed absent was born, for the purpose of filing in the civil status index and that of advertising by way of a reference written in the margins of the birth certificate, according to the conditions provided for under Article 1057 to 1061. This will be transmitted to the central department of the civil status (of the Ministry of Foreign Affairs) for persons born abroad.

**Article 1065**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

Where a decision has been pronounced by the judge for guardianships, the transmission (of what is provided for under the above article) will be done by the clerk of the magistrates' court within fifteen days to be reckoned as of the end of the period for review action.

Where a decision has been pronounced by the High Court, the clerk of the High Court will transmit the same within fifteen days as of the date of judgment.

SECTION II
DECLARATION OF ABSENCE                                                   Articles 1066 to 1069

**Article 1066**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The applications to get a person declared absent is brought before the High Court in whose jurisdiction the latter lives or has his last residence.

In default thereof, the competent court will be the one where the applicant lives.

CODE OF CIVIL PROCEDURE

**Article 1067**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The application is brought, managed and determined as in non-contentious matters.

**Article 1068**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The period within which the abstracts of a declarative judgment of absence must be advertised will not exceed six months to be reckoned as of the pronouncement of that judgment; it is mentioned in the abstract to be advertised.

**Article 1069**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

An appeal is brought, managed and determined as in non-contentious matters.

The time-limit for appeal will run against the parties and third parties who have been notified of the judgment, one month after the end of the time-limit fixed by the court for compliance with the formalities of advertising under Article 127 of the Civil Code.

The time-limit for appeal in cassation suspends the enforcement of the declarative judgment of absence. The appeal in cassation is brought within this time-limit will also suspend (the enforcement of the declarative judgement).

CHAPTER V

PROCEDURE IN FAMILLY MATTERS                                         Articles 1070 to 1142

SECTION I

GENERAL PROVISIONS                                                   Articles 1070 to 1074-1

**Article 1070**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 4, Official Journal of 31 October 2004, in force on the 1 January 2005)*

The territorially competent judge for family matters is:

- the judge of the place where the family residence is located;

- if parents live at different places, the judge of the place of the residence of the parent with whom the minor lives usually in the event of a joint exercise of parental authority, or that of the place of residence of the parent who exercises the parental authority alone;

- in other cases, the judge of the place where the one who has not initiated the proceeding.

Where there is a joint application, the competent judge is, according to the choice of the parties, that of the place where the one or the other of them lives.

However, where the dispute concerns only matters of alimony, contribution to the maintenance and education of the children, the contribution to the household expenses or compensatory allowance, the competent judge may be the one where the creditor spouse lives or the one where the parent who assumes mainly the custody of the children, even the major ones, lives.

The territorial jurisdiction is determined in relation to the residence on the date of the application or, in divorce matters, in relation to the residence on the date where the original petition has been brought.

**Article 1071**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 4, Official Journal of 31 October 2004, in force on the 1 January 2005)*

The judge for family matters will try to conciliate the parties.

When the dispute is submitted to him, he may propose a (family) mediation and, with the consent of the parties, designate a family mediator for that purpose.

The decision ordering the parties to meet the family mediator pursuant to Articles 255 and 373-2-10 of Civil Code will not be subject to appeal.

**Article 1072**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°87-578 of 22 July 1987, Article 1, Official Journal of 25 July 1987)*

*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 4, Official Journal of 31 October 2004, in force on the 1 January 2005)*

Without excluding any other investigation measure and subject to the rules provided for under the third sub-article of Article 373-2-12 of Civil Code, the judge may, even sua sponte, order a social survey if he deems that he is not sufficiently informed by the documents he has.

CODE OF CIVIL PROCEDURE

The social survey focuses on the family situation as well as, if necessary, on the prospects of feasibility of a plan by the parents or by one of them with respect to the terms and conditions of the exercise of the parental authority.

A minutes will be drawn which sets out the findings of the surveyor and the solutions that he recommends.

The judge will send the minutes to the parties to whom he grants a time-limit during which they may request a complementary survey.

**Article 1073**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 4, Official Journal of 31 October 2004, in force on 1 January 2005)*

The judge for family matters is, if necessary, the pre-trial judge.
He exercises the functions of the summary judgement judge.

**Article 1074**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°94-42 of 14 January 1994, Articles 9 and 10, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 4, Official Journal of 31 October 2004, in force on 1 January 2005)*

The applications are brought, managed and determined in the judge's council chamber.
However, the decisions relating to surname, first name or divorce are pronounced in public.

**Article 1074-1**

*(Decree n°2004-1158 of 29 October 2004, Article 4, Official Journal of 31 October 2004, in force on 1 January 2005)*

The applications focusing on the exercise of parental authority, alimony, the contribution to maintenance and education of the child, the contribution to household expenses, as well as all measures taken pursuant to Article 255 of the Code Civil, are enforceable provisionally as of right.

|  |  |
|---|---|
| SECTION II | |
| DIVORCE AND SEPARATION FROM BED AND BOARD | Articles 1075 to 1136 |
| SUB-SECTION I | |
| GENERAL PROVISIONS | Articles 1075 to 1087 |
| Paragraph 1 | |
| ACTIONS | Articles 1075 to 1077 |

**Article 1075**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°84-618 of 13 July 1984, Article 20, Official Journal of 18 July 1984, amendment JORF of 18 August 1984)*
*(Decree n°85-1330 of 17 December 1985, Article 21, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

From the start of the proceeding, the spouses reveal, if necessary, with the necessary particulars of their identification, to the Social Security Office to which they are attached, the department or organisation providing for family benefits, occupational pension schemes or old age allowances, as well as the denomination of these funds, departments or organisations.

**Article 1075-1**

*(Decree n°85-1330 of 17 December 1985, Article 18, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°2002-1436 of 3 December 2002, Article 10, Official Journal of 12 December 2002)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 I Official Journal of 31 October 2004, in force on 1 January 2005)*

Where an application for a compensatory allowance is referred to the judge or stipulated in an agreement, each spouse will produce a sworn statement referred to under Article 272 of the Civil Code.

**Article 175-2**

*(Decree n°2002-1436 of 3 December 2002, Article 10, Official Journal of 12 December 2002)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

Upon the request of the judge, the spouses must prove their expenses and incomes, notably by producing an income tax return, notice of assessment and an income tax position slip.

They must also, upon his request, produce the supporting documents relating to their patrimony and living conditions, in addition to the sworn statement, that allow to determine the amount of the compensatory allowance.

**Article 1076**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 4, Official Journal of 31 October 2004, in force on 1 January 2005)*

CODE OF CIVIL PROCEDURE

The spouse who brings an application for divorce may, whatever the situation, and even during an appeal proceeding, substitute it by an application for separation from bed and board.

A reverse substitution is precluded.

## Article 1076-1
*(Decree n°85-1330 of 17 December 1985, Article 19, Official Journal of 18 December 1985 in force on 1 January 1986)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

Where one of the parties has requested only for the payment of alimony or a contribution to the household expenses, the judge may not decree a divorce without having first invited the parties to comment upon the payment of the compensatory allowance.

## Article 1077
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994, in force on the 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 IV, Official Journal of 31 October 2004, in force on 1 January 2005)*

The claim may be based only on of the grounds referred to under Article 299 of the Civil Code. Any claim on subsidiary basis on another ground is inadmissible.

Except the cases provided for under Articles 247 to 247-2 of the Civil Code, a claim based on one of the grounds of divorce referred to under Article 229 of the Civil Code may not replaced, in the course of the proceeding, by a claim based on another ground.

Paragraph 2
COMPENSATORY ALLOWANCE                                           Articles 1079 to 1080

## Article 1079
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 IV, Official Journal of 31 October 2004, in force on 1 January 2005)*

Compensatory allowance may not be accompanied with an interim enforcement order.

However, it, in whole or in part, may be accompanied with an interim enforcement order where the absence of enforcement would have obviously excessive consequences for the creditor in the event of appeal against the compensatory allowance whereas the divorce order has become res judicata.

Said interim enforcement takes effect only on the date where the divorce order has become res juricata.

## Article 1080
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 4, Official Journal of 25 July 1987)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 IV, Official Journal of 31 October 2004, in force on 1 January 2005)*

Where the assets and rights are attributed as compensatory allowance pursuant to 2° of Article 274 of the Civil Code, homologated agreement or the decision that pronounces the divorce must specify their value.

Where the assets and rights are subject to land registration, it must specify in addition to the particulars necessary for the advertising of the property title according to the conditions provided for under decree n°55-22 of 4 January 1955 with respect the reform of land registration.

Paragraph 3
SUPPLEMENTARY ALLOWANCE                                          Articles 1081 to 1082-1

## Article 1081
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 IV, Official Journal of 31 October 2004, in force on 1 January 2005)*

The operative part of the decision will specify the date of the ruling of non-conciliation.

## Article 1082
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°89-511 of 20 July 1989, Article 30, Official Journal of 25 July 1989 in force on 15 September 1989)*
*(Decree n°97-854 of 16 September 1997, Article 1, Official Journal of 18 September 1997)*
*(Decree n°98-508 of 23 June 1998, Article 2, Official Journal of 25 June 1998)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 V, Official Journal of 31 October 2004, in force on 1 January 2005)*

CODE OF CIVIL PROCEDURE

A reference with respect to the divorce or separation from bed and board must be inserted on the margins of the marriage certificate and in each spouse's birth certificate, with the proof of an abstract of the decision containing only its operative part and accompanied with the supporting documents of its enforceability according to Article 506.

If the marriage is celebrated abroad and in the absence of a marriage certificate kept by a French authority, the reference of the operative part of the decision will be inserted in the margins of each spouse's birth certificate, if this deed is kept on a French register. In default thereof, the abstract of the decision will be kept in the list referred to under Article 4-1 of Decree n° 65-422 of 1 June 1965 establishing the central department of the civil registry at the Ministry for Foreign Affairs.

**Article 1082-1**
*(Decree n°2004-1158 of 29 October 2004, Article 5 VI, Official Journal of 31 October 2004, in force on 1 January 2005)*

It is possible to prove, with regard to third parties, a divorce or a separation from bed and board by the mere production of an abstract of the decision that has pronounced containing only the operative part, accompanied with the supporting document of its enforceability according to Article 506.

Paragraph 4
AMENDEMENT OF ACCESSORY MEASURES                    Articles 1083 to 1085

**Article 1083**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 VII, Official Journal of 31 October 2004, in force on 1 January 2005)*

Where the order of divorce has been appealed against, the application to amend the accessory measures that are provisionally enforceable pursuant to Article 1074-1, on the occurrence of a new fact, may be brought, as the case may be, only before the first president of the court of appeal or before the pre-trial councillor.

**Article 1084**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981, in force on 1 January 1982)*
*(Decree n°84-618 of 13 July 1984, Article 22 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*
*(Decree n°87-578 of 22 July 1987, Article 12, Official Journal of 25 July 1987)*
*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Article 12, Official Journal of 12 December 2002)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 VIII, Official Journal of 31 October 2004, in force on 1 January 2005)*

When it is necessary to determine (the case), after the decree of divorce, the issue of the exercise of parental authority or on alimony or contribution to the maintenance and education of the child, the application will be brought, even if a appeal in cassation has been lodged, before the judge for family matters according to the rules laid down under Section III of this Chapter.

The same will apply to, where the divorce has become res judicata, applications relating to compensatory allowance. Articles 1075-1 and 1075-2 of this code apply.

**Article 1085**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 VIII, Official Journal of 31 October 2004, in force on 1 January 2005)*

The judge may ask for the transmission of the file to the court that has pronounced the divorce.

Paragraph 5
APPEAL IN CASSATION                    Articles 1086 to 1087

**Article 1086**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 VIII, Official Journal of 31 October 2004, in force on 1 January 2005)*

The time-limit for the appeal in cassation will suspend the enforcement of the decision that has pronounced the divorce. Likewise, the appeal in cassation brought within this time-limit suspends (the enforcement of the same).

**Article 1087**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*

CODE OF CIVIL PROCEDURE

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 5 VIII, Official Journal of 31 October 2004, in force on 1 January 2005)*

The suspensive effect attached to the appeal in cassation and the time-limit will not apply to the terms of the decision or to that of the homologated agreement regarding the allowances, the contribution to the maintenance and education of the child and the exercise of parental authority.

SUB-SECTION II
DIVORCE WITH MUTUAL CONSENT                                    Articles 1088 to 1105

### Article 1088
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1981)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 I, Official Journal of 31 October 2004, in force on 1 January 2005)*

Divorce with mutual consent appertains to non-contentious matters.

### Article 1089
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 II, Official Journal of 31 October 2004, in force on 1 January 2005)*

The application for divorce must be brought in a single petition of the spouses.

### Article 1090
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 III, Official Journal of 31 October 2004, in force on 1 January 2005)*

The petition, which does not specify the grounds of divorce, must contain, under penalty of inadmissibility:

1° the surname, first names, occupation, residence, nationality, date and place of birth of each spouse; the date and place of marriage; the same particulars, if necessary, for each child;

2° the particulars set out under Article 1075;

3° the court before which the application has been brought;

4° the name of the advocates designated by the spouses to represent them, or the one whom they have chosen by mutual consent for the same purpose.

Under the same penalty, the petition will be dated and signed by the spouses and their advocates.

### Article 1091
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 IV, Official Journal of 31 October 2004, in force on 1 January 2005)*
*(Decree n°2005-460 of May 2005, Article 32, Official Journal of 14 May 2005)*

Under penalty of inadmissibility, the petition must contain as an annex the agreement dated and signed by both spouses and their advocate relating to the complete resolution of the divorce and including mainly the statement of liquidation of the matrimonial regime settlement or the declaration stating that there is no need for liquidation. The statement of liquidation must be drawn in an authentic form before a notary where the liquidation concerns properties subjected to land registration.

N.B. Decree 2005-460 of 13 May 2005, Article 38, Article 39: Articles 3, 26 to 31, 32 and 34 of this decree apply to proceedings initiated after its entry into force. Articles 26 to 33 of this decree apply in Mayotte.

### Article 1092
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*
*Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 IV, Official Journal of 31 October 2004, in force on 1 January 2005)*

The case is referred to the judge for family matters by way of handing over to the clerk's office a petition, which amounts to pleadings.

He will summon both spouses by ordinary letter sent at least fifteen days before the date of the hearing. He informs the advocate or advocates.

### Article 1099
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 12, Official Journal of 25 July 1987)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 VII, Official Journal of 31 October 2004, in force on 1*

CODE OF CIVIL PROCEDURE
*January 2005)*

On the date fixed, the judge will follow the terms and conditions provided for under Articles 250 to 250-3 of the Civil Code; he will verify the admissibility of the petition; he will make sure that the consent of the spouses is free and informed and call to their attention the importance of the undertakings that they take, notably as to the exercise of parental authority.

With the consent of the parties, in the presence of the advocate (s), the judge may get the clauses of the agreement that he finds conflicting with the interest of the children or those of one of the spouses deleted or amended.

He makes in short order a judgment by virtue of which he homologates the agreement and pronounces the divorce.

## Article 1100
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 VII, Official Journal of 31 October 2004, in force on 1 January 2005)*

If he finds that the agreement is insufficient to safeguard the interests of the children or those of one of the spouses, the judge may, by way of an order, refuse to homologate it and pronounce the divorce and he may postpone his decision until the production of a new agreement.

He must inform the spouses that they must produce a new agreement before the end of a six-month time-limit. The order must refer to this information and its content.

The order must specify the conditions or assurances to which the homologation of the new agreement is subjected and, consequently, the declaration of the divorce.

It must contain, if necessary, the interim measures homologated by the judge pursuant to Article 250-2 of the Civil Code.

## Article 1101
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 VII, Official Journal of 31 October 2004, in force on 1 January 2005)*

The time-limit of six months to produce a new agreement is suspended in the event of appeal.

If a new agreement is not produced within the fixed time-limit, the judge will declare sua sponte the nullity of the application for divorce.

Where the spouses produce a new agreement, the parties will be summoned according to the terms and conditions provided for under Article 1092. If he refuses to homologate, the judge will make an order in which he will declare the nullity of the application for divorce.

## Article 1102
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 VII, Official Journal of 31 October 2004, in force on 1 January 2005)*

The decisions of the judge for family matters may be subject to appeal, except those that declare a divorce.

The time-limit to appeal is fifteen days; it runs as of the date of the decision.

## Article 1103
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 6 IX, Official Journal of 31 October 2004, in force on 1 January 2005)*

The time-limit for an appeal in cassation is fifteen days as of the pronouncement of the decision that homologates the spouses' agreement and pronounces the divorce.

## Article 1104
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

Creditors of the one or the other spouse may get an order that declares that the homologated agreement is unenforceable against them by instituting a third party application to set aside against the decision of homologation in the year following the compliance of the formalities referred to under Article 262 of the Civil Code.

## Article 1105
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

The spouses share equally the legal costs of the proceeding unless otherwise their agreement provides.

SUB-SECTION III

CODE OF CIVIL PROCEDURE

OTHER DIVORCE PROCEDURES                                                    Articles 1106 to 1128

Paragraph 1
ORIGINAL PETITION                                                           Articles 1106 to 1107

### Article 1106
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 I, Official Journal of 31 October 2004, in force on 1 January 2005)*

The spouse who wishes to bring an application for divorce brings a petition to the judge through an advocate. The petition need not mention the legal ground of the application for divorce and the facts causing it. It must contain the claims brought as interim measures and a summary overview of their grounds.

The spouse is held to appear in person when he seeks urgent measures.

In the case of an impediment, duly ascertained, the judge holds his office at the residence of the spouse.

### Article 1107
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

At the bottom of the petition, the judge must state the date, time and venue at and on which he will attempt at conciliation.

He will stipulate, if necessary, such urgent measures referred to under Article 257 of the Civil Code.

The order may not be subjected to any review.

Paragraph 2
ATTEMPT AT CONCILIATION                                                     Articles 1108 to 1113

### Article 1108
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 I, Official Journal of 31 October 2004, in force on 1 January 2005)*

The spouse who has not brought the petition will be summoned by the clerk's office to the attempt at conciliation by a recorded letter with the advice of delivery slip sought, confirmed on the same day by ordinary letter. Under penalty of nullity, the recorded letter, with copy of the order, must be sent at least fifteen days before (the conciliation hearing).

The subpoena sent to the spouse who has not brought the petition informs him that he must appear in person, alone or assisted by an advocate. It specifies that the assistance of an advocate is compulsory to accept, at the conciliation hearing, the principle of the breach of the marriage. The clerk's office informs the advocate of the spouse who has brought petition. The clerk's office will inform the advocate who has brought the petition.

