UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Ōura Health Oy,<br><br>    Plaintiff,<br><br>        v.<br><br>Circular SAS,<br><br>    Defendant. | Case No. 6:22-cv-00478-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTION AGAINST DEFENDANT CIRCULAR SAS,
<u>OR IN THE ALTERNATIVE, MOTION FOR ALTERNATE SERVICE</u>**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. ii

I.     **INTRODUCTION** ........................................................................................................ 1

II.    **CIRCULAR WAS SERVED** ...................................................................................... 1

III.   **DEFAULT WAS AVOIDABLE** ................................................................................ 3

IV.   **ŌURA IS ENTITLED TO DEFAULT JUDGMENT** ............................................. 3

V.     **ŌURA IS ENTITLED TO A PERMANENT INJUNCTION** ................................ 7

VI.   **IN THE ALTERNATIVE, MOTION FOR ALTERNATE SERVICE** ................. 9

VII.  **CONCLUSION** ........................................................................................................ 10

# **TABLE OF AUTHORITIES**

## CASES

*Aria Diagnostics, Inc. v. Sequenom, Inc.*,
  726 F.3d 1296 (Fed. Cir. 2013) ............................................................................................. 7, 8

*Babbala LLC v. Shenzhen Jia Yu Tong Tech. Co. Ltd.*,
  No. 6:20-CV-01032-ADA-JCM, 2022 U.S. Dist. LEXIS 127987 (W.D. Tex. Mar. 8, 2022),
  *recommendation adopted*, 2022 U.S. Dist. LEXIS 127984 (W.D. Tex. June 14, 2022) .......... 5

*Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.*,
  132 F.3d 701 (Fed. Cir. 1997) ..................................................................................................... 8

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................................... 6

*Buffalo Patents, LLC v. ZTE Corp.*,
  No. W-21-CV-01065- ADA, 2022 U.S. Dist. LEXIS 101232 (W.D. Tex. June 3, 2022) .......... 2

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ................................................................................................... 6

*DynaEnergetics Eur. GmbH v. Rock Completion Tools, LLC*,
  No. 6:21-cv-00084, 2022 U.S. Dist. LEXIS 21085 (W.D. Tex. Feb. 4, 2022) ........................... 8

*eBay, Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) .................................................................................................................... 7

*Innogenetics, N.V. v. Abbot Labs.*,
  512 F.3d 1363 (Fed. Cir. 2008) ................................................................................................... 7

*Intel Corp. v. ULSI Sys. Tech., Inc.*,
  995 F.2d 1566 (Fed. Cir. 1993) ............................................................................................... 8, 9

*In re OnePlus Tech. (Shenzhen) Co.*, Ltd.,
  No. 2021-165, 2021 U.S. App. LEXIS 27282 (Fed. Cir. 2021) ............................................... 10

*Lindsey v. Prive Corp.*,
  161 F.3d 886 (5th Cir. 1998) .............................................................................................. 4, 5, 6

*Qin v. P'ships & Unincorporated Ass'ns on Schedule "A"*,
  No. 6:21-cv-1243-ADA, 2022 U.S. Dist. LEXIS 3298 (W.D. Tex. Jan. 7, 2022) ..................... 9

*Repairify, Inc. v. Keystone Auto. Indus., Inc.*,
  No. W-21-CV-00819-ADA, 2022 U.S. Dist. LEXIS 118254 (W.D. Tex. July 6, 2022) ........... 6

*See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*,
   No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928 (N.D. Tex. May 1, 2013) ......................... 5

*Shatia S. Mathis v. McInnis,*
   No. 2:21-cv-10734, 2021 U.S. Dist. LEXIS 189981 (E.D. Mich. Sept. 15, 2021) ..................... 4

*Stallard v. Goldman Sachs Grp., Inc.*,
   No. 20-2703-RBW, 2022 U.S. Dist. LEXIS 2904 (D.D.C. Jan. 6, 2022) ................................... 2

*Tolliver v. Edison*,
   No. G88-51 CA1, 1988 U.S. Dist. LEXIS 17811 (W.D. Mich. June 24, 1998) ......................... 4

*United Disaster Response, LLC v. Omni Pinnacle, LLC*,
   No. 06-6075, 2008 U.S. Dist. LEXIS 13075 (E.D. La. Feb. 21, 2008) ....................................... 4

*Voss Prods., Inc. v. Aqua Bailers, Inc.*,
   No. SA-98-CA-1080-EP, 1999 U.S. Dist. LEXIS 23486 (W.D. Tex. Mar. 15, 1999) ............... 4

