# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ŌURA HEALTH OY, | ) | |
| | ) | |
| *Plaintiff/Counter-Defendant*, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-cv-478 |
| | ) | |
| CIRCULAR SAS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant/Counter-Plaintiff.* | ) | |
| | ) | |

## DEFENDANT CIRCULAR SAS'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF ŌURA HEALTH OY'S COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE COURT:

Defendant Circular SAS ("Defendant" or "Circular") files this Original Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Ōura Health Oy's ("Plaintiff" or "Ōura") Original Complaint for Patent Infringement (ECF No. 1) (the "Complaint"), and states as follows:

## ORIGINAL ANSWER

## NATURE OF THE ACTION

1.       Circular admits that Plaintiff brought this action against Circular alleging infringement of United States Patent Nos. 10,893,833 (the "'833 Patent") and 10,842,429 (the "'429 Patent"). Circular denies the remaining allegations of paragraph 1.

## PARTIES

2.       Circular lacks knowledge or information sufficient to form a belief as to the truth of allegation contained in paragraph 2 of the Complaint and therefore deny the same.

3.     Circular admits that Circular is a French société par actions simplifiée, located at 34 Avenue des Champs-Elysées, 75008, Paris, France, and that it offers product for sale within the United States through its website, circular.xyz. Circular denies all remaining allegation contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.     Paragraph 4 of the Complaint sets forth legal conclusions to which no response is required.  Circular, however, does not dispute this Court's subject-matter jurisdiction.

5.     Paragraph 5 of the Complaint sets forth legal conclusions to which no response is required. Circular admits that it is offering the Circular Ring for sale through its website. Circular denies all remaining allegation contained in paragraph 5 of the Complaint.

6.     Circular the allegations contained in paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that paragraph 7 sets forth factual allegations, Circular denies the allegations contained in paragraph 7 of the Complaint.

8.     Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required. Circular, however, does not dispute venue in this district for the present litigation.

## FACTUAL BACKGROUND

### Patents-in-Suit

9.     For its response to Paragraph 9 of the Complaint, Circular states that the Patents-in-Suit speak for themselves.  Circular denies that the devices and systems described in the Patent-in-Suit are novel.

### '833 Patent

10.     For its response to paragraph 10 of the Complaint, Circular states that the '833 Patent speaks for itself.

**'429 Patent**

11.    For its response to paragraph 11 of the Complaint, Circular states that the '429 Patent speaks for itself. Circular denies all remaining allegation contained in paragraph 11 of the Complaint.

12.    For its response to paragraph 12 of the Complaint, Circular states that the '429 Patent speaks for itself. Circular admits that the quoted portions appear in the '429 Patent and denies all remaining allegation contained in paragraph 12 of the Complaint.

**Ōura's Product**

13.    Circular lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint and therefore deny the same.

14.    Circular lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint and therefore deny the same.

15.    Circular lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint and therefore deny the same.

16.    Circular lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint and therefore deny the same.

17.    Circular lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint and therefore deny the same.

18.    Paragraph 18 of the Complaint sets forth legal conclusions to which no response is required. Circular lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint and therefore deny the same.

**Circular's Product**

19.      Circular admits that the Circular Ring is connectable to the Circular App, which is available on iOS and Android devices. Circular also admits that the Circular Ring uses Bluetooth technology. Circular denies all remaining allegation contained in paragraph 19 of the Complaint.

20.      Circular admits that the Circular App provides users with an Energy Score, and that the Circular Ring monitors blood oxygenation levels, monitors temperature, counts steps, tracks sleep efficiency, tracks breathing rate, and heart rate. Plaintiff's use of the term "numerous other metrics" is vague and ambiguous and, as a result, Circular lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore denies said allegation.

21.      Circular admits that the images in paragraph 21 of the Complaint appeared on the Circular website at or around the time the complaint was filed, and Circular's website speaks for itself.

22.      Circular admits the allegations contained in paragraph 22 of the Complaint.

23.      Circular admits that the image in paragraph 23 of the Complaint appeared on the Circular website at or around the time the complaint was filed, and Circular's website speaks for itself. Circular denies all remaining allegation contained in paragraph 23 of the Complaint.

24.      Circular admits that the images in paragraph 24 of the Complaint appeared on the Circular website at or around the time the complaint was filed, and Circular's website speaks for itself. Circular denies all remaining allegation contained in paragraph 24 of the Complaint.

