UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ŌURA HEALTH OY, <br><br> *Plaintiff*, <br><br> v. <br><br> CIRCULAR SAS, <br><br> *Defendant*. | CASE NO. 6:22-cv-00478-ADA <br><br> **JURY TRIAL DEMANDED** |
| CIRCULAR SAS, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> ŌURA HEALTH OY, <br><br> *Counterclaim-Defendant*. | |

### ŌURA'S ANSWER AND AFFIRMATIVE DEFENSES TO CIRCULAR'S COUNTERCLAIMS

Pursuant to Rule 7(a)(3) of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Ōura Health Oy ("Ōura"), through its undersigned counsel, hereby answers the Counterclaims of Defendant Circular SAS ("Circular") as follows:

### THE PARTIES[1]

1. Ōura admits, upon information and belief, that Circular is a French société par actions simplifiée, located at 34 Avenue des Champs-Elysées, 75008, Paris, France.

2. Ōura admits that that it is a Finnish osakeyhtiö with its principal place of business

---

[1] For purposes of this pleading, Ōura uses the headings in the Counterclaims. Ōura does not admit any of the allegations contained in those headings.

at Elektroniikkatie 10, 90590, Oulu, Finland. Ōura avers that Ouraring Inc., a Delaware entity, leases an office at 415 Mission Street, 37th Floor, San Francisco, California 94105. Ōura denies any remaining allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent any response is required, Ōura does not contest, for this action only, that the Court has subject matter jurisdiction over Circular's Counterclaims.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent any response is required, Ōura avers that there is an actual controversy between Ōura and Circular with respect to Circular's infringement of Ōura's asserted patents. Ōura denies the remaining allegations of Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent any response is required, Ōura does not contest, for this action only, that the Court has personal jurisdiction over Ōura by virtue of its filing of this suit in this Court. Ōura denies the remaining allegations of Paragraph 5.

6. Ōura avers that it is registered to do business in Texas. Ōura also avers that its products can be purchased in Texas through online orders. Ōura denies the remaining allegations of Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent any response is required, Ōura does not contest, for this action only, the venue for the Counterclaims is proper in this district.

## BACKGROUND

8. Ōura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9. Ōura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies the same.

10. Ōura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies the same.

11. Ōura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies the same.

12. Ōura admits that it sent a cease and desist letter to Circular on January 21, 2022 notifying Circular of its infringement of Ōura's asserted patents. Ōura also admits that on February 4, 2022, Circular responded by denying infringement which led to additional communications between the parties. Ōura submits that the documents and communications speak for themselves. To the extent that Circular's characterization of the communications is inconsistent with the documents, Ōura denies any such allegations. Additionally, to the extent that Circular's statement that Circular "explain[ed] that the Circular Ring and Circular App do not meet certain limitations of the claims" purports to allege that Circular provided an analysis on why Circular does not infringe the asserted patents, Ōura denies this allegation. Ōura submits that Circular admitted to knowing of and studying Ōura's patents prior to the January 21, 2022 cease and desist letter in an email dated February 15, 2022, and promised, but failed, to follow up with a substantive response explaining why its product did not infringe. Ōura denies any remaining allegations of Paragraph 12.

## COUNT I
### (Declaratory Judgment of Noninfringement of Plaintiff's '833 Patent)

13. No response is required to the general incorporation of allegations of the preceding paragraphs. To the extent a response is required, Ōura hereby incorporates by reference its responses to Paragraphs 1 through 12.

14. Ōura admits that its Original Complaint (Dkt. 1) alleges that Circular infringes, directly or indirectly, one or more claims of U.S. Patent No. 10,893,833 ("'833 patent"), including at least claim 1.

15. Ōura denies the allegations of Paragraph 15.

16. Ōura admits there is a case or controversy regarding Circular's infringement, but denies the remaining allegations of Paragraph 16.

17. Ōura denies the allegations of Paragraph 17.

18. Ōura denies the allegations of Paragraph 18.

19. Ōura denies the allegations of Paragraph 19.

20. Ōura denies the allegations of Paragraph 20.

