UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ŌURA HEALTH OY,<br><br>*Plaintiff,*<br><br>v.<br><br>CIRCULAR SAS,<br><br>*Defendant*. | CASE NO. 6:22-cv-00478-ADA<br><br>JURY TRIAL DEMANDED |
| CIRCULAR SAS,<br><br>*Counterclaim-Plaintiff,*<br><br>v.<br><br>ŌURA HEALTH OY,<br><br>*Counterclaim-Defendant*. | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Ōura Health Oy ("Ōura" or "Plaintiff") and Defendant Circular SAS ("Circular" or "Defendant"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands in the above-captioned litigation (Case No. 6:22-cv-00478-ADA) (collectively, the "Action") by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information.

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part,

1

any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2. Any document produced before issuance of this Order with the designation "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL") subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that have not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.  "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

   (a)   outside counsel of record in this Action for the Parties;

   (b)   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c)   in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   (d)   up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action provided that before access is given, the designated representative has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party at least five (5) business days before access to the Protected Material is to be given to that designated representative so that the producing Party has an opportunity to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the designated representative. Either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

   (e)   mock jurors who have signed an undertaking or agreement agreeing not to disclose Protected Material to anyone and to keep any information concerning Protected Material confidential;

   (f)   outside consultants or experts (i.e., not existing employees or affiliates of a Party or of an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by any of the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert and a list of the cases in which the consultant or expert has testified at deposition or trial within the last three (3) years at least five (5) business days before access to the Protected Material is to be given to that consultant so that the producing Party has an opportunity to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection to the disclosure of DESIGNATED MATERIAL to such outside

consultants and experts. If the Parties are unable to resolve any such objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice of the objection to the expert or consultant, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until any such motion for a protective order is resolved by agreement or Court order. For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert;

(g) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(h) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, interpreters or translators, and photocopy, document imaging, e-discovery, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(i) the Court and its personnel.

6. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose, specifically including in connection with any patent prosecution, acquisition of patent rights, product pricing, or product design.

8. To the extent a producing Party believes that certain Protected Material qualifying to be

designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation—specifically pricing and sales volume information, manufacturing information for the parties' products, or parts sourcing information for the Parties' products—he producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

9. For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b and e–i).

10. For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

   (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). The stand-alone computer(s) shall be connected to a printer, or otherwise a process shall be provided for designating pages for printing. The hardware and software specifications of the stand-alone computer(s) (e.g., processor speed, RAM, operating system, and monitor) shall be commensurate with that of computers used by the producing Party to work with source code in the ordinary course of business. Additionally, except as provided in paragraph 10(l) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or other location mutually agreed upon by the producing Party and the receiving Party. The stand-alone computer(s) must be located in the continental United States and reasonably accessible to the receiving Party;

   (b) For each review during the pendency of this Action, the receiving Party shall provide the producing Party with notice of its intent to inspect the stand-alone computer(s) at least three (3) days prior to any inspection. The notice may state that the review will continue from day-to-day as needed;

   (c) The producing Party shall provide the receiving Party with information explaining

how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The producing Party will produce Source Code Material in native, computer searchable format on the stand-alone computer(s) as described above. The producing Party will produce Source Code Material in its native format stored in its usual directory format;

(e) The producing Party shall install tools on the stand-alone computer that are sufficient for viewing and searching the Source Code Material. The receiving Party's outside counsel and/or experts/consultants may request that additional commercially available software tools be installed on the stand-alone computer, provided, however, that (a) the receiving Party provides an appropriate license to such software tools; (b) the producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein. The producing Party shall not unreasonably withhold approval of reasonable requests for additional commercially available software tools. The receiving Party must provide the producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least two (2) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the standalone computer;

(f) Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to individuals listed in paragraphs 5(a-b) and (f-i) (i.e., not existing employees or affiliates of a Party or an affiliate of a Party). A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Material are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders;

(g) To the extent portions of Source Code Material are quoted or excerpted, either (1) the entire Source Code Material will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(h) Except as set forth elsewhere in paragraph 10, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as permitted by another paragraph herein or as necessary to create documents, demonstratives, or exhibits which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically;

