# EXHIBIT C

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/551,632 | 08/17/2017 | Hannu KINNUNEN | MDOA.4026.USN1_Jouzen003 | 1733 |

| 93582 | 7590 | 11/15/2019 |
|---|---|---|

ZIEGLER IP LAW GROUP, LLC.
55 Greens Farms Road
WESTPORT, CT 06880

| EXAMINER |
|---|
| WU, TONG E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3792 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/15/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

paralegal_ziplaw@arcticinvent.com
ptomail@gziplaw.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 15/551,632 | Applicant(s) KINNUNEN et al. |
|---|---|---|
| | Examiner Eugene T Wu | Art Unit 3792 / AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☑ Responsive to communication(s) filed on 10/21/19.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**   2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☑ Claim(s) 1-15 is/are pending in the application.
   5a) Of the above claim(s) 1-8 and 15 is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) 9-14 is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on 8/17/17 is/are: a) ☑ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☑ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☑ All   b) ☐ Some**   c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☑ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Application/Control Number: 15/551,632 Page 2
Art Unit: 3792

## DETAILED ACTION

10/21/19 - Applicant election.
08/21/19 - Lack of unity requirement.

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Election/Restrictions*

2. Applicant's election without traverse of Group II, claims 9-14, in the reply filed on 10/21/19 is acknowledged.

3. Claims 1-8, 15 withdrawn from further consideration pursuant to 37 CFR 1.142(b) as being drawn to a nonelected invention, there being no allowable generic or linking claim. Election was made **without** traverse in the reply filed on 10/21/19.

### *Claim Interpretation*

4. The following is a quotation of 35 U.S.C. 112(f):

> (f) Element in Claim for a Combination. – An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

The following is a quotation of pre-AIA 35 U.S.C. 112, sixth paragraph:

> An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

5. The claims in this application are given their broadest reasonable interpretation using the plain meaning of the claim language in light of the specification as it would be understood by one of ordinary skill in the art. The broadest reasonable interpretation of a claim element (also commonly referred to as a claim limitation) is limited by the description in the specification when 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is invoked.

Application/Control Number: 15/551,632 Page 3
Art Unit: 3792

As explained in MPEP § 2181, subsection I, claim limitations that meet the following three-prong test will be interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph:

(A)   the claim limitation uses the term "means" or "step" or a term used as a substitute for "means" that is a generic placeholder (also called a nonce term or a non-structural term having no specific structural meaning) for performing the claimed function;

(B)   the term "means" or "step" or the generic placeholder is modified by functional language, typically, but not always linked by the transition word "for" (e.g., "means for") or another linking word or phrase, such as "configured to" or "so that"; and

(C)   the term "means" or "step" or the generic placeholder is not modified by sufficient structure, material, or acts for performing the claimed function.

Use of the word "means" (or "step") in a claim with functional language creates a rebuttable presumption that the claim limitation is to be treated in accordance with 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. The presumption that the claim limitation is interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is rebutted when the claim limitation recites sufficient structure, material, or acts to entirely perform the recited function.

Absence of the word "means" (or "step") in a claim creates a rebuttable presumption that the claim limitation is not to be treated in accordance with 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. The presumption that the claim limitation is not interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is rebutted when the claim limitation recites function without reciting sufficient structure, material or acts to entirely perform the recited function.

Claim limitations in this application that use the word "means" (or "step") are being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, except as otherwise indicated in an Office action. Conversely, claim limitations in this application that do not use the

word "means" (or "step") are not being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, except as otherwise indicated in an Office action.

<u>Not Invoked Despite Presence of "means"</u>

6. This application includes one or more claim limitations that use the word "means" or "step" but are nonetheless not being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph because the claim limitation(s) recite(s) sufficient structure, materials, or acts to entirely perform the recited function. Such claim limitation(s) is/are:

Claim 12: "means for measuring user's movements..." is modified by sufficient structure.

