# EXHIBIT D

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/835,573 | 12/08/2017 | Teemu Haverinen | MDJN.3277.USC2 | 7420 |

93582          7590          12/31/2019
ZIEGLER IP LAW GROUP, LLC.
55 Greens Farms Road
WESTPORT, CT 06880

| EXAMINER |
|---|
| HAUGHTON, ANTHONY MICHAEL |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2835 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/31/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

paralegal_ziplaw@arcticinvent.com
ptomail@gziplaw.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 15/835,573 | Applicant(s) Haverinen et al. | |
|---|---|---|---|
| | Examiner ANTHONY M HAUGHTON | Art Unit 2835 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☑ Responsive to communication(s) filed on 10/18/2019.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.   2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5)  ☑ Claim(s) 1-20 is/are pending in the application.
    5a) Of the above claim(s) 13-20 is/are withdrawn from consideration.
6)  ☐ Claim(s) _____ is/are allowed.
7)  ☑ Claim(s) 1-12 is/are rejected.
8)  ☐ Claim(s) _____ is/are objected to.
9)  ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on 12/8/2017 is/are: a) ☑ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
        a) ☐ All    b) ☐ Some**    c) ☐ None of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Application/Control Number: 15/835,573 Page 2
Art Unit: 2835

### DETAILED ACTION

### *Election/Restrictions*

Claims 13-20 are withdrawn from further consideration pursuant to 37 CFR 1.142(b), as being drawn to a nonelected invention, there being no allowable generic or linking claim. Applicant timely traversed the restriction (election) requirement in the reply filed on 10/8/2019. The applicant argues the restriction wherein the examiner respectfully states the specific manufacturing methods required to manufacture the wearable electronic device of claim 13 can be used to machine multiple different types of wearable electronic devices wherein also the device of claim 1 can also be formed and made through a materially different manufacturing method or in a different order of process that is described in claim 13. It is also noted that a search of one group does not necessarily involve a search of the other group, specifically in these claims wherein the search for a wearable electronic device does not require a search of the different types of manufacturing techniques used to make the wearable electronic device and this would cause a burden of search on the examiner, and therefore the restriction is considered in final.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.
>
> (a)(2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention.

**Claim(s) 1-5, 8, 9, and 12** is/are rejected under 35 U.S.C. 102(a)(1) as being anticipated by von Badinkski (2015/0220109).

**Regarding Claim 1:** Von Badinski teaches a wearable electronic device comprising: a body part (410) made of a non-ceramic material (paragraph [0188]), having an inner surface and an outer surface (fig. 4), wherein at least one cavity having a depth is arranged on the inner surface of the body part (fig. 4), an electronic part (415 and 480) arranged in said at least one cavity (fig. 4), which electronic part has a thickness (fig. 4) that is less than the depth of the at least one cavity (fig. 4), and a coating made of a moldable filler material (paragraph [0189]) on the inner surface of the body part (paragraph [0189]), covering the electronic part and the at least one cavity (paragraph [0189]).

**Regarding Claim 2:** Von Badinski teaches wherein the non-ceramic material is a titanium material (paragraph [0188]).

**Regarding Claim 3:** Von Badinski teaches wherein the non-ceramic material is a machinable material (paragraph [0188]).

**Regarding Claim 4:** Von Badinski teaches wherein the non-ceramic material is a machinable titanium material (paragraph [0188]).

**Regarding Claim 5:** Von Badinski teaches the non-ceramic material is a machinable metallic material comprising one or more of titanium, steel, platinum, gold, palladium, silver or bronze or a gold based alloys (paragraph [0188]).

**Regarding Claim 8:** Von Badinski teaches wherein the moldable filler material is selected from a group consisting of at least epoxy material, Polyethylene, Polyurethane, low temperature moldable material, Loctite M-31CL, alpha-epoxy, 1,2-epoxy, EpoxAcast® 650, Bisphenol S epoxy resin, Novolac epoxy resin, Aliphatic epoxy resin and Glycidylamine epoxy resin (paragraph [0189]).

