UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ŌURA HEALTH OY, | ) |
| | ) |
|     Plaintiff and Counterclaim Defendant, | ) ) ) |
| v. | ) ) Case No. 6:22-cv-478 |
| CIRCULAR SAS, | ) ) ) |
|     Defendant and Counterclaim Plaintiff. | ) ) JURY TRIAL DEMANDED ) ) |

**JOINT MOTION TO STAY
PENDING RESOLUTION OF ITC PROCEEDINGS**

Defendant Circular SAS ("Circular") and Plaintiff Ōura Health OY ("Ōura") hereby jointly move the Court for an order staying this patent infringement case in its entirety until an ongoing investigation filed by Ōura and instituted by the United States International Trade Commission ("ITC"), No. 337-TA-1398 (the "ITC Action"), involving one of the same patents asserted here, has been finally resolved, including any appeals.

**I.       INTRODUCTION**

Ōura is asserting two patents against Circular in this litigation, one of which it is also asserting against Circular in proceedings before the ITC. Accordingly, pursuant to 28 U.S.C. § 1659(a), which requires that a district court stay a pending action that concerns the same patents and legal issues asserted before a parallel ITC Investigation, the parties respectfully move the Court to stay this case with respect to the commonly asserted patent.

In addition to the mandatory stay, the parties also request that the Court stay this litigation with respect to the sole patent in this action that does not overlap with the ITC investigation. While

1

not mandatory under Section 1659(a), this Court has inherent authority and wide discretion to stay matters pending on its docket, and the parties submit the Court should do so here. A discretionary stay of this action until the ITC Action is finally resolved will serve the interests of judicial economy and efficiency. Commonalities exist with all of the patents asserted in the parallel district court and the ITC actions. For example, the same product is accused of infringement in both actions. The ITC Action has been instituted, and while discovery has begun in this case, there have been no depositions and no substantial document production by either side. Accordingly, a stay of this action will avoid piecemeal and unnecessary duplicative litigation, and help to conserve the parties' and the Court's resources. A stay of this action is therefore appropriate.

## II.   BACKGROUND

Ōura filed its Complaint in the instant action on May 11, 2022 (ECF No. 1), alleging infringement of United States Patent Nos. 10,893,833 ("the '833 Patent") and 10,842,429 ("the '429 Patent") by Circular. Circular filed its Answer and Counterclaims on July 3, 2023.

Ōura filed a Complaint with the ITC on March 13, 2024, alleging that Circular and five other respondents infringe the '429 Patent and two other patents (U.S. Patent Nos. 11,868,178 ("'178 Patent"); and 11,868,179 ("'179 Patent")), which are directedly related to the same subject matter as the '833 Patent. *See Certain Smart Wearable Devices, Systems, and Components Thereof*; Docket No. 337-3731 (Ex. A). On April 12, 2024, the ITC issued a Notice of Institution of Investigation, assigning Investigation No. 337-TA-1398 naming Ōura as complainant and Circular as respondent along with two other respondents (Ex. B). The Notice was published in the Federal Register on April 17, 2024 (Ex. C). 89 Fed. Reg. 27452, 27452-27453 (Apr. 17, 2024).

The table below summarizes the asserted patents across the two actions:

|            | Inv. No. 337-TA-1398 (ITC) | Case No. 6:22-cv-478 (W.D. TX.) |
|------------|---------------------------|--------------------------------|
| 10,893,833 |                           | X                              |
| 10,842,429 | X                         | X                              |
| 11,868,178 | X                         |                                |
| 11,868,179 | X                         |                                |

In each of the proceedings, Ōura is alleging infringement based on Circular's Circular Ring family of products. *See* Compl. (ECF No. 1) at ¶¶ 46, 71; Ex. A at ¶ 23.

Discovery has barely begun in the present case. While the parties have exchanged written discovery requests, no documents have been produced outside of those required by this Court's scheduling order. No depositions have been taken, and nearly five months remain before the close of fact discovery. *See* ECF No. 36 at 4. Under these circumstances, a stay pending final resolution of the ITC Action will minimize duplicative litigation, promote judicial efficiency, and help conserve the parties' and this Court's resources.

### III.  ARGUMENT AND AUTHORITY

#### A.  The Court Must Stay the Claims Relating to the '429 Patent Pursuant to 28 U.S.C. § 1659(a)

When an alleged infringement occurs in connection with importation, a patentee may bring parallel patent infringement actions before both the district court and the ITC. *Texas Instruments, Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1330 (Fed. Cir. 2000). However, 28 U.S.C. § 1659 includes a mandatory stay provision that "places limits on the timing of parallel actions involving the Commission and a district court." *Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006). Specifically, 28 U.S.C. § 1659(a) provides:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within (1) 30 days after

3

> the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). The purpose of Section 1659 is to prevent separate proceedings in the ITC and in district court on the same issues at the same time. *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007). Thus, a stay is mandatory when parallel claims involve the same issues about the same patent(s). *InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 707 F.3d 1295, 1310 n.3 (Fed Cir. 2013) ("A statutory amendment in 1994 renders it **obligatory** for a district court to stay a co-pending infringement action until the ITC proceeding is completed.") (emphasis added).