In the notification by recorded letter is enclosed also, for information purposes, a note explaining, notably, the provisions of Articles 252 to 254 as well as those of 1° and 2° of Article 255 of the Civil Code.

### Article 1109
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

In case of urgency, a judge for family affairs may grant leave to one of the spouses, upon his petition, to summon the other spouse to a fixed date proceeding in view of conciliation.

### Article 1110
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 IV, Official Journal of 31 October 2004, in force on 1 January 2005)*

At the specified date, the judge rules upon, if necessary, (the question of) jurisdiction.

He reminds the spouses the provisions of Articles 252-4 of the Civil Code; after that, he conducts the attempt at conciliation in accordance with the disposition of Articles 252-1 to 253 of the same code.

If one of the spouses may not appear at the specified venue, the judge may designate another one, go on circuit, even outside his jurisdiction, to hear on the spot the impeded spouse or charge another judge to carry out this hearing.

### Article 1111
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 IV, Official Journal of 31 October 2004, in force on 1 January 2005)*

CODE OF CIVIL PROCEDURE

Where he establishes, after having heard each spouse on the idea of breach of the marriage, that the applicant maintains his application, the judge will pronounce a ruling with which he may either refer the parties, according to Article 252-2 of the Civil Code, to a second attempt at reconciliation or grant leave immediately to the spouses to bring their action for divorce.

In one or the other case, he may order all or part of such interim measures as prescribed under Articles 254 to 257 of the Civil Code.

The judge must recite, on granting leave to bring action for divorce, in his ruling the time-limits provided for under Article 1113 this Code.

### Article 1112
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

The ruling delivered by virtue of Articles 1110 and 1111 may be subjected to appeal within fifteen days as of its notification, but only with respect to the question of jurisdiction and the interim measures.

### Article 1113
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 V, Official Journal of 31 October 2004, in force on 1 January 2005)*

Within a three-month time as of the pronouncement of the ruling, only the spouse who has brought the initial petition may bring a writ of summons for divorce.

In case of reconciliation of the spouses or if the action has not been initiated within the three-month time as of the pronouncement of the ruling, all the provisions (of the ruling) are null and void, including the leave to bring an action (for divorce).

Paragraph 3
PROCEEDING                                                                  Articles 1114 to 1115

### Article 1114
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 V, Official Journal of 31 October 2004, in force on 1 January 2005)*

Subject to the rules provided for under the first two sections of this chapter, the action is brought, managed and determined according to the procedure in contentious matters applicable before the High Court.

### Article 1115
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 5, Official Journal of 25 July 1987)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 V, Official Journal of 31 October 2004, in force on 1 January 2005)*

The proposal for the resolution of the financial interests of the spouses, referred to under Article 257-2 of the Civil Code, must contain a summary description of their patrimony and specify the intention of the applicant as to the liquidation of the community property or of the joint ownership, and, if necessary, as to the partition of the assets.

It will not constitute a claim within the definition of Article 4 of this Code.

The inadmissibility referred to under Article 257-2 of the Civil Code must be raised prior to any defence on the merits of the case.

Paragraph 4
INTERIM MEASURES                                                          Articles 1117 to 1119

### Article 1117
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

Where he orders interim measures, the judge may take into consideration the agreement that the spouses have already concluded.

### Article 1118
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 VII, Official Journal of 31 October 2004, in force on 1 January 2005)*

Where a new fact occurs, the judge may, until the matter is removed from the court, delete, vary or supplement the

CODE OF CIVIL PROCEDURE

interim measures he has ordered.

Prior to the opening of the proceeding, the action is brought, managed and determined according to the terms and conditions provided for under section III of this chapter.

**Article 1119**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Official Journal of 31 October 2004, in force on 1 January 2005)*

The decision relating to interim measures may be subjected to appeal within fifteen days as of its notification.

In case of an appeal, the variation of interim measures, if a new fact occurs, may be brought, as the case may be, only to the first president of the court of appeal or to the pre-trial councillor.

Paragraph 5

MEANS OF REVIEW                                                                                   Article 1120

**Article 1120**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 VIII, Official Journal of 31 October 2004, in force on 1 January 2005)*

A protected adult may consent to a divorce judgement or withdraw an appeal only with the consent of the judge for guardianships.

Paragraph 6

SPECIFIC PROVISIONS APPLICABLE TO ACCEPTED DIVORCE       Articles 1123 to 1125

**Article 1123**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 X, Official Journal of 31 October 2004, in force on 1 January 2005)*

At any stage of the proceeding, the spouses may accept the idea of breach of marriage without taking into considerations the facts leading to it.

At the conciliation hearing, this acceptance is recorded immediately in the minutes drawn by the judge and signed by the spouses and their advocates. Afterwards, the judge defers the spouses to initiate an action so that he pronounces the divorce and rules upon the effects, as the cause of the divorce is deemed established. The minutes will be attached to the ruling.

Failing that, each spouse may declare, in writing that he signs himself, that he accepts the principle of beach of marriage.

During the course of the proceeding, the action brought by virtue of Article 247-1 of the Civil Code must be set out expressly and tally the pleadings of the parties. Each spouse attaches his declaration of acceptance to his pleadings.

Under penalty of nullity, the minutes or the written declaration recalls the particulars of the second sub-article of Article 233 of the Civil Code.

**Article 1124**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 X, Official Journal of 31 October 2004, in force on 1 January 2005)*

The judge for family matters pronounces the divorce without any other ground than the acceptance of the spouses.

**Article 1125**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 X, Official Journal of 31 October 2004, in force on 1 January 2005)*

The spouses will share the legal costs of the proceeding, up to and including the writ of summons in order to get the pronouncement of divorce equally, unless otherwise decided by the judge.

Paragraph 7

 Dispositions particulières au divorce pour altération définitive du lien       Articles 1126 to 1127

conjugal

**Article 1126**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 X, Official Journal of 31 October 2004, in force on 1*

CODE OF CIVIL PROCEDURE
*January 2005)*
Subject to provisions of Article 472, the judge may raise sua sponte the ground drawn from the failure of lapsing of the two-year time-limit provided for at the first sub-article of Article 238 of the Civil Code.

**Article 1127**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 XI, Official Journal of 31 October 2004, in force on 1 January 2005)*
The legal costs of the proceeding are to be borne by the spouse who has initiated it, unless otherwise decided by the judge.

Paragraph 8
SPECIFIC PROVISIONS APPLICABLE TO DIVORCE POUR FAUTE  Article 1128

**Article 1128**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 7 XII, Official Journal of 31 October 2004, in force on 1 January 2005)*
The application in view of exempting the judge for family affairs to state in the operative part of his decision the faults and grievances of the spouses must be set out expressly and tally the pleadings of the one and the other spouse.
The judge for family matters restricts himself to stating that the facts constituting the cause of the divorce are satisfied according to Title "Of Divorce", Section IV, Chapter I of the Civil Code.

SUB-SECTION IV
SEPARATION FROM BED AND BOARD                    Articles 1129 to 1130

**Article 1129**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 8, Official Journal of 31 October 2004, in force on 1 January 2005)*
*(Decree n°2004-1333 of 6 December 2004, Article 1, Official Journal of 8 December 2004)*
The proceeding for separation from bed ands board follows the rules provided for the proceeding for divorce.
N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

**Article 1130**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 8, Official Journal of 31 October 2004, in force on 1 January 2005)*
*(Decree n°2004-1333 of 6 December 2004, Article 1, Official Journal of 8 December 2004)*
The declaration of the resumption of cohabitation will be referred to in the margin of the marriage certificate and birth certificate of each spouse.
The notary who has drawn the deed recording the resumption of cohabitation will make the same reference.
N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

SUB-SECTION V
DIVORCE UPON TRANSFORMATION OF SEPARATION FROM BED        Articles 1131 to 1136
AND BOARD

**Article 1131**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 9, Official Journal of 31 October 2004, in force on 1 January 2005)*
*(Decree n°2004-1333 of 6 December 2004, Article 2, Official Journal of 8 December 2004)*
Except the case where the separation from bed and board has been pronounced by mutual consent, the application for transformation is brought, managed and determined according to the procedure for contentious matters.
No counter-claim is admissible, except upon the effects of the divorce.
N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

**Article 1132**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

CODE OF CIVIL PROCEDURE

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 9, Official Journal of 31 October 2004, in force on 1 January 2005)*

*(Decree n°2004-1333 of 6 December 2004, Article 2, Official Journal of 8 December 2004)*

In case of separation from bed and board by mutual consent, the petition in view of transformation, under penalty of inadmissibility, must contain the particulars required by Article 1090, the reference of the decision that has pronounced the separation from bed and board, and is accompanied with the agreement upon the consequences of the divorce.

Under the same penalty, the petition and the agreement are dated and sighed by each spouse and their advocates.

N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

**Article 1133**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 9 III, Official Journal of 31 October 2004, in force on 1 January 2005)*

*(Decree n°2004-1333 of 6 December 2004, Article 2, Official Journal of 8 December 2004)*

In the case provided for under the preceding Article, the judge may avoid to hear the spouses and strict to the examination of the agreement with the advocate.

In case of difficulty, he may homologate the agreement and pronounce the divorce.

Otherwise, he may, without any other formality, ask the spouses to bring for the second time petition within a one-month time, after having modified the agreement; if this is not fulfilled, the judge may deliver a ruling stating his refusal to homologate the agreement.

The ruling must state the time-limit for appeal and the starting point of the same.

N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

**Article 1134**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 9, Official Journal of 31 October 2004, in force on 1 January 2005)*

*(Decree n°2004-1333 of 6 December 2004, Article 1, Official Journal of 8 December 2004)*

The ruling is subject to appeal within fifteen days as of the decision.

The appeal will be brought, managed and determined according to the rules that apply to non-contentious matters.

N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

**Article 1135**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 9, Official Journal of 31 October 2004, in force on 1 January 2005)*

*(Decree n°2004-1333 of 6 December 2004, Article 1, Official Journal of 8 December 2004)*

The investigation of the matter and the hearing of the spouses are limited to, under all circumstances, to the effects of the decision.

N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

**Article 1136**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 9, Official Journal of 31 October 2004, in force on 1 January 2005)*

*(Decree n°2004-1333 of 6 December 2004, Article 2, Official Journal of 8 December 2004)*

The legal costs of the proceeding for transformation are shared like those of the proceeding for separation from bed and board.

The legal costs relating to the appeal are dealt with like those of a new proceeding.

N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

SECTION III

OTHER PROCEDURES APARTENING TO THE JURISDICTION OF THE          Articles 1137 to 1142
JUDGE FOR FAMILY MATTERS

**Article 1137**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 94-42 of 14 January 1994, Article 10, Official Journal of 16 January 1994 in force on 1 February 1994)*

CODE OF CIVIL PROCEDURE

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 10, Official Journal of 31 October 2004, in force on 1 January 2005)*

The matter is referred to the judge according to the forms provided for summary procedures.

The matter may also be referred to him by way of a petition handed over or sent to the clerk's office, by both parties or by one party only. The petition must state the surnames, first names, the address of the parties or, if necessary, the last known address of the defendant. With respect to legal entities, it states their form, denomination, head office and the body that represents them lawfully. It must contain the purpose of the application and the summary overview of its grounds. It is dated and signed by the one who brings it or by his advocate.

## Article 1138

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 10, Official Journal of 31 October 2004, in force on 1 January 2005)*

Within fifteen days as of the petition, the clerk's office summons the defendant to the hearing by recorded letter with the advice of the delivery slip sought. He sends to him on the same day, by an ordinary letter, a copy of the petition and the subpoena.

However, where the petition states that the address of the defendant is the last known address, the clerk's office will invite the applicant to serve through a bailiff.

The clerk's office summons also, by ordinary letter, the party who has initiated the action. The latter may also be summoned orally against marginal reference or according to the terms and conditions of Articles 1139 to 1141.

## Article 1139

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 10, Official Journal of 31 October 2004, in force on 1 January 2005)*

*(Decree n°2004-1333 of 6 December 2004, Article 1, Official Journal of 8 December 2004)*

The parties may plead their case themselves; they have the right to be assisted and represented by an advocate.

N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

## Article 1140

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 89-511 of 20 July 1989, Article 31, Official Journal of 25 July 1989 in force on 15 September 1989)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 10, Official Journal of 31 October 2004, in force on 1 January 2005)*

*(Decree n°2004-1333 of 6 December 2004, Article 1, Official Journal of 8 December 2004)*

The procedure is oral.

N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

## Article 1141

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 10, Official Journal of 31 October 2004, in force on 1 January 2005)*

Where the application is brought on the basis of Article L6145-11 of the Public Health Code or that of Article L132-7 of the Family and Social Assistance Code, any party may also, during the course of the proceeding, explain his grounds through a letter, by a recorded letter with the advice of the delivery slip sought, sent to the judge, if he proves that the opposing party knows them before the hearing.

The party who exercises this option may avoid appearing at the hearing. The judgement delivered in these circumstances will be deemed determined after trial.

However, the judge may always order that the parties appear before him.

## Article 1142

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 10, Official Journal of 31 October 2004, in force on 1 January 2005)*

*(Decree n°2004-1333 of 6 December 2004, Article 2, Official Journal of 8 December 2004)*

Where the matter is referred to him by way of a petition, the judge may decide either sua sponte or upon the request of the party, that the clerk will notify the judgement's office by recorded letter with the advice of the delivery slip sought.

N.B. The Decree n°2004-1333 of 26 November 2004 amends Decree 2004-1158 of 29 October 2004.

CHAPTER VI
AFFILIATION AND ALLOWANCES                                      Articles 1149 to 1157-3

SECTION I

CODE OF CIVIL PROCEDURE

GENERAL PROVISIONS                                                                          Articles 1149 to 1149-1

**Article 1149**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 93-1091 of 16 September 1993, Article 9, Official Journal of 17 September 1993)*
The applications relating to affiliation and allowances are managed and argued in the judge's council chamber.
The judgement will be pronounced in public hearing, save in the cases referred to under Articles 1150 to 1153.

**Article 1149-1**
*(Decree n° 93-1091 of 16 September 1993, Article 10, Official Journal of 17 September 1993)*
Where, in case of a change of parentage, an of age child consents to the modification to his surname, a registrar, a notary, and an officer of the French diplomatic or consular services may receive his consent or by the court, that pronounces the legitimation; in the latter case, it is mentioned in the operative part of the decision.

SECTION II
LEGITIMATION                                                                                Articles 1150 to 1151

**Article 1150**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
Petition in view of legitimation after wedlock or by leave of the court is brought by one of the two parents before the High Court in whose jurisdiction where he lives or by both of them jointly before the court in whose jurisdiction one of them lives.

**Article 1151**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
Legitimisation appertains to non-contentious matters.

SECTION III
NONMARITAL PARENTAGE                                                                        Articles 1152 to 1153-1

**Article 1152**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 89-511 of 20 July 1989, Article 32, Official Journal of 25 July 1989)*
*(Decree n° 93-1091 of 16 September 1993, Article 14, Official Journal of 17 September 1993)*
*(Decree n° 94-42 of 14 January 1994, Article 21, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 3, Article 15, Official Journal of 31 October 2004, in force on 1 January 2005)*
With respect to children born before the 1st of January 2005, the joint declarations provided for under Articles 334-2 and 334-5 of the Civil Code, in their drafting prior to Act n°2002-304 of 4 March 2002, are brought before the chief clerk of the High Court of the place where the child lives.
The chief clerk sends forthwith a notice to the Public Prosecutor of the place of birth of the child and he inserts the necessary particulars on the margin of the latter's birth certificate.

**Article 1153**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 93-1091 of 16 September 1993, Article 14, Official Journal of 17 September 1993)*
The change of surname of the non-marital child by joint declaration appertains to non-contentious matters.

**Article 1153-1**
*(Decree n° 93-1091 of 16 September 1993, Article 15, Official Journal of 17 September 1993)*
The Public Prosecutor represents the State in actions for declaration of paternity where the presumed father has left no heirs or where the latter have abandoned their right of inheritance.

SECTION IV
ALLOWANCES                                                                                  Articles 1154 to 1156

**Article 1154**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
Where Article 342-3 of the Civil Code applies, in view of payments of allowances, the court may designate as judicial representative any such person who appears to be able to look after the child.

**Article 1155**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

CODE OF CIVIL PROCEDURE

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The legal representative of the child may ask the person appointed to collect the allowance any useful information.

If a disagreement occurs between them, the court to which the case is referred by way of a reasoned note handed over to the clerk's office, will rule upon it without any formality after having gathered the explanations of the interested parties.

## Article 1156

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The department for the welfare of children or the representative designated by the court will be, in order to collect the allowances, subrogated in the rights of the creditor.

The amount owed to the child will be transferred to the legal representative as soon as possible and at the latest within a month of its receipt.

SECTION V

ATTESTED AFFIDAVIT                                                                    Articles 1157 to 1157-1

## Article 1157

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Before drafting attested affidavit, a judge, if he deems the testimonies and documents produced to be insufficient, may cause sua sponte to gather, through such a person of his choice, information on the facts that need to be established.

## Article 1157-1

*(Decree n° 93-1091 of 16 September 1993, Article 11, Official Journal of 17 September 1993)*

The judge, who issues an attested affidavit establishing the possession of civil status of a legitimate child or of a non-marital child, informs forthwith the Public Prosecutor in whose jurisdiction the birth certificate of the interested person is kept.

The Public Prosecutor inserts a reference with respect to the filiations established in this way in the margin of the birth certificate of the child.

SECTION VI

CONSENT TO ARTIFICIAL INSEMINATION                          Articles 1157-2 to
                                                                                                1157-3

## Article 1157-2

*(Decree n° 95-223 of 24 February 1995, Article 1, Official Journal of 3 March 1995)*

The spouses or cohabitees who resort to artificial insemination necessitating the involvement of a third party donor, as referred to under Article 311-20 of the Civil Code, consent by way of a joint declaration before the president of the High Court of their choice or his delegate, or before a notary.

The declaration is recorded in an authenticated deed without the presence of third parties.

A certified copy or a copy of the deed may be issued only to those whose consent has been recorded.

## Article 1157-3

*(Decree n° 95-223 of 24 February 1995, Article 1, Official Journal of 3 March 1995)*

Before recording the consent, the judge or the notary informs those who are about to give their consent:

- of the impossibility to establish parentage between the child artificially procreated and the donor, or to bring a liability action against the latter;

- of the ban to institute action to challenge the parentage or to claim a status in the name of the child, save where it is argued that the latter is not born by artificial insemination or that the consent is ineffective;

- of the cases where the consent is ineffective;

- of the possibility of getting a court declaration with respect to a paternity acquired out of wedlock of the one who, having consented to an artificial insemination, does not recognize the child born of and of bringing a liability action against him on that basis.