*Water Splash, Inc. v. Menon*,
   137 S. Ct. 1504 (2017) ........................................................................................................... 1, 2

*Windsurfing Int'l Inc. v. AMF, Inc.*,
   782 F.2d 995 (Fed. Cir. 1986) ..................................................................................................... 8

R<small>ULES</small>

Fed. R. Civ. P. 4 .................................................................................................................... 1, 5, 6, 10

Fed. R. Civ. P. 55 ............................................................................................................................ 4

Fed. R. Civ. P. 8 .............................................................................................................................. 5

T<small>REATIES</small>

Article 1, Hague Service Convention ............................................................................................. 2

Article 10 Hague Service Convention ........................................................................................ 1, 2

**I.      INTRODUCTION**

Circular now specially appears to unwind its strategic delay tactics that resulted in default. Default was avoidable. Circular refused to return the May 12, 2022 waiver and failed to file an answer or responsive pleading—despite being served—before Ōura's Motion to Request Entry of Default. Dkt. 8. Circular rejected Ōura's offer to allow Circular to accept the May 12, 2022 waiver after serving through the Texas Secretary of State. Default was avoidable within the time provided by Fed. R. Civ. P. 4(d)(3), if Circular accepted. Circular chose to make a game with service and defaulted. The prize for this strategic decision is a permanent injunction.

**II.     CIRCULAR WAS SERVED**

Ōura served foreign corporation Circular through its involuntary domestic agent residing within a judicial district of the United States under Fed. R. Civ. P. 4(h)(1)(a) by following Texas State law as required by Fed. R. Civ. P. 4(e)(1). Ōura identified Fed. R. Civ. P. 4(e) and (h) in the Motion for Default Judgment and Permanent Injunction ("Motion") and in the July 12, 2022 letter to Mr. Pearce. Dkt. 9, at 13; Dkt. 9-7, at 3. Circular ignores Ōura's position completely and instead alleges that service was improper under Fed. R. Civ. P. 4(f) and (h)(2). Circular's irrelevant position on service is an effort to manufacture excusable neglect to avoid entry of the default judgment and shows that Circular cannot establish a colorable argument against valid service. Ōura would not need to rely on service through an involuntary agent if Circular registered an agent as required by Texas law to engage in business within the State.

The issue before the court is straightforward. Service by mail to a French defendant through the Texas Secretary of State "is permissible" because France "has not objected to service by mail [under Article 10(a) of the Hague Service Convention]; and second, service by mail is authorized" by Texas law. *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017); *Buffalo*

1

*Patents, LLC v. ZTE Corp.*, No. W-21-CV-01065- ADA, 2022 U.S. Dist. LEXIS 101232, *8-18 (W.D. Tex. June 3, 2022) (service through Secretary of State ineffective because China objects to Article 10(a)).

Circular attempts to distinguish four cases cited by Ōura where service of a complaint by mail to France was proper or authorized by a court. Circular notably fails to argue that these cases were wrongly decided for violating French law. For example, Circular does not dispute that a District Judge properly authorized alternative service by mail to a French defendant in 2022 in view of *Water Splash* since France does not object to Article 10—despite simultaneously alleging that service by mail is outlawed in France. *Stallard v. Goldman Sachs Grp., Inc.*, No. 20-2703-RBW, 2022 U.S. Dist. LEXIS 2904, at *24-25 (D.D.C. Jan. 6, 2022). If a judge can authorize alternative service by mail to France, then conventional service by mail is similarly not prohibited. Circular's spin also focuses on the defendant actually receiving service. Circular continues to ignore that Texas law does not require the defendant to receive the mailed documents—just that the documents are *mailed* by the Secretary of State. *Buffalo Patents*, 2022 U.S. Dist. LEXIS 101232 at *16-17.

Circular does not deny concealing its address or provide the court its current whereabouts. Importantly, the Hague Service Convention only applies if the defendant's address is known. Article 1, Hague Service Convention. As a result, the Hague Service Convention is removed from the analysis. Texas law authorizes service through the Secretary of State. *See* Dkt. 9, at 12. Circular does not dispute that Ōura or the Secretary of State properly effectuated service or that Ōura could rely on its purported address. Instead, Circular only argues that service through the Secretary of State is not an applicable form of service. As a result, Circular has all but admitted that service was proper.