25.      Circular admits that the images in paragraph 25 of the Complaint appeared on the Circular website at or around the time the complaint was filed, and Circular's website speaks for itself. Circular denies all remaining allegation contained in paragraph 25 of the Complaint.

26.    Circular admits that the Circular App can display and activity overview, activity metrics, and activity graphs. Circular also admits that the images in paragraph 26 of the Complaint appeared on the Circular website at or around the time the complaint was filed, and Circular's website speaks for itself. Circular denies all remaining allegation contained in paragraph 26 of the Complaint.

27.    Circular admits that the Circular Ring and Circular App can track a person's sleep, admits that the image in paragraph 27 of the Complaint appeared on the Circular website at or around the time the Complaint was filed, and Circular's website speaks for itself. Circular denies all remaining allegation contained in paragraph 27 of the Complaint.

28.    Circular admits that the images in paragraph 28 of the Complaint appeared on the Circular website at or around the time the Complaint was filed, and Circular's website speaks for itself. Circular admits that the Circular App can display a user's sleep quality score, a sleep overview, sleep metrics, and sleep graphs. Circular denies all remaining allegation contained in paragraph 28 of the Complaint.

29.    Circular admits that the Circular Ring and Circular App can monitor a person's heart rate variability (HRV), resting heart rate (RHR), breathing rate (BR), activity volume, body recovery, sleep quality score and balance, temperature variation, and wake up score. Circular denies all remaining allegation contained in paragraph 29 of the Complaint.

30.    Circular states that the Circular website speaks for itself.  Circular admits that the Circular Ring and Circular App's "energy levels score is a score that is composed of [a user's] last days: Heart rate variability (HRV) , Resting heart rate (RHR), Breathing Rate (BR), Oxygen level (SpO2), Temperature variation, Activity volume, Body recovery, Sleep quality score & balance,

Wake up score." Circular denies all remaining allegation contained in paragraph 30 of the Complaint.

31.     For its response to Paragraph 31 of the Complaint, Circular states that the Circular website speaks for itself.  Circular denies all remaining allegation contained in paragraph 31 of the Complaint.

32.     Circular admits that the image in paragraph 32 of the Complaint appeared on the Circular website at or around the time the complaint was filed, and Circular's website speaks for itself. Circular denies all remaining allegation contained in paragraph 32 of the Complaint.

33.     Circular admits that the image and quotations in paragraph 33 of the Complaint appeared on the Circular website at or around the time the complaint was filed, and Circular's website speaks for itself. Circular denies all remaining allegation contained in paragraph 33 of the Complaint.

**Circular is Offering to Sell Its Product Within the United States**

34.     For its response to Paragraph 31 of the Complaint, Circular admits is offering to sell the Circular Ring within the United States. Circular denies all remaining allegation contained in paragraph 34 of the Complaint.

35.     Circular admits that on or around May 11, 2022, it was offering a pre-sale exclusive savings of 12%, and that a Circular Ring could be purchased for $264 at that time. Circular denies all remaining allegation contained in paragraph 35 of the Complaint.

36.     Circular admits that it offers for sale a ring sizing kit. Circular denies all remaining allegation contained in paragraph 36 of the Complaint.

37.     Circular admits that on or around May 11, 2022, its website listed "anticipated delivery: July–August 2022." Circular denies all remaining allegation contained in paragraph 37 of the Complaint.

38.     Circular admits the allegations contained in paragraph 38 of the Complaint.

### Pre-Suit Communications between Ōura and Circular.

39.     Circular admits that on or about January 21, 2022, it received a letter from Plaintiff, and that Circular responded via email on February 4, 2022, denying infringement. Circular also admits that it hired Mr. Jonathan Pearce as counsel in 2022. Paragraph 39 of the Complaint sets forth legal conclusions to which no response is required Circular denies all remaining allegation contained in paragraph 39 of the Complaint.

40.     39 of the Complaint, Circular states that the Circular website speaks for itself. Circular admits that Circular is offering to sell the Circular Ring within the United States. Circular denies all remaining allegation contained in paragraph 40 of the Complaint.

41.     Circular admits that Circular is offering to sell the Circular Ring within the United States, and that the Circular App is available on iOS and Android devices. Circular denies all remaining allegation contained in paragraph 41 of the Complaint.

### Response to Count I

42.     Circular restates its responses to the preceding paragraphs of the Complaint as if fully restated here.

43.     The '833 Patent speaks for itself. Circular lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint regarding whether Plaintiff is "the owner through assignment," and therefore denies the same.