## COUNT II
**(Declaratory Judgment of Noninfringement of Plaintiff's '429 Patent)**

21. No response is required to the general incorporation of allegations of the preceding paragraphs. To the extent a response is required, Ōura hereby incorporates by reference its responses to Paragraphs 1 through 20.

22. Ōura admits that its Original Complaint (Dkt. 1) alleges that Circular infringes, directly or indirectly, one or more claims of U.S. Patent No. 10,842,429 ("'429 patent"), including at least claim 1.

23. Ōura denies the allegations of Paragraph 23.

24. Ōura admits there is a case or controversy regarding Circular's infringement, but denies the remaining allegations of Paragraph 24.

25. Ōura denies the allegations of Paragraph 25.

26. Ōura denies the allegations of Paragraph 26.

27. Ōura denies the allegations of Paragraph 27.

28. Ōura denies the allegations of Paragraph 28.

## COUNT III
### (Declaratory Judgment of Invalidity of Plaintiff's '833 Patent)

29. No response is required to the general incorporation of allegations of the preceding paragraphs. To the extent a response is required, Ōura hereby incorporates by reference its responses to Paragraphs 1 through 28.

30. Ōura admits that it has consistently maintained that the '833 patent is valid and enforceable.

31. Ōura denies the allegations of Paragraph 31.

32. Ōura denies the allegations of Paragraph 32.

33. Ōura admits there is a justiciable controversy between the parties concerning the '833 patent, but denies the remaining allegations of Paragraph 33.

34. Ōura denies the allegations of Paragraph 34.

35. Ōura denies the allegations of Paragraph 35.

36. Ōura denies the allegations of Paragraph 36.

## COUNT IV
### (Declaratory Judgment of Invalidity of Plaintiff's '429 Patent)

37. No response is required to the general incorporation of allegations of the preceding paragraphs. To the extent a response is required, Ōura hereby incorporates by reference its responses to Paragraphs 1 through 36.

38. Ōura admits that it has consistently maintained that the '429 patent is valid and enforceable.

39. Ōura denies the allegations of Paragraph 39.

40. Ōura denies the allegations of Paragraph 40.

41. Ōura admits there is a justiciable controversy between the parties concerning the

'429 patent, but denies the remaining allegations of Paragraph 41.

42.     Ōura denies the allegations of Paragraph 42.

43.     Ōura denies the allegations of Paragraph 43.

44.     Ōura denies the allegations of Paragraph 44.

## REQUEST FOR RELIEF

No response is required to Circular's prayer for relief. To the extent a response is required, Ōura denies that Circular is entitled to the relief it seeks enumerated in sub-sections a-i. Ōura further denies that Circular is entitled to judgment, to any of the relief requested, or to any other relief.

## DEMAND FOR JURY TRIAL

Ōura admits that Circular has demanded a trial by jury of all issues.

## ŌURA'S DEFENSES AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Ōura asserts the following defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Ōura reserves the right to allege additional defenses and/or to supplement or amend its existing defenses in the event that discovery or other analysis indicates that additional affirmative or other defenses and/or supplementation or amendment is appropriate.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Circular's purported Counterclaims fail to state a claim or cause of action upon which relief may be granted.

## RESERVATION OF ADDITIONAL DEFENSES

Ōura reserves the right to assert additional defenses in the event that discovery or other analyses indicates that additional defenses are appropriate.

DATED: July 17, 2023                    Respectfully submitted,

/s/ *Shaun W. Hassett*
Michael E. Jones, State Bar No. 10929400
Shaun W. Hassett, State Bar No. 24074372
**POTTER MINTON**
102 North College, Suite 900
Tyler, TX 75702
Tel: 903.597.8311
mikejones@potterminton.com
shaunhassett@potterminton.com

**ARENTFOX SCHIFF LLP**
Janine A. Carlan
Jasjit S. Vidwan
1717 K Street, NW
Washington, DC 20006-5344
Tel: 202.857.6000
janine.carlan@afslaw.com
jasjit.vidwan@afslaw.com

*ATTORNEYS FOR ŌURA HEALTH OY*