(i) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Outside counsel may make such additional photocopies of the paper copies as are necessary for use as exhibits in court proceedings and at depositions or for other reasonable use in the litigation consistent with the terms and conditions of this Protective Order. The producing Party must ensure that all printed pages must indicate the original file name of the Source Code Material, and must additionally include either page and line numbers for the printed Source Code Material where applicable and/or some other coordinates or markers that identify the portion of the Source Code Material printed. Upon printing any such portions of Source Code, the printed pages shall be collected by the producing Party. The producing Party shall put Bates and line numbers, copy, and clearly label as "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the receiving Party. Within three (3) business days of a request for pages, the producing Party shall either: (i) provide one copy of such unobjected pages to the receiving Party and (ii) inform the requesting Party of its objection, if any, that the printed portions withheld are excessive and/or not done for a permitted purpose. Counsel shall meet and confer within four (4) business days of any such objection. If, after a lead counsel meet and confer, the producing Party and the receiving Party cannot resolve the objection, the producing Party shall be entitled to file a Motion for Further Protection with the Court within five (5) business days of the objection to resolve whether the printed Source Code Material in question should be produced. Failure to file within this period requires immediate production of the disputed material. The burden shall be on the producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose or printed primarily for the purposes of review and analysis elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the source code computer;

(j) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(k) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts review the terms of this Protective Order. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(l) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(f) above to another person authorized under paragraph 10(f) above, on paper or removable electronic

   media (e.g., a DVD, CD-ROM, portable hard drive, or flash memory drive) via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(h) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may request the return or destruction of such documents, information, or other material by promptly notifying the recipient(s) in writing and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. At the producing Party's election, the recipient(s) shall gather and destroy or return to the producing Party all copies of such documents, information, or other material, except that outside counsel for the receiving Party may retain one (1) copy of a clawed-back document solely for the purpose of challenging the claim of privilege, and only if the receiving Party has a good-faith basis to do so. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal

proceeding.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

13. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the producing Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for the producing Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation who is authorized to view DESIGNATED MATERIALS under the requirements of paragraph 5(f); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

14. Parties may, at the deposition or hearing, or within thirty (30) days after receipt of

a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

15. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal. The filing Party shall follow the procedures for filing documents under seal and redacted public versions set for the in the Court's Amended Standing Order (https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Amended-Standing-Order-Regarding-Filing-Documents-Under-Seal-and-Redacted-Public-Versions-030722.pdf) or any subsequent amendments or orders by the Court..

16. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court and the restrictions provided in this Order.

17. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application

shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18. Each outside consultant or expert to whom DESIGNATED MATERIAL will be disclosed in accordance with the terms of this Order shall be advised by the hiring counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may, if qualifying as such hereunder, designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties.

21. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated

into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by letter furnished to the producing Party. Notwithstanding this provision, outside counsel for the Parties may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code Material.

22. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not waive any such designation provided that the producing Party notifies all receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the producing Party learning of the inadvertent failure to designate. The producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the receiving Parties shall return or securely destroy, at the producing Party's option, all Discovery Material that was not designated properly. A receiving Party shall not be in breach of this Order for any use or filing of such Discovery Material before the receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. Once a receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the receiving Party shall, going forward, treat such Discovery Material at the appropriately

designated level pursuant to the terms of this Order.

23. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any Action alleged to constitute a violation of this Order.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

25. Nothing in this Order shall be construed as an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Each of the Parties shall also retain the right to file a motion with the Court: (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and/or (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED** this 21st day of November, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ŌURA HEALTH OY, *Plaintiff,* v. CIRCULAR SAS, *Defendant.* <br><br> CIRCULAR SAS, *Counterclaim-Plaintiff,* v. ŌURA HEALTH OY, *Counterclaim-Defendant.* | **CASE NO. 6:22-cv-00478-ADA** <br><br> **JURY TRIAL DEMANDED** |

## APPENDIX A

### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this Action. I have carefully read and understand the provisions of the Protective Order.

1

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of this Action, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to limited personal jurisdiction of the above-captioned Court solely for purposes of enforcement of the Protective Order in this Action and for no other purpose. I expressly reserve the right to contest the above-captioned Court's personal jurisdiction over me in connection with any other type of action or proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____