Claim 13: Assuming this was meant to recite "means for measuring at least one biosignal...", the claim recites further sufficient structure.

Claim 14: Recites further sufficient structure for the "means for measuring at least one biosignal...".

Because this/these claim limitation(s) is/are **not** being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, it/they is/are **not** being interpreted to cover only the corresponding structure, material, or acts described in the specification as performing the claimed function, and equivalents thereof.

If applicant intends to have this/these limitation(s) interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, applicant may: (1) amend the claim limitation(s) to remove the structure, materials, or acts that performs the claimed function; or (2) present a sufficient showing that the claim limitation(s) does/do not recite sufficient structure, materials, or acts to perform the claimed function.

### *Claim Objections*

7. Claims objected to because of the following informalities:

Claim 9, line 5, and claims 10, 12: Should recite means for measuring <u>the</u> user's movements.

Application/Control Number: 15/551,632 Page 5
Art Unit: 3792

Appropriate correction is required.

## *Claim Rejections - 35 USC § 102*

8. In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

9. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention.

10. Claim(s) 9-14 is/are rejected under 35 U.S.C. 102(a)(2) as being anticipated by Wisbey (US 2015/0119732).

Regarding claim 9, Wisbey discloses the same invention as claimed, including a ring configured to be worn by the user (Figures 1-3, 6; Paragraphs 36, 41: wristband is a "ring" shaped structure) and comprising means for measuring at least one biosignal of the user during a rest period (Paragraphs 38-40, 45), a mobile communication device configured to communicate with the ring (Figure 7; Paragraphs 48-49: smartphone), means for measuring the user's movements during an activity period and the rest period (Paragraphs 37, 39, 51, 72-78), and a server configured to communicate with the mobile communication device (Figure 7; Paragraphs 48-49), the server being operable to use the measured user's movements to determine a nature of the period, wherein the nature of the period is selected from the activity period and the rest period (Paragraphs 39, 67, 79, 85, 90), determine a rest summary for the rest period, based on the measured at least one biosignal (Paragraph 39: fatigue calculation includes a summary of sleep and rest-related parameters, including

HRV) and at least one biosignal of a previous rest period (Paragraph 102, end: reference HRV based on past measurements), determine an activity summary for the activity period, based on the measured movements (Paragraphs 39, 51) and measured movements of at least one previous activity period (Paragraphs 53, 93, 104, 116), determine a body response summary based on the rest summary and the activity summary (Paragraphs 39, 53: fatigue and/or dynamic recovery profile), and calculate a readiness score based on the body response summary and a previous body response summary, whereby the readiness score indicates a level of readiness of the user (Paragraphs 57, 110, 111, 122).

Regarding claim 10, Wisbey discloses the means for measuring the user's movements are arranged on the ring or elsewhere in the system as recited (Paragraphs 37, 90, 129).

Regarding claim 11, Wisbey discloses the mobile communication device is configured to visually present the readiness score to the user (Paragraphs 46, 124).

Regarding claim 12, Wisbey discloses at least an accelerometer and gyroscope (Paragraphs 37, 72).

Regarding claim 13, Wisbey discloses a photon source and photon detector arranged on the inner surface of the ring as recited (Paragraphs 40, 45).

Regarding claim 14, Wisbey discloses the ring comprises first and second electrodes adapted to measure an electrocardiogram (Paragraphs 38, 101).

Application/Control Number: 15/551,632 Page 7
Art Unit: 3792

## *Conclusion*

11. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

    a.    Ahmed (US 2014/0073486) also shows calculating a readiness score based on activity and rest periods.

    b.    Nishii (US 2005/0080344) shows determining readiness based on activity and rest periods.

    c.    Colley (US 2015/0182129) shows a smart ring for assessing readiness in terms of stress.