**Regarding Claim 9:** Von Badinski teaches, wherein the electronic part comprises one or more of a battery, an infrared transmitter, a microcontroller, a radio frequency transceiver, a temperature sensor and an infrared receiver (480 and 415 in fig. 4).

Application/Control Number: 15/835,573                                                                                     Page 4
Art Unit: 2835

**Regarding Claim 12:** Von Badinski teaches wherein the body part comprises a ring configured to be worn on a finger (fig. 4).

## *Claim Rejections - 35 USC § 103*

In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

**Claims 6-7** is/are rejected under 35 U.S.C. 103 as being unpatentable over von Badinski (2015/0220109) as applied to the claims above, and further in view of Sharma (2016/0070393).

**Regarding Claim 6:** Von Badinski lacks a specific teaching of wherein the electronic part is attached to the cavity a bottom of the cavity (figs. 5a, 5b, and 8a-9b).

Sharma teaches wherein the electronic part is attached to the cavity a bottom of the cavity.

It would have been obvious to one having ordinary skill in the art at the time the invention was filed to modify the apparatus of Von Badinski by having wherein the electronic part is attached to the cavity a bottom of the cavity as disclosed by Sharma in order to allow for a more secure connection between the electronic parts and the cavity which in turn will decrease the chances of damage to the components if the device is dropped since it is more securely connected and this decreases the need to replacement or repair of the internal components of the apparatus.

Application/Control Number: 15/835,573 Page 5
Art Unit: 2835

**Regarding Claim 7:** Von Badinski lacks a specific teaching of one or more of a sticker, a tape or glue that attaches the electronic part to the at least one cavity at a bottom of the at least one cavity.

Sharma teaches one or more of a sticker, a tape or glue that attaches the electronic part to the at least one cavity at a bottom of the at least one cavity (paragraph [0181] and [0182]).

It would have been obvious to one having ordinary skill in the art at the time the invention was filed to modify the apparatus of Von Badinski by having one or more of a sticker, a tape or glue that attaches the electronic part to the at least one cavity at a bottom of the at least one cavity as disclosed by Sharma in order to allow for a more secure connection between the electronic parts and the cavity which in turn will decrease the chances of damage to the components if the device is dropped since it is more securely connected and this decreases the need to replacement or repair of the internal components of the apparatus.

**Claims 10-11** is/are rejected under 35 U.S.C. 103 as being unpatentable over von Badinski (2015/0220109).

**Regarding Claim 10:** Von Badinski teaches wherein the moldable filler material comprises a different color (paragraph [0189]) and is configured to cover at least an area other than the infrared transmitter (fig. 4) and the infrared receiver (fig. 4) within the at least one cavity (fig. 4), but lacks a specific teaching of the coloring being done through ink.

Official notice is taken that the coloring can be done through using ink.

It would have been obvious to one having ordinary skill in the art at the time the invention was filed to form the coloring by using ink since the examiner takes Official Notice of the equivalence of and for their use in the art and the selection of any of these known equivalents to would be within the level of ordinary skill in the art.

Application/Control Number: 15/835,573 Page 6
Art Unit: 2835

**Regarding Claim 11:** Von Badinski teaches wherein the moldable filler material comprises a different color (paragraph [0189]) that increases a value of transmitted infrared light intensity divided by transmitted visible light intensity (paragraph [0189] wherein this would inherently happen through the change of coloring), but lacks a specific teaching of the coloring being done through ink.

Official notice is taken that the coloring can be done through using ink.

It would have been obvious to one having ordinary skill in the art at the time the invention was filed to form the coloring by using ink since the examiner takes Official Notice of the equivalence of and for their use in the art and the selection of any of these known equivalents to would be within the level of ordinary skill in the art.

*Response to Arguments*

Applicant's arguments with respect to claims 1-20 have been considered but are moot because the arguments do not apply to any of the references being used in the current rejection.

*Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to ANTHONY MICHAEL HAUGHTON whose telephone number is (571)272-9087. The examiner can normally be reached on M-F 8a-4p.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jinhee Lee can be reached on 571-272-1977. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 15/835,573                                                                                                    Page 7
Art Unit: 2835

      Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see https://ppair-my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ANTHONY M HAUGHTON/
Primary Examiner, Art Unit 2835