Here, Ōura has asserted the '429 Patent against Circular in both this case and at the ITC. The parties are making this timely request to stay the instant action within 30 days after the ITC instituted its investigation of the ITC Action. Thus, the Court must stay the claims relating to the '429 Patent.

    **B.    The Court Should Order a Discretionary Stay of the Remainder of This Proceeding**

        **1.    Legal Standard for a Discretionary Stay**

While litigation of district court claims involving the same issues as parallel ITC Action between the same parties must be stayed under 28 U.S.C. § 1659(a), this section also "allows the court to use 'its discretionary authority to stay any other claim in the action before it.'" *Apple, Inc. v. High Tech Computer Corp.*, No. 10-167-GMS, 2011 WL 13141909, at *3 (D. Del. Dec. 22, 2011), *quoting* H.R. REP. NO. 103-826(I), at 141-42 (Oct. 3, 1994). The intent of Section 1659 is "to prevent infringement proceedings from occurring 'in two forums at the same time.'" *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007), *citing* H.R. REP. No. 103-826(I), at 141-42. Indeed, "Congress expressly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." *Graphic Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 12- 213-LPS,

2014 WL 923314, at *2 (D. Del. Mar. 5, 2014), *quoting Zenith Elecs., LLC v. Sony Corp.*, 2011 WL 2982377, at *2 (N.D. Cal. July 16, 2011); H.R. REP. NO. 103-826(I), at 7 (Oct. 3, 1994) (stating that Section 337 was being amended to "minimize duplication of proceedings between the ITC and Federal district courts").

The Court possesses inherent authority to stay cases before it pending the resolution of other suits. *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see also Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985) ("[I]t is a matter of the court's inherent power to conserve judicial resources by controlling its own docket."). District courts can grant discretionary stays pending ITC investigations over non-overlapping claims pursuant to their inherent authority. *See, e.g., Saxon Innovations, LLC v. Palm, Inc.*, No. 6:09-CV-272, 2009 WL 3755041, at *2 (E D. Tex. Nov. 4, 2009).

Significantly, the parties are jointly moving for this stay. In determining whether to exercise discretion in ordering a stay, the Court should consider and balance three nonexclusive factors: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed as well as the (3) judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985, at *2 (W.D. Tex. Mar. 3, 2014). Here, all three factors weigh in favor of granting a discretionary stay of the entire litigation.

### 2. No Party Will Be Unduly Prejudiced by the Requested Stay

Here, there is no possibility of prejudice to a non-moving party because the parties are moving jointly for a stay. *See, e.g., Arctic Cat Inc. v. Polaris Indus. Inc.*, No. 13-3579-JRT-FLN,

2015 WL 6757533, at *3 (D. Minn. Nov. 5, 2015) ("Here, there is no non-moving party – Arctic Cat and Polaris have jointly requested that the consolidated cases be stayed pending IPR. There is no risk of prejudice or tactical disadvantage, even with a two year delay."). Accordingly, this factor favors a stay.

### 3. Denial of a Stay Would Work a Hardship on the Parties

Circular and Ōura are both fully engaged in litigating the ITC Action. Further, courts find that "[f]orcing the parties to litigate the non-overlapping claims that would create additional discovery beyond the mere effort of defending a lawsuit" weighs in favor of granting a stay. *Arris Enterprises LLC v. Sony Corp.*, No. 17-CV-02669-BLF, 2017 WL 3283937, at *3 (N.D. Cal. Aug. 1, 2017) (finding hardship because there would be significant overlap in discovery, including having to "conduct multiple depositions of the same witnesses because of their ability to speak only to the non-overlapping patent while the overlapping patents are stayed" because of "the *similar technology and products* asserted in both the ITC Action and the instant action") (emphasis added).