The deed provided for under Article 1157-2 mentions that this information has been conveyed.

CHAPTER VII

DECLARATION OF ABANDONMENT                                           Articles 1158 to 1164

## Article 1158

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

An application for a declaration of abandonment is brought before the High Court of the jurisdiction where the child lives; where it emanates from the department for welfare of children, it is presented before the High Court of the principal town the administrative department in which the child has been put in custody.

## Article 1159

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May*

CODE OF CIVIL PROCEDURE
*1981 in force on 1 January 1982)*
The proceeding complies with the rules relating to non-contentious matters.

### Article 1160
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n° 84-618 of 13 July 1984, Articles 24 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
The application is brought by way of a petition handed over to the clerk's office.
It may also be brought by a simple petition of the applicant himself, handed over to the Public Prosecutor who must transfer it to the court.
The clerk will summon the interested parties by recorded letter with the advice of delivery slip sought.

### Article 1161
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n° 84-618 of 13 July 1984, Article 25 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*
The matter is managed and argued in the judge's council chamber in the presence of the petitioner after the opinion of the Public Prosecutor. The representation by an advocate is not mandatory.
The parents or the tutor are heard or summoned. In cases where they are disappeared, the court may order that they be looked for in the interest of the families; it then defers its decision for a period not exceeding six months.
The judgement is pronounced in a public hearing. It will be notified by the clerk to the applicant, to the parents, and if necessary, to the tutor.

### Article 1162
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
Where the same appears necessary, the court rules upon, in the manner and by virtue of the same judgment, on the delegation of parental authority.

### Article 1163
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 84-618 of 13 July 1984, Article 26 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*
The appeal is brought in accordance with the rules of procedure relating to non-mandatory representation. It is managed and determined according to with the rules applicable to first instance proceedings.
The means of review are available to persons to whom the judgement has been notified and to the Public Prosecutor.

### Article 1164
*(Decree n° 81-500 of 12 May 1981, Article 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
An application for the return of a child is subject to the provisions of this chapter.

CHAPTER VIII
ADOPTION                                                          Articles 1165 to 1178

SECTION I
CONSENT IN RELATION TO ADOPTION                                   Article 1165

### Article 1165
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
Persons empowered to receive consent in relation to adoption must inform the one giving his consent of the possibility of being able to revoke this consent and the terms and conditions of revocation.
The deed prescribed under Article 348-3 of the Civil Code must state that this information has been given.

SECTION II
PROCEDURE FOR ADOPTION                                            Articles 1166 to 1176

### Article 1166
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
An application in view of adoption is brought before the High Court.

CODE OF CIVIL PROCEDURE

The competent court is:
- the one in whose jurisdiction the applicant lives if he resides in France;
- the one in whose jurisdiction the person whose adoption is sought lives where the applicant resides abroad;
- the court chosen in France by the applicant if the latter and the person whose adoption is sought live abroad.

**Article 1167**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The action in view of adoption appertains to non-contentious matters.

**Article 1168**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 84-618 of 13 July 1984, Articles 27 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*

The application is brought by way of a petition.

Where the person whose adoption is sought is under custody at the home of the petitioner before the age of fifteen, the petitioner may bring by himself the application by a simple petition sent to the Public Prosecutor who will transfer it to the court.

**Article 1169**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The petition must specify whether the application is in view of a full adoption or a simple adoption.

**Article 1170**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The matter will be managed and argued in the judge's council chamber after the opinion of the Public Prosecutor.

**Article 1171**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 93-1091 of 16 September 1993, Article 16, Official Journal of 17 September 1993)*

The court will ensure whether the legal conditions for adoption are satisfied within a time-limit of six months to be reckoned either as of the lodgement of the petition or as of its transfer in cases referred to under the second sub-article of Article 1168. If it appears necessary, it may order an inquiry by a qualified person. It may appoint a doctor in view of carrying out such examination as deemed necessary by him.

He may gather any information relating to the child in care according to the conditions provided for under Article L. 81 of the Family and Social Assistance Code.

**Article 1173**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The court may, with the consent of the petitioner, pronounce simple adoption, even where a petition for full adoption is referred to it.

**Article 1174**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The judgement is pronounced in a public hearing. Its operative part must specify whether it is a plenary adoption or a simple adoption and must contain the particulars prescribed under Article 1056. It contains, further, where the full adoption is pronounced by virtue of sub-article 2 of Article 356 of the Civil Code, the first names and surname of the partner with respect to whom the blood relationship of the adoptive child subsists.

**Article 1175**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 93-1091 of 16 September 1993, Article 18, Official Journal of 17 September 1993)*

If it appears necessary, the court will decide, in the same manner, on the modifications relating to the first names of the adoptive child, and in the event of simple adoption, on those relating to the surname of the latter.

**Article 1176**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Means of review are available to the Public Prosecutor.

SECTION III

PROCEDURE RELARING TO THE REVOCATION OF A SIMPLE ADOPTION    Articles 1177 to 1178

CODE OF CIVIL PROCEDURE

**Article 1177**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The proceeding complies with the rules of procedure applicable in non-contentious matters.

The matter is managed and argued in the judge's council chamber after the opinion of the Public Prosecutor.

The judgement is pronounced in a public hearing.

**Article 1178**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

An appeal is brought as in contentious matters. It is managed and determined in accordance with the rules applicable to first instance proceedings.

CHAPTER IX
PARENTAL AUTHORITY                                                    Articles 1179 to 1210-6

SECTION I
EXERCISE OF PARENTAL AUTHORITY                            Articles 1179 to 1180-2

**Article 1179**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 14, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Article 14, Official Journal of 12 December 2002)*
*(Decree n°2004-1158 of 29 October 2004, Article 11 I, Official Journal of 31 October 2004, in force on 1 January 2005)*

Actions relating to the exercise of parental authority appertain to the jurisdiction of the judge for family matters and are brought, managed and determined according to rules provided for under chapter V of this Title, subject to the provisions of this Section.

**Article 1179-1**
*(Decree n° 93-1091 of 16 September 1993, Article 19, Official Journal of 17 September 1993)*
*(Decree n°2002-1436 of 3 December 2002, Article 15, Official Journal of 12 December 2002)*

For the application of Articles 373-2-8 and 373-2-13 of the Code Civil, the third parties will bring their action by way of a simple petition to the Public Prosecutor who may gather the information that he deems useful on the situation of the minor and his family.

**Article 1180**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 15, Official Journal of 25 July 1987)*
*(Decree n°2004-1158 of 29 October 2004, Article 17, Official Journal of 31 October 2004, in force on 1 January 2005)*

Proceeding brought by virtue of Article 371-4 and sub-article 2 of Article 373-3 of the Civil Code must comply with the rules of procedure in contentious matters before the High Court; they are determined after the opinion of the Public Prosecutor.

**Article 1180-1**
*(Decree n°87-578 of 22 July 1987, Article 6, Official Journal of 25 July 1987)*
*(Decree n° 94-42 of 14 January 1994, Article 15, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Article 16, Official Journal of 12 December 2002)*

The chief clerk of the High Court of the place where the child lives gathers the joint declaration prescribed under Article 372 of the Civil Code. The chief clerk draws the minutes and hands over a copy to each of the parents.

The attribution with respect to the exercise of parental authority by way of a joint declaration appertains to non-contentious matters.

**Article 1180-2**
*(Decree n°87-578 of 22 July 1987, Article 6, Official Journal of 25 July 1987)*
*(Decree n° 94-42 of 14 January 1994, Article 16, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Article 17, Official Journal of 12 December 2002)*

The ruling that determines provisionally the residence of the child by virtue of sub-Article 2 of Article 373-2-9 of the Civil Code must state, in addition to the period of the interim measure, the place, date and time of the hearing where the ruling will be pronounced for the second time upon the residence (of the child).

SECTION II
EDUCATIONAL SUPPORT                                              Articles 1181 to 1200-1

**Article 1181**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 7, Official Journal of 25 July 1987)*

CODE OF CIVIL PROCEDURE

*(Decree n° 2002-361 of 15 March 2002, Article 2, Official Journal of 17 March 2002, in force on 1 September 2002)*

Educational support measures are taken by a judge in charge of children's affairs, as the case may be, of the place where the father, the mother or the tutor of the minor lives or by the judge of the place where the person or the institution in whose care the child is placed or, failing that, by the judge of the place where the minor lives.

When the person mentioned in the preceding Sub-article changes his place of residence, the judge relinquishes the case in favour of the judge of the place of the new residence, unless otherwise decided by a reasoned ruling.

As it is provided for under Article L228-4 of the Social Action and Families Code, in case of change of administrative department, the president of the General Council (of the administrative department) of the previous residence and that of the new one will be informed of the relinquishment.

### Article 1182

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°87-578 of 22 July 1987, Article 8, Official Journal of 25 July 1987)*

*(Decree n° 2002-361 of 15 March 2002, Article 3, Official Journal of 17 March 2002, in force on 1 September 2002)*

The judge must inform the Public Prosecutor of the opening of the proceeding. Likewise, he must inform the father, mother, tutor, the person or the representative of the institution in whose care the child is placed when they are not applicants.

He must hear the father, mother, tutor, the person or the representative of the institution in whose care the child is placed as well as the minor capable of judgement and must tell him the reasons why the matter is referred to him.

He must hear (also) every other person whose testimony deems to him useful.

The notice on the opening of the proceeding and the subpoenas sent to the father and mother, tutor, person or representative of the institution in whose care the child is placed and the minor must refer to the rights of the parties to choose an attorney or to ask for the designation of one sua sponte according to the provisions of Article 1186. The notice and subpoenas must inform the parties of their right to consult the file according to the provisions of Article 1187.

### Article 1183

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°87-578 of 22 July 1987, Article 14, Official Journal of 25 July 1987)*

*(Decree n° 2002-361 of 15 March 2002, Article 4, Official Journal of 17 March 2002, in force on 1 September 2002)*

The judge may, either sua sponte or at the request of parties or that of the Public Prosecutor, order a preliminary investigation on the personality and the living conditions of the minor and that of his parents, in particular by means of a social inquiry, medical, psychiatric and psychological examinations or by virtue of investigation measure and educational guidance.

### Article 1184

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°87-578 of 22 July 1987, Article 14, Official Journal of 25 July 1987)*

*(Decree n° 2002-361 of 15 March 2002, Article 5, Official Journal of 17 March 2002, in force on 1 September 2002)*

The interim measures provided for in the first sub-article of Article 375-5 of the Civil Code and the preliminary investigation provided for under Article 1183 of this code may be taken, except in case of a well reasoned urgency, subject to the hearing, as it is provided for under Article 1182, of the father, mother, tutor, the person or the representative of the institution in whose care the child is placed and that of the minor capable of judgement.

Where the judge without hearing the parties has urgently ruled upon the custody, he will summon them within fifteen days from the date of his decision. Want of this, the minor will be handed over, upon his request, to his father, mother, tutor, the person or institution in whose care the child is placed.

Where the Public prosecutor, after ordering the temporary custody as a matter of urgency, refers the case, according to the provisions of Article 375-5 of the Civil Code, to the judge, the latter will summon the parties and must rule upon the case within fifteen days. Want of that, the minor will be handed over, upon his request, to his father, mother, tutor, the person or institution that has his custody.

The judge in charge of children's affairs of the place where the minor has been found, too, may take interim measures, if urgency justifies them, without prejudice to the provisions of the second sub-article of Article 375-5 of the Civil Code, on condition that he relinquishes the case within one month in favour of the territorially competent judge.

### Article 1185

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°87-578 of 22 July 1987, Article 9, Official Journal of 25 July 1987)*

*(Decree n° 2002-361 of 15 March 2002, Article 6, Official Journal of 17 March 2002, in force on 1 September 2002)*

The ruling on the merits of the of the case must be pronounced within a six-month period as of the ruling that has ordered the interim measures. Want of that, the child will be handed over, upon their request, to his father, mother, tutor, the person or institution in whose care the child is placed.

If the investigation is not completed within the time limit provided for in the preceding sub-article, the judge may, after the opinion of the Public Prosecutor, prolong this time-limit for a period not exceeding six months.

CODE OF CIVIL PROCEDURE

### Article 1186
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 10, Official Journal of 25 July 1987)*
*(Decree n° 2002-361 of 15 March 2002, Article 7, Official Journal of 17 March 2002, in force on 1 September 2002)*

The minor capable of judgement, the father, mother, tutor, the person or the representative of the institution in whose care the child is placed may choose an attorney or ask the judge that the president of the bar designates one for them sua sponte. The designation must be done within eight days from the date of request.

This right will be noticed to the interested parties during their first hearing.

### Article 1187
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 13, Official Journal of 25 July 1987)*
*(Decree n° 2002-361 of 15 March 2002, Article 8, Official Journal of 17 March 2002, in force on 1 September 2002)*

The minor's, his father's, mother's, tutor's attorney or that of the person or the institution in whose care the child is placed may consult the file at the Clerk's office from the date on which the opening of the proceeding has been notified till the eve of the testimony of court hearing. The attorney may ask for a copy of the whole or part of the file's documents for the sole use of educational support proceeding. He may not transmit to his client either the copy obtained in this manner or their reproduction.

Furthermore, upon their request and on days and times set out by the judge, the father, tutor, the person or representative of the institution in whose care the child is placed and the minor capable of the judgement may consult the file until the eve of the hearing.

The minor capable of judgement may consult his file only accompanied by his father, mother or his attorney. In case of his parents' refusal or if the minor doesn't have an attorney, the judge will ask the president of the bar for the designation of an attorney who will advise the minor or allow to the educational institutions responsible for the measure to accompany him for this consultation.

By a reasoned ruling, the judge may, when an attorney is not present, exclude the whole or part of the documents from the consultation by one or the other parent, the tutor, the person or the representative of the institution who has the child's custody or the minor if this consultation would cause grave physical or moral damage to the minor, a party or a third party.

Furthermore, the institutions responsible for the measures provided for in Article 1183 of this code and in articles 375-2 and 375-4 of the Civil Code may consult the file.

At the completion of the investigation, the file will be transferred to the Public Prosecutor who will transfer it to the judge within fifteen days together with his written opinion on the next step to be followed or with a simple indication that he intends to present his opinion during the hearing.

### Article 1188
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 13, Official Journal of 25 July 1987)*

The hearing may be held at the venue of the court for children or that of the magistrates' court situated in the jurisdiction specified on the subpoena.

The father, mother, tutor or person, institution in whose care the child is placed and, if necessary, the minor, will be summoned to the hearing eight days at least before the date of the hearing; the attorneys of the parties will also be informed of the same.

### Article 1189
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 14, Official Journal of 25 July 1987)*

At the hearing, the judge will hear the minor, father and mother, tutor or person or representative of the institution in whose care the child is placed as well as any other person whose testimony is deemed useful. He may exempt the minor from appearing or may order that he leave the hearing during the whole or part of the oral arguments.

The attorneys of the parties will be heard in their submissions.

The matter will be managed and determined in the judge's council chamber after the opinion of the Public Prosecutor.

### Article 1190
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 13, Official Journal of 25 July 1987)*

The decisions of the judge are notified within eight days to the father and mother, tutor or person or representative of the institution in whose care the child has been placed, as well as to the attorney of the minor where one has been so designated.

The operative part of the decision is notified to the minor who is above sixteen years of age save where his condition does not allow it.

CODE OF CIVIL PROCEDURE

However, the decision rejecting certain documents of consultation by virtue of sub-article 1187 is notified within eight days only to the party who has requested it.

In all events, a notice is sent to the Public Prosecutor.

### Article 1191
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°87-578 of 22 July 1987, Article 13, Official Journal of 25 July 1987)*

The decisions of the judge may be appealed against:

- by the father and mother, the tutor or person or institution in whose care the child has been placed until the end of a fifteen-day time-limit to be reckoned as of the notification;

- by the minor himself until the end of a fifteen-day time-limit to be reckoned as of the notification or, in default thereof, as of the day where he became aware of the decision;

- by the Public Prosecutor until the end of a fifteen-day time-limit as of the receipt of the notice given to him.

### Article 1192
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

*(Decree n°87-578 of 22 July 1987, Article 13, Official Journal of 25 July 1987)*

*(Decree n°2004-836 of 20 August 2004, Article 27 Official Journal of 22 August 2004, in force on 1 January 2005)*

The appeal is brought in accordance with the rules provided for under Articles 931 to 934.

The clerk will inform of the appeal, by ordinary letter, the father and mother, the tutor or person or institution in whose care the child has been placed and the minor himself if he is over sixteen years who would not have instituted the appeal proceeding and will inform them that they will subsequently be summoned before the court of appeal.

N.B. Decree 2004-826 2004-08-20 Article 59: This Decree will enter into force on the 1st January 2005. It will apply to pending proceedings. However, Articles 20 to 43 will apply only to appeals directed against decisions pronounced as of 1st January 2005.

### Article 1193
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 2002-361 of 15 March 2002, Article 9, Official Journal of 17 March 2002, in force on 1 September 2002)*

As a matter of priority, the appeal is managed and judged in the judge's council chamber by the chamber of the court of appeal responsible for minors' affairs according to the procedure applicable before the judge of children.

The court will decide, within three months from the declaration of appeal, upon the appeal against rulings of temporary custody decided by the judge for children pursuant to the provisions of Article 375-5 of the Civil Code.

### Article 1194
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The decisions of the court of appeal are notified as prescribed under Article 1190.

### Article 1195
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

*(Decree n° 2002-361 of 15 March 2002, Article 10, Official Journal of 17 March 2002, in force on 1 September 2002)*

The Clerk's office will send the subpoenas and notifications by registered letter with advice of delivery slip sought and by a simple letter. However, the judge may decide that they (the subpoenas and notifications) be served through a bailiff or administrative channels.

The delivery of a copy of the judgement against a dated and signed receipt amounts to notification.

### Article 1196
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The appeal in cassation is available to the Public Prosecutor.

N.B. Decree 2004-826 2004-08-20 Article 59: This Decree will enter into force on the 1st January 2005. It applies to pending proceedings. However, Articles 20 to 43 apply only to appeals directed against decisions pronounced as of 1st January 2005.

### Article 1197
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

Where the father and the mother cannot provide for all the legal expenses incumbent upon them, the judge will determine the amount of their share.

### Article 1198
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May*

CODE OF CIVIL PROCEDURE
*1981 in force on 1 January 1982)*

The judge may inspect or cause to inspect any minor placed in care by virtue of Articles 375-3 and 375-5 of the Civil Code.

**Article 1199**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The judge may delegate his powers to the judge in whose jurisdiction the minor has been placed in care either voluntarily or by a court decision, in view of organising one of the measures referred to under Articles 375-2 and 375-4 of the Civil Code or of in view of supervising its implementation.