### III. DEFAULT WAS AVOIDABLE

Circular was served and is now in default. Circular could have avoided default by filing a timely response. Circular's recalcitrance caused Ōura to serve them because Circular refused to sign the May 12, 2022 waiver. Ōura initially offered Circular 120 days (including an extra 30-day extension) to respond on May 18, 2022. Dkt. 13-6, at 2-4. Mr. Pearce said he was conferring with local counsel on this offer on May 18, 2022, as there was a disagreement between the parties as to whether Circular had 60 or 90 days to respond if the waiver was accepted. *Id.* at 2-4. Mr. Pearce told Mr. Yates to proceed if his "delay is too much." *Id.* at 2. Mr. Pearce never returned the waiver, which lead to Ōura serving through the Texas Secretary of State. Mr. Pearce did offer to waive service after Circular was served, provided that Ōura send a new waiver to give him an extra 60 days to further delay the case. Dkt. 13-7, at 7. On June 30, 2022, Ōura declined to send a new waiver and told Mr. Pearce he could sign the May 12, 2022 waiver and respond within the 90 day period specified in the wavier. *Id.* at 5-6. If Mr. Pearce signed the waiver on June 30, 2022, then Circular could have responded within either the 60 or 90-day response period to avoid default. Rather than waiving service, Mr. Pearce ran out his 60-day clock before again asking for a new waiver on July 19, 2022—despite receiving Ōura's letter (Dkt. 9-7) explaining why Circular was served and that its answer was late. Dkt. 13-7, at 2. Circular decided against filing an untimely response in the nearly two months that passed between being notified of service through the Texas Secretary of State and Ōura's Motion to Request for Entry of Default.

### IV. ŌURA IS ENTITLED TO DEFAULT JUDGMENT

Circular has refused to answer or file a responsive pleading despite being served. Circular did not timely oppose Ōura's Motion to Request Entry of Default despite the motion being served

on Mr. Pearce, allowing the court to treat the motion as unopposed under Local Rule CV-7(D)(2). Ōura filed its Motion after Circular failed to oppose the Motion to Request Entry of Default.

Circular is not actually defending against the suit as evidenced by its purported special appearance "for the sole purpose of contesting [Ō]ura's Motion for Default Judgment and Permanent Injunction." Dkt. 13, at 7. Circular has yet to file an answer or a responsive pleading, and a special appearance does not assert Rule 12(b) defenses. *See Voss Prods., Inc. v. Aqua Bailers, Inc.*, No. SA-98-CA-1080-EP, 1999 U.S. Dist. LEXIS 23486, at *6-7 (W.D. Tex. Mar. 15, 1999) (a pleading of special appearance was abolished decades ago); *Tolliver v. Edison*, No. G88-51 CA1, 1988 U.S. Dist. LEXIS 17811, at *3 (W.D. Mich. June 24, 1998) (same). Nor has Circular filed an untimely opposition to the request for entry of default. As a result, the Clerk (or the Court) must enter default because Circular is still not defending this suit. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter the party's default.").

The parties have fully briefed the issues regardless of the alleged prematurity the Motion. The Court should rule on the Motion rather than requiring the parties to re-litigate the same issues for the sake of judicial economy. Additionally, entry of default and default judgment and can be done together in a single instrument. *See Shatia S. Mathis v. McInnis,* No. 2:21-cv-10734, 2021 U.S. Dist. LEXIS 189981, at *3 (E.D. Mich. Sept. 15, 2021); *United Disaster Response, LLC v. Omni Pinnacle, LLC*, No. 06-6075, 2008 U.S. Dist. LEXIS 13075, at *8, n.2 (E.D. La. Feb. 21, 2008).

The *Lindsey* factors also weigh toward granting the default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The first *Lindsey* factor weighs in Ōura's favor because

4

there are no material facts at issue. Circular deliberately did not file a timely—or even an untimely—answer or responsive pleading despite being served. Nor is Circular actually defending the suit as evidenced by the special appearance—which fails to dispute any material fact other than asserting that Circular expects it will dispute facts in the future. Circular deliberately chose not to oppose the entry of default. As a result, Circular has admitted all allegations as true by its failure to answer. *See* Fed. R. Civ. P. 8(b)(6).

As for the second *Lindsey* factor, Circular fails to dispute its lack of prejudice. Circular tries to spin Ōura's prejudice as Circular simply missing a deadline rather than Circular's clear avoidance of the suit to bring the adversarial process to a halt to stop Ōura from exercising its patent rights. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *9 (N.D. Tex. May 1, 2013). Circular represents that nothing of substance has changed since the suit was filed. This is incorrect, as Circular used its time avoiding the suit to begin shipping its infringing products into the United States.