44.     Paragraph 44 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 44 sets forth factual allegations, Circular denies said allegations.

45.     Paragraph 45 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 45 sets forth factual allegations, Circular denies said allegations.

46.     Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 46 sets forth factual allegations, Circular denies said allegations.

47.     Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 47 sets forth factual allegations, Circular denies said allegations.

48.     Paragraph 48 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 48 sets forth factual allegations, Circular denies said allegations.

49.     Paragraph 49 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 49 sets forth factual allegations, Circular denies said allegations.

50.     Paragraph 50 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 50 sets forth factual allegations, Circular denies said allegations.

51.     Paragraph 51 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 51 sets forth factual allegations, Circular denies said allegations.

52.     Paragraph 52 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 52 sets forth factual allegations, Circular denies said allegations.

53.     Paragraph 53 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that the Circular Ring includes at least one cavity formed on the inner surface of the body part.

54.     Paragraph 54 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that the Circular Ring includes a cavity that cavity extends from an inner surface of a body part towards an outer surface of a body part.

55.     Paragraph 55 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that the Circular Ring includes a cavity that has a depth arranged within the inner surface of the body part.

56.     Paragraph 56 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 56 sets forth factual allegations, Circular denies said allegations.

57.     Paragraph 57 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 57 sets forth factual allegations, Circular denies said allegations.

58.    Paragraph 58 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 58 sets forth factual allegations, Circular denies said allegations.

59.    Paragraph 59 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 59 sets forth factual allegations, Circular denies said allegations.

60.    Paragraph 60 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that it infringes any claim of the '833 Patent. To the extent that paragraph 60 sets forth additional factual allegations, Circular denies said allegations.

61.    Paragraph 61 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that it infringes any claim of the '833 Patent. Circular denies that Plaintiff has suffered any damages as a direct or proximate result of any actions by Circular. To the extent that paragraph 61 sets forth additional factual allegations, Circular denies said allegations.

62.    Paragraph 62 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that it infringes any claim of the '833 Patent. To the extent that paragraph 62 sets forth additional factual allegations, Circular denies said allegations.

63.    Circular admits the allegations contained in paragraph 63 of the Complaint.

64.    Circular admits the allegations contained in paragraph 64 of the Complaint.

65.    Paragraph 65 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that it infringes any claim of the '833 Patent. To the extent that paragraph 65 sets forth additional factual allegations, Circular denies said allegations.

66.     Paragraph 66 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 66 sets forth factual allegations, Circular denies said allegations.

**Response to Count II**

67.     Circular restates its responses to the preceding paragraphs of the Complaint as if fully restated here.

68.     The '429 Patent speaks for itself. Circular lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 68 of the Complaint regarding whether Plaintiff is "the owner through assignment," and therefore denies the same.

69.     Paragraph 69 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 69 sets forth factual allegations, Circular denies said allegations.

70.     Paragraph 70 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 70 sets forth factual allegations, Circular denies said allegations.

71.     Paragraph 71 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 71 sets forth factual allegations, Circular denies said allegations.

72.     Paragraph 72 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 72 sets forth factual allegations, Circular denies said allegations.

73.     Paragraph 73 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 73 sets forth factual allegations, Circular denies said allegations.

74.     Paragraph 74 of the Complaint sets forth legal conclusions to which no response is required. Circular states that the Circular website speaks for itself.  To the extent that paragraph 74 sets forth factual allegations, Circular denies said allegations.

75.     Paragraph 75 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that it infringes any claim of the '429 Patent. To the extent that paragraph 75 sets forth additional factual allegations, Circular denies said allegations.

76.     Paragraph 76 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that it infringes any claim of the '429 Patent. Circular denies that Plaintiff has suffered any damages as a direct or proximate result of any actions by Circular. To the extent that paragraph 76 sets forth additional factual allegations, Circular denies said allegations.

77.     Paragraph 77 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that it infringes any claim of the '429 Patent. To the extent that paragraph 77 sets forth additional factual allegations, Circular denies said allegations.

78.     Circular admits the allegations contained in paragraph 78 of the Complaint.

79.     Circular admits the allegations contained in paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint sets forth legal conclusions to which no response is required. Circular denies that it infringes any claim of the '429 Patent. To the extent that paragraph 80 sets forth additional factual allegations, Circular denies said allegations.

81.     Paragraph 81 of the Complaint sets forth legal conclusions to which no response is required. To the extent that paragraph 81 sets forth factual allegations, Circular denies said allegations.