Application/Control Number: 15/551,632　　　　　　　　　　　　　　　　　　　　Page 8
Art Unit: 3792

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Eugene T Wu whose telephone number is (571)270-5053. The examiner can normally be reached on M-F 8am-5pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Carl Layno can be reached on 571-272-4949. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Eugene T Wu/
Primary Examiner, Art Unit 3792

| *Office Action Summary* | Application No.<br>15/551,632 | Applicant(s)<br>KINNUNEN et al. |
|---|---|---|
| | Examiner<br>Eugene T Wu | Art Unit<br>3792 | AIA (FITF) Status<br>Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>2/7/20</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.
2a) ☑ This action is **FINAL.**   2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-15</u> is/are pending in the application.
   5a) Of the above claim(s) <u>1-8 and 15</u> is/are withdrawn from consideration.
6) ☐ Claim(s) ____ is/are allowed.
7) ☑ Claim(s) <u>9-14</u> is/are rejected.
8) ☐ Claim(s) ____ is/are objected to.
9) ☐ Claim(s) ____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on ____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**   c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. ____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date ____.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date ____.
4) ☐ Other: ____.

Application/Control Number: 15/551,632 Page 2
Art Unit: 3792

# DETAILED ACTION

02/07/20 - Applicant response.
11/15/19 - First action on the merits.
10/21/19 - Applicant election.
08/21/19 - Lack of unity requirement.

## Response to Arguments

1.  Applicant's arguments filed 2/7/20 have been fully considered but they are not persuasive.

Regarding Wisbey, Applicant's arguments summarize points from each cited paragraph of Wisbey, and then assert that the paragraphs of Wisbey do not disclose each element as claimed (i.e. verbatim). However, a reference need not use the same exact words (*ipsis verbis*) in order to anticipate a claim. See MPEP 2131. Examiner maintains that the interpreted recovery score of Wisbey (Paragraphs 57, 110, 111, 122) sufficiently reads on the readiness score as claimed. Applicant's arguments also fail to comply with 37 CFR 1.111(b) because they amount to a general allegation that the claims define a patentable invention without specifically pointing out how the language of the claims patentably distinguishes them from the references.

## Claim Interpretation

2.  The following is a quotation of 35 U.S.C. 112(f):

    (f) Element in Claim for a Combination. – An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

    The following is a quotation of pre-AIA 35 U.S.C. 112, sixth paragraph:

    An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

3.  The claims in this application are given their broadest reasonable interpretation using the plain meaning of the claim language in light of the specification as it would be understood by one of ordinary skill in the art. The broadest reasonable interpretation of a claim element (also commonly

Application/Control Number: 15/551,632                                                                 Page 3
Art Unit: 3792

referred to as a claim limitation) is limited by the description in the specification when 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is invoked.

As explained in MPEP § 2181, subsection I, claim limitations that meet the following three-prong test will be interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph:

(A)    the claim limitation uses the term "means" or "step" or a term used as a substitute for "means" that is a generic placeholder (also called a nonce term or a non-structural term having no specific structural meaning) for performing the claimed function;

(B)    the term "means" or "step" or the generic placeholder is modified by functional language, typically, but not always linked by the transition word "for" (e.g., "means for") or another linking word or phrase, such as "configured to" or "so that"; and

(C)    the term "means" or "step" or the generic placeholder is not modified by sufficient structure, material, or acts for performing the claimed function.

Use of the word "means" (or "step") in a claim with functional language creates a rebuttable presumption that the claim limitation is to be treated in accordance with 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. The presumption that the claim limitation is interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is rebutted when the claim limitation recites sufficient structure, material, or acts to entirely perform the recited function.

Absence of the word "means" (or "step") in a claim creates a rebuttable presumption that the claim limitation is not to be treated in accordance with 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. The presumption that the claim limitation is not interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, is rebutted when the claim limitation recites function without reciting sufficient structure, material or acts to entirely perform the recited function.

Application/Control Number: 15/551,632 Page 4
Art Unit: 3792

Claim limitations in this application that use the word "means" (or "step") are being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, except as otherwise indicated in an Office action. Conversely, claim limitations in this application that do not use the word "means" (or "step") are not being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, except as otherwise indicated in an Office action.