Here, the asserted patents and accused products in both the ITC Action and the instant action are very similar, and without a stay, the parties would likely have to conduct duplicative and overlapping motion practice and discovery. All of Ōura's allegations in both the ITC Action and the instant action are directed at alleged infringement with respect to the same products sold by Circular. *See* Compl. (ECF No. 1) at ¶¶ 46, 71; Ex. A at ¶ 23. The asserted '833 Patent generally describes and claims a wearable electronic device including a body part, an electronic part, and a coating. *See* Compl. at ¶ 10. The '178 and '179 Patents in the ITC Action are directed to wearable electronic devices that include a plurality of sensors (i.e., electronic parts) that are included within the wearable electronic devices. *See* Ex. A at ¶¶ 30, 37–38. If discovery proceeds in this case with respect to the '833 Patent, the parties would likely have to conduct multiple depositions of the

same witnesses because of their ability to speak only to the wearable electronic device claims of the '833 Patent, while the '429 Patent's method claims are stayed.

Additionally, the need for the moving party to demonstrate hardship or inequality in the absence of a stay is obviated where, as here, all parties have consented to the stay. *See Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421 (D.N.J. 2003) (party requesting a stay must only demonstrate a clear case of hardship or inequality if there is at least a possibility that the stay would harm the other party); *Arris Solutions, Inc. v. Sony Interactive Entertm't LLC*, Case No. 5:17-cv-1098, 2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017) (where the other party does not contend that it will be harmed by a stay, "the moving party's burden in litigating" the duplicative case is "a legitimate form of hardship" and weighs in favor of a stay).

### 4. A Stay of the '833 Patent-Related Claims Will Simplify the Case

A stay of this action will prevent piecemeal litigation and conserve judicial resources. When a motion for a stay is sought pending resolution of related litigation, courts consider whether resolution of the related litigation would substantially affect or otherwise render moot the present action. Courts find this factor weighs in favor of a stay where there is substantial overlap in the issues between the parallel cases, especially in cases involving patents. *See, e.g., Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F. Supp. 2d 639, 643 (N.D. Tex. 2004) ("Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. In such cases, the interest of justice may dictate [a stay] to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues."); *Arris Enterprises LLC*, 2017 WL 3283937, at *4 (finding this factor weighed strongly in favor of granting a stay where "the ITC Action and this case still share many similarities and involve the same accused products"). Courts have found that a stay may preserve judicial resources where patents challenged before the

ITC and "non-ITC challenged patents" in the district court proceedings are similar in technology, subject matter, and accused products. *Apple*, No. 10-167-GMS, 2011 WL 13141909, at *3–4.

Here, the ITC Action and the instant case share many similarities and involve the same accused products. The cases involve the "complex and technical area of patent … law," *Wolf Designs*, 341 F. Supp. 2d at 643, and it is in the interest of all parties and the Court to avoid wasteful and useless duplication of the time and effort of the federal courts with the simultaneous litigation of two complex and elaborate cases involving substantially the same factual issues, claims, and defenses as described above. Thus, this factor weighs in favor of a stay.

## IV. CONCLUSION

Because 28 U.S.C. § 1659(a) requires a stay of the '429 Patent-related claims, and because all three factors weigh in favor of a discretionary stay of the '833 Patent-related claims, the parties respectfully request that the Court stay this case in its entirety until a final determination has been reached in ITC Investigation No. 337-TA-1398, including resolution of any appeals.

Dated: April 22, 2024                                            Respectfully submitted,

By: */s/ Tom Rammer*                                             By: */s/Jasjit S. Vidwan, with permission*
Caroline Newman Small                                            Michael E. Jones, State Bar No. 10929400
State Bar No. 24056037                                           Shaun W. Hassett, State Bar No. 24074372
**DAVIS & SANTOS, PLLC**                                         **POTTER MINTON**
E-mail: csmall@dslawpc.com                                       102 North College, Suite 900
T: (210) 853-5882                                                Tyler, TX 75702
F: (210) 200-8395                                                Tel: 903.597.8311
719 S. Flores Street                                             mikejones@potterminton.com
San Antonio, Texas 78204                                         shaunhassett@potterminton.com

**ICE MILLER LLP**                                               **ARENTFOX SCHIFF LLP**
Thomas A. Rammer, (*pro hac vice*)                               Janine A. Carlan, (*pro hac vice*)
200 W. Madison Street, Suite 3500                                Jasjit S. Vidwan, (*pro hac vice*)
Chicago, IL 60606                                                1717 K Street, NW
Phone: 312-705-6016                                              Washington, DC 20006-5344
Facsimile: 312-726-7102                                          Tel: 202.857.6000
Tom.Rammer@icemiller.com                                         janine.carlan@afslaw.com
                                                                 jasjit.vidwan@afslaw.com

T. Earl LeVere
250 West Street, Suite 700
Columbus, OH 43215
Phone: 614-462-1095
Facsimile: 614-462-5135
Earl.LeVere@icemiller.com

*Attorneys for Defendant and
Counterclaim Plaintiff
Circular SAS*

*Attorneys for Plaintiff and Counterclaim
Defendant Ōura Health Oy*