**Article 1199-1**
*(Decree n°86-939 of 30 July 1986, Article 1, Official Journal of 9 August 1986)*

The organisation or institution entrusted to carry out the measure will send to the judge for children who ruled upon the matter or who has received a delegation of powers who will report on the situation and the development of the minor according to the intervals fixed by the decision, or in default thereof, annually.

**Article 1200**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

While carrying out the educational support, the religious or philosophical convictions of the minor or of his family must be taken into consideration.

**Article 1200-1**
*(Decree n°86-939 of 30 July 1986, Article 2, Official Journal of 9 August 1986)*

Measures of educational support, renewed by virtue of the third sub-article of Article 375 of the Civil Code, are provided for by the judge for children in the conditions prescribed under Articles 1181 to 1200.

SECTION III
DELEGATION, TOTAL OR PARTIAL WITHDRAWAL OF PARENTAL          Articles 1202 to 1210
AUTHORITY

**Article 1202**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 17, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Article 21, Official Journal of 12 December 2002)*

Applications in view of total or partial withdrawal of parental authority are brought before the High Court in whose jurisdiction the ascendant against which the action is brought lives.

Applications in view of the delegation of parental authority will be brought before the judge for family matters in whose jurisdiction the minor lives.

**Article 1203**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 18, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Article 21, Official Journal of 12 December 2002)*

The matter is referred to the court or the judge by way of a petition. The parties are exempted from the representation by an advocate. The petition may be sent to the Public Prosecutor who must then transfer it to the court or to the judge.

**Article 1204**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2002-1436 of 3 December 2002, Article 21, Official Journal of 12 December 2002)*

Where an application seeks the total or the partial withdrawal of parental authority and where it emanates from the Public Prosecutor, from a member of the family or tutor of the child, the petition will be notified by the clerk to the ascendant against whom the action is brought.

**Article 1205**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 18, Official Journal of 16 January 1994 in force on 1 February 1994)*

The court or judge, even sua sponte, carries out or cause to be carried out all useful inquiries and notably preliminary investigations as prescribed under Article 1183. He may to that end nominate another judge for children.

Where a procedure for an educational support is carried out with regard to one or more children, the file will be transferred to the court or to the judge.

CODE OF CIVIL PROCEDURE

### Article 1206
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The Public Prosecutor gathers such information that he deems useful in relation to the family circumstances surrounding the minor or in relation to the morality of his parents.

### Article 1207
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 11, Official Journal of 25 July 1987)*
*(Decree n° 94-42 of 14 January 1994, Article 19, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Article 21, Official Journal of 12 December 2002)*

In view of the prosecution of the proceeding, the court or the judge may provide for any such interim measure in relation to the exercise of parental authority.

### Article 1208
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°87-578 of 22 July 1987, Article 14, Official Journal of 25 July 1987)*
*(Decree n° 93-1091 of 16 September 1993, Article 21, Official Journal of 17 September 1993)*
*(Decree n° 94-42 of 14 January 1994, Article 19, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Article 21, Official Journal of 12 December 2002)*

The court or the judge hears the father and mother, the tutor or person or representative of the institution in whose care the child has been placed as well as any person whose testimony deems to him useful.

The matter is managed and determined in the judge's council chamber. Oral arguments are held in the presence of the Public Prosecutor.

### Article 1209
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 20, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Articles 21 and 22, Official Journal of 12 December 2002)*

The provisions of Article 1186, of the second sub-article of Article 1187, of the second sub-article of Article 1188, of the first sub-article of Article 1190, of Articles 1191 to 1197 apply to procedures relating to delegation, total or partial withdrawal of parental authority, the powers and duties of the judge for children vesting, as the case may be, on the court or the judge for family matters.

### Article 1210
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 19, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2002-1436 of 3 December 2002, Articles 21, Official Journal of 12 December 2002)*

Application for the restitution of rights delegated or withdrawn is brought by way of petition before the court or the judge in whose jurisdiction the person onto whom they are conferred lives. The clerk of the court will notify the same to the latter. It complies, furthermore, with the rules governing applications for delegation of parental authority.

SECTION IV
PROVISIONS RELATING TO AN AD HOC GUARDIAN                Articles 1210-1 to
                                                          1210-3

### Article 1210-1
*(Decree n°99-818 of 16 September 1999, Article 7, Official Journal of 19 September 1999)*

Where by virtue of the provisions of Articles 388-2 and 389-3 of the Civil Code, the court designates an ad hoc guardian and where in view of the interests of the child, the ad hoc guardian may not be chosen among the family or relatives of the minor. The court may appoint the ad hoc guardian among the persons on the list referred to under Article R.53 of the Code of Criminal Procedure.

### Article 1210-2
*(Decree n°99-818 of 16 September 1999, Article 7, Official Journal of 19 September 1999)*

The appointment of an ad hoc guardian may be challenged by way of an appeal brought by the legal representatives of the minor within a fifteen-day time-limit. The appeal will not suspend (the enforcement of a judgement).

The appeal will be brought, managed and determined as in non-contentious matters.

### Article 1210-3
*(Decree n°99-818 of 16 September 1999, Article 7, Official Journal of 19 September 1999)*

Where the ad hoc guardian has been chosen among the persons on the list referred to under Article R. 53 of the

CODE OF CIVIL PROCEDURE

Code of Criminal Procedure, the remuneration of that person will be fixed as laid down under 3° of Article R. 216 of the same code.

The Treasury will recover the costs of the remuneration from the person ordered to pay the legal costs according to the procedures and guarantees provided for in criminal fines. In the absence of an order to pay the legal costs, the costs will be recovered against the party specified by the judge who has appointed the ad hoc guardian.

SECTION V
INTERNATIONAL UNLAWFUL MOVEMENT OF CHILDREN                  Articles 1210-4 to
1210-6

### Article 1210-4
*(Decree n°2004-1158 of 29 0ctober, Article 12, Official Journal of 31 0ctober 2004, in force on 1st March 2005)*

The actions undertaken based on provisions of international and European community laws relating to international unlawful movement of children are brought before the judge for family matters of the territorially competent High Court pursuant to Article L312-1-1 of the Code of Court Organisation.

### Article 1210-5
*(Decree n°2004-1158 of 29 0ctober, Article 12, Official Journal of 31 0ctober 2004, in force on 1st March 2005)*

The application in view of obtaining the return of the child, pursuant to the convention of 25 October 1980 on civil aspects of international kidnapping of children, is brought, managed and determined according to the rules applicable to summary procedure.

### Article 1210-6
*(Decree n°2004-1158 of 29 0ctober, Article 12, Official Journal of 31 0ctober 2004, in force on t March 2005)*

The decision pronounced abroad not to return the child and the documents attached to it and transferred to the French Central Authority pursuant to (6) of Article 11 of Council Regulation (EC) n°2201/2003 concerning jurisdiction and the recognition and enforcement of judgements in matrimonial matters and in matters of parental responsibility, will be transferred to the Public Prosecutor attached to the High Court referred to under Article 1210-4; the Public Prosecutor will refer the matter to the judge for family matters by way of a petition.

Notwithstanding Articles 100 and 101 of this Code, the other judges for family matters to whom the dispute or related disputes are referred will remove the case in his (the judge for family matters) favour.

CHAPTER X
GUARDIANSHIPS OF MINORS                                      Articles 1211 to 1231-2

SECTION I
JUDGE FOR GUARDIANSHIPS                                       Articles 1211 to 1218

### Article 1211
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The territorially competent judge for guardianships is the one in whose jurisdiction the minor lives.

### Article 1212
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

Save in cases where he examines the matter sua sponte, the matter must be referred to the judge by way of a simple petition or by way of a written or oral declaration made to the clerk's office of the court.

### Article 1213
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The hearings of the judge are not public. Certified copies of his decisions may, except where leave is granted by the president of the High Court, be issued only to the parties and to such persons upon whom the duty of guardianship vests.

### Article 1214
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The decision of the judge will be notified, upon the latter's request, within three days, to the applicant, tutor, legal administrator and to all those whose rights or duties are affected if they are not present.

Further, in the case referred under Article 389-5 of the Civil Code; it is notified to the partner who did not consent to the operation, and in the case of Article 468, to the subrogated tutor.

### Article 1215
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 84-618 of 13 July 1984, Articles 28 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August*

CODE OF CIVIL PROCEDURE
*1984)*

At all events, the decision of the judge may be subject to review action within fifteen days before the High Court. The action for review is available to the persons referred to under the preceding Article as of the notification or, where they have appeared in court (on the day where the decision has been pronounced), from the pronouncement of the decision.

Except where the interim enforcement (of the decision) has been ordered, the time-limit to bring a review action and the review action itself exercised within said time-limit suspend the enforcement of the decision.

### Article 1216

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The review action will be brought by way of a petition signed by an advocate and handed over or sent by registered letter to the clerk's office of the magistrates' court.

Within eight days of the handing over of the petition or of its receipt, the clerk of the court will transmit the file to the president of the High Court.

### Article 1217

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk of the High Court will inform the advocate of the petitioner, and by a recorded letter with the advice of delivery slip sought, such persons who could have brought a review action against the decision, of the date of the hearing.

These persons have the right to intervene before the court that may even order that they join the proceeding by a process served through a bailiff.

### Article 1218

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

Where the High Court has ruled upon a matter, the file with respect to the guardianship, to which is attached a certified true copy of the judgement will be sent back to the clerk of the magistrates' court.

SECTION II
FAMILY COUNCIL                                                          Articles 1219 to 1223

### Article 1219

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The sessions of the family council are not open to the public.

A third party may not obtain a certified copy of the deliberations except with the leave of the president of the High Court.

### Article 1220

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The deliberation of the family council must be reasoned; when it is not decided unanimously, the opinion of each of its members is mentioned in the minutes.

### Article 1221

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The deliberation of the family council is enforceable per se.

However, if the judge has not attached to the deliberation an interim enforceable order, its enforcement would be suspended during the time-limit for review action provided for under Article 1222 and by the review action exercised within this time-limit.

### Article 1222

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 84-618 of 13 July 1984, Articles 29 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984)*

At all events, the deliberation of the family council may be subject to a review action, before the High Court, either of the tutor, the subrogated tutor or any other member of the family council, or of the judge for guardianships, irrespective of their opinion during the deliberation.

The time-limit for review action is fifteen days; it runs from the day of the deliberation, excepting the case referred to under Article 413 of the Civil Code where it runs, against members of the family council, only as of the date where the deliberation has been notified to them.

CODE OF CIVIL PROCEDURE

**Article 1223**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The procedure prescribed under Article 1216 to 1218 applies to review actions brought against deliberations of the family council.

Where the review action is brought by the judge for guardianships, the latter will include in the file a note disclosing the grounds of the review action.

The clerk of that court will inform the advocate of the petitioner and, by recorded letter with the advice of delivery slip sought, the tutor, the subrogated tutor, as well as the members of the family council who did not institute any proceeding, of the date of the hearing.

SECTION III

COMMON PROVISIONS                                                                Articles 1224 to 1231

**Article 1224**

*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

Notifications, that must be done with the order of the judge for guardianship, must be made by way of recorded letter with the advice of delivery slip sought; the judge may, nevertheless, decide that they be made by a process served through a bailiff or by administrative channels.

The issuance of a certified true copy of a decision of the judge or of a deliberation of the family council by the clerk's office against a dated and signed receipt amounts to a notification.

**Article 1225**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

Review actions brought against the decisions of the judge for guardianships or the deliberation of the family council must be recorded in the register kept at the clerk's office of the magistrates' court. The name of the originator of the review action, that of his advocate, the date on which the review action has been brought as well as that on which it has been transmitted to the High Court must be also recorded in the register.

**Article 1226**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Where a review action directed against a decision of the judge for guardianships or against a deliberation of the family council is dismissed, the one who brought it, other than the judge, may be ordered to pay the legal costs and compensation.

**Article 1227**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The review action is managed and determined first in the judge's council chamber.

The court may ask the judge for guardianships for any information that it deems useful.

**Article 1228**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The court may, even sua sponte, substitute a new decision to that of the judge for guardianships or to the deliberation of the family council.

**Article 1229**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The decision of the High Court will not subject to appeal.

**Article 1230**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The amount of civil fines prescribed under Articles 389-5, 395, 412 and 413 of the Civil Code is   7, 5 at the lowest scale and   75 at the highest one.

The decisions pronouncing them will not subject to a review action prescribed under Article 1215.

**Article 1231**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

CODE OF CIVIL PROCEDURE

When an amicable partition has been allowed according to Article 466 of the Civil Code, the statement of liquidation, approved by the parties, will be lodged at the clerk's office of the magistrates' court where the members of the family council may consult it, according to the warning notified to them at the request of the judge for guardianships.

Fifteen days after the lodgement or, in the case of guardianship, fifteen days after the notification of the warning to the members of the family council, the homologation of the statement of liquidation may be presented either by the legal administrator or the tutor or by other parties interested in the partition.

The members of the family council who reject the homologation must do it by way of third party proceeding before the High Court; the judge for guardianships may reject the homologation by a reasoned note addressed to that court.

The provisions of Articles 1228 and 1229 apply to the homologation proceeding.

SECTION IV
SPECIFIC PROVISIONS APPLICABLE TO CHILDREN IN CARE                Articles 1231-1 to
                                                                   1231-2

## Article 1231-1
*(Decree n° 85-1330 of 17 December 1985, Article 20, Official Journal of 18 December 1985 in force on 1 January 1986)*

As an exception to the provisions in relation to Article 1223, the review action against the deliberations of the family council of children in care will be brought by way of petition signed by an advocate and handed over or sent by registered letter to the clerk's office of the High Court.

The procedure provided for under Article 1217 will apply.

## Article 1231-2
*(Decree n° 85-1330 of 17 December 1985, Article 20, Official Journal of 18 December 1985 in force on 1 January 1986)*

A review action against the order of admission of a child in care prescribed under Article 61 of the Family and Social Assistance Code will be brought before the High Court in whose jurisdiction the order has been decided.

Articles 1159, 1160, 1161, (sub-article 1) and 1162 apply to the action and to the proceeding.

The judgement will be pronounced in a public hearing. It will be notified by the clerk to the applicant, to the tutor and the president of the General Council of the administrative department.

CHAPTER XI
RULES APPLICABLE TO THE PROTECTION OF AGE INDIVIDUAL                Articles 1232 to 1263

SECTION I
COMMON PROVISIONS                                                   Articles 1232 to 1235

## Article 1232
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The Public Prosecutor in whose jurisdiction the treatment is being carried out and the judge for guardianships may, by virtue of Article 490-3 of the Civil Code, without excluding any other measures, get protected persons examined by a doctor.

## Article 1233
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 86-951 of 30 July 1986, Articles 3 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

Where the property of an of age individual, protected by law within the meaning of Articles 488 and 490 of the Civil Code, is put in jeopardy, the judge of the magistrates' court will order, sua sponte or at the request of the Public Prosecutor, all protective measures. He may notably order the affixation of seals in the manner prescribed for seals after death.

## Article 1234
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 86-951 of 30 July 1986, Articles 4 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

If it appears that the nature of the property does not necessitate any such measure, the Public Prosecutor or the judge of the High Court may request the chief clerk of the magistrates' court, police officer of the grade of a superintendent, superior of the gendarmerie brigade or the mayor, to draw a statement describing the furniture and, where the premises are unoccupied, to ensure that they are properly closed and to keep the keys.

The keys are handed back, against a simple receipt only, to the protected person on his return to the premises. They cannot be handed over to any other person except by virtue of a leave granted by the Public Prosecutor or a judge of the magistrates' court.

## Article 1235
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article1, Official Journal of 17 August 1982)*

The judge for guardianships may, in all cases where he deems useful to hear the protected person, go on circuit

CODE OF CIVIL PROCEDURE

throughout the jurisdiction of the court of appeal, as well as throughout those adjoining administrative departments of the one in which he exercises his functions. The judge may go on circuit without the assistance of the clerk.

The same rules will apply where a protected person is heard by a judge of the High Court.

SECTION II
COURT'S PROTECTION                                                                                                  Articles 1236 to 1242

**Article 1236**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The declaration in view of a court protection order prescribed under Article L.326-1 of the Code for Public Health is transferred to the Public Prosecutor the place of treatment. The latter will inform, if necessary, the Pubic Prosecutor of the place where the concerned person is domiciled.

**Article 1237**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The court protection order will becomes obsolete two months later to be reckoned as of the declaration; renewal orders will become obsolete six months later to be reckoned as of the declaration.

**Article 1238**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The decision whereby the judge for guardianships places the person to be protected under the court's protection, by virtue of the second sub-article of Article 491-1 of the Civil Code, will be transferred by him to the Public Prosecutor of his jurisdiction. The latter will inform, if necessary, the Public Prosecutor of the domicile or that of the place of treatment.

**Article 1239**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The decision whereby the judge for guardianships places the person to be protected under the court's protection, by virtue of the second sub-article of Article 491-1 of the Civil Code, may not be subjected to any review action on this ground.

**Article 1240**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The designation or revocation of representatives of persons placed under the court's protection as well as the determination of the powers of these representatives is done according to the procedure provided for guardianships.

**Article 1241**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Persons, who have the right to bring review actions against the decision that institutes the guardianship, may bring a review action against that decision whereby the judge for guardianships, by virtue of Article 491-5 of the Civil Code, appoints a representative with limited powers.

**Article 1242**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The Public Prosecutor, who has received the declaration in view of the court's protection or of the decision of the judge for guardianships, inserts a reference with respect to the declaration and the decision on a register kept to that effect.

Declarations in view of lifting the court's protection, as well as striking offs are marked beside the original reference.

Declarations for renewals are referred to as according to their chronological order on the register; references are inserted beside the original reference.

SECTION III
GUARDIANSHIPS                                                                                                         Articles 1243 to 1261

**Article 1243**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The guardianship of age individuals complies with the rules prescribed for the guardianship of minors, subject to the following provisions.

**Article 1244**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

CODE OF CIVIL PROCEDURE

The petition in view of instituting the guardianship must state the person who needs protection and sets out the factual grounds that justify the protection. A certificate delivered by a specialist doctor, in accordance with Article 493-1 of the Civil Code, must be attached to the petition. The petition must enumerate the (names) of close relatives of the person who needs protection, if the petitioner is aware of their existence; it must state the name and address of the usual doctor (of the person who needs protection).

When the judge deals sua sponte with guardianship issue, he will appoint a specialist doctor, chosen from the list prescribed under Article 493-1 of the Civil Code, in view of assessing the state of the person who needs protection.

The clerk must inform the Public Prosecutor of the procedure instituted.