The third *Lindsey* factor is clearly established, as Circular was served and chose not to timely respond or respond at all to the complaint. *Babbala LLC v. Shenzhen Jia Yu Tong Tech. Co. Ltd.*, No. 6:20-CV-01032-ADA-JCM, 2022 U.S. Dist. LEXIS 127987, *5-6 (W.D. Tex. Mar. 8, 2022), *recommendation adopted*, 2022 U.S. Dist. LEXIS 127984 (W.D. Tex. June 14, 2022) (granting motion for default judgment).

Circular cannot establish that default was caused by good faith mistake or excusable neglect under the fourth *Lindsey* factor. Circular has known about the suit since at least May 13, 2022. Dkt. 9, at 11-12. Circular refused to accept the May 12, 2022 waiver, even after being served. Ōura put Circular on notice that service through the Secretary of State was proper and that it was served under Fed. R. Civ. P. 4(e) and (h). Mr. Pearce's own web-post evidences that he

agreed with Ōura's position. Dkt. 9-11, at 2. Circular now argues irrelevant Fed. R. Civ. P. 4(f) in an attempt to manufacture excusable neglect to buy themselves more time to delay the suit. The Court should not reward Circular's recalcitrance and deliberate decision to avoid the suit until it realized that American courts can impose significant consequences to willful infringers.

The fifth and sixth *Lindsey* factors weigh towards default judgment. The judgment is not harsh in view of Circular's unreasonable service position and clear avoidance of the suit. Circular's delay tactics resulted in an avoidable default. This Court should not feel obligated to set aside the default judgment based on a calculated strategic blunder.

Ōura identified Circular's products that infringe the Asserted Patents. Dkt. 1, at ¶¶ 46, 47, 71-73. The Complaint also details Circular's products and incorporates these details into its allegations of patent infringement. *Id.*, at ¶¶19-33, 42, 67. Ōura provided Circular with a labeled picture to assist mapping the elements of claim 1 of the '833 Patent to the Circular Ring in prose. *Id.*, at ¶¶49-60. Ōura also mapped the elements of claim 1 of the '429 Patent in prose, including cations to accompanying Exhibits to support the mapping. *Id.* at ¶¶74-75.

Circular appears to demand the artificially heightened element-by-element pleading standard denounced by the Federal Circuit. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). Instead, the "relevant inquiry under *Iqbal/Twombly* is whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* (citation omitted). Also, the Federal Circuit held that a complaint that stated a claim by identifying "three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products" met every claim element. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) ("These disclosures and allegations are enough to provide [defendant] fair notice of infringement of the asserted patents"). This Court

6

has found *Bot M8* and *Disc Disease* to provide useful guidance, as Fifth Circuit pleading law is not materially distinct from the law applied in these cases. *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, No. W-21-CV-00819-ADA, 2022 U.S. Dist. LEXIS 118254, *3-8 (W.D. Tex. July 6, 2022).

Ōura's mapping of the claims states a plausible claim for relief and does so in more detail than the complaint in *Disc Disease*. Ōura has put Circular on notice of the alleged infringement of at least claim 1 of the '833 Patent and claim 1 of the '429 Patent. Circular's focus on construction is misplaced, as the default claim construction for patent claims is plain and ordinary meaning. Despite this focus, Circular does not propose any claim construction or allege that the pleading standard requires proposed constructions. Notably, Circular does not dispute that Ōura sufficiently pled that Circular's infringement is willful.

## V.     ŌURA IS ENTITLED TO A PERMANENT INJUNCTION

Circular asserts that the availability of monetary damages means that: (1) irreparable harm cannot be established, and (2) that monetary damages are adequate. This position would render the second *eBay* factor—"that remedies available at law, such as monetary damages, are inadequate to compensate for that injury"—superfluous. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted). Moreover, Circular's cited cases do not support this peculiar position. The citation to *Aria Diagnostics, Inc. v. Sequenom, Inc.*, which involved a preliminary injunction, shows that this premise is fundamentally incorrect. 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("While the *facts* may show that damages would be reparable, this *assumption* is not sufficient. In the face of that kind of universal assumption, patents would lose their character as an exclusive right as articulated by the Constitution and become at best a judicially imposed and monitored compulsory license"). Unlike *Innogenetics, N.V. v. Abbot Labs.*, there is no jury award of damages, and Ōura is willing to forego monetary damages at this stage because Circular

7

defaulted and is recalcitrant. 512 F.3d 1363, 1380 (Fed. Cir. 2008) (vacating permanent injunction under *eBay* test in part because patentee requested and received monetary compensation); Dkt. 9, 26.