82.     Circular denies all allegations in the Complaint that are not specifically admitted elsewhere herein.

### Response to Plaintiff's Prayer for Relief

Circular denies that Plaintiff is entitled to any relief from Circular, including but not limited to the relief Plaintiff seeks in its Prayer for Relief. Circular requests that the Court find in Circular's favor and against Plaintiff on all of Plaintiff's claims, and that the Court deny Plaintiff all of the relief that Plaintiff requests.

### DEFENSES AND AFFIRMATIVE DEFENSES

Circular, for its separate and distinct defenses to Plaintiff's Complaint, states:

### First Defense

83.     In its Complaint, and in each and every purported claim for relief thereof, Plaintiff fails to state a claim against Circular upon which relief can be granted.

### Second Defense

84.     Plaintiff fails to state a claim for direct infringement because it avers no facts plausibly suggesting that any of Circular's products infringe any claim of the '833 or '429 Patents literally or under the doctrine of equivalents.

85.     Plaintiff fails to allege plausible facts demonstrating that any of Circular's products practice or embody each limitation of any claim in the '833 or '429 Patents.

86.     Instead, Plaintiff points to portions of Circular's website then merely asserts, in a conclusory fashion, that Circular's products infringe the '833 or '429 Patents.

**Third Defense**

87.     Under the doctrine of equivalents, Plaintiff fails to allege plausible facts showing that any feature of any of Circular's products performs substantially the same function, in substantially the same way, to obtain substantially the same result as any limitation in any claim of the '833 or '429 Patents.

**Fourth Defense**

88.     Plaintiff fails to state a claim for indirect infringement of the '833 or '429 Patents because Plaintiff does not plead any plausible facts suggesting that Circular induces or contributes to infringement by others.

89.     Plaintiff fails to plead plausible facts that Circular has knowledge of actual infringement the '833 or '429 Patents.

90.     Plaintiff fails to allege plausible facts demonstrating any third-party infringement of the '833 or '429 Patents and, therefore, fails to state a claim of indirect infringement for which relief can be granted.

**Fifth Defense**

91.     Circular has not infringed and is not now directly or indirectly infringing, literally or under the doctrine of equivalents, any valid and enforceable claim of the '833 Patent. No valid and enforceable claim of the '833 Patent, literally or under the doctrine of equivalents, covers or includes within its scope any products or services made, used, imported, offered for sale, or sold by Circular.

**Sixth Defense**

92.     Upon information and belief, one or more of the claims of the '833 Patent is invalid for failing to meet one or more of the statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 102, 103,

and 112. Additionally, Circular cannot infringe an invalid patent, and Plaintiff is therefore barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

### Seventh Defense

93.    Circular has not infringed and is not now directly or indirectly infringing, literally or under the doctrine of equivalents, any valid and enforceable claim of the '429 Patent. No valid and enforceable claim of the '429 Patent, literally or under the doctrine of equivalents, covers or includes within its scope any products or services made, used, imported, offered for sale, or sold by Circular.

### Eighth Defense

94.    Upon information and belief, one or more of the claims of the '429 Patent is invalid for failing to meet one or more of the statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and 112. Additionally, Circular cannot infringe an invalid patent, and Plaintiff is therefore barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

### ORIGINAL COUNTERCLAIMS

Defendant Circular SAS ("Defendant" or "Circular") hereby asserts its Original Counterclaims against Plaintiff Ōura Health Oy's ("Plaintiff" or "Ōura") for Declarations of Noninfringement and Invalidity of United States Patent Nos. 10,893,833 (the "'833 Patent") and 10,842,429 (the "'429 Patent") (collectively, the "Patents-In-Suit"), and alleges as follows:

### The Parties

1.    Circular is a French société par actions simplifiée, located at 34 Avenue des Champs-Elysées, 75008, Paris, France.

2.      Upon information and belief, Plaintiff is a Finnish osakeyhtiö with its principal place of business at Elektroniikkatie 10, 90590, Oulu, Finland. Ōura has an office at 415 Mission Street, 37th Floor, San Francisco, California 94105.

## Jurisdiction and Venue

3.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

4.      Based on Plaintiff's past actions, including, but not limited to, Plaintiff's filing of this action and because of Circular's Affirmative Defenses and other defenses to Plaintiff's infringement allegations, an actual controversy has arisen and now exists between Plaintiff and Circular concerning whether Circular infringes and/or have infringed any valid claim(s) of the Patents-In-Suit.  An actual controversy also has arisen and now exists regarding the validity and enforceability of the Patents-In-Suit.