Not Invoked Despite Presence of "means"

4. This application includes one or more claim limitations that use the word "means" or "step" but are nonetheless not being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph because the claim limitation(s) recite(s) sufficient structure, materials, or acts to entirely perform the recited function. Such claim limitation(s) is/are:

Claim 12: "means for measuring user's movements..." is modified by sufficient structure.

Claim 13: Assuming this was meant to recite "means for measuring at least one biosignal...", the claim recites further sufficient structure.

Claim 14: Recites further sufficient structure for the "means for measuring at least one biosignal...".

Because this/these claim limitation(s) is/are **not** being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, it/they is/are **not** being interpreted to cover only the corresponding structure, material, or acts described in the specification as performing the claimed function, and equivalents thereof.

If applicant intends to have this/these limitation(s) interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, applicant may: (1) amend the claim limitation(s) to remove the structure, materials, or acts that performs the claimed function; or (2) present a sufficient showing that the claim limitation(s) does/do not recite sufficient structure, materials, or acts to perform the claimed function.

Application/Control Number: 15/551,632 Page 5
Art Unit: 3792

## Claim Rejections - 35 USC § 102

5. In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

6. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention.

7. Claim(s) 9-14 is/are rejected under 35 U.S.C. 102(a)(2) as being anticipated by Wisbey (US 2015/0119732).

Regarding claim 9, Wisbey discloses the same invention as claimed, including a ring configured to be worn by the user (Figures 1-3, 6; Paragraphs 36, 41: wristband is a "ring" shaped structure) and comprising means for measuring at least one biosignal of the user during a rest period (Paragraphs 38-40, 45), a mobile communication device configured to communicate with the ring (Figure 7; Paragraphs 48-49: smartphone), means for measuring the user's movements during an activity period and the rest period (Paragraphs 37, 39, 51, 72-78), and a server configured to communicate with the mobile communication device (Figure 7; Paragraphs 48-49), the server being operable to use the measured user's movements to determine a nature of the period, wherein the nature of the period is selected from the activity period and the rest period (Paragraphs 39, 67, 79, 85, 90), determine a rest summary for the rest period, based on the measured at least one biosignal (Paragraph 39: fatigue calculation includes a summary of sleep and rest-related parameters, including HRV) and at least one biosignal of a previous rest period (Paragraph 102, end: reference HRV based

on past measurements), determine an activity summary for the activity period, based on the measured movements (Paragraphs 39, 51) and measured movements of at least one previous activity period (Paragraphs 53, 93, 104, 116), determine a body response summary based on the rest summary and the activity summary (Paragraphs 39, 53: fatigue and/or dynamic recovery profile), and calculate a readiness score based on the body response summary and a previous body response summary, whereby the readiness score indicates a level of readiness of the user (Paragraphs 57, 110, 111, 122).

Regarding claim 10, Wisbey discloses the means for measuring the user's movements are arranged on the ring or elsewhere in the system as recited (Paragraphs 37, 90, 129).

Regarding claim 11, Wisbey discloses the mobile communication device is configured to visually present the readiness score to the user (Paragraphs 46, 124).

Regarding claim 12, Wisbey discloses at least an accelerometer and gyroscope (Paragraphs 37, 72).

Regarding claim 13, Wisbey discloses a photon source and photon detector arranged on the inner surface of the ring as recited (Paragraphs 40, 45).

Regarding claim 14, Wisbey discloses the ring comprises first and second electrodes adapted to measure an electrocardiogram (Paragraphs 38, 101).

Application/Control Number: 15/551,632 Page 7
Art Unit: 3792

## Conclusion

8. **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Application/Control Number: 15/551,632 Page 8
Art Unit: 3792

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Eugene T Wu whose telephone number is (571)270-5053. The examiner can normally be reached on M-F 8am-5pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Carl Layno can be reached on 571-272-4949. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Eugene T Wu/
Primary Examiner, Art Unit 3792