**Article 1245**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The list of specialist doctors must be drawn up each year by the Public Prosecutor, subsequent to having consulted the prefect.

**Article 1246**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The judge for guardianships hears the person who needs protection and apprises him of the procedure instituted. The hearing may be held at the venue of the court, at the place of residence, at the place of treatment or at any other place.

The judge may, where he deems appropriate, carries out the hearing in the presence of the usual doctor (of the person who needs protection), and ultimately, other persons.

The Public Prosecutor and the attorney of the person who needs protection are informed of the date and venue of the hearing; they may attend to the same.

Minutes of the hearing must be drawn.

**Article 1247**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Where the hearing of the person who needs protection is such that it harms his health condition, the judge may, by way of a reasoned measure and upon the advice of a medical practitioner, declare that it is not necessary to carry out the hearing. He informs the Public Prosecutor of the same.

By virtue of the same decision, he orders that the person who needs protection will be apprised of the procedure instituted in a manner appropriate to his condition.

A reference is inserted in the guardianship file with regard to the execution of this decision.

**Article 1248**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The judge may, either sua sponte or at the request of the parties or the Public Prosecutor, order any preparatory inquiry. He may notably order a social inquiry or findings by a person of his choice.

He will hear himself, as far as possible, the parents, relatives and friends of the person who needs protection.

**Article 1249**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The judge for guardianships may, before determining a matter, get together a family council set up according to the conditions defined by the Civil Code for guardianship of minors.

The family council is summoned to give its opinion on the condition of the person for whom the guardianship is sought as well as on the utility the protection scheme.

The opinion of the family council will not bind the judge; it will not subject to any review action.

**Article 1250**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The file is transmitted to the Public Prosecutor a month before the date fixed for the hearing. Fifteen days before that date, the Public Prosecutor transmits it together with his written opinion to the clerk's office. The judge in urgent cases may abridge these time-limits.

The judge will apprise the petitioner and the person who needs protection, if the latter appears to him in a position to receive said notification, or their attorneys, that they may consult the file at the clerk's office until the day before the hearing.

**Article 1251**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

At the hearing, the judge will hear the petitioner and the person who needs protection if he deems appropriate.

CODE OF CIVIL PROCEDURE

The attorneys of the parties are heard with respect to their submissions.

The matter will be managed and determined in judge's council chamber after the opinion of the Public Prosecutor.

**Article 1252**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The petition in view of guardianship will lapse if the decision relating to the opening of guardianship is not pronounced within the year of the petition.

In case the judge examines the case sua sponte, the pleadings will be regarded as non-existent if the decision on the opening of guardianship is not pronounced within the year.

**Article 1253**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The judgment relating to the opening of guardianship must be notified to the protected person; the Public Prosecutor is informed of the same.

However, the judge may, by way of a reasoned measure, decide that there is no need to notify the protected person of the judgment pronouncing the opening of guardianship owing to his condition. In this case, the judgment must be notified to his attorney if he has one, as well as to such persons, partners, ascendants, descendants, brother or sister, whom the judge considers most apt to receive the notification.

The judgment may be notified, if the judge deems appropriate, to such persons that he designates among those whom the law entitles to exercise a right of review action.

**Article 1254**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The judgment pronounced by virtue of Article 501 and 507 of the Civil Code are always notified to the concerned person himself.

**Article 1255**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The review action against the decision that has refused to grant the guardianship is available only to the petitioner.

**Article 1256**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 84-618 of 13 July 1984, Articles 30 and 31, Official Journal of 18 July 1984 amendment JORF of 18 August 1984, in force on 1 October 1984)*

*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The review action against the decision that grants guardianship or refuses to remove it is brought either in accordance with the provisions of Article 1216 or by letter summarily argued and signed by one of the persons having locus standi pursuant to Article 493 of the Civil Code. The letter is handed over or sent by recorded letter with the advice of delivery slip sought to the clerk's office of the magistrates' court.

Irrespective of the form of the review action, the representation by an advocate is not mandatory to prosecute the proceeding.

**Article 1257**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The review actions prescribed under Article 1255 and 1256 must be brought within fifteen days as of the judgment. With reference to those persons who have been notified of the decision, the time-limit runs as from the notification.

**Article 1258**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The Public Prosecutor may bring his review action until the end of the fifteen-day time-limit following the notice delivered to him.

**Article 1259**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk of the High Court informs of the date of the hearing to the persons who have brought the review action against the decision, to those persons to whom that decision has been notified as well as, if necessary, to their advocates.

**Article 1260**

*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May*

CODE OF CIVIL PROCEDURE
*1981 in force on 1 January 1982*
*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*
An abstract of any decision ruling on the opening, variation or removal of guardianship is transmitted to the clerk's office of the High Court in whose jurisdiction the protected person was born, in view of its conservation in the civil docket and of its advertising by way of an insertion in the margin of the birth certificate in the manner prescribed in Chapter III of this book.
Where the judge for guardianships has pronounced the decision, the clerk will carry out the transmission within fifteen days following the end of the time-limit for the review action.
Where the High Court has pronounced the decision, the Public Prosecutor will implement the transmission within fifteen days as of the judgment.

**Article 1261**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
In all proceeding relating to the opening, variation and removal of guardianship, the judge may, at any stage of the procedure, designate sua sponte an attorneys for the person who needs protection if the latter has not employed any one.

SECTION IV
CURATORSHIP                                                          Articles 1262 to 1263

**Article 1262**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
The curatorship complies with the rules applicable to guardianship of adults.

**Article 1263**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
Where the adults under curatorship seek a suppletory authorization, the judge may rule upon the matter only after having heard or summoned the curator.

**TITLE II**
**PROPERTY**                                                        **Articles 1264 to 1281-12**

CHAPTER I
POSSESSORY ACTIONS                                                  Articles 1264 to 1267

**Article 1264**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
Subject to compliance with the rules relating to public property, possessory actions are initiated within the year during which the disturbance occurred to those who possess or hold peacefully the property for at least a year. However, an action of restitution against the perpetrator of a forceful act may be brought even when the victim of the dispossession has possessed or held the property for less than a year.

**Article 1265**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
Possessory protection and droitural consideration may never be combined.
However, the judge may examine the titles in order to ensure whether the conditions of the possessory protection are satisfied.
The investigation measures may not relate to droitural considerations.

**Article 1266**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
The one who initiates a droitural action will not be admissible to initiate a possessory action.

**Article 1267**
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
The defendant in a possessory action may bring a droitural action only after having put an end to the disturbance.

CHAPTER II
ACCOUNTING AND APPORTIONMENT OF THE PRODUCE                         Articles 1268 to 1269

**Article 1268**

CODE OF CIVIL PROCEDURE
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

An application in view of accounting is brought, as the case may be, before the court in whose jurisdiction the accountant lives, or where the accountant has been appointed by court, before the judge who appointed him.

## Article 1269
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

No application for revision of accounting will be admissible except if it is brought in view of the rectification of an error, omission or an inexact presentation.

The same will apply to the apportionment of the produce where there is need for restitution.

CHAPTER III
LEASES BY LIFE TENANTS ON LEAVE OF COURT                                      Article 1270

## Article 1270
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The leave prescribed under Article 595 of the Civil Code complies with the rules prescribed under Articles 1286 to 1289.

CHAPTER IV
SALE OF IMMOVABLES AND BUSINESS ASSETS BELONGING TO MINORS          Articles 1271 to 1281
AND OF AGE INDIVIDUALS UNDER GUARDIANSHIP

## Article 1271
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Court-ordered sale of immovable and business assets belonging to minors and adults under guardianship may be pronounced only subsequent to an examination of the deliberation of the family council considering the nature of the property and their estimated value.

Said deliberation will not be mandatory if the property belongs jointly to capable of age individuals and if the sale is carried out by them. In that case, the rules prescribed for court-ordered partition (of property) will be followed.

## Article 1272
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Upon the petition of the tutor or subrogated tutor, bidding offers will be made either to a notary appointed to that effect by the High Court, or at the auction session held by a judge designated by the court.

The competent court is the one in whose jurisdiction the person under guardianship lives.

If the estates are located in various urban districts, the court may appoint a notary in each urban district and may issue a letters rogatory to each court where the estates are located.

## Article 1273
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The court determines the reserve price of each component of the property to be put on sale and the essential conditions for the sale. The court may specify that in the absence of a bid reaching said reserve price, the sale may be carried out according to a lower price that it determines.

The court may, if the value or the nature the property so demands, order their total or partial evaluation.

## Article 1274
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The court determines the conditions of advertising according to the value, nature and location of the property.

## Article 1275
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 I, Official Journal of 22 August 2004, in force on 1 January 2005)*

The appointed notary or advocate drafts the terms and conditions (of the sale). If the sale takes place at an auction session, said document will be lodged at the clerk's office of the court.

The terms and conditions (of the sale) state the judgment ordering the sale, the goods to be sold, the reserve price and the conditions of sale. Where the sale relates to business assets, the terms and conditions (of the sale) must specify the nature and location of the business and the various items of which it is comprised, as well as the obligations which will be borne by the purchaser, notably, as with regard to the merchandise making up the business.

## Article 1276
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1*

CODE OF CIVIL PROCEDURE
January 1982)

By virtue of the provisions of sub-article one of Article 459 of the Civil Code, the subrogated tutor is invited to the (auction) sale, at least a month before, at the initiative of the drafter of the terms and conditions (of the sale) and informed that the sale will take place even in his absence.

### Article 1277
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

If no auction has allowed reaching the reserve price, the judge or the notary, as the case may be, may record the highest underbidding offer and knock down the property temporarily for that offer.

Except abandonment by the seller, the court which has determined the reserve price, before whom the notary, advocate or any concerned person brings the case, may, either declare the final fall of the hammer and the sale concluded or order that a new (auction) sale be held. In the latter case, he will determine the time-limit of the new (auction) sale that may not be below fifteen days, the reserve price as well as the conditions of advertising.

### Article 1278
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Articles 701, 705 to 707, 733 to 741 b and 742 of the (old) Civil Procedure Code are declared repeated in this chapter.

However, where a notary receives them, the bidding offers may be submitted without the representation of an advocate.

In the case of auction sale before notary, if an irresponsible bid happens, the procedure will continue before the court. The notary delivers a certificate establishing that the successful tenderer has not performed the requirements. The minutes of the sale will be handed over to the clerk's office.

### Article 1279
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

Within ten days following the final fall of the hammer, anyone may make subsequent overbid raised to one tenth according to the forms and time-limits prescribed under Articles 708 to 710 of the (old) Code of Civil procedure.

Where the auction sale took place before a notary, the court, by virtue of the judgment upholding the subsequent overbid, will defer the new auction sale before the same notary who will carry out (the sale) in accordance with the terms and conditions previously drafted.

Where a second auction sale takes place following an overbid, no other overbid in relation to the same property may take place.

### Article 1280
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The overbid prescribed under the second sub-article of Article 459 of the Civil Code must be offered, within ten days following the sale by auction, by way of declaration to the clerk's office of the court in whose jurisdiction the notary who carried out the sale lives.

That declaration must be sent to the natural person and to the domicile of the successful tenderer within the time-limit provided for under Article 709 of the (old) Code of Civil Procedure.

Furthermore, the rules of Article 1279 apply to it.

### Article 1281
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981 in force on 1 January 1982)*

The respective capacity of the various public officers in the area of the sale of business assets must not be departed from.

CHAPTER V
DISTRIBUTION OF FUNDS OUTSIDE ENFORCEMENT PROCEDURES                 Articles 1281-1 to
                                                                     1281-12

### Article 1281-1
*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

If the need arises to, outside enforcement procedures, apportion a sum of money among creditors, the party who takes action first may petition by way of summary procedure before the president of the High Court in whose jurisdiction the debtor lives, which will designate a person to carry out the distribution.

The person designated to carry out the distribution is an escrow of the funds, unless the deposit has not been ordered.

### Article 1281-2
*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

The escrow designated to carry out the distribution must furnish the guarantees to reproduce the sum to be

CODE OF CIVIL PROCEDURE

distributed.

### Article 1281-3

*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

The clerk's office notifies by ordinary letter a copy of the order to the person designated to carry out the distribution and, if the deposit has been ordered, to the Consignments and Loans Fund.

The person designated to carry out the distribution informs the creditors, by recorded letter with the advice of delivery slip sought, that they are held to, within a time-limit of a month, send to him a declaration including a breakdown of the sum claimed, of the interests and other incidental expenses. If necessary, this declaration states the preferential rights and guarantees attached to the claim. Supporting documents are attached to the declaration.

In default of the declaration within the time-limit referred to under the preceding sub-article, the creditor will be precluded from his right to benefit from the distribution.

### Article 1281-4

*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

The person designated to carry out the distribution draws a schedule of distribution within two months following the last notice referred to under the second sub-article of Article 1281-3.

He notifies it to the debtor and to each creditor by recorded letter with the advice of delivery slip sought.

Under penalty of nullity, the notification indicates to the recipient:

1° that he has at his disposal a fifteen day period, to be reckoned from the receipt of the letter, to send a reasoned contention, by way of a recorded letter with the advice of delivery slip sought to which the necessary supporting documents are attached, to the person designated to carry out the distribution;

2° that in default of a reply within the time-limit granted, he will be deemed to have accepted the schedule of distribution and that the latter will become final if no contention is raised.

In case of obstacle, the time-limit referred to under the first sub-article of this Article may be extended by the president of the High Court to whom the case is referred by way of a simple petition brought by the person designated to carry out the distribution.

### Article 1281-5

*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

In default of contention within fifteen days, following the last notification referred to under the second sub-article of Article 1281-4, the schedule of distribution will become final.

Where he keeps the funds to be distributed, the person designated to carry out the distribution will then pay the creditors within fifteen days.

Where the funds are deposited, the person designated to carry out the distribution will notify the Consignments and Loans Fund of the schedule of distribution that has become final, which will then pay within fifteen days.

### Article 1281-6

*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

In case of dispute, the person designated to carry out the distribution will summon the parties by recorded letter with the advice of delivery slip sought, in view of an attempt at conciliation that must take place within the month following the first contention.

The subpoena recites the terms of the second sub-article of Article 1281-7.

### Article 1281-7

*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

If an agreement is reached, a deed will be drawn and a copy of which will be handed over or sent to ordinary letter to all parties. The payment takes place according to the conditions provided for under the second and third sub-article of Article 1281-5.

A person duly summoned, (but) who does not make an appearance, will be deemed to have accepted the agreement reached.

### Article 1281-8

*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

In default of conciliation, the person designated to carry out the distribution draws a deed with respect to the issues of disagreement.

The sums to be partitioned must immediately be deposited, if they have not already been so by virtue of the decision designating the person who carries out the distribution.

The party who takes action first may bring the case to the High Court that will carry out the distribution.

### Article 1281-9

*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

If the schedule of distribution is not ready within the time-limit granted, the matter will be determined according to the second and third sub-article of Article 1281-8.

### Article 1281-10

*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*

Payments must be made within fifteen days at the latest after the notification of the judgment of distribution that has become res judicata to the Consignments and Loans Fund.

CODE OF CIVIL PROCEDURE

**Article 1281-11**
*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*
The remuneration of the person designated to carry out the distribution is deducted from the funds to be distributed and borne by the creditors, on a pro rata basis in relation to the sum paid to each of them.
In case of dispute, the president of the High Court will determine it.

**Article 1281-12**
*(Decree n° 96-740 of 14 August 1996, Article 1, Official Journal of 23 August 1996)*
In commercial matters, the jurisdiction conferred upon the High Court and its president will be exercised by the Commercial Court and by the president of the latter.

| | |
|---|---|
| **TITLE III** | |
| **MATRIMONIAL PROPERY REGIMES - SUCCESSION AND DONATION** | **Articles 1287 to 1327** |
| CHAPTER I | |
| RIGHTS OF MARIED COUPLES AND MATRIMONIAL PROPERY REGIMES | Articles 1287 to 1303-6 |
| SECTION I | |
| AUTHORIZATIONS AND EMPOWERMENTS | Articles 1287 to 1286 |

**Article 1286**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 13, Official Journal of 31 October 2004, in force on 1 January 2005)*
Actions for authorization and empowerment provided for by law, and notably under Articles 217, the second sub-article of Article 1426 and Articles 2139, 2140 and 2163 of the Civil Code, are brought by way of a petition before the High Court.
Actions for authorization and empowerment provided under Articles 217 and 219 of the same code, where the spouse is not in a good condition to give his will, are brought before the judge for guardianships.

| | |
|---|---|
| SUB-SECTION I | |
| PROCEDURE BEFORE THE HIGH COURT | Articles 1287 to 1288 |

**Article 1287**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2005-460 of 13 May 2005, Article 33, Official Journal of 14 May 2005)*
The action referred to under the first sub-article of Article 1286 is managed and determined as in non-contentious matters.
However, where the action for authorization intends to override the refusal of the spouse, the provisions of Articles 788 to 1792 apply. The court hears the spouse unless this one, after having been duly summoned, does not appear in court. The matter is managed and determined in the judge's council chamber.
N.B. Decree 2005-460 of 13 May 2005, Article 39: Articles 26 to 33 of this decree apply in Mayotte.

**Article 1288**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2005-460 of 13 May 2005, Article 33, Official Journal of 14 May 2005)*
The appeal is brought, managed and determined, as the case may be, as in non-contentious matters. The matter is managed and judged in the judge's council chamber.
N.B. Decree 2005-460 of 13 May 2005, Article 39: Articles 26 to 33 of this decree apply in Mayotte.

| | |
|---|---|
| SUB-SECTION II | |
| PROCEDURE BEFORE THE JUDGE FOR GUARDIANSHIPS | Articles 1289 to 1289-2 |

**Article 1289**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2005-460 of 13 May 2005, Article 33, Official Journal of 14 May 2005)*
The action referred to under the second sub-article of Article 1286 and the appeal belong to the contentious matters.
N.B. Decree 2005-460 of 13 May 2005, Article 39: Articles 26 to 33 of this decree apply in Mayotte.

**Article 1289-1**
*(Inserted by Decree n°2005-460 of 13 May 2005, Article 33, Official Journal of 14 May 2005)*

CODE OF CIVIL PROCEDURE

The petition of the spouse must contain all the material proving the incapacity of his spouse to give his (her) will or a medical certificate if the incapacity is of medical nature.

The judges may, either sua sponte or upon the request of the parties, order any investigation measure.

At the court hearing, he hears the spouse. He may, nevertheless, upon medical guidance, decide that this hearing will not take place.

N.B. Decree 2005-460 of 13 May 2005, Article 39: Articles 26 to 33 of this decree apply in Mayotte.