Circular does not rebut the substance of Ōura's case for irreparable harm. Instead, it seeks to deflect on irrelevant issues. Circular also misrepresents that settlement negotiations have occurred between the parties to allege that Ōura refused to provide a damages calculation. Calculating damages is impossible at this stage because of Circular's conscious decision to avoid the litigation. *DynaEnergetics Eur. GmbH v. Rock Completion Tools, LLC*, No. 6:21-cv-00084, 2022 U.S. Dist. LEXIS 21085, at *7 (W.D. Tex. Feb. 4, 2022) ("[plaintiff] has no adequate remedy at law because [defendant] competes with [plaintiff] and will continue to cause indeterminate harm because [plaintiff] cannot determine the full scope of damages without [defendant's] participation in litigation discovery"). As a result, the first and second *eBay* factors clearly weigh towards granting the injunction.

Circular knows that the mere fact it could be forced out of business "does not control the balance of hardships factor." *See Ariosa*, 726 F.3d at 1305 (citing *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568, 1570 (Fed. Cir. 1993) (district court granted injunction despite the infringer likely being put out of business, and the injunction was vacated on other grounds); *Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.*, 132 F.3d 701, 708 (Fed. Cir. 1997)). The fact that an infringer is "'small' and could be put out of business" does not prevent an injunction. *Bell & Howell*, 132 F.3d at 708. The law is clear—the mere fact that an infringer will be put out of business is not grounds to deny an injunction. *See e.g.*, *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the

business so elected."). Nor is it clear how Circular will be forced out of business when it can and is selling products outside of the United States.

The balance of hardships weighs towards granting the injunction because Circular failed to participate in this litigation. Circular is still technically holding this ligation at arm's length, based on its purported special appearance. This Motion could have been avoided if Circular accepted the May 12, 2022 waiver or otherwise filed a responsive motion instead of its clear gamesmanship on service.

Public interest is served by granting the injunction because public policy favors protecting the rights of patentees. *Qin v. P'ships & Unincorporated Ass'ns on Schedule "A"*, No. 6:21-cv-1243-ADA, 2022 U.S. Dist. LEXIS 3298, *9-10 (W.D. Tex. Jan. 7, 2022). Public interest is served by granting injunctions when a defendant consciously decides to avoid litigation. Circular's citation to *Intel* is curious, as the case relates to a preliminary injunction and the district court granted the injunction despite the public interest being balanced with interest in allowing the accused product to remain in the marketplace until liability was adjudicated. *See Intel*, 995 F.2d, at 1367-68 (vacating the injunction on other grounds).

## VI. IN THE ALTERNATIVE, MOTION FOR ALTERNATE SERVICE

Circular wants this Court to require Ōura to serve Circular through the Hague or a French bailiff. This is a transparent attempt to continue delaying service since Circular is concealing their address from Ōura, its customers, this Court, and the French Government. In other words, Circular wants this Court to condone its delay tactics and allow it to continue to infringe with impunity while it develops its next tactic to further delay service. If the Court should find that service was ineffective, the Court should grant Ōura's motion for alternative service because Ōura has already made two reasonable attempts to serve Circular, the first by seeking a waiver through Counsel and the second through the Texas Secretary of State. *See* Dkt. 9, at 27-28. These attempts are sufficient

9

to warrant alternative service on Circular's counsel based on this Court's practice after *In re OnePlus Tech. (Shenzhen) Co.*, Ltd., No. 2021-165, 2021 U.S. App. LEXIS 27282 (Fed. Cir. 2021). Additionally, Circular should bear the costs of service as it refused to accept the waiver. *See* Fed. R. Civ. P. 4(d)(2).

## VII. CONCLUSION

Circular's own delay tactics led to an avoidable default. The Court should not reward such tactics by giving Circular what it wants—more time to avoid the suit—as this will encourage infringers to similarly avoid lawsuits. The Court should enter default judgment and permanently enjoin Circular from infringing Ōura's patents. At the very least, the Court should authorize alternative service on Circular's counsel to put an end to these delay tactics.

Dated: September 30, 2022

Respectfully submitted,

By: */s/ John A. Yates*

John A. Yates
Attorney In Charge
Texas Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Cameron
Texas Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar N. Gonzalez
Texas Bar No. 24097450
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

        Abelino Reyna
        Texas Bar No. 24000087
        areyna@pattersonsheridan.com

        **Patterson + Sheridan LLP**
        729 Washington Ave., Suite 200
        Waco, Texas 76701
        (Tel.): 254-777-5248
        (Fax): 877-777-8071

        *Attorneys for Plaintiff,*
        *Ōura Health Oy*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 30, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

        /s/ *John A. Yates*
        John A. Yates