5.      This Court has personal jurisdiction over Plaintiff because Plaintiff has purposefully availed itself of the benefits and protections of the laws of this District by filing its Complaint here alleging that Circular has infringed the Patents-In-Suit.

6.      Upon information and belief, Plaintiff conducts business in this District and distributes products within this State.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400 and by virtue of Plaintiff asserting a claim for patent infringement in this District, in response to which these Counterclaims respond.

## Background

8.      Circular develops innovative health-monitoring solutions. Circular's unique premier product—the Circular Ring—is a smart ring with biosensors, which pairs with and an AI-

powered app that synthesizes and analyzes the user's biometrics to assist health professionals and improve the user's life.

9.      Circular's co-founders, Laurent Bsalis, Adiasa Suharno, and Amaury Kosman, began developing their unique wearable technology in 2016.

10.     After countless tests with scientists, beta testers and patients, Circular completed a polished prototype in 2019. The first consumer pre-sale began only in February of 2022, after three years of development from the Circular team. Circular first delivered its Circular Ring to the United States in September of 2022.

11.     Circular's goals are to help customers by making complex personal health metrics understandable, to encourage customers to reach their full potential and understand themselves and their health better, and to pave the way for the next generation of preventive health tools.

12.     In January of 2022, Plaintiff send a letter accusing Circular of infringing claims of the Patents-in-Suit.  Circular responded, explaining that the Circular Ring and Circular App do not meet certain limitations of the claims of the Patents-in-Suit.

### Count I

**(Declaratory Judgment of Noninfringement of Plaintiff's '833 Patent)**

13.     Circular realleges and incorporates the allegations included in the preceding paragraphs of the Counterclaims as if fully restated here.

14.     Plaintiff claims in its Complaint that Circular infringes, directly and indirectly, one or more claims of the '833 Patent, including at least claim 1.

15.     Circular is not infringing, has not infringed, and is not liable for any infringement, direct or indirect, of any claim of the '833 Patent.

16.     Accordingly, there is an actual case or controversy concerning Circular's noninfringement of the '833 Patent.

17. The '833 Patent claims do not cover any of Circular's products, alone, or in combination.

18. Plaintiff is not entitled to any relief for its claims of infringement of the '833 Patent.

19. Plaintiff's allegations of infringement of the '833 Patent are damaging Circular and impairing its business endeavors. Absent a declaration of noninfringement of the '833 Patent, Plaintiff will continue to assert the '833 Patent against Circular and will continue to cause damage to Circular thereby.

20. Circular is entitled to a declaratory judgment holding that Circular has not infringed, does not infringe, and is not liable for any infringement of the '833 Patent.

## Count II

### (Declaratory Judgment of Noninfringement of Plaintiff's '429 Patent)

21. Circular realleges and incorporates the allegations included in the preceding paragraphs of the Counterclaims as if fully restated here.

22. Plaintiff claims in its Complaint that Circular infringes, directly and indirectly, one or more claims of the '429 Patent, including at least claim 1.

23. Circular is not infringing, has not infringed, and is not liable for any infringement, direct or indirect, of any claim of the '429 Patent.

24. Accordingly, there is an actual case or controversy concerning Circular's noninfringement of the '429 Patent.

25. The '429 Patent claims do not cover any of Circular's products, alone, or in combination.

26. Plaintiff is not entitled to any relief for its claims of infringement of the '429 Patent.

27. Plaintiff's allegations of infringement of the '429 Patent are damaging Circular and impairing its business endeavors. Absent a declaration of noninfringement of the '429 Patent,

Plaintiff will continue to assert the '429 Patent against Circular and will continue to cause damage to Circular thereby.

28.     Circular is entitled to a declaratory judgment holding that Circular has not infringed, does not infringe, and is not liable for any infringement of the '429 Patent.

## Count III

### (Declaratory Judgment of Invalidity of Plaintiff's '833 Patent)

29.     Circular realleges and incorporates the allegations included in the preceding paragraphs of the Counterclaims as if fully restated here.

30.     In its Complaint against Circular and in its January, 2022, letter to Circular, Plaintiff has maintained that the '833 Patent is valid and enforceable.

31.     One or more claims of the '833 Patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto.

32.     Specifically, the claims of the '833 Patent are invalid at least for being anticipated under 35 U.S.C. § 102 and/or for being obvious under 35 U.S.C. § 103.