**Article 1289-2**
*(Inserted by Decree n°2005-460 of 13 May 2005, Article 33, Official Journal of 14 May 2005)*

It is possible to put an end to the general empowerment granted by the judge for guardianships pursuant to Article 219 of the Civil Code in the same manner.

N.B. Decree 2005-460 of 13 May 2005, Article 39: Articles 26 to 33 of this decree apply in Mayotte.

SECTION II
URGENT MEASURES                                                                               Article 1290

**Article 1290**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Articles 12 and 13, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n°2004-1158 of 29 October 2004, Article 14, Official Journal of 31 October 2004, in force on 1 January 2005)*

Urgent measures referred to under Article 220-1 of the Civil Code are ordered by the judge for family matters sitting in a summary procedure, or where necessary, by way of an order upon petition.

However, the actions based on the third sub-article of this Article may be brought only by a writ of summons in view of a summary procedure, to be notified to the Public Prosecutor at the latest on the date of delivery to the clerk's office. The order issued will be sent by the clerk's office to the Public Prosecutor.

SECTION III
JUDICIAL TRANSFER OF ADMINISTRATION AND ANTICIPATED           Article 1291
APPORTIONING OF THE EQUITY OF ENTITLEMENT

**Article 1291**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

The actions referred to under sub-articles 1 and 3 of Article 1426 and under Articles 1429 and 1580 of the Civil Code are governed by the rules applicable to actions for separation of property.

SECTION IV
COURT-ORDERED SEPARATION OF PROPERTY                              Articles 1292 to 1299

**Article 1292**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

An action for separation of property is brought before the High Court of the place where the family has its residence.

An abstract of the action will be transmitted by the advocate of the applicant to the clerk's offices of High Courts in whose jurisdiction the one or the other spouse was born, in view of its conservation in the civil docket and of its advertising in the form of a reference in the margin of the birth certificate according to the terms and conditions provided for under chapter III of Title I of this Book.

An extract of the action may, further, be published in a newspaper distributed in the jurisdiction of the court to which the matter is referred.

**Article 1293**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 89-511 of 20 July 1989, Article 33, Official Journal of 25 July 1989)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n° 98-508 of 23 June 1998, Article 3, Official Journal of 25 June 1998)*

The judgment may only be pronounced a month after the reference of the preceding Article has been inserted in the margin of the birth certificate of each of the spouses or, where this instrument is not kept in a French register, after the entry of the abstract of the action in the civil docket as referred to under Article 4 of Decree n°. 65-422 of 1 June 1965 instituting the central department of the civil status at the Ministry for Foreign Affairs.

**Article 1294**
*(Decree n° 81-500 of 12 May 1981, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*
*(Decree n° 98-508 of 23 June 1998, Article 4, Official Journal of 25 June 1998)*

CODE OF CIVIL PROCEDURE

The judgment pronouncing the separation will be published in the newspaper distributed in the jurisdiction of the court that pronounced it.

The operative part of the judgment will be notified to the registrar of the place where the marriage has been celebrated in view of inserting a reference in the margin of the instrument of celebration. Where the matrimony has been celebrated abroad and that a marriage certificate has been drawn up or recorded on a French register, the operative part of the judgment will be notified in view of the same to the authority keeping this register.

If the spouses have entered into an antenuptial contract, the operative part of the decision will be notified by recorded letter with the advice of delivery slip sought to the notary keeping the originals of record of the contract. The notary is held to insert a reference in the decision on the record and must no more, under penalty of damages, deliver any copy of the same, enforceable or otherwise, without having so reproduced the said reference.

In the cases referred to under the above two sub-articles, the notification must contain the proof with respect to the enforceable nature of the decision in accordance with Article 506.

### Article 1295
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

The formalities prescribed under Article 1294 are implemented at the request of the applicant.

### Article 1296
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

The judgment dismissing the action for separation of property is published in accordance with sub-article 2 of Article 1292.

### Article 1297
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

The enforcement of the decision will not be demurrable to creditors of the spouses if it has been started prior to the implementation of the formalities prescribed under Article 1294.

### Article 1298
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

Within the year following the implementation of these formalities, the creditors of one or the other spouses may institute third party motion to set aside the judgment of separation of property.

### Article 1299
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

The admission of the defendant spouse may not be regarded as evidence, even where there is no creditor.

SECTION V
COURT HOMOLOGATION OF A CHANGE OF MATRIMONIAL PROPERTY         Articles 1300 to 1303
REGIME

### Article 1300
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

The application for homologation of a change of matrimonial property regime is brought before the High Court of the place where the family has its residence.

### Article 1301
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

The homologation of a change of a matrimonial property regime belongs to non-contentious matters.

### Article 1302
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

A certified copy of the notarial deed that modifies or changes entirely the matrimonial property regime must be attached to the petition.

CODE OF CIVIL PROCEDURE

## Article 1303
*(Decree n° 81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981 amendment JORF of 21 May 1981)*
*(Decree n° 94-42 of 14 January 1994, Article 12, Official Journal of 16 January 1994 in force on 1 February 1994)*

Sub-articles 2 and 3 of Article 1292, Articles 1293 to 1296 and Article 1298 apply to homologations of changes of matrimonial property regimes.

| | |
|---|---|
| SECTION VI<br>ADVERTISING IN INTERNATIONAL MATTERS | Articles 1303-1 to 1303-6 |
| Paragraph 1<br>DESIGNATION OF THE APPLICABLE LAW TO MATRIMONIAL PROPERTY REGIME DURING MARIAGE | Articles 1303-1 to 1303-2 |

## Article 1303-1
*(Decree n° 98-508 of 23 June 1998, Article 1, Official Journal of 25 June 1998)*

Where the marriage certificate is kept by a French authority, the latter will refer, in the margin of the certificate, at the request of the spouses or any one of them, to the deed relating to the designation of the applicable law to the matrimonial property regime whose advertising is referred to under the second sub-article of Article 1397-3 of the Civil Code.

In the absence of a marriage certificate kept by a French authority, and if the deed relating to the designation of the law applicable to matrimonial property regime has been drawn in France in a notarial deed or if one of the spouses is French, the said deed or certificate delivered by the empowered person to establish it, will be at the request of one of or both the spouses, registered for the purposes of its conservation in the annex to the civil docket referred to under Article 4-1 of Decree n°. 65-422 of 1 June 1965 establishing a central department of civil status at the Ministry for Foreign Affairs.

## Article 1303-2
*(Decree n° 98-508 of 23 June 1998, Article 1, Official Journal of 25 June 1998)*

Where an antenuptial contract has been entered into in France, the spouses or any one of them will send to the notary holding the originals of record of the contract, by recorded letter with the advice of delivery slip sought, a copy of the deed relating to the designation of the law applicable to matrimonial property regime. If the antenuptial contract was received by a diplomatic or French consular agent, the spouses or any one of them will inform the Minister for Foreign Affairs.

The notary, diplomatic or French consular agent or the Minister for Foreign Affairs refers to the designated law applicable in the originals of record of the antenuptial contract and must no more deliver any copy or abstract without reproducing this reference.

| | |
|---|---|
| Paragraph 2<br>CHANGE OF MATRIMONIAL PROPERTY REGIME BY VIRTUE OF A FOREIGH LAW | Articles 1303-3 to 1303-5 |

## Article 1303-3
*(Decree n° 98-508 of 23 June 1998, Article 1, Official Journal of 25 June 1998)*

Where the marriage certificate is kept by a French authority, the change of a matrimonial property regime allowed by virtue of foreign law governing the consequences of matrimony will be mentioned in the margin of the certificate.

In the absence of the marriage certificate kept by a French authority, this change of matrimonial property regime, if it has given rise to a decision of a French court or to a deed drawn in France in the form of a notarial deed or if one of the spouses is French, will be registered for the purposes of its conservation in the annex to the civil docket referred to under Article 4-1 of Decree n° 65-422 of 1 June 1965 establishing a central department of civil status at the Ministry for Foreign Affairs.

## Article 1303-4
*(Decree n° 98-508 of 23 June 1998, Article 1, Official Journal of 25 June 1998)*

If this change has given rise to a decision from a French court, the reference in the margin of the birth certificate or its registration in the annex to the civil docket will be carried out in accordance with the second, third and fourth sub-articles of Article 1294. In other cases, the Public Prosecutor of the place where the birth certificate or the annex to the civil docket is kept may order the said reference or registration, at the request of the spouses or one of them.

## Article 1303-5
*(Decree n° 98-508 of 23 June 1998, Article 1, Official Journal of 25 June 1998)*

Where a antenuptial contract has been entered into in France, the spouses or any one of them will send to the notary keeping the originals of record of the contract, by recorded letter with the advice of delivery slip sought, a copy or abstract of the marriage certificate updated in accordance with Articles 1303-3 and 1303-4 or a certificate of registration in the annex to the civil docket referred to under Article 4-1 of Decree n° 65-422 of 1 June 1965 establishing a central department of civil status at the Ministry for Foreign Affairs.

CODE OF CIVIL PROCEDURE

The notary, the French diplomatic or consular agent or the Minister for Foreign Affairs refers to the change of the matrimonial property regime on the originals of record of the antenuptial contract and may not deliver further copies or abstract without reproducing said reference.

Paragraph 3
MATRIMONIAL REGIME ACCOMPLISHED ABROAD PURSUANT TO     Article 1303-6
FRENCH LAW

**Article 1303-6**
*(Decree n° 98-508 of 23 June 1998, Article 1, Official Journal of 25 June 1998)*
The formalities of advertising prescribed under paragraph 2 will apply also in cases of change of matrimonial property regime accomplished abroad pursuant to French law.

CHAPTER II
SUCCESSION AND DONATION                                 Articles 1304 to 1327

SECTION I
PROTECTIVE MEASURES AFTER THE OPENING OF SUCCESSION      Articles 1304 to 1327
PROCEEDINGS

SUB-SECTION I
SEALS                                                   Articles 1304 to 1322

Paragraph 1
AFFIXATION OF SEALS                                     Articles 1304 to 1315

**Article 1304**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The affixation of seals may be requested:
1° by the spouse;
2° by any person claiming a right in the succession;
3° by the testamentary executor;
4° by the Public Prosecutor;
5° by the owner of the premises;
6° by any creditor put in possession of a writ of execution or a leave from the judge;
7° in the case of absence of the spouse or heirs, or if there are among the heirs minors without a legal representative, by persons who have been living with the deceased, by the mayor or a police officer of the grade of a superintendent or a superior of the gendarmerie brigade.

**Article 1305**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The decision is taken by the chief clerk of the magistrates' court in whose jurisdiction the property is located which is the purpose of the requested measure.

**Article 1306**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The chief clerk affixes the seals by way of a special impressing device kept in his possession and the impression of which is lodged at the clerk's office.

**Article 1307**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The affixation may be carried out only after the completion of the inventory, save where the latter is challenged or that it is so ordered by a judge of the magistrates' court.

**Article 1308**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The chief clerk may take such measures necessary for the affixation of seals.
Where the premises are closed, he may gain access to them by any means or affix the seals on the door where the applicant does not seek its opening.

**Article 1309**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The chief clerk will appoint a custodian of the seals if the nature and the apparent value of the property so demands.
Where people live in the premises wherein the affixation has been carried out, the custodian will be chosen among them.
The custodian may not be chosen among the staff members of the clerk's office.

**Article 1310**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
If papers or closed parcels are found, they will be placed in a furniture on which the seals will be affixed.

CODE OF CIVIL PROCEDURE

**Article 1311**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
If a will is found, the chief clerk will sign it together with the individuals present. He will then hand it over to a notary.

**Article 1312**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The chief clerk hands over either to the clerk's office or to a notary or a banking institution the titles, sums, shares, jewels or any precious object with regard to which the affixation of seals may not constitute a sufficient precaution.

**Article 1313**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
If papers or closed parcels appear, considering their signature or such other written indication, to belong to third parties, the chief clerk will hand them over to clerk's office.
The judge of the High Court will summon said third parties before him within a time-limit that he determines so that they may attend the opening (of the succession proceedings).
If, at the moment of the opening, it is established that the papers or documents do not concern the succession, he will hand them over to the concerned persons. If the latter do not appear in court or if the papers and parcels pertain to the succession, the judge will order their custody either at his (own) clerk's office or in the hands of a notary.

**Article 1314**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The minutes of affixation must be signed and dated by the chief clerk. It must contain:
- 1° the grounds for the affixation;
- 2° the names and addresses of one or all the applicants and in which capacity they seek the affixation;
- 3° a summarized presentation of the statements of the persons present and the steps, if necessary, taken upon them;
- 4° the designation of the premises and the furniture on which the seals were affixed;
- 5° a summary description of the objects that were not put under seals;
- 6° a reference to the steps taken to ensure the safeguard of the premises and goods and as those in relation to the safeguard of domesticated animals;
- 7° a reference to the formalities complied with, if necessary, by virtue of Articles 1310 to 1313;
- 8° if necessary, the designation of the custodian appointed.

**Article 1315**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
If there is no movable property, the chief clerk will draw the minutes of nulla bona.
If there are belongings for the use of those persons dwelling on the premises, or on which seals may not be affixed, the clerk will draw an itemized description.

Paragraph 2
BREAKING OF SEALS                                                     Articles 1316 to 1322

**Article 1316**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The breaking of seals may be requested by the person who have the right to request their affixation and by the custom services where they have been appointed to administer the succession.

**Article 1317**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The applicant presents to the chief clerk a list of persons who must be summoned to attend the breaking of the seals, including those who requested the affixation and known successors or the Department for Domains designated to administer the succession, and if necessary, the testamentary executor.
The chief clerk determines the date and time when the seals are broken.
Save where the persons who ought to be present at the breaking of the seals did not explicitly exempt him, the applicant will summon them, by recorded letter with the advice of delivery slip sought or by process served through a bailiff, to be present at the proceeding of the breaking of the seals. In this case, these proceedings will take place only if the subpoenas have been received eight days before the date fixed for the breaking of the seals.

**Article 1318**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
The chief clerk informs the person who by reasoned and written declaration asked him to attend the breaking of the seals.

**Article 1319**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
*(Decree n° 2001-650 of 19 July 2001, Article 76, Official Journal of 21 July 2001 in force on 1 October 2001)*
The seals may be lifted without an inventory if all summoned parties are present or are represented and do not oppose that the matter be prosecuted in this manner.
Otherwise, an inventory will be drawn even where some parties do not appear as far as they have been duly

CODE OF CIVIL PROCEDURE

summoned. The spouse in a joint ownership, the heirs, testamentary executors, universal legatees or universal-share legatees may agree on a choice of one or two notaries, auctioneers or experts. If they do not agree or are not present or represented, one or two notaries, auctioneers, or experts, to be nominated by the judge of the magistrates' court, will carry out the matter.

## Article 1320
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

The minutes for the breaking of seals must be dated and signed by the chief clerk. It must contain:

1° a reference to the application for the breaking of seals and the decision of the chief clerk fixing the day and time of the breaking;

2° the name and address of the applicant or applicants;

3° the name and address of the parties who were present or represented or summoned;

4° the verification of the seals whether they are untouched and full, or if they are not, the state of the alterations;

5° the observations of the applicants and appearing parties and the steps, if necessary, taken upon them;

6° the particulars of the notary who will draw the inventory.

## Article 1321
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

The seals will be lifted successively and step by step in line with the drawing up of the inventory; they are re-affixed at the end of each session.

## Article 1322
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

Where the need arises, the chief clerk may carry out a temporary breaking of the seals, which must thereafter be re-affixed as soon as the operation rendering the breaking necessary has been accomplished.

The clerk draws the minutes of the steps taken.

The provisions of Articles 1316 to 1321 do not govern the temporary breaking, followed by an immediate re-affixation.

SUB-SECTION II
OTHER PROTECTIVE MEASURES                                              Articles 1323 to 1325

## Article 1323
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

Where it appears that the nature of the property does not justify the affixation of seals, the competent chief clerk in relation to the latter will draw an itemized description of the movables; in the absence of an heir, he will lock the premises if they are unoccupied and will keep the keys at the clerk's office.

Any heir may have the keys handed back to him upon giving a discharge of the movables listed on the itemized description, after having acknowledged their nature in the presence of the chief clerk. In the same manner, the keys may be handed over, on leave from the judge of the magistrates' court, to a universal legatee having seisin or possession of the succession.

The Department for Domains may also seek the handing over of keys, in case where it has been designated to administer the succession.

## Article 1324
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

A month after the death, where there is no known successor and if the rent agreement has been terminated, the judge of the magistrates' court may grant leave to the landlord of the property the subject matter of an affixation of seals or in relation to which an itemized description was drawn, to remove the movables and to store them either at a different place or to confine them in a part of the premises occupied by the deceased. The landlord advances the outlays for the removing and storage of the movables.

The chief clerk supervises the removing of the movables and draws the minutes of the operations.

If seals have been affixed, he will break them, but will thereafter re-affix them in the premises regarding which the judge granted leave to use as storage or wherein the movables are confined.

Where an itemized description has been drawn, the chief clerk will lock the premises wherein will be stored or confined the movables and he will keep the keys at the clerk's office.

## Article 1325
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

The provisions of Articles 1307, 1308 and 1311 to 1313 apply to protective measures as laid under this Sub-section.

SUB-SECTION III
COMMON PROVISIONS                                                     Articles 1326 to 1327

## Article 1326
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*

In the case of an impediment, the chief clerk may delegate, for any measure provided for in this Section, to a clerk from his court.

CODE OF CIVIL PROCEDURE

**Article 1327**
*(Decree n° 86-951 of 30 July 1986, Articles 2 and 7, Official Journal of 13 August 1986 in force on 1 October 1986)*
If obstacles are met in relation to the measures provided for in this Section, the parties or the chief clerk may bring their case before the judge of the magistrates' court by way of simple petition.
If a dispute opposes parties one another, the matter will be referred to the judge of the magistrates' court by way of a summary procedure.

| | |
|---|---|
| **TITLE IV** | |
| **OBLIGATIONS AND CONTRACTS** | **Articles 1405 to 1441-4** |
| CHAPTER I | |
| INJUNCTION PROCEDURES | Articles 1405 to 1425-9 |
| SECTION I | |
| INJUNCTION TO PAY | Articles 1405 to 1425 |

**Article 1405**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°81-862 of 9 September 1981, Official Journal of 19 September 1981)*
An action for recovery of claims may be brought by way of injunction to pay where:
1° the debt has a contractual origin or has resulted from an obligation of a statutory nature and is a defined amount; in contractual matters, the amount is defined by clauses of the contract including, if necessary, a penalty clause;
2° the undertaking results from the acceptance or drawing up of a bill of exchange, of the subscription to a promissory note, of the endorsement or backing of one or the other of these instruments or the acceptance of the assignment of receivables in accordance with the Act n°81-1 of 2 January 1981 relating to access to corporate credit.
*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

**Article 1406**
*(Decree n° 81-500 of 12 May 1981 Official Journal of 14 May, Recapitulatory JORF 21 May 1991, into force on 1 January 1982)*
*(Decree n°2003-542 of June 2003, Article 21, Official Journal of 25 June 2003, in force 15 September 2003)*
*(Decree n°2004-836 of 20 August 2004, Article 50, Official Journal of 22 August 2004, in force on 1 January 2005)*
The action is brought, as the case may be, before the magistrates' court, the community judge or before the president of the commercial court within the limits of their material competence of the last two jurisdictions.
The territorially competent judge is the one in whose jurisdiction the prosecuted debtor(s) live(s).
The rules provided for under the preceding sub-articles are of mandatory nature. Any contrary clause will be deemed unwritten. The judge must raise sua sponte his incompetence as article 847-4 applies.