33.     Accordingly, there is an actual case or controversy concerning the validity of the '833 Patent.

34.     Plaintiff's allegations of infringement of the '833 Patent are damaging Circular and impairing its business endeavors. Absent a declaration of invalidity of the '833 Patent, Plaintiff will continue to assert the '833 Patent against Circular, and will continue to cause damage to Circular thereby.

35.     Circular is entitled to a declaratory judgment holding that all of the asserted claims of the '833 Patent are invalid and unenforceable.

36.     Plaintiff is barred by 35 U.S.C. § 288 from receiving an award of any costs associated with this suit.

## Count IV

### (Declaratory Judgment of Invalidity of Plaintiff's '429 Patent)

37.     Circular re-allege and incorporate the allegations included in the preceding paragraphs of the Counterclaims as if fully restated here.

38.     In its Complaint against Circular and in its January, 2022, letter to Circular, Plaintiff has maintained that the '429 Patent is valid and enforceable.

39.     One or more claims of the '429 Patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto.

40.     Specifically, the claims of the '429 Patent are invalid at least for claiming unpatentable subject matter under 35 U.S.C. § 101, for being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112.

41.     Accordingly, there is an actual case or controversy concerning the validity of the '429 Patent.

42.     Plaintiff's allegations of infringement of the '429 Patent are damaging Circular and impairing its business endeavors. Absent a declaration of invalidity of the '429 Patent, Plaintiff will continue to assert the '429 Patent against Circular, and will continue to cause damage to Circular thereby.

43.     Circular is entitled to a declaratory judgment holding that all of the asserted claims of the '429 Patent are invalid and unenforceable.

44.    Plaintiff is barred by 35 U.S.C. § 288 from receiving an award of any costs associated with this suit.

## **REQUEST FOR RELIEF**

WHEREFORE, Circular respectfully requests entry of judgment in Circular's favor and against Plaintiff on all of the claims in Plaintiff's Complaint and on all of Circular's Counterclaims as follows:

a.    Plaintiff shall take nothing by its Complaint;

b.    The Complaint shall be dismissed with prejudice, or a judgment shall be entered in Circular's favor on each of Plaintiff's claims, and on Circular's Counterclaim Counts I and II, finding that Circular is not liable for the alleged infringement;

c.    The relief requested by Plaintiff and any relief whatsoever in favor of Plaintiff shall be denied;

d.    Each and every asserted claim of the '833 and '429 Patents shall be found invalid;

e.    The claims of the '833 and '429 Patents shall be found not to be infringed by Circular, either directly or indirectly, thereby confirming that Circular is not liable to Plaintiff;

f.    Pursuant to a determination under 35 U.S.C. § 285, Plaintiff's conduct in commencing and pursuing this action shall be found to have rendered this case exceptional;

g.    In view of the judgment finding this to be an exceptional case, Circular shall be entitled to recover its attorneys' fees, costs, and expenses incurred in connection with this action ;

h.    Plaintiff shall pay all fees, expenses, and costs associated with this action; and

i.    Circular shall be granted such other and further relief that this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Circular SAS demands a jury trial of all issues that are triable to a jury.

Dated: July 3, 2023                    Respectfully submitted,

                                       **DAVIS & SANTOS, PLLC**

                                       By: */s/ Caroline Newman Small*
                                            Caroline Newman Small
                                            Texas State Bar No. 24056037
                                            E-mail: csmall@dslawpc.com
                                            T: (210) 853-5882
                                            F: (210) 200-8395
                                            719 S. Flores Street
                                            San Antonio, Texas 78204

                                       **ICE MILLER LLP**

                                       Thomas A. Rammer, (*pro hac vice forthcoming*)
                                       200 W. Madison Street, Suite 3500
                                       Chicago, IL 60606
                                       Phone: 312-705-6016
                                       Facsimile: 312-726-7102
                                       Tom.Rammer@icemiller.com

                                       T. Earl LeVere, (*pro hac vice forthcoming*)
                                       250 West Street, Suite 700
                                       Columbus, OH 43215
                                       Phone: 614-462-1095
                                       Facsimile: 614-462-5135
                                       Earl.LeVere@icemiller.com

                                       ***Attorneys for Defendant/Counter-Plaintiff***
                                       ***Circular SAS***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 3rd day of July, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Caroline Newman Small*
Caroline Newman Small