**Article 1407**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
*(Decree n°2004-836 of 20 August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005)*
The action is brought by way of a petition handed over or sent, as the case may be, to the clerk's office by the creditor or any representative.
The petition contains:
- the surnames, first names, professions and domiciles of the creditor and debtors or, for corporate bodies, their form, denomination and head office;
- the exact amount of the money claimed with a breakdown of the various items of the claim, as well as the grounds for the same.
It encloses the supporting documents.

**Article 1408**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
The creditor may, in the petition for an injunction to pay, request, if there is an objection, the immediate referral of the matter before the court that he considers competent.
*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

**Article 1409**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*
If, on the examination of the documents submitted, the claim appears to be well-founded in part or in full, the judge will pronounce an order bearing an injunction to pay the amount that he grants.
If the judge dismisses the petition, his decision will not be subjected to any review action of the creditor, except

CODE OF CIVIL PROCEDURE

where the latter follows the procedures of general jurisdictions.

If the judge admits the petition only partially, his decision may not be subjected to any review action of the creditor, excepting the latter's choice not to serve the ruling and to follow (instead) the procedures of general jurisdiction.

*After the 1st January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

**Article 1410**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-836 of 20 August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005)*

The order bearing an injunction to pay and the petition are kept as minutes at the clerk's office. The documents submitted in support of the petition are provisionally kept at the clerk's office.

Where the petition is dismissed, the latter and the documents submitted will be returned to the applicant.

**Article 1411**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

A certified true copy of the petition and of the order will be served, at the request of the creditor, on each of the debtors.

The order bearing an injunction to pay will be void if it has not been served within six months of its date.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

**Article 1412**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The debtor may contend against the order bearing an injunction to pay.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

**Article 1413**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-836 of 20 August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005)*

Under penalty of inadmissibility, the service of the order bearing an injunction to pay contains, in addition to the particulars provided for processes served through a bailiff, a notice to:

- either to pay to the creditor the amount of the money defined by the order as well as the interests and costs incurred by the clerk's office whose amount is specified;

- or, if the debtor has to rely upon defence grounds, he has to set aside (the order), which amounts to bringing the original action of the creditor and the whole litigation.

Under the same penalty, the service of process:

- states the time-limit within which the motion to set aside is to be brought, the court before which it is to be brought and the manner in which it must be carried out;

- warns the debtor that he may consult at the clerk's office the documents submitted by the creditor and that in absence of the motion to set aside (the order), he may no longer exercise any review action and may be compelled by any appropriate legal means to pay the money claimed.

**Article 1414**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

If the order is served on the debtor personally, the bailiff must inform orally the debtor of the particulars referred to under Article 1413; the compliance with this formality is stated in the service of process.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

**Article 1415**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, Recapitulatory JORF 21 May 1991, into force on 1 January 1982)*

*(Decree n°2003-542 of June 2003, Article 22, Official Journal of 25 June 2003, in force on 15 September 2003)*

*(Decree n°2004-836 of 20 August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005)*

The motion to set aside (the order) is brought, as the case may be, before the magistrates' court, the community judge that pronounced the order bearing the injunction to pay or before the commercial court whose president has given the order.

It is presented to the clerk's office, either by a declaration upon receipt or by registered letter.

**Article 1416**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

CODE OF CIVIL PROCEDURE

The motion to set aside (the order) is brought within the month following the service of the order.

However, if the order has not been served on an individual, the motion to set aside (the order) will be admissible until the expiration of a time-limit of a month following the first process served on an individual, or, in absence thereof, following the first enforcement measure having the effect of rendering unavailable in part or in whole the property of the debtor.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

## Article 1417

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The court rules upon the action for recovery (of claims).

It rules upon, within the limit of the specific jurisdiction that it entertains, the original claim and all interlocutory claims and defences on the merits of the case.

In the event of a decision declining jurisdiction, or in the case referred to under Article 1408, the matter will be transferred to the competent court in accordance with the rules laid down under Article 97.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

## Article 1418

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n° 82-716 of 10 August 1982, Article 1, Official Journal of 17 August 1982)*

The clerk of the court summons the parties to a hearing by recorded letter with the advice of delivery slip sought.

The subpoena is sent to all the parties, even to those who have not applied to set aside (the order).

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

## Article 1419

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

If no party appears, the court will record the extinction of the proceeding; the latter renders void the order bearing an injunction to pay.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

## Article 1420

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The judgment of the court replaces the order bearing an injunction to pay.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

## Article 1421

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The court determines (the case and) whose ruling may be appealed against where the amount of the claim exceeds its jurisdictional value-limit of final instance.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

## Article 1422

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

In the absence of a motion to set aside (the order) within the month following the service of the order bearing an injunction to pay, irrespective of the conditions of the service, or in case of discontinuance of the debtor who has applied to set aside (the order), the creditor may ask for the apposition on the order of enforcement. The discontinuance of the debtor complies with the rules prescribed under Articles 400 to 405.

The order produces all the effects of a judgement after trial. It may not be subject to appeal even where it has granted a supplementary time-limit for payment.

*After the 1st January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

## Article 1423

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-836 of 20 August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005)*

The action to obtain the apposition of the order of enforcement is presented to the clerk's office either by declaration

CODE OF CIVIL PROCEDURE

or by ordinary letter.

The order will be void if the action of the creditor is not presented within the time-limit of a month following the expiration of the time-limit for the motion to set aside (the order) or to for the discontinuance of the debtor.

**Article 1424**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

*(Decree n°2004-836 of 20 August 2004, Article 52 II, Official Journal of 22 August 2004, in force on 1 January 2005)*

The documents submitted by the creditor and which are provisionally kept at the clerk's office will be returned to him at his request as of the motion to set aside or at the time the order has received the order of enforcement.

**Article 1425**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

Before the commercial Court, the costs for the order bearing an injunction to pay are covered by the creditor and deposited at the clerk's office no later than fifteen days from the action referred to under Article 1405, failing which the latter will lapse.

The motion to set aside is received without any costs for the clerk of the court. The latter asks forthwith the creditor, by recorded letter with the advice of delivery slip sought, to deposit the costs of the motion to set aside at the clerk's office within a time-limit of fifteen days under penalty of nullity of the action referred to under Article 1405.

*After the 1 January 1982, the procedure of injunction to pay remains applicable to recovery of claims established by a challengeable bill, D. n°81-500, 12 May 1981, Article 54.*

SECTION II

INJUNCTION TO DO                                                              Articles 1425-1 to
                                                                             1425-9

**Article 1425-1**

*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

*(Decree n°2003-542 of June 2003, Article 23, Official Journal of 25 June 2003, in force 15 September 2003)*

*(Decree n°2004-836 of 20 August 2004, Article 50, Official Journal of 22 August 2004, in force on 1 January 2005)*

Specific performance of an obligation resulting from a contract entered into between individuals who are not merchants may be asked before the magistrates' court where the value of the obligation whose performance is sought does not exceed the jurisdictional value-limit of this jurisdiction.

The community judge is competent within the limits defined in the Code of Court Organisation and within the terms of article 847-4 of this code.

**Article 1425-2**

*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

*(Decree n°2003-542 of June 2003, Article 24, Official Journal of 25 June 2003, in force on 15 September 2003)*

The action is presented, depending on the choice of the plaintiff, either before the jurisdiction of the place of the defendant or before the jurisdiction of the place of performance of the obligation.

**Article 1425-3**

*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

The action is brought by way of petition lodged at or sent to the clerk's office by the beneficiary of the obligation or by the individuals referred to under Article 828.

The petition contains:

1° in relation to natural person, the surname, names, occupation, address of the parties, or in relation to corporate bodies, their denomination and head office.

2° the exact nature of the obligation whose performance is sought as well as the grounds justifying the same.

3° eventually damages that may be claimed in the event of non-performance of the injunction to do.

It encloses the supporting documents.

Time limitations and the time-limits to bring an action are suspended upon registration at the clerk's office.

**Article 1425-4**

*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

If, on examination of the documents submitted, the action appears to be well-founded, the judge will pronounce an order bearing an injunction to do not subject to appeal.

He defines the subject-matter of the obligation as well as the time-limit within which and the conditions according to which the same must be performed.

The order specifies, further, the venue, date and time of the hearing at which the matter will be examined, save where the respondent has caused to show that the injunction has been complied with.

**Article 1425-5**

*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

The clerk's office notifies the order to the parties by recorded letter with the advice of delivery slip sought. He sends on the same day a copy of that notification by ordinary letter. The notification letter states the provisions of Articles

CODE OF CIVIL PROCEDURE
1425-7 and 1425-8.

## Article 1425-6
*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

The order bearing an injunction to do and the petition are kept as minutes at the clerk's office who keeps provisionally the documents submitted in support of the petition.

## Article 1425-7
*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

Where the injunction to do has been complied with within the granted time-limit, the plaintiff will inform the clerk's office. The matter will then be taken off the case-list.

In absence of such information or where the plaintiff does not appear at the hearing without any legitimate cause, the court will declare the lapsing of the procedure for an injunction to do.

The declaration of lapsing may be withdrawn if the plaintiff informs the clerk's office within a time-limit of fifteen days the legitimate cause which he could not have raised before (the declaration of lapsing). In this case, the parties will be summoned to a subsequent hearing.

## Article 1425-8
*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

The court, in case of total or partial non-compliance with the injunction to do which it has pronounced, will rule upon the action, after having attempted to reconcile the parties.

It determines, within the limits of its material jurisdiction, the original claim and of all interlocutory ones and of defences on the merits of the case.

In the event of a decision declining jurisdiction, the matter will be transferred to the competent court in accordance with the rules laid down under Article 97.

## Article 1425-9
*(Decree n° 88-209 of 4 March 1988, Articles 3 and 6, Official Journal of 5 March 1988, in force on 1 January 1989)*

If the judge dismisses the petition, the plaintiff will not have any review action, save where the latter follows the procedures of general jurisdiction. The petition and the documents submitted will be returned to the plaintiff.

CHAPTER II
OFFERS FOR PAYMENT AND DEPOSIT                                         Articles 1426 to 1429

## Article 1426
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The minutes of real offers will state the thing offered. If it is in relation to a sum of money, it will specify the amount thereof and the method of payment.

It indicates, in any event, the venue where the deposit will be carried out if the offers are not accepted.

## Article 1427
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The minutes will refer to the reply, rejection or acceptance on behalf of the creditor, and indicate if he has signed or refused to sign or has stated not able to sign it.

## Article 1428
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

If the creditor rejects the offer, the debtor may, at his initiative, in order to free himself, release the sum or thing offered, by depositing it, with, if necessary, the interests as of the date of deposit.

The garnishee that a motion to set aside prevents from carrying out payment may free himself by depositing the same without having to make real offers.

The law official draws minutes of the deposit and serves it on the creditor.

## Article 1429
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

Objections against the validity of the offers or the deposit fall under the jurisdiction of the judge who deals with the main action where they are raised incidentally.

CHAPTER III
RECONSTRUCTION OF DESTROYED INSTRUMENTS                    Articles 1430 to 1434

## Article 1430
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

An application in view of the reconstruction of the original of a notarial deed or a deed under private signature, destroyed, in any place whatsoever, by reason of war or disaster is brought before the High Court.

CODE OF CIVIL PROCEDURE

**Article 1431**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The competent court is that of the place where the deed was drawn or if the deed was drawn abroad, that of the place where the plaintiff lives; if the latter lives abroad, the High Court of Paris will be the competent court.

**Article 1432**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The reconstruction of a court decision is carried out by the court that has pronounced it.

**Article 1433**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The action is brought, managed and determined as in non-contentious matters.

**Article 1434**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The court may carry out a partial reconstruction of the instrument in cases where evidence in relation to some clauses, which can stand on their own, are the only one brought forward.

CHAPTER IV

ISSUANCE OF COPIES OF DEEDS AND OF REGISTERS                    Articles 1435 to 1441

**Article 1435**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The public officers and law officials or any other depository of records are held to issue, on satisfying their dues, a certified copy or a copy of the deeds to the parties themselves, to their inheritors and assigns.

**Article 1436**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

In case of refusal or silence of the depository, the president of the High Court, to whom the case is referred by way of a petition, will rule upon the same, after having heard or summoned the plaintiff and the depository.

**Article 1437**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The decision is enforceable provisionally.

An appeal is brought, managed and determined as in non-contentious matters.

**Article 1438**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

A party may obtain a copy of a non-registered or defective deed; he must apply to the president of the High Court. The application is brought by way of petition.

In case of refusal or silence of the depository of the deed, the matter is referred to the president of the High Court.

**Article 1439**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

The party seeking the issuance of a second enforceable copy of a notarial deed must apply to the president of the High Court. The application is brought by way of a petition.

In cases of refusal or silence of the depository of the deed, the matter is referred to the president of the High Court.

**Article 1440**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

Clerks and depositories of records or public registers must issue a copy or an abstract thereof to a plaintiff for the same, on satisfying their dues.

**Article 1441**

*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

In cases of refusal or silence, the president of the High Court, or where the refusal emanates from a clerk, the president of the court to which his office is attached, to whom the case is brought by way of a petition, rules upon the same, after having heard or summoned the plaintiff, the clerk or the depository.

An appeal is brought, managed and determined as in non-contentious matters.

CODE OF CIVIL PROCEDURE
      CHAPTER V
          LITIGATION IN RELATION TO CONCLUSION OF CERTAIN PROJECT      Articles 1441-1 to
CONTRATS              1441-3

**Article 1441-1**
*(Decree n°92-964 of 7 September 1992, Article 1, Official Journal of 11 September 1992)*
    Any person empowered to bring a review action, in the manner prescribed under the first sub-article of Article 11-1 of the Act no. 91-3 of 3 January 1991 relating to transparency and to the legality of procedures of procurement contracts and subjecting the conclusion of certain contracts to some rules of advertising and of competition, must, if he intends to bring such action, put first on default notice the corporate body, which is bound by the rules of advertising and of competition to which the conclusion of the contract is subjected to, comply with the same.
    In case of refusal or silence within a time-limit of ten days, the originator of the default notice may bring his case to the president of the competent court or his delegate, who will rule upon the matter within a time-limit of twenty days.

**Article 1441-2**
*(Decree n°92-964 of 7 September 1992, Article 1, Official Journal of 11 September 1992)*
    Article 1441-1 will apply to the Public Prosecutor in the case provided for under the second sub-article of Article 11-1 of the Act n°. 91-3 of 3 January 1991.

**Article 1441-3**
*(Decree n°92-964 of 7 September 1992, Article 1, Official Journal of 11 September 1992)*
    The decision of the president of the court to whom the case is referred or of his delegate may be subjected to an appeal in cassation within fifteen days of its notification.

      CHAPTER VI
      OUT-OF-COURT SETTLEMENT      Article 1441-4

**Article 1441-4**
*(Decree n°98-1231 of 28 December 1998, Article 30, Official Journal of 30 December 1998 into force 1 March 1998)*
    The president of the High Court, to whom the case is referred, by way of petition, by a party to the out-of-court settlement, will confer a writ of execution to the deed submitted to him.

# BOOK IV
# ARBITRATION      **Articles 1442 to 1507**

  **TITLE I**
  **ARBITRATION AGREEMENTS**      **Articles 1442 to 1459**

    CHAPTER I
    ARBITRATION CLAUSE      Articles 1442 to 1446

**Article 1442**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
    An arbitration clause is an agreement whereby the parties to a contract commit themselves to refer to arbitration the disputes that their contract may give rise to.

**Article 1443**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
    An arbitration clause must, under penalty of nullity, be stipulated in writing in the main agreement or in a document to which the latter refers.
    Under the same sanction, the arbitration clause must, either designate the arbitrator or arbitrators, or provide for the terms and conditions of their designation.

**Article 1444**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
    If, once a dispute has arisen, the constitution of the arbitration tribunal encounters a difficulty coming from one of the parties or the implementation of the terms and conditions of designation, the president of the High Court designates the arbitrator or arbitrators.
    However, the president of the Commercial Court carries out said designation if the agreement has explicitly stipulated it.
    Where the arbitration clause is either, on the face of it, null or insufficient to allow for the constitution of an arbitration tribunal, the president will record the same and declare that there is no need for designation (of arbitrators).

**Article 1445**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
    Disputes may be referred to an arbitration tribunal either jointly by the parties or by the first mover.

**Article 1446**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

CODE OF CIVIL PROCEDURE

Where it is null, the arbitration clause will be deemed unwritten.

CHAPTER II
COMPROMISE                                                                    Articles 1447 to 1450

### Article 1447
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

A compromise is an agreement whereby the parties to a dispute submit to arbitration composed of one or more persons.

### Article 1448
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The compromise must, under penalty of nullity, determine the subject-matter of the dispute.

Under the same sanction, it must designate the arbitrator or arbitrators, or provide for the terms and conditions for their appointment.

The compromise will become void where an arbitrator that it designates declines the assignment entrusted upon him.

### Article 1449
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The compromise is recorded in writing. It may be incorporated in the minutes signed by the arbitrator or the parties.

### Article 1450
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The parties have the right to refer their dispute to an out-of-court settlement even where they are engaged in an already instituted proceeding before another court.

CHAPTER III
COMMON RULES                                                                  Articles 1451 to 1459

### Article 1451
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The assignment of the arbitrator may only be entrusted upon a natural person; the latter must enjoy the full exercise of his civil rights.

If the arbitration agreement appoints a corporate entity, the latter may exercise the powers only of organizing the arbitration.

### Article 1452
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The constitution of the arbitration tribunal will be completed only if the arbitrator or arbitrators accept the assignment entrusted upon them.

The arbitrator, who is aware of a ground for his recusal, must inform the parties. In that case, he may accept his assignment only upon the approval of the parties.

### Article 1453
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The arbitration tribunal consists of one or more arbitrators in odd numbers.

### Article 1454
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Where the parties designate arbitrators in even numbers, the arbitration tribunal will be completed by an additional arbitrator chosen either in accordance with the expectations of the parties, or in the absence of such expectations, by the appointed arbitrators, or in default of an agreement between the latter, by the president of the High Court.

### Article 1455
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Where a natural person or corporate entity is entrusted to organise the arbitration, the task of arbitration will be entrusted to one or more arbitrators approved by all parties.

In default of agreement, the person or entity entrusted to organise the arbitration will invite each party to designate an arbitrator and will designate, if necessary, the arbitrator necessary to complete the arbitration tribunal. The person will be appointed where the parties fail to designate an arbitrator, the latter or entity entrusted to organise the arbitration.

The arbitration tribunal may also directly be constituted in accordance with the terms and conditions provided for under the preceding sub-article.

The person or entity entrusted to organise the arbitration may stipulate that the arbitration tribunal will pronounce only a draft award and that if one party contests said draft; the matter will be submitted to a second arbitration tribunal. In the latter event, the person or entity entrusted to organise the arbitration will designate the members of the second (arbitration) tribunal. Each party has the right to get one of the appointed arbitrators replaced.

### Article 1456
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

CODE OF CIVIL PROCEDURE

If the arbitration agreement does not specify the time-limit, the assignment of the arbitrators will last only for a period of six months to be reckoned as of the date on which the last of them accepted the said assignment.

The legal or contractual time-limit may be extended either by virtue of the agreement of the parties, or, at the request of one of them or of the arbitration tribunal, by the president of the High Court, or in the case referred to under Article 1444, sub-article 2, by the president of the Commercial Court.

### Article 1457
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

In the case referred to under Articles 1444, 1454, 1456 and 1463, the president of the court, to whom the case is referred, as in a matter of summary interlocutory procedure, by a party or by the arbitration tribunal, will rule upon it by way of an order not open to any review action.

However, this order may be subject to appeal where the president declares against the appointment of arbitrators in view of the grounds referred to under Article 1444 (sub-article 3). The appeal is brought, managed and determined as in an appellate plea against jurisdiction.

The competent president is that of the court designated in the arbitration agreement or, in default thereof, the one in whose jurisdiction the agreement has located the arbitration proceeding. Where the agreement is silent upon the same, the competent president will be that of the court of the place where one or more respondents to the interlocutory action live(s), or where the respondent does not live in France, the court of the place where the plaintiff dwells.

### Article 1458
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Where a dispute, referred to an arbitration tribunal pursuant to an arbitration agreement, is brought before a court of law of the State, the latter must decline jurisdiction.

Where the case has not yet been brought before arbitration tribunal, the court must also decline jurisdiction save where the arbitration agreement is manifestly null.

In both cases, the court may not raise sua sponte its lack of jurisdiction.

### Article 1459
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Any provision or agreement contrary to the rules herein laid down is deemed unwritten.

### TITLE II
### ARBITRATION PROCEEDING                                                      Articles 1460 to 1468

### Article 1460
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The arbitrators settle the arbitration proceeding without being bound by the rules governing courts, save where the parties have decided otherwise as stipulated in the arbitration agreement.

However, the governing principles of proceedings provided for under Articles 4 to 10, 11 (sub-article 1) and 13 to 21 (of this code) apply always to arbitration proceeding.

Where a party has in his possession some evidence, the arbitrator may enjoin him to produce the same.

### Article 1461
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Case management processes and minutes will be executed by all the arbitrators if the compromise does not give them powers to commission one of them.

Third parties are heard without an oath being administered.

### Article 1462
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

An arbitrator must undertake his assignment until its completion.

An arbitrator may not be revoked save on a unanimous consent of the parties.

### Article 1463
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

An arbitrator may not withdraw himself nor be recused save for a ground of recusal that has become apparent or has occurred after his designation.

Difficulties relating to the implementation of this Article are brought before the president of the competent court.

### Article 1464
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The arbitration proceeding is interrupted, subject to a specific agreement between the parties:

1° by the revocation, death or impediment of an arbitrator as well as his loss of the full exercise of his civil rights;
2° by the withdrawal or recusal of an arbitrator;
3° by the lapsing of the time-limit for arbitration.

### Article 1465
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The discontinuance of an arbitration proceeding is governed by the provisions of Articles 369 to 376.

CODE OF CIVIL PROCEDURE

**Article 1466**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
If, before an arbitrator, one of the parties has challenged the principle or scope of the powers of the arbitrator, the latter must rule upon the validity and limits of his nomination.

**Article 1467**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
Unless otherwise agreed, an arbitrator has the power to determine the subsidiary interlocutory issues in relation to the verification of writings or of forgery in accordance with the provisions of Articles 287 to 294 and of Article 299.
Where there is a plea of forgery, Article 313 will apply before the arbitrator. The time-limit for arbitration runs from the day on which the subsidiary interlocutory plea has been determined.

**Article 1468**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
The arbitrator determines the date on which the matter will be deliberated.
After that date, no claim may be brought or no ground may be raised. No observation may be submitted nor any document be produced, save at the request of the arbitrator.

TITLE III
ARBITRAL AWARD                                                                   Articles 1469 to 1480

**Article 1469**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
The deliberation of arbitrators takes place in camera.

**Article 1470**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
The arbitral award is pronounced by way of majority voting.

**Article 1471**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
The arbitral award must recite summarily the respective claims of the parties and their grounds.
The ruling must be well-reasoned.

**Article 1472**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
The arbitral award contains the following particulars:
- the name of arbitrators who pronounced it;
- the date;
- the venue where it was given;
- the surname, first names and denomination of parties, as well as their domicile or head office;
- if necessary, the name of advocates or any person who represented or assisted the parties.

**Article 1473**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
All the arbitrators must sign the arbitral award.
However, if a minority among them has refused to sign it, the others will refer to that and the award will bear the same value as if all the arbitrators have signed it.

**Article 1474**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
An arbitrator determines a dispute in accordance with the rules of law, save where, in the arbitration agreement, the parties assigned him as an amicable compounder.

**Article 1475**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
An award removes the contention, which it has determined, from the arbitrator.
The arbitrator has nevertheless the power to interpret the award, to correct clerical errors and omissions that affect it and to complete it where he has omitted a ruling on an issue raised. Articles 461 to 463 apply. If an arbitration tribunal may not meet again, such power will appertain to the court that would have otherwise been competent in default of arbitration.

**Article 1476**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
The arbitral award, from the moment that it has been given, will become res judicata with respect to the dispute that it has determined.

**Article 1477**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
*(Decree n° 92-755 of 31 July 1992, Article 305, Official Journal of 5 August 1992)*
The arbitral award may not be subjected to a compulsory enforcement save by virtue of an exequatur pronounced

CODE OF CIVIL PROCEDURE

by the High Court in whose jurisdiction the award was given.

To this end, the minutes of the award, together with a copy of the arbitration agreement, will be lodged by one of the arbitrators or by the party who brings the action first to the clerk's office of the court.

## Article 1478
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The exequatur will be appended on the minutes of the arbitral award.

The judgment disallowing the exequatur must be reasoned.

## Article 1479
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Rules governing interim enforcement of judgments apply to arbitral awards.

On appeal or review action to vacate, the first president (of the court of appeal) or the judge having the management of the matter as soon as the matter is referred to him, may grant the exequatur to the arbitral award supported with a certificate of interim enforcement. He may also order the interim enforcement in the manner prescribed under Articles 525 and 526; his decision amounts to exequatur.

## Article 1480
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The provisions of Articles 1471 (sub-article 2), 1472 with respect to the names of arbitrators and the date of the award, and 1473 are laid down under penalty of nullity.

### TITLE IV
### MEANS OF REVIEW                                                                     Articles 1481 to 1491

## Article 1481
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The arbitral award will not be subject to a motion to set aside and an appeal in cassation.

It may be impugned by a third party motion to set aside before the court that would otherwise have been competent in default of arbitration, subject to the provisions of Article 588 (sub-article 1).

## Article 1482
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The arbitral award is subject to appeal save where the parties have renounced to an appeal in the arbitration agreement. However, it is not subject to appeal where the arbitrator is assigned to decide as amicable compounder, save where the parties have expressly set aside this right in the arbitration agreement.

## Article 1483
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Where, following the distinction drawn under Article 1482, the parties have not abandoned the right to appeal or they have expressly conserved for themselves this right in the arbitration agreement, only an appeal will lie, whether it intends to reverse or vacate the arbitral award. The appeal judge will determine the matter as an amicable compounder where the arbitrator has this assignment.

## Article 1484
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Where, following the distinctions drawn under Article 1482, the parties have abandoned their right to appeal, or where they have not expressly conserved for themselves this right in the arbitration agreement, a review action to vacate the deed termed arbitral award may nevertheless be brought albeit contrary stipulations to the same.

This action is available only in the following cases:

1° if the arbitrator has ruled upon the matter without an arbitration agreement or upon a void lapsed agreement;

2° if the arbitration tribunal has been unlawfully constituted or a sole arbitrator unlawfully designated;

3° if the arbitrator has ruled upon the matter contrary to the assignment given to him;

4° if the adversarial principle has not been respected;

5° in all cases of nullity referred to under Article 1480;

6° if the arbitrator has infringed a rule of public interest.

## Article 1485
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Where a court to which the review action to vacate is brought vacates an arbitral award, it will rule upon the merits of the case within the confines of the assignment of the arbitrator, save where a contrary intention of all the parties concerned.

## Article 1486
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The appeal and the review action to vacate will be brought before the court of appeal in whose jurisdiction the arbitral award was given.

These review actions are admissible as soon as the award has been given; they will cease to be so if they have not been brought within the month of the service of the award bearing the exequatur order.

The time-limit to bring these review actions suspends the enforcement of the arbitral award. Likewise, the review

CODE OF CIVIL PROCEDURE

action brought within the time-limit suspends (the enforcement of the arbitral award).

### Article 1487
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*
*(Decree n°2004-1420 of 23 December 2004, Article 1 II, Official Journal of 29 December 2004, in force on the 1st January 2005)*

The appeal and the review action to vacate are brought, managed and determined according to rules governing the procedure of contentious matters before the court of appeal.

N.B. Decree 2004-1420, 2004-12-23, Article 4: These provisions apply to review actions directed against decisions pronounced as of the 1 January 2005.

### Article 1488
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The judgment granting the exequatur order is not subject to any review action.

However, an appeal or review action to vacate an award amounts as of right, within the confines of the cognisance of the court of appeal, a review action against the order of the judge who has given the exequatur order or removal of the case from this judge.

### Article 1489
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The judgment disallowing exequatur may be impugned by appeal action until the end of a one-month time-limit to be reckoned from its service. In the latter event, the court of appeal examines, at the request of the parties, the grounds that the latter would have otherwise raised against the arbitral award, by way of appeal or review action to vacate as the case may be.

### Article 1490
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The dismissal of the appeal or the review action to vacate will give exequatur to the clauses that are affected by the revision of the court (of appeal).

### Article 1491
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

A review action is available against the arbitral award in the cases and under the conditions provided for with respect to judgments.

It (the review action) is brought before the court of appeal that would have otherwise been competent to examine the other review actions against the award.

## TITLE V
## INTERNATIONAL ARBITRATION                                                    Articles 1492 to 1497

### Article 1492
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

An international arbitration is the one that concerns interests of international trade.

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 55.*

### Article 1493
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Directly or by way of reference to a resolution by arbitration, the arbitration agreement may designate the arbitrator (s) or provide for the terms and conditions of their appointment.

If, for arbitration proceedings held in France or those to which the parties have chosen to apply the French law of procedure, the convening of the arbitration tribunal encounters difficulties, the first mover may, unless otherwise agreed, bring his case to the president of the High Court of Paris according to the terms and conditions laid down under Article 1457.

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 55.*

### Article 1494
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The arbitration agreement may, directly or by way of reference to a resolution by arbitration, lay down the procedure to be followed in the course of the arbitration proceeding; it may also bring the latter under the law applicable to procedural matters that it determines.

Where the agreement is silent, the arbitrator will settle the procedure, to the extent that the same is necessary, either directly or by way of reference to a law or to a regulation of arbitration.

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 55.*

### Article 1495
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

Where an international arbitration is submitted to French law, the provisions of titles I, II and III of this Book will

CODE OF CIVIL PROCEDURE

apply only in default of specific agreements and subject to Articles 1493 and 1494.

 *These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 55.*

**Article 1496**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

 The arbitrator determines the dispute according to rules of law that the parties have chosen; in default of such a choice, in accordance with rules he deems appropriate.

 He takes into account all customs in commercial activities.

 *These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 55.*

**Article 1497**
*(Decree n°81-500 of 12 May 1981, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

 The arbitrator will decide as an amicable compounder if the agreement between the parties gives him this assignment.

 *These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 55.*

 **TITLE VI**
 **RECOGNITION, COMPULSORY ENFORCEMENT AND MEANS OF REVIEW IN**   **Articles 1498 to 1507**
**RELATION TO ARBITRAL AWARDS GIVEN ABROAD OR IN MATTERS OF**
**INTERNATIONAL ARBITRATION**

  CHAPTER I
  RECOGNITION AND COMPULSORY ENFORCEMENT IN RELATION TO   Articles 1498 to 1500
ARBITRAL AWARDS GIVEN ABROAD OR IN MATTERS OF INTERNATIONAL
ARBITRATION

**Article 1498**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981 in force on 1 January 1982)*

 Arbitral awards are recognized in France where the party who relies upon it has established their existence and if this recognition is not manifestly contrary to public international order.

 Under the same conditions, they are declared enforceable in France by the judge for enforcement (of court decisions).

 *These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

**Article 1499**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

 The existence of an arbitral award is established by the production of the original with the arbitration agreement or copies of the same that satisfy the conditions required for their authenticity.

 If those documents are not drawn up in the French language, a party will produce a certified translation by a translator registered on the list of experts.

 *These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

**Article 1500**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

 The provisions of Articles 1476 to 1479 will apply.

 *These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

  CHAPTER II
  MEANS OF REVIEW IN RELATION TO ARBITRAL AWARDS GIVEN ABROAD OR  Articles 1501 to 1507
IN MATTERS OF INTERNATIONAL ARBITRATION

**Article 1501**
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

 The decision disallowing the recognition or enforcement of an award is subject to appeal.

 *These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

**Article 1502**

CODE OF CIVIL PROCEDURE
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

An appeal against the decision, which grants recognition or enforcement, will be available only in the following cases:

1° if the arbitrator has ruled upon the matter without an arbitration agreement or based on a void and lapsed agreement;

2° if the arbitration tribunal has been unlawfully constituted or the sole arbitrator has been unlawfully designated;

3° if the arbitrator has ruled upon the matter contrary to the assignment given to him;

4° if the adversarial principle has not been respected;

5° if the recognition or enforcement is contrary to public international order.

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

### Article 1503
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The appeal referred to under Articles 1501 and 1502 is brought before the court of appeal to which the judge who ruled upon the matter belongs. It may be brought until the end of a one-month of the time-limit to be reckoned from the service of the decision of the judge.

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

### Article 1504
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The arbitral award given in France in matters of international arbitration may be the subject-matter of a review action to vacate in the case provided for under Article 1502.

The judgment allowing the enforcement of this award is subject to a review action. However, the review action to vacate amounts as of right, within the confines of the action brought to the court of appeal, a review action against the judgment of the judge allowing execution or removal of the case from this judge.

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

### Article 1505
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The review action to vacate referred to under Article 1504 is brought before the court of appeal in whose jurisdiction the award was given. This action is admissible as soon as the award has been given; it will cease to be admissible if this right has not been exercised within the month of the service of the award declared enforceable.

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

### Article 1506
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The time-limit to bring a review action as referred to under Articles 1501, 1502 and 1504 suspends the execution of the arbitral award. Likewise, the review action brought within this time-limit suspends (also the execution of the award).

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

### Article 1507
*(Decree n°81-500 of 12 May 1981, Articles 5 and 52, Official Journal of 14 May 1981, amendment JORF of 21 May 1981)*

The provisions of Title IV of this Book, save those of sub-article 1 of Article 1487 and of Article 1490, will not apply to means of review.

*These provisions apply only to arbitration agreements entered into as of the 14th May of 1981, D. n°81-500, 12 May 1981, Article 56.*

# BOOK VI
# PROVISIONS APPLICABLE TO MAYOTTE

**Articles 1508 to 1511**

### Article 1508
*(Inserted by Decree n°2004-1234 of 20 November 2004, Article 1, Official Journal of 21 November 2004)*

This Code applies to Mayotte under the terms defined under this Book.

N.B. Decree 2004-1234 2004-11-20, Article 5: The decree n°2004-1234 applies to proceedings initiated and enforcement steps taken as of the 1st of January 2005.

CODE OF CIVIL PROCEDURE

**Article 1509**

*(Inserted by Decree n°2004-1234 of 20 November, Article 1, Official Journal of 21 November 2004)*

For the application of this Code, the terms enumerated below will be replaced as follows:

1° "High Court" or "magistrates' court" or "commercial court" by "court of first instance";

2° "Court" or "Court of appeal" by "supreme court of appeal".

3° "Judge of Magistrates' court" by "president of the court of first instance or his delegate";

4° "First president of the court of appeal" by "president of the supreme court of appeal";

5° "Public prosecutor" by "Public prosecutor attached to the court of first instance";

6° "General Prosecutor" by "Public Prosecutor attached to the supreme court of appeal"

7° "Administrative department" by "administrative department community";

8° "Prefect" by "representative of the state".

N.B. Decree 2004-1234 2004-11-20, Article 5: The decree n°2004-1234 applies to proceedings initiated and enforcement steps taken as of the 1st of January 2005.

**Article 1510**

*(Inserted by Decree n°2004-1234 of 20 November, Article 1, Official Journal of 21 November 2004)*

The parties are never held to be represented and may, under all circumstances, plead their case themselves.

N.B. Decree 2004-1234 2004-11-20, Article 5: The decree n°2004-1234 applies to proceedings initiated and enforcement steps taken as of the 1st of January 2005.

**Article 1511**

*(Inserted by Decree n°2004-1234 of 20 November, Article 1, Official Journal of 21 November 2004)*

Subject to the provisions provided for under Article 1510 and under Title IV of Book IX of the Code of Court Organisation, the supreme court of appeal and the court of first instance decide according to specific provisions of procedure applicable to each court of main land France in the area of competence that the Code of Court Organisation provides to the latter.

N.B. Decree 2004-1234 2004-11-20, Article 5: The decree n°2004-1234 applies to proceedings initiated and enforcement steps taken as of the 1